UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>        Plaintiff,<br><br>vs.<br><br>LINDA SUN, *et al.,*<br><br>        Defendants | Civ. A. No. 22-10833-ADB<br><br>*Leave to file granted on<br>Sept. 12, 2022* |

**REPLY IN SUPPORT OF MOTION TO LINDA SUN TO
DISMISS COUNTS 4, 5, 8, 9, 10, AND 11**

Sunco's arguments fail for the reasons given in Linda's main brief, but a few points require a reply.

A. <u>Sunco Has Not Pleaded That It Conferred A Benefit On Linda.</u>

Sunco claims (Opp. at 4) that Linda was unjustly enriched not because Infinity didn't pay for the cabinets, but because Infinity's customers paid Infinity for the cabinets and Infinity did not give part of that money to Sunco. That is nonsense, and Sunco cites no cases to support the distinction it tries to draw. Sunco ignores the first element of a claim for unjust enrichment: the plaintiff must confer a benefit *on the defendant. See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 57 (1st Cir. 2009). According to the complaint, Sunco conferred a benefit *on Infinity* by shipping the cabinets to it. But Sunco seeks to recover the benefit that it alleges unknown third parties conferred on Infinity and thus on Linda. That claim cannot succeed. *See KPM Analytics N. Am. Corp. v. Blue Sun Sci., LLC,* 2021 U.S. Dist. LEXIS 132168, at *47 (D. Mass. 2021) (dismissing unjust enrichment claim where defendant had received the benefit from a third party: "[U]njust enrichment requires that the plaintiff directly bestowed a benefit on the defendant").

1

B.   <u>The Court Must Assume, Contrary To Fact, That Linda Owned and Controlled Infinity.</u>

Sunco points to Linda's assertion that she is not and has never been an owner of Infinity or had any control over it. (Opp. at 11). Linda did make this assertion in the opening memorandum, to make sure that neither Sunco nor the Court misunderstands her position as the case proceeds: Sunco's allegations that Linda owned or controlled Infinity are false, and Linda will prove they are false if necessary, later in the case.[1] But on a motion to dismiss for failure to state a claim on which relief can be granted, the Court must assume "that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Sunco can hardly ask the Court to assume that some of its allegations are false. It has not backed away from its allegations of Linda's ownership and control of Infinity—far from it—and so the Court must assume for now that those allegations are true. The Court should not throw up its hands and reason that since the allegations are in dispute, it can disregard them when deciding whether, as Linda has argued, her alleged ownership and control of Infinity defeat some of Sunco's claims. If Sunco wishes, it can seek to amend the complaint to omit the fatal allegations.

C.   <u>Linda's Departure From Sunco Is Irrelevant To The Tortious Interference Claim.</u>

Sunco argues (Opp. at 6) that Linda was "associated with Sunco" for only a part of the relevant time, and that it need not prove actual malice with respect to interference that took place after Linda's departure from Sunco.[2] Not so.

Sunco alleges that Linda owned and controlled Infinity. It is Linda's alleged role as owner and controller of Infinity that forces Sunco to allege actual malice if any part of its claim for tortious interference is to survive. This is so because if Linda was an owner and controller of

---

[1] Most importantly, Linda will prove that she is not an owner of Infinity if necessary to defeat the veil-piercing claim if it survives the motion to dismiss.
[2] . Of course, Sunco is right to concede that it must allege actual malice with respect to the time before her alleged departure from Sunco, even if the Court disregards Sunco's allegation that Linda owned and controlled Infinity.

2

Infinity, she could not be liable for conspiring with Infinity and its other owners, or aiding and abetting Infinity's torts, or tortiously interfering in Infinity's business with Sunco, for the reasons given in the main brief.

D.     Sunco Has Not Stated A Claim For Conversion.

The complaint expressly alleges that Linda converted the cabinets. Sunco understands that Infinity's rightful possession of the cabinets when it received them and Sunco's failure to make a demand for their return are problems, because it now says that Linda converted the proceeds of Infinity's sale of the cabinets to third parties. The main problem with the new theory is the same as the main problem with the old theory: if anyone converted the cabinets or the money, it was Infinity. And as the old theory did, Sunco's new theory confuses the law of tort and the law of contract. In every sale of goods on credit, the buyer receives the goods "pursuant to the proviso that [it] would pay [the seller] for the [goods] following the delivery and invoicing of the [goods]." (Opp. at 8). But a failure to pay does not convert every claim for breach of contract into a claim for conversion.

Neither cited case is on point. In *Morrin v. Manning,* 205 Mass. 205 (1910), the plaintiff gave the defendant the keys to his restaurant, apparently as security for another obligation, on the condition that the restaurant should remain open, and the defendant closed the restaurant without the plaintiff's consent. The defendant also kept money from the restaurant and was held liable for conversion. There was no contract or sale of goods. The holding is merely that money, like other personal property, can be converted, not that any breach of an obligation to pay money is a conversion of the money. *See id.* at 211 ("It is elementary that for the conversion of money … trover will lie"). *Schmid v. National Bank of Greece,* 622 F. Supp. 704 (D. Mass. 1985), cites *Morrin* for the holding that money can be converted, *id.* at 713, but it does not involve a sale of goods on credit, and in fact, the court granted summary judgment for the defendant on the

conversion claim because, as here, the plaintiff had a contractual right to receive the money but did not have an immediate right to possession of the money. *See id.*

E.  Linda Could Not Have Acted On Behalf Of Sunco When She Allegedly Committed The Torts.

In its argument on civil conspiracy and aiding and abetting, Sunco writes: "With regards to Plaintiff's claims of breach of fiduciary duty, conversion and wrongful interference, it was alleged that L. Sun was acting on behalf of Sunco and not Infinity." (Opp. at 10). Sunco's point is cryptic, but if it means what it says, it is absurd. Linda has said that she cannot be liable for conspiracy or aiding and abetting because she and the other individual defendants were all allegedly owners and controllers of Infinity. Sunco claims to be the victim of the torts, and so it makes no sense for Sunco to say that Linda was acting on Sunco's behalf when she committed the torts. She could hardly have conspired with or aided Sunco.

Respectfully submitted,

LINDA SUN

By her attorney:

 */s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642) FOLKMAN LLC
53 State St., Suite 500
Boston, MA 02109
(617) 219-9664
ted@folkman.law

Dated: September 12, 2022

4