UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SUNCO TIMBER (KUNSHAN) CO., LTD.
   Plaintiff,

v.

LINDA SUN, individually, DAVID
SUN, individually, SHILLOCK YUAN-
SUN, individually, and INFINITY
WOOD PRODUCTS, LLC,
   Defendants.

Civil Action No. 1:22-cv-10833-ADB

---

## DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN
## AND INFINITY WOOD PRODUCTS, LLC'S, ANSWER

### PREFATORY ALLEGATIONS

1.     Defendants David Sun ("David"), Shillock Yuan-Sun ("Shillock") and Infinity

Wood Products, LLC ("Infinity") (collectively "Defendants") admit the allegations in

paragraph 1.

2.     Defendants admit that Linda Sun ("Linda") is an individual who currently lives in

Massachusetts, but otherwise deny the allegations in paragraph 2.

3.     Defendants admit the allegations in paragraph 3.

4.     Defendants admit the allegations in paragraph 4.

5.     Defendants deny that the primary place of business of Infinity is located at

35 Eastman Street, South Easton, Massachusetts, but otherwise admit the allegations in

paragraph 5.

6.     Defendants admit that David is the manager of Infinity; that David, in his capacity

as Trustee for the David Sun Trust Agreement of 2008, is a member of Infinity; and that

Shillock, in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008, is a member of Infinity.  Defendants otherwise deny the allegations in paragraph 6.

### JURISDICTION AND VENUE

7.      Paragraph 7 is a legal conclusion for which no response is required.

8.      Paragraph 8 is a legal conclusion for which no response is required.

### BACKGROUND

9.      Defendants admit that Sunco Timber (Kunshan) Co., Ltd ("Sunco") was a manufacturer of wood cabinetry, but Defendants are without sufficient knowledge or information to admit or deny that Sunco is still in that business.  Defendants otherwise deny the allegations in paragraph 9.

10.     Defendants deny that Infinity is still in the business of importing, distributing and selling wooden cabinetry in the United States, but otherwise admit the allegations in paragraph 10.

11.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 11 and call upon plaintiff to prove same.

12.     Defendants admit the allegations in paragraph 12.

13.     Defendants admit the allegations in paragraph 13.

14.     Defendants admit that Sunco was founded in Kunshan, China in 2003, but otherwise deny the allegations in paragraph 14.

15.     Defendants admit that Sunco was in the business of manufacturing cabinets and vanities, but Defendants are without sufficient knowledge or information to admit or deny that Sunco is still in that business.  Defendants otherwise deny the allegations in paragraph 15.

16.     Defendants admit that for a period of time in the past, Linda was the president of Sunco, but defendants deny that she is currently the president of Sunco.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 16.

17.     Defendants deny that the cabinets that were ordered by Infinity were custom, rather than stock, cabinets, but otherwise admit the allegations of paragraph 17.

18.     Defendants deny the allegations in paragraph 18.

19.     Defendants admit that when Linda was in mainland China, she stayed on the second floor of the office building on the Sunco factory compound, but deny it was a villa. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 19 and call upon Plaintiff to prove same.

20.     Defendants deny the allegations in paragraph 20.

21.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 21 and call upon plaintiff to prove same.

22.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 22 and call upon Plaintiff to prove same.

23.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 23 and call upon Plaintiff to prove same.

24.     Defendants deny that Infinity ordered custom-made, rather than stock, cabinets. Defendants deny the allegation that Infinity had been Sunco's sole customer.  Defendants otherwise admit the allegations in paragraph 24.

25.     Defendants deny that Shillock has been a manager of Infinity after 2021, according to Infinity's filings with the Massachusetts Secretary of State's Office.  Defendants otherwise admit the allegations in paragraph 25.

26.     Defendants deny the allegations in paragraph 26.  Further answering, Defendants admit that David, in his capacity as Trustee for the David Sun Trust Agreement of 2008, is a member of Infinity; and that Shillock, in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008, is a member of Infinity.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants deny that the cabinets were custom-made, rather than stock. Defendants otherwise admit the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants admit the allegations in paragraph 33.

34.     Defendants admit the allegations in paragraph 34.

35.     Defendants admit that Infinity did not pay the invoices related to the shipments of cabinets from Sunco which commenced on or about July 2, 2018 and which finished shipping on or about July 7, 2019.  Defendants otherwise deny the allegations in paragraph 35 of the complaint.

36.     Defendants admit that in 2018 the United States began imposing tariffs on certain products imported from China.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 36.

37.     Defendants admit that beginning in 2018, tariffs were imposed on certain products imported from China.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 37.

38.     Defendants admit that in 2019 there were additional duties imposed on Sunco's products.  Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 38.

39.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 39 and call upon Plaintiff to prove same.

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants admit that in the stated time period, Sunco shipped wood cabinetry to Infinity with a purchase price to Infinity of $6,712,182.11.  Defendants otherwise deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 49 and call upon Plaintiff to prove same.

50.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 50 and call upon Plaintiff to prove same.

51.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 51 and call upon Plaintiff to prove same.

52.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 52 and call upon Plaintiff to prove same.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 54 and call upon Plaintiff to prove same.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants admit that after the last shipment of cabinets in July of 2019, Infinity and Sunco ceased doing business with each other.

57.     Defendants deny the allegations in paragraph 57.  Further answering, Defendants state that Guoqing Wu took over the management of the Sunco factory in or about 2015.

58.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 58 and call upon Plaintiff to prove same.

59.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 59 and call upon Plaintiff to prove same.

60.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 60 and call upon Plaintiff to prove same.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 61 and call upon Plaintiff to prove same.

62.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 62 and call upon Plaintiff to prove same.

63.     Defendants are without sufficient knowledge or information to admit or deny whether Sunco paid fines, penalties and/or fees and, if so, the amount of such payments and call upon Plaintiff to prove same.  The Defendants deny the remaining allegations in paragraph 63.

64.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 64 about what Linda did or did not communicate to the Board of Sunco or the other top managers of Sunco and call upon Plaintiff to prove same.  Further answering, defendants deny that Shillock is currently the manager of Infinity and state that David is a member of Infinity in his capacity as Trustee for the David Sun Trust Agreement of 2008; and that Shillock is a member of Infinity in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 67 about what Linda did or did not communicate to Sunco and call upon Plaintiff to prove same.  Defendants deny the remaining allegations of paragraph 67, including the allegations regarding the underlying alleged facts that Linda is alleged to have failed to disclose.

68.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 68 about what Linda did or did not communicate to Sunco's Board or other top managers and call upon Plaintiff to prove same.  Further answering, defendants deny that Linda has an interest in Infinity or that she received a financial benefit from Infinity.

69.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 69 and call upon Plaintiff to prove same.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants admit that Infinity has ceased business operations, but otherwise deny the allegations in paragraph 72 of the complaint.

73.     Defendants admit that Sunco, Inc. (U.S.A.) is a shareholder of Sunco and that in August of 2020, Sunco, Inc. (U.S.A.) filed a lawsuit in Suzhou, China seeking to dissolve Sunco and that the court denied the request to dissolve Sunco.  Sunco denies the remaining allegations in paragraph 73 including without limitation that Sunco, Inc. (U.S.A) only purports to be a shareholder of Sunco.  Further answering, Defendants state that Sunco, Inc. (U.S.A.) has appealed the court's decision and is awaiting a decision on its appeal.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

## CAUSES OF ACTION

### COUNT I
**Breach of Contract**
**(Against Infinity)**

76.     Defendants repeat and reaver their responses to Paragraphs 1 through 75 of Plaintiff's Complaint as if fully set forth herein.

77.     Defendants admit Infinity placed purchase orders with Sunco and that Sunco filled the orders.  Whether these actions amount to contracts is a legal conclusion to which no response is required.

78.     Defendants admit Infinity placed purchase orders with Sunco and that Sunco filled the orders.  Whether these actions amount to contracts is a legal conclusion to which no response is required.  The Infinity purchase orders speak for themselves and, accordingly, no

further response is required as to Sunco's characterization of the purchase orders.  Further answering, Sunco denies that the purchase orders sought the manufacture of cabinets or that the orders were to purchase custom, rather than stock, cabinets.

79.     Defendants state that the Infinity purchase orders speak for themselves and, accordingly, no further response is required as to Sunco's characterization of the purchase orders.

80.     Defendants admit that the delivery by Sunco of the cabinets related to the Infinity purchase orders at issue in this lawsuit was consistent with the way that Sunco delivered the cabinets for many years prior to the placement of the Infinity purchase orders at issue in this lawsuit.

81.     Defendants admit that Sunco manufactured the cabinetry to fill Infinity's purchase orders.

82.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.  Defendants deny the remaining allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

## COUNT II
### Promissory Estoppel
### (Against Infinity)

89.     Defendants repeat and reaver their responses to Paragraphs 1 through 88 of Plaintiff's Complaint as if fully set forth herein.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document.

102.    Defendants deny the allegations in paragraph 102.

## COUNT III
### Quantum Meruit
### (Against Infinity)

103.    Paragraph 103 is a statement that Count III is a claim in the alternative, therefore no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 103.

104.    Defendants repeat and reaver their responses to Paragraphs 1 through 103 of Plaintiff's Complaint as if fully set forth herein.

105.    Defendants admit that Infinity received cabinets from Sunco for which the purchase price from Sunco was $6,712,182,11.

106.    Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

107.    Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants admit that the purchase price for the cabinets from Sunco was $6,712,182.11.

111.    Defendants deny the allegations in paragraph 111.

## COUNT IV
### Wrongful Interference with Business and Contractual Relations
### (Against L. Sun)

112 – 125.  Count IV of the Complaint names only Defendant Linda Sun and has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count IV.

## COUNT V
### Conversion
### (Against All Defendants)

126 – 132.  Count V of the Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count V.

## COUNT VI
### Breach of Duty of Loyalty
### (Against L. Sun)

133 – 141.  Count VI of the Complaint names only Defendant Linda Sun.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count VI.

## COUNT VII
### Breach of Fiduciary Duty
### (Against L. Sun)

142 – 150.  Count VII of the Complaint names only Defendant Linda Sun.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count VII.

**COUNT VIII**
**Moneys Had and Received**
**(Against All Defendants)**

151.    Defendants repeat and reaver their responses to Paragraphs 1 through 150 of Plaintiff's Complaint as if fully set forth herein.

152.    Defendants admit that Infinity obtained money through the sale of some of the goods that it received from Sunco over the course of the business relationship between Infinity and Sunco.  Defendants otherwise deny the allegations in paragraph 152.

153.    Defendants deny the allegations in paragraph 153.

154.    Defendants deny the allegations in paragraph 154.

155.    Defendants deny the allegations in paragraph 155.

**COUNT IX**
**Conspiracy**
**(Against All Defendants)**

156 – 164.  Count IX of the Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count IX.

**COUNT X**
**Aiding and Abetting**
**(Against L. Sun, D. Sun and S. Sun)**

165 – 173.  Count X of the Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count X.

## COUNT XI
### Piercing of the Corporate Veil of Infinity
### (Against All Defendants)

174.     Defendants repeat and reaver their responses to Paragraphs 1 through 173 of

Plaintiff's Complaint as if fully set forth herein.

175.     Paragraph 175 is a statement of what Plaintiff seeks in Count XI of the Complaint

and, accordingly, no response is required.  To the extent that a response is required, Defendants

deny the allegations in Count XI.

176.     Defendants deny the allegations in paragraph 176.  Further answering, Defendants

state that David is the current manager of Infinity.

177.     Defendants deny the allegations in paragraph 177.

178.     Defendants deny the allegations in paragraph 178.

179.     Defendants deny the allegations in paragraph 179.

180.     Defendants deny the allegations in paragraph 180.

181.     Defendants deny the allegations in paragraph 181.

182.     Defendants deny the allegations in paragraph 182.

183.     Defendants deny the allegations in paragraph 183.

184.     Defendants deny the allegations in paragraph 184.

185.     Defendants deny the allegations in paragraph 185.

### GENERAL DENIAL

Defendants deny each and every allegation in the Complaint that it has not expressly

admitted.  Further, Defendants deny any characterizations of documents alleged in the Complaint

that re mischaracterizations.  In addition, Defendants deny any conclusions of law alleged in the

Comaplaint that are incorrect conclusions of law.

## AFFIRMATIVE DEFENSES

The Defendants hereby assert and allege the following Affirmative Defenses to the claims set forth in Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Infinity was fraudulently induced into entering into the contracts that are alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Sunco's damages, if any, were caused by the acts or omissions of the Plaintiff and/or a third party for whom the Defendants are not responsible.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any money from Defendants, then Defendants are entitled to a set-off.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Sunco is barred from recovery by reason of laches.

### SEVENTH AFFIRMATIVE DEEFENSE

Sunco's request for relief is barred by Sunco's unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from defendants David and Shillock on Sunco's claim for money had and received (Count VIII) inasmuch as David and Shillock did not receive anything from Sunco.

## NINTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Defendants on Sunco's claim for money had and received as defendants did not receive any money from Sunco.

## TENTH AFFIRMATIVE DEFENSE

Any losses suffered by Sunco are the result of Sunco's own conduct, and not the result of conduct by the Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Any recovery by Sunco would result in Sunco's unjust enrichment.

## TWELTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, are incorrectly calculated.

## THIRTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the principle of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against Infinity are barred because those claims are already the subject matter of arbitration currently pending in China.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against defendants David and Shillock individually fail because David and Shillock are named in their individual capacity as members of Infinity when in fact each of them is a member of Infinity in his or her capacity as trustee for a particular trust.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred because Sunco has failed to join an indispensable party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Sunco's claims fail because there was an agreement that any moneys owed by Infinity to Sunco would be settled in connection with either a sale of Sunco's property and assets or the dissolution of Sunco.

## NINETEENTH AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because there was agreement that moneys owed by Infinity to Sunco would be treated as payment by Sunco's majority shareholder for the purchase of its shares.

## TWENTIETH AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because Sunco has failed to mitigate any damages it may have suffered.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend this answer and to assert any such defense by appropriate motion.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that judgment enter dismissing Plaintiff's complaint with prejudice and that the Defendants be awarded their costs, including reasonable attorney's fees.

**REQUEST FOR TRIAL BY JURY**

Defendants hereby requests that this action to be tried by jury.

Respectfully Submitted,

DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC

By their attorneys,

*/s/ Peter E. Ball*
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

Dated:  April 25, 2023

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 25, 2023.

*/s/ Peter E. Ball*
Peter E. Ball