UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>    Plaintiff,<br><br>v.<br><br>LINDA SUN, individually, DAVID SUN, individually, SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC,<br>    Defendants. | **Civil Action No. 1:22-cv-10833** |
| LINDA SUN,<br>Counterclaimant,<br><br>v.<br><br>SUNCO TIMBER (KUNSHAN) CO., LTD.,<br>Counterclaim Defendant. | |

**PLAINTIFF SUNCO TIMER (KUNSHAN) CO., LTD.'S MOTION FOR LEAVE
TO AMEND THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 15 (a)
<u>AND MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Plaintiff, Sunco Timber (Kunshan) Co., Ltd. ("Sunco"), submits this Motion for Leave to Amend the Complaint and Memorandum of Law in Support Thereof in accordance to Fed. R. Civ. P. 15(a). Plaintiff seeks to add two causes of action for (i) fraudulent conveyance, and (ii) reach and apply naming Sunco, Inc. Eastman St. Distributors, LLC, Eastman St. Woodworks, Inc., Infinity Realty Company, LLC, Sun Trust a/k/a Sun Family Trust and New Sun Limited Partnership (collectively hereinafter the "Affiliated Entities"). Attached hereto and marked as **Exhibit "1"** is a copy of the proposed Amended Complaint.

1

**I.     FACTUAL BACKGROUND**

The present case involves the failure by defendants[1] Infinity Wood Products, LLC ("Infinity"), Linda Sun ("L. Sun"), David Sun ("D. Sun"), and Shillock Yuan-Sun ("S. Sun") to pay for the manufacturing and shipment of cabinets by Sunco. The cabinets were shipped to Defendants on or about July 2, 2018 to July 7, 2019. The purchase price of the cabinets was $6,712,182.11. Infinity accepted the delivery of the cabinets and expressed no issues with the quality, timeliness or correctness of the cabinets. On April 29, 2019, Infinity executed a confirmation of accounts receivable acknowledging it owed Sunco $5,886,466.77 for the cabinetry shipped as of December 31, 2018. Sunco delivered the remainder of the cabinets through July 7, 2019, resulting in additional monies becoming due and owing.

As part of discovery, counsel for Plaintiff conducted investigations into the individual defendants' holdings in Massachusetts entities. These investigations revealed that L. Sun, D. Sun and S. Sun were involved with seven entities registered to do business in Massachusetts. The entities appear to have the same management and hold themselves out as a d/b/a of one another. The entities further appear to conduct similar, if not identical, businesses -- selling wooden cabinetry -- cabinets that Sunco manufactured and delivered to Infinity. Sunco was their sole source of cabinets.

**II.    PROCEDURAL BACKGROUND**

Plaintiff filed its Complaint on June 1, 2022. [**Docket # 1**]. Following the filing and service of the Complaint, Defendants filed a motion to dismiss [**Docket #s 16-19**], which granted and denied certain causes of action. [**Docket # 23**]. At present, this case is in the initial stage of discovery. Defendants have served upon Plaintiff their first request for production of documents

---

[1] Defendants Infinity, L. Sun, D. Sun and S. Sun shall be referred to collectively hereinafter as "Defendants".

and request for interrogatories. Plaintiff has responded to the written discovery requests, has served some responsive documents and anticipates serving additional responsive documents on a rolling basis.

The Scheduling Order provides that amendments to the pleadings are to be filed by January 8, 2023. [**Docket # 46**].

### III.     LEGAL ANALYSIS

#### A.     Fed. R. Civ. P. 15(a)

Pursuant to the Fed. R. Civ. P. 15(a)(2): "*Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id*. The Rule is well settled that a motion to amend should be freely allowed unless there is some good reason to deny it; such as delay, bad faith or dilating behavior. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962); *Foman v. Davis*, 9 L. Ed. 2d 222 (1962) (mandates that leave to amend "freely given" is to be heeded) *Roloff v. Arabian Am. Oil Co.*, 421 F.2d 240 (2d Cir. 1970). There is no such basis to deny the present request to amend.

#### B.     Amendment

Plaintiff is seeking to add six entities that are affiliated to the existing named defendants which appear to have taken possession of and/or received revenues from the sale of the cabinets. Infinity appears to have transferred the cabinets and/or revenues it received from the sale of the cabinets without consideration. As pled in the proposed amended complaint, the originally named Defendants are using the Affiliated Entities to conceal the whereabouts of the cabinets and the revenues received from the sale of the cabinets, monies that are owed to Sunco.

Fraudulent transfers require a showing that "a transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor …" Mass. Gen. Laws ch. 109A, § 5. To show intent, eleven factors are considered, which include: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. Mass. Gen. Laws ch. 109A, § 5. Not all or any number of factors must be met to find fraudulent conveyance. Moreover, the Court may use its equity powers to determine the existence of fraudulent conveyance. Mass. Gen. Laws ch. 109A, § 11.

Presently, based on information and belief, L. Sun, D. Sun, and S. Sun utilized their roles within Infinity and the Affiliated Entities to transfer and move the cabinets and money into and between the Affiliated Entities. These transfers were made to avoid payment for the cabinets and to avoid payment on a potential judgment arising from the present action. Many of the factors set forth in Chapter 109A, § 5 are applicable to this case: the transfer of the obligation was to an

insider; the debtor retained possession or control of the property transferred after the transfer; the transfer or obligation was disclosed or concealed; before the transfer was made or obligation was incurred; the debtor had been sued or threatened with suit; the transfer was of substantially all of the debtor's assets; the debtor removed or concealed assets; and the transfer occurred shortly before or shortly after a substantial debt was incurred. Chapter 109A describes an insider as a director, officer, or manager of the company, as well as relatives such as spouses and parents/children. Here, L. Sun, D. Sun, and S. Sun were all insiders of Infinity, and L. Sun is the mother of D. Sun and mother-in-law of S. Sun, and D. Sun and S. Sun are husband and wife. Based on information and belief, the debtors retained control and possession of the transferred goods as they were the managers and owners of the Affiliated Entities, where the cabinets and revenues were transferred. These transfers were concealed from Sunco. Based on information and belief, these transfers were made with the knowledge that this lawsuit was filed against Defendants, anticipated to be filed against Defendants and/or for Infinity to avoid payment of its financial obligations to Sunco, and was therefore, done to avoid judgment or payment obligations to Sunco. The transfers consisted of the cabinets and revenues received from the sale of cabinets. Finally, Infinity may have transferred all of its assets to the Affiliated Entities, and the cabinets and revenues may no longer be held by Infinity.

    **C.**    **Reach and Apply**

Reach and apply is appropriate to reach and attach any monies being held by the Affiliated Entities for the benefit of Infinity or the individual defendants.

    **D.**    **There Is No Prejudice To Any Party, Nor Is There A Good Reason To Deny The Present Motion**

As set forth herein, the parties are in the initial stages of discovery. The addition of two causes of action will not substantially impact discovery. The two causes of action are simply being

5

added to reach the assets fraudulently transferred to ensure payment of the cabinets. There is no prejudice to any of the parties; thus, there is no good reason to deny the motion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests this Court to grant Plaintiff's request for leave to amend the complaint.

**DATED: December 4, 2023**   **PLAINTIFF,**
Sunco Timber (Kunshan) Co., Ltd.
By its attorneys,

_____
Connie C. Dai (BBO#683330)
Yun Cheng (BBO# 707028)
Lion's Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 232-7503 Telephone
(781) 207-8574 Fax
connie@lionslawgroup.com

*/s/ Timothy K. Cutler*
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
(617) 232-7560 Facsimile
tim@cutlerlegal.com

## **RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that I have conferred with defendants' counsel pursuant to Local Rule 7.1(a)(2) on December 1, 2023 in an effort to narrow the issues in dispute in advance of filing this motion; however, the parties were unable to come to a resolution.

*/s/ Timothy K. Cutler*
Timothy K. Cutler

## **CERTIFICATE OF SERVICE**

   I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Monday, December 4, 2023.

*/s/ Timothy K. Cutler*
Timothy K. Cutler