UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

# MEMORANDUM IN SUPPORT OF LINDA SUN'S MOTION TO DISMISS COUNT 12

## PRELIMINARY STATEMENT

The heart of this case is a claim that Infinity Wood Products, LLC ("Infinity"), failed to pay Sunco Timber (Kunshan) Co., Ltd. ("Sunco China"), a Chinese company, for custom-made furniture Sunco China shipped to Infinity. In its original complaint, Sunco China sued Infinity and also brought claims of tortious interference, conversion, breach of fiduciary duty, money had and received, conspiracy, and aiding and abetting against Linda Sun, as well as a claim that Mrs. Sun is liable on a veil-piercing theory because she owns and controls Infinity.

Most of the claims against Mrs. Sun have already been dismissed. The remaining claims from the original complaint are for breach of fiduciary duty and veil-piercing. The veil-piercing claim will fail on the facts because, as Mrs. Sun has informed the plaintiff in her pleadings, motion papers, and interrogatory answers, she has no ownership interest in Infinity and thus cannot be liable on a veil-piercing theory. The breach of fiduciary duty claim would fail on the merits, but the Court will not, in the end, reach the merits: Sunco China brought the claim against her in a Chinese court and lost. The Chinese judgment is res judicata.

1

Sunco China has now asserted a fraudulent transfer claim against Mrs. Sun, the other original defendants (including David Sun and Shillock Yuan-Sun), and several new defendants (called the "Affiliated Entities" in the amended complaint). Sunco China claims that Mrs. Sun, along with David and Shillock, made or arranged for fraudulent transfers to the Affiliated Entities, or to themselves, or both.

The Amended Complaint is long—21 pages, 204 paragraphs of allegations—but no matter how generously the Court reads it, it will find not one real allegation of any transfer involving Mrs. Sun. The only relevant allegations are entirely conclusory or are based on information and belief. On a Rule 12(b)(6) motion, the usual question is whether the facts alleged are enough to state a claim. Here there are no facts alleged, just guesses pleaded on information and belief and based only on the existence of other entities in which Mrs. Sun and the other individual defendants are alleged to have an interest. The Amended Complaint does not plausibly allege a fraudulent transfer involving Mrs. Sun, and therefore, the claim must be dismissed.

## FACTS

A. <u>Allegations about Mrs. Sun's Involvement In The Decision Not To Pay.</u>

Sunco manufactures wood cabinetry for export to the United States (Am. Compl. ¶ 18). It sold custom-made cabinets to Infinity, a distributor and its sole customer. (Id. ¶¶ 19, 26, 33).

Beginning in 2018, the United States imposed tariffs on Chinese origin goods, including a tariff on wood products that began at 10% and later rose to 25%. The United States also imposed a 100% duty on Sunco products under the anti-dumping laws. (Am. Compl. ¶¶ 45-47). The Amended Complaint alleges Mrs. Sun "direct[ed]" Infinity not to pay for cabinets shipped from July 2, 2018, to July 7, 2019 (Id. ¶¶ 52, 64), and that she "direct[ed]" Sunco China to

2

continue to fulfil Infinity's orders despite her concerns about the tariffs and duties (Id. ¶ 50). The Amended Complaint alleges that she "took and converted" the cabinets, worth at least $6.7 million, "for her own personal benefit and the benefit of" David and Shillock. (Id. ¶ 79).

    B. <u>Allegations About Fraudulent Transfers.</u>

The Amended Complaint introduces several new defendants: Sunco, Inc., Eastman St. Distributors, LLC; Eastman St. Woodworks, Inc., Infinity Realty Co. LLC; Sun Trust; and New Sun Limited Partnership. It alleges that each of them "is owned in part or whole of one another as well as by L. Sun, D. Sun and/or S. Sun." (Am. Compl. ¶ 86). It alleges that each of them "was involved in part of or whole, of the incorporation, distribution and/or sale of the cabinets and/or were in receipt of and/or the beneficiary of the proceeds from the sale of the cabinets." (Id. ¶ 87). It alleges that they are "operated under the management of L. Sun, D. Sun and S. Sun" and that they are "agents as the alter ego of one another." (Id. ¶ 88).

The Amended Complaint goes on in a similar vein: "Upon information and belief, the Affiliated Entities have commingled their assets and moneys." (Id. ¶ 89). "Each of the Affiliated Entities received and benefitted directly or indirectly from the importation and sale of the cabinets without paying any consideration." (Id. ¶ 92). The Affiliated Entities were "used by D. Sun, L. Sun, S. Sun and Infinity to conceal and obfuscate the proceeds from the sale of the cabinets." (Id. ¶ 93). "On information and belief," the Affiliated Entities "transferred the cabinets from one entity to the next for no consideration." (Id. ¶ 94). "On information and belief, the monies obtained from the sale of the cabinets were invested in real estate held by Infinity Realty Company LLC" (Id. ¶ 107), or in "real estate held by New Sun Limited Partnership." (Id. ¶ 109). And then the ultimate conclusion—"[b]ased on information and belief," of course—that "L. Sun, D. Sun, and S. Sun transferred all of Sunco's cabinets and/or the proceeds from the sale of the

cabinets into the Affiliated Entities with the purpose of concealing them from any potential judgment." (Id. ¶ 112). No actual transfer of any property from is alleged. What is alleged is that everyone transferred all the money, or maybe the cabinets themselves, to all the Affiliated Entities, which are owned by one of the individual defendants "and/or" another, and which may have then transferred the cabinets among themselves. (Id. ¶ 110).

## ARGUMENT

A. <u>Standard of Decision.</u>

"To survive a Rule 12(b)(6) motion to dismiss, the facts alleged in the complaint, taken as true by the court, which also draws all inferences in the pleader's favor, must state a plausible, not merely conceivable, case for relief." *Cebollero-Bertran v. P.R. Aqueduct & Sewer Auth.,* 4 F.4th 63, 69 (1st Cir. 2021) (citation and internal quotation marks omitted). The Court must "disregard all conclusory allegations that merely parrot the relevant legal standard" and instead "inquire whether the remaining factual allegations state a plausible … assertion of defendants' liability." *Young v. Wells Fargo Bank, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013).

B. <u>Sunco China Fails To State A Claim Against Linda For Fraudulent Transfer.</u>

Sometimes a plaintiff will say, with reason, that the facts are within the defendant's sole possession, and that that is why he can only plead facts on information and belief. The rules permit this. *See* Fed. R. Civ. P. 11(b)(3). Sunco (China) is not in a position to make that argument, because initial disclosures were served eight months ago, yet it sought leave to add the new claim in early December, at almost exactly the time it served its discovery requests. If there was some fact Sunco did not have in 2022, when it filed this lawsuit, that justifies the claim against Mrs. Sun for fraudulent transfer, Sunco (China) has had plenty of time to find it out. *Cf. Saldivar v. Racine,* 818 F.3d 14, 23 (1st Cir. 2016) (some latitude in the plausibility standard

4

may be appropriate when "modest discovery may provide the missing link" that would make the pleading sufficient).

But even when a plaintiff can say that the facts are in the defendant's sole possession, the plaintiff's belief about the truth of an allegation must still be based on sufficient factual material to make the inference of culpability plausible. If the plaintiff has "any facts to support [an] assertion" made on information and belief, "they should [be] set forth." *Menard v. CSX Transp., Inc.,* 698 F.3d 40, 44 (1st Cir. 2012). "'Information and belief' does not mean pure speculation." *Id.*

Sunco (China) has told the Court exactly what it did to investigate its fraudulent transfer claim. It "conducted investigations into the individual defendants' holdings in Massachusetts entities." (ECF No. 52 at 2). Presumably that means it did a search of the online records of the Massachusetts Secretary of the Commonwealth for the names of the three individual defendants. Then it added the entities the search turned up as defendants, and pleaded, on information and belief, that Mrs. Sun, the other individual defendants, and the new Affiliated Entities made, received, or in some unspecified way participated in fraudulent transfers. This is just like the allegation that this Court found insufficient to state a claim for fraudulent transfer in *Specialty Marketing Group v. Katz,* 2014 U.S. Dist. LEXIS 73861, at *21-22 & n.12 (D. Mass. May 30, 2014).

| The allegation in *Katz* | The allegation here |
|---|---|
| "Upon information and belief, the Defendants have transferred and/or sold assets between and among themselves to forestall creditors, which such transferring and sale of assets between the various Defendants was done with the intent to hinder then known and future creditors." | "Based on information and belief, L. Sun, D. Sun, and S. Sun transferred all of Sunco's cabinets and/or the proceeds from the sale of the cabinets into the Affiliated Entities with the purpose of concealing them from any potential judgment." |
| *Katz, supra* at n.12. | (Am. Compl. ¶112). |

What is most evident from the Amended Complaint is not just that Sunco (China) does not know of any particular transfer that might be fraudulent, but that it cannot do anything more than allege, mostly on information and belief, that everyone either received or made or participated in unspecified fraudulent transfers to everyone else.

The new claim is much less adequately pleaded then the veil-piercing claim (Count 11) that the Court held was sufficient to state a claim for relief. (ECF 32 at 14-15). As the Court recognized, on veil-piercing, Sunco China alleged that Linda was an owner of Infinity, that it was undercapitalized, and that Linda "siphoned off" the capital that remained by taking distributions. That is a simple, straightforward allegation. Here, though, Sunco China is alleging that one or more or all of the individual defendants and the Affiliated Entities made transfers of the cabinets or of money to one or more or all of the individual defendants and the Affiliated Entities. No particular transaction is identified.

The allegations are so broad as to be empty. Allowing such an implausible claim to proceed is a license to any plaintiff who alleges he has not been paid on a contract to name all of the business entities related to the main defendant just because it is conceivable that the main

defendant took the money that should have been used to pay and given it to the other entities. It is encouragement to throw the mud up on the wall and see what sticks.

## CONCLUSION

For these reasons, the Court should grant this motion and dismiss Count 12 as to Mrs. Sun.

Respectfully submitted,

LINDA SUN

By her attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN AND RUDMAN, LLP
53 State Street
Boston, Mass. 02109
(617) 330-7135
tfolkman@rubinrudman.com

Dated: February 8, 2024