UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| S<small>UNCO</small> T<small>IMBER</small> (K<small>UNSHAN</small>) C<small>O</small>., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>L<small>INDA</small> S<small>UN</small>, individually, D<small>AVID</small> S<small>UN</small>, individually S<small>HILLOCK</small> Y<small>UAN</small>-S<small>UN</small>, individually, and I<small>NFINITY</small> W<small>OOD</small> P<small>RODUCTS</small>, LLC.,<br><br>Defendants,<br><br>S<small>UNCO</small>, I<small>NC</small>., E<small>ASTMAN</small> S<small>T</small>. D<small>ISTRIBUTORS</small> LLC, E<small>ASTMAN</small> S<small>T</small>. W<small>OODWORKS</small>, I<small>NC</small>., I<small>NFINITY</small> R<small>EALTY</small> C<small>OMPANY</small> LLC, and N<small>EW</small> S<small>UN</small> L<small>IMITED</small> P<small>ARTNERSHIP</small><br><br>Reach and Apply Defendants, and Fraudulent Conveyance Defendants. | C.A. No. 1:22-cv-10833 |

**DEFENDANTS INFINITY WOOD PRODUCTS, LLC, DAVID SUN AND SHILLOCK YUAN-SUN'S RESPONSES TO PLAINTIFF SUNCO TIMBER (KUNSHAN) CO. LTD.'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, Defendants David Sun ("David"), Shillock Yuan-Sun ("Shillock"), and Infinity Wood Products, LLC ("Infinity") (collectively, "Infinity Defendants"), through undersigned counsel, hereby submit their response to the First Set of Interrogatories of the Plaintiff Bay Equity LLC. ("Plaintiff" or "Bay Equity"), as follows:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following objections to the Definitions and Instructions for Bay Equity's First Set of Interrogatories are incorporated by reference into each of Defendants' specific responses below.

1

1. Infinity Defendants object to the Definitions and Instructions to the extent that they seek to impose obligations upon Infinity Defendants beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

2. Infinity Defendants object to the definitions of **"YOU"** and/or **"YOUR"**, **"INFINITY"**, **"D. SUN"**, **"S. YUAN-SUN"**, and **"DEFENDANTS"** to the extent that they seeks to impose an obligation on Infinity Defendants to provide information from any person or entity other than the Infinity Defendants.

3. Infinity Defendants object to the definition of "**DOCUMENT** and/or **DOCUMENTS**" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

4. Infinity Defendants object to the definition of "**DOCUMENT** and/or **DOCUMENTS**" to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, accountant-client privilege, or any other applicable privilege.

5. Infinity Defendants object to the definition of "**COMMUNICATION** and/or **COMMUNICATIONS**" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

6. Infinity Defendants object to the definition of "**COMMUNICATION** and/or **COMMUNICATIONS**" to the extent that it calls for communications protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product

7. Infinity Defendants object to the instructions to the extent they request information that is protected by the attorney-client privilege, the attorney work product doctrine, a common or

mutual interest privilege, a joint defense privilege, or is otherwise protected from disclosure by law or rule of court.

8. In producing information in response to the Interrogatories, Infinity Defendants make no admission that any such information relevant or admissible, and Infinity Defendants expressly reserve the right to object on any ground to the use, in whole or in part, of any information in this proceeding or any other and to object at any time, on any grounds, to other discovery relating to the subject matter of the Interrogatories.

9. Infinity Defendants reserve the right to modify or supplement these responses during the course of this case, and expressly reserves the right to rely, at any time, including at trial, on subsequently discovered documents or information omitted from the specific responses set forth

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1**: **IDENTIFY** each and every person, other than counsel, with whom **YOU** consulted in, or who assisted **YOU** in the preparation of, the answering of these Interrogatories.

**ANSWER NO. 1**:

Infinity Defendants object to Interrogatory No. 1 on grounds that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Infinity Defendants further object to Interrogatory No. 1 to the extent it seeks information protected from disclosure by the attorney-client privilege, the accountant-client privilege, work product doctrine or any other applicable privilege or doctrine.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that David Sun and Shillock Yuan-Sun prepared the responses to these interrogatories with the assistance of counsel.

**INTERROGATORY NO. 2**:   **IDENTIFY** each and every member, shareholder, interest holder and equity holder of **INFINITY** from the date of its formation to the present.

**ANSWER NO. 2**:

Infinity Defendants object to Interrogatory No. 2 to the extent it seeks information protected from disclosure by the attorney-client privilege, the accountant-client privilege, work product doctrine or any other applicable privilege or doctrine.  Infinity Defendants further object to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome, seeking information from time periods not relevant to this litigation.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that the since its inception to the present the members of Infinity are David Sun, as trustee of the David Sun Trust Agreement of 2008 ("David Sun Trust") and Shillock Yuan-Sun, as trustee of the Shillock Yuan-Sun Trust Agreement of 2008 ("Shillock Yuan-Sun Trust"). The David Sun Trust has a Sixty Percent (60%) membership interest in Infinity. The Shillock Yuan-Sun Trust has a Forty Percent (40%) membership interest in Infinity.

**INTERROGATORY NO. 3**:   **IDENTIFY** and **DESCRIBE** each and every transfer of each membership interest, share, interest or equity in **INFINITY** that occurred from the formation of **INFINITY** to the present.

**ANSWER NO. 3**:

Infinity Defendants object to Interrogatory No. 3 to the extent it seeks information protected from disclosure by the attorney-client privilege, the accountant-client privilege, work product doctrine or any other applicable privilege or doctrine. Infinity Defendants further object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome, seeking information from time periods not relevant to this litigation.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state there have been no transfers of membership interest, share, interest or equity from formation to the present.

**INTERROGATORY NO. 4**: **IDENTIFY** all accountants, financial consultants and/or advisers **INFINITY** used, retained or consulted from the date of **INFINITY'S** formation to the present.

**ANSWER NO. 4**:

Infinity Defendants object to Interrogatory No. 4 to the extent it seeks information protected from disclosure by the attorney-client privilege, the accountant-client privilege, work product doctrine or any other applicable privilege or doctrine. Infinity Defendants further object to Interrogatory No. 4 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Infinity Defendants further object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the terms "financial consultants" and "advisers."

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that since 2018, it has used third-parties – Schlossberg LLC, Kahn, Litwin, Renza & Co., Ltd. – for accounting and financial consulting services.

**INTERROGATORY NO. 5**: **IDENTIFY** all banks, bank accounts, savings and loans and financial institutions (including offshore accounts) of any nature **YOU** made any deposits, held any monies in or borrowed any monies from, from the date of **INFINITY'S** formation to the present, including **IDENTIFYING** each and every bank or financial institution (including offshore accounts) wherein the proceeds from the sales of the **CABINETS** were deposited or held.

**ANSWER NO. 5**:

Infinity Defendants object to Interrogatory No. 5 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 5 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Infinity Defendants further object to Interrogatory No. 5 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope. Infinity Defendants object to Interrogatory No. 5 on grounds that it exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure. In responding to this Interrogatory, Infinity Defendants provide information for Infinity only, and only for the time period from 2018 to the present.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that Infinity has not borrowed any money from any financial institution and has, from 2018 to the present, maintained a bank account at North Easton Savings Bank and at Bank of America.

**INTERROGATORY NO. 6**: **IDENTIFY** each and every **DOCUMENT** that is part of or constitutes in part or whole a written contract or agreement between **INFINITY** and **SUNCO** and **DESCRIBE** in specific detail any and all oral agreements between **INFINITY** and **SUNCO**.

**ANSWER NO. 6**:

Infinity Defendants object to Interrogatory No. 6 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 6 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that the answer to Interrogatory No. 6 can be derived or ascertained from an examination of the documents produced by Infinity Defendants in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NO. 7**: **IDENTIFY** each and every **DOCUMENT** that is part of or constitutes in part or whole written and/or oral contracts or agreements between **INFINITY** and **L. SUN** and **DESCRIBE,** including but not limited to, dates, subject matter, consideration, obligations, restrictions, representations, payments and parties in specific detail any all oral agreements between **INFINITY** and **L. SUN**.

**ANSWER NO. 7**:

Infinity Defendants object to Interrogatory No. 7 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 7 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that no written or oral contracts or agreements between Infinity and Linda Sun exist.

**INTERROGATORY NO. 8**: Set forth in specific detail each and every reason and **DESCRIBE** all facts, beliefs and understandings that support each and every reason why **INFINITY** has not paid for the **CABINETS**.

**ANSWER NO. 8**:

Infinity Defendants object to Interrogatory No. 8 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 8 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope. Infinity Defendants object to Interrogatory No. 8 on grounds that it exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that they dispute that Infinity has not paid for the Cabinets.

**INTERROGATORY NO. 9**: Set forth the revenues, compensation, renumeration or financial benefits **INFINITY** received, directly or indirectly, from the sale, assignment or transfer of the **CABINETS**.

**ANSWER NO. 9**:

Infinity Defendants object to Interrogatory No. 9 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that Infinity received no proceeds for the sale, assignment or transfer of the Cabinets.

**INTERROGATORY NO. 10**: **DESCRIBE** in specific detail how **INFINITY**, from January 1, 2017 to the present, tracked and documented its revenues, expenses, account payables, receivables, costs, payroll, distributions, lines of credit, loans and all other financial matters; and in

doing so, **IDENTIFY** what software packages, ledgers, spreadsheets, handwritten documents, profit and loss statements, accountant(s) and bookkeeper(s) **INFINITY** used.

**ANSWER NO. 10**:

Infinity Defendants object to Interrogatory No. 10 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 10 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11**: **IDENTIFY** each and every **CABINET** manufactured by **SUNCO** at issue in the above-captioned action that **INFINITY** has not yet sold, transferred or assigned and set forth each and every reason why the **CABINETS** did not sell and **IDENTIFY** where the **CABINETS** are located.

**ANSWER NO. 11**:

Infinity Defendants object to Interrogatory No. 11 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that there are no Cabinets that Infinity has not yet sold, transferred or assigned.

**INTERROGATORY NO. 12**: **IDENTIFY** each and every person working for or acting on behalf of **INFINITY** who was involved in negotiations, ordering and/or purchasing of the

**CABINETS** from **SUNCO** and **DESCRIBE** in specific detail each person's involvement in negotiations, ordering and /or purchasing of the **CABINETS** .

**ANSWER NO. 12**:

Infinity Defendants object to Interrogatory No. 12 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that David Sun, Leon Mo, and Catherine Li were involved in negotiations, ordering and/or purchasing of the Cabinets.  Catherine Li and Leon Mo were employees.  Their roles included daily communication with Sunco, purchase order processing, shipping, and delivery, as well as other purchasing duties.  David Sun's role was to manage the employees.

**INTERROGATORY NO. 13**:      **IDENTIFY** each and every **PERSON** working for or acting on behalf of **INFINITY** in the sale, assignment or transfer of the **CABINETS** to customers (including distributors, consumers, and retailers), resellers, affiliates and subsidiaries, and **DESCRIBE** in specific detail, each and every **PERSON'S** involvement in the sale, assignment or transfer of the **CABINETS.**

**ANSWER NO. 13**:

Infinity Defendants object to Interrogatory No. 13 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that David Sun, Leon Mo, and Catherine Li were involved in in the sale, assignment or transfer of the Cabinets. Catherine Li and Leon Mo were employees. Their roles included shipping, and delivery, as well as other duties. David Sun's role was to manage the employees.

**INTERROGATORY NO. 14**:   **IDENTIFY** each and every person or entity that was or is involved in or handled or handles **INFINITY'S** payroll, bookkeeping, accounting and/or financial matters at any point in time from January 1, 2017 to the present, including, but not limited to, payroll companies, accountants, and bookkeepers and **DESCRIBE** what servicers each provided to **INFINITY**.

**ANSWER NO. 14**:

Infinity Defendants object to Interrogatory No. 14 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that Scott Olsson was an employee who supervised a department of, on average, three to four people involved in all aspects of accounting. In addition, Infinity used the services of third-parties Citrin Cooperman, and Kahn, Litwin, Renza & Co., Ltd. for accounting services.

**INTERROGATORY NO. 15**:   For each member and/or equity holder of **INFINITY**, set forth and **DESCRIBE** in specific detail each and every distribution, dividend, renumeration, loan and/or payment of monies they received from **INFINITY** from January 1, 2015 to the present, including

11

the date of each distribution, dividend, renumeration, loan or payment and the amount of the distribution, dividend, renumeration, loan or payment.

**ANSWER NO. 15**:

Infinity Defendants object to Interrogatory No. 15 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 15 on the grounds that it is not reasonably limited in time or scope. In responding to this Interrogatory, Infinity Defendants limit their response to the period from 2018 to the present.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that members did not receive distributions, dividends, renumeration, or take loans or payments from Infinity.

**INTERROGATORY NO. 16**:    **DESCRIBE** in specific detail **YOUR** understanding of the current value **INFINITY** and the basis of that valuation.

**ANSWER NO. 16**:

Infinity Defendants object to Interrogatory No. 16 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that they have not performed a valuation of Infinity.

**INTERROGATORY NO. 17**:    **IDENTIFY** and **DESCRIBE** each and every capital contribution to **INFINITY**, including the amount and what portion was monetary or sweat equity or

other (if other, describe) and the valuation of each non-cash contribution, and the source of the capital contribution and who the capital contribution was credited to and how the capital contribution was treated and recorded.

**ANSWER NO. 17**:

Infinity Defendants object to Interrogatory No. 17 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 17 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Infinity Defendants further object to Interrogatory No. 17 on grounds that "sweat equity" is vague and undefined. Infinity Defendants further object to Interrogatory No. 17 on grounds that it is not reasonably limited in time. In responding to this Interrogatory, Infinity Defendants limit their response to the period from 2018 to the present.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that no capital contributions in cash have been made from 2018 to the present and the value of any "sweat equity" has not been calculated. Further answering, Infinity Defendants state that the current capital balance of Infinity is $113,525, $68,115 of which belongs to the David Sun Trust and $45,410 belonging to the Shillock Yuan-Sun Trust.

**INTERROGATORY NO. 18**: Set forth, **IDENTIFY** and **DESCRIBE** all monies, payments, compensation, and renumeration of any nature, including stock, cash, real property, payment of expenses, payment of credit card charges, loans, notes, promises to pay, and wire transfers, **L. SUN**, **D. SUN**, and **S. YUAN-SUN**, each, received, directly or indirectly, from **INFINITY** from January 1, 2017 to present.

**ANSWER NO. 18**:

Infinity Defendants object to Interrogatory No. 18 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that Linda Sun, David Sun, and Shillock Yuan-Sun have not received monies, payments, compensation or renumeration of any nature including stock, cash, real property, payment of expenses, payment of credit card charges, loans, notes, promises to pay, and wire transfers, directly or indirectly from Infinity.

**INTERROGATORY NO. 19**: For each of the following entities, **DESCRIBE** in specific detail each entity's involvement, role and/or participation in the importation, distribution, shipping, transporting, storage, alternation, modification, improvement, repair, staining or painting, installation, marketing, promoting, transfer, assignment and/or sales of the **CABINETS**:

(a) **Eastman St. Distributors, LLC;**
(b) **Eastman St. Woodworks, Inc.;**
(c) **Sunco, Inc.;**
(d) **Sunco Business Trust;**
(e) **Infinity Wood Products, LLC;**
(f) **Infinity Realty Company, LLC;**
(g) **Sun Trust;** and
(h) **New Sun Limited Partnership**.

**ANSWER NO. 19**:

Infinity Defendants object to Interrogatory No. 19 on the grounds that with the subparts it exceeds the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1). Infinity Defendants further object to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

information. Infinity Defendants further object to Interrogatory No. 19 on the grounds that it is premature as the parties have not yet briefed, and the Court has not yet decided, a motion to dismiss the Amended Complaint.

**INTERROGATORY NO. 20**: For each of the following entities, **DESCRIBE** in specific detail what monies, compensation, renumeration or benefit each entity received from the sale, transfer or assignment of the **CABINETS**:

    (a) **Eastman St. Distributors, LLC;**
    (b) **Eastman St. Woodworks, Inc.;**
    (c) **Sunco, Inc.;**
    (d) **Sunco Business Trust;**
    (e) **Infinity Wood Products, LLC;**
    (f) **Infinity Realty Company, LLC;**
    (g) **Sun Trust;** and
    (h) **New Sun Limited Partnership**.

**ANSWER NO. 20**:

Infinity Defendants object to Interrogatory No. 20 on the grounds that with the subparts it exceeds the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1). Infinity Defendants further object to Interrogatory No. 20 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Infinity Defendants further object to Interrogatory No. 20 on the grounds that it is premature as the parties have not yet briefed, and the Court has not yet decided, a motion to dismiss the Amended Complaint.

Signed under the pains and penalties of perjury this 1st day of February 2024.

_____
David Sun, individually and on behalf of
Infinity Wood Products, LLC

_____
Shillock Yuan-Sun

As to objections

*/s/ Michele E. Connolly*
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata A. Mrózek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

**Certificate of Service**

I certify that on February 1, 2024, I served this document on counsel of record by email.

*/s/Michele E. Connolly*
Michele E. Connolly