UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sunco Timber (Kunshan) Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Linda Sun, individually, David Sun, individually Shillock Yuan-Sun, individually, and Infinity Wood Products, LLC, <br><br> Defendants. | C.A. No. 1:22-cv-10833-ADB |

**DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, AND INFINITY WOOD PRODUCTS, LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS BY PLAINTIFF SUNCO TIMBER (KUNSHAN) CO., LTD.**

Pursuant to Fed. R. Civ. P. 26 and 34, Defendants David Sun, Shillock Yuan-Sun, and Infinity Wood Products, LLC ("Infinity Defendants") hereby request that Plaintiff Sunco Timber (Kunshan) Co., LTD., ("Plaintiff" or "Sunco") produce the following documents within thirty (30) days of the date of this request.

**INSTRUCTIONS**

1. These requests shall be deemed to be a request for all documents, whether prepared by you or by any other party or any other person, that are in your physical custody, possession, or control, that you own in whole or in part, that you have a right by contract, statute or otherwise to use, access, inspect, examine, or copy on any terms, or that you have, as a practical matter, the ability to use, access, inspect, examine, or copy on any terms. These requests shall be deemed to be a request for all documents in any form whatsoever, including hard copy documents, and all potentially discoverable electronically stored information ("ESI"), including, without limitation, all

electronically stored documents, text messages, messaging application messages (including without limitation WhatsApp, Signal, Slack, or WeChat), voice messages, recordings and all other items that fall within Fed. R. Civ. P. 34(a)(1).

2. All documents are to be produced in their entirety, including all attachments or other matters affixed thereto.

3. Where a person is referenced herein, that reference should be interpreted to include, to whatever extent applicable, the person's officers, directors, employees, partners, corporate parents, subsidiaries, agents, representatives, and any other person acting or purporting to act on the referenced person's behalf.

4. Pursuant to Fed. R. Civ. P. 26(e)(1), the requests are continuing in nature and require supplementation if additional responsive material is discovered after the initial response.

5. Whenever any request calls for information that Plaintiff claims to be privileged or otherwise immune from disclosure, then pursuant to Fed. R. Civ. P. 26(b)(5)(A), Plaintiff must provide information sufficient for Defendant to assess Plaintiff's claim.

6. If any document requested herein was formerly in Plaintiff's possession, custody, or control and has been lost, destroyed, or otherwise disposed of, Plaintiff shall submit in lieu of any such document a written statement (i) describing the nature of the document and its contents, (ii) identifying the person(s) who prepared or authored the document, and if applicable, the person(s) to whom the document was sent or shown, (iii) specifying the date on which the document was prepared and/or transmitted, and (iv) specifying, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of and reason(s) for such destruction.

7. Unless otherwise specified, the requests call for materials dated or created between January 1, 2014 and the present.

8.     Pursuant to Fed. R. Civ. P. 34(b), documents must be produced as they are kept in the usual course of business or organized and labeled to correspond to each request.

9.     All e-mails and attachments and other ESI should be produced electronically, as single page tiffs, with a Concordance .dat file, Opticon load file for the images and extracted or OCR text provided as document level text files named with the corresponding production number and with a link or Text Path field in the .dat file.  The Concordance .dat file should include at least the following metadata fields: Begin Bates; End Bates; Begin Bates Attach; End Bates Attach; Date Created; Date Last Modified; Date Sent; File Name; To; From; CC; BCC; Email Subject; Author; File Extension; File Size; Confidentiality; Custodian; Hash Value; Native Path; OCR Path.  Native files should be produced when available for any file that cannot be easily converted to tiff images.  These files include but are not limited to: audio/video files, Excel spreadsheets, database files, executables, etc.  For these types of files, a placeholder that references the production number should be provided along with a path to the native file in the .dat file, and the native file should be renamed to match the associated production number.

## DEFINITIONS

1.     The Uniform Definitions set forth in Local Rule 26.5 for "Communication," "Document," "Identify (With Respect to Persons)," "Identify (With Respect to Documents)," "Parties," "Person," "Concerning," and "State the Basis" are incorporated herein by reference.  Note particularly that the term "concerning" means referring to, describing, evidencing, or constituting.

2.     As used herein, "You," "Your," and "Sunco" mean Plaintiff Sunco Timber (Kunshan) Co., LTD., and any, person acting for you or on your behalf, including without limitation your officers, directors, employees, shareholders, and agents.

3. As used herein, "Infinity" means Defendant Infinity Wood Products, LLC and any person acting for it or on its behalf.

4. As used herein, "David" means David Sun and any person acting for him or on his behalf.

5. As used herein, "Shillock" means Shillock Sun and any person acting for her or on her behalf.

6. As used herein, "Linda" means Linda Sun and any person acting for her or on her behalf.

7. As used herein, the "Complaint" means the Complaint and Request for Trial by Jury filed by Plaintiff Sunco in this action on June 1, 2022.

8. As used herein, the "Answer" means the Infinity Defendants' Answer to the Complaint and Request for Trial by Jury filed in the above-captioned case.

9. As used herein, "Cabinets" means the cabinets referenced in paragraphs 78 to 86 of the Complaint.

10. As used herein, the "Sunco factory" means any buildings occupied, owned, or leased by Sunco.

11. As used herein, "Sunco USA" means Sunco, Inc. (USA), as referenced in paragraph 73 of the Complaint.

12. As used herein, "Purchase Orders" means the purchase orders referred to in paragraph 30 of the Complaint.

13. As used herein, "Invoice" means the invoice referred to in paragraph 33 of the Complaint.

## DOCUMENTS REQUESTED

1. All documents concerning each of the allegations of the Complaint.

2. All documents concerning each of the affirmative defenses to the allegations of the Complaint.

3. All documents concerning discussions with Chinese government officials regarding the purchase, sale and/or relocation of the Sunco factory in China.

4. All documents concerning communications with Chinese government officials concerning the Cabinets.

5. All documents concerning payment practice by Infinity for the Cabinets, including but not limited to documents concerning the timing of payments by Infinity.

6. All documents concerning payments or loans made by Linda or Sunco USA to Sunco, including but not limited to communications between Sunco and Linda or Sunco USA and financial records reflecting any payments or loans by Linda or Sunco USA to Sunco.

7. All documents concerning Sunco Board of Directors and/or Sunco shareholder discussions about dissolving Sunco and/or selling company assets, including but not limited to any Board agendas, meeting minutes, or resolutions.

8. All documents concerning ownership of Sunco, including but not limited to documents concerning the purchase of Sunco shares and the payment for such purchases as well as any documents concerning any litigation over the ownership of Sunco.

9. Your stock ledger or its equivalent under the law of China showing the transfer of shares of Your stock and the identities of the owners of Your stock.

10. All documents concerning corporate structure of Sunco, including but not limited to Your articles of organization and bylaws, business license(s), or their equivalents under the law of China, including any amendments or restatements.

11. All documents concerning Your tax returns or their equivalent under the law of China, including but not limited to the tax returns themselves as well as supporting documentation.

12. All documents concerning all annual reports, accountings, or other similar corporate reports You have filed with governmental authorities in China.

13. Documents sufficient to identify Your customers, past and present.

14. Documents sufficient to identify the date on which the Cabinets were shipped to Infinity, the address to which they were shipped, and the price of the Cabinets.

15. All documents concerning any "design models or custom requests" referenced in paragraph 24 of the Complaint.

16. All documents concerning the "custom manufacturing" referenced in paragraph 31 of the Complaint, including but not limited to the process by which some manufacturing was customized and the difference, if any, between the cost to Sunco to produce non-custom cabinets compared to the custom cabinets reference in paragraph 31.

17. All documents concerning Purchase Orders, including without limitation any documents concerning Sunco's knowledge of the reasons Infinity issued the Purchase Orders.

18. All Invoices.

19. All documents concerning the "resale mark-up value" referenced in paragraphs 43 and 44 of the Complaint.

20. All documents concerning Your allegation that Infinity accepted the delivery of all products delivered by Sunco and expressed no issue with the quality, timeliness, or correctness of Sunco's products.

21. All documents concerning any requests for extensions referenced in paragraph 46 of the Complaint.

22. The executed confirmation of accounts referenced in paragraph 47 of the Complaint.

23. All documents concerning the management take over referenced in paragraph 57 of the Complaint, including but not limited to the reason(s) for the management takeover.

24. All documents concerning the government order referenced in paragraph 61 of the Complaint, including but not limited to any communications between Sunco and the government concerning the circumstances leading to such order and any attempts by Sunco to mitigate.

25. All documents concerning the loans referenced in paragraph 62 of the Complaint, including documents concerning the interest rate of such loans, the identity of the debtor, and the negotiations concerning the terms of the loan.

26. The periodic financial statements, or their equivalent, for Sunco for the period from 2014 to until the end of the year in which Sunco "slipped into insolvency," as referenced in paragraph 65 of the Complaint.

27. Documents sufficient to identify the "top managers of Sunco" referenced in paragraph 64 of the Complaint.

28. Documents sufficient to identify the shareholders of Sunco and, if any such shareholder is a corporation or other business entity, documents sufficient to identify the shareholders of each corporation or business entity.

29. All documents concerning the management or ownership of Infinity and/or your belief or understanding about the management or ownership of Infinity.

30. Documents sufficient to identify when and how You became aware of the "true nature of the roles that D. Sun and S. Sun played in Infinity" as referenced in paragraph 65 of the Complaint.

31. All documents concerning Sunco's insolvency, as referenced in paragraph 65 of the Complaint, including Sunco's financial statements for that period and any steps Sunco took to avoid insolvency.

32. All documents concerning the capitalization of Infinity, as referenced in paragraphs 178 to 180 of the Complaint.

33. All documents concerning any contracts or agreements between Sunco and Infinity, David, Shillock and/or Sunco USA.

34. All documents concerning minutes of all meetings of Your board of directors, or its equivalent under Chinese law, including but not limited to the minutes themselves.

35. All documents concerning resolutions adopted by Your shareholders relating to the Defendants, the Cabinets, damages claimed by You, steps taken to mitigate damages, or that relate in any way to the allegations in the Complaint or the affirmative defenses asserted thereto.

36. All documents concerning resolutions adopted by Your board of directors relating to the Defendants, the Cabinets, damages claimed by You, steps taken to mitigate damages, or that relate in any way to the allegations in the Complaint or the affirmative defenses asserted thereto.

37. All documents concerning Your audited and unaudited financial statements.

38. All documents concerning communications between You and David, Shillock, and/or Infinity.

39. All documents concerning litigation and/or arbitration involving You and Linda, David, and/or Sunco USA in China.

40. All documents concerning litigation and/or arbitration between You and any of your shareholders.

41. All documents that form the basis for Your contention in paragraphs 73 and 74 of the Complaint that litigation in China by Sunco USA against Sunco was brought to prevent Sunco from asserting the claims alleged in the Complaint.

42. Any leases or other contracts between Plaintiff and any person and/or entity that has occupied or used Sunco's property since January 1, 2018.

43. Documents sufficient to show any payments received by Plaintiff from any person and/or entity that has occupied or used Sunco's property since January 1, 2018

44. All documents responsive to Linda Sun's First Request for the Production of Documents to the Plaintiff.

45. All documents concerning any damages You claim and/or any relief you seek, including without limitation documents that support your claim for damages.

46. All documents concerning Your claims or defenses or to rebut the Infinity Defendants' claims or defenses, including for impeachment.

47. All documents You may offer in this case for any purpose, including in pleadings and/or trial.


Dated:  September 29, 2023

                                        DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC

                                        By their attorneys,

/s/ Michele E. Connolly
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata A. Mrózek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

**Certificate of Service**

I certify that on September 29, 2023, I served this document on counsel of record by email.

/s/Michele E. Connolly
Michele E. Connolly