UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>   Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>   Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>   Reach and Apply Defendants, and Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |
| LINDA SUN,<br>Counterclaimant,<br><br>v.<br><br>SUNCO TIMBER (KUNSHAN) CO., LTD.,<br>Counterclaim Defendant. | |

# PLAINTIFF SUNCO TIMBER (KUNSHAN) CO. LTD.'S OPPOSITION TO DEFENDANT LINDA SUN'S MOTION DISMISS

Plaintiff Sunco Timber (Kunshan) Co., Ltd. ("Plaintiff" and/or "Sunco") respectfully submits its opposition to defendant Linda Sun's ("L. Sun") motion to dismiss.

I.  **BACKGROUND**

The present action was brought by Plaintiff to recover payment on the cabinets it manufactured and delivered to defendant Infinity Wood Products, LLC ("Infinity").  While

1

engaged in discovery in the present action, defendants' affiliated and related entities were discovered.  Once the affiliated and related entities were discovered, entities who were operating in concert with one another in handling of the cabinets, under the control of the named defendants, Plaintiff filed for leave to file an amended complaint [**Docket #52**], which was granted [**Docket #60**].  Plaintiff's Amended Complaint added twenty-eight detailed factual allegations (¶¶85-112) supporting its two newly added causes of action for fraudulent conveyance, and reach and apply.[1] [**Docket #61**].

      The underlying transaction for the manufacturing by Plaintiff and the sale of the cabinets to Infinity was handled by defendant L. Sun, the mother of defendant David Sun ("D. Sun"), the manager and member of defendant Infinity Wood Products, LLC ("Infinity"), and defendant Shillock Yuan-Sun ("S. Sun"), her daughter-in-law and manager, member and chief financial controller of Infinity.  [**Amended Complaint, ¶¶34-36; Docket #61**].  The cabinets were delivered to Infinity pursuant to Infinity's purchase orders.  [**Amended Complaint, ¶¶39-42, 114-119; Docket #61**].  There are no claims that the cabinets were defective.  [**Amended Complaint, ¶54; Docket #61**].  Infinity acknowledged, in writing, that it owed Plaintiff $5,886,466.77 for the cabinets as of December 31, 2018.  [**Amended Complaint, ¶¶56 123 and 144; Docket #61**].  The cabinets were Infinity's only asset and upon the transfer of the cabinets without consideration, Infinity became insolvent.  [**Amended Complaint, ¶¶81, 192-195; Docket #61**].  To date no payment has been made on the delivery of the cabinets and no explanation has been offered by the defendants as to why the cabinets have not been paid for.  [**Amended Complaint, ¶¶120-124 and 134-136; Docket #61**].

---

[1] Rule 64 of the Federal Rules of Civil Procedure permit a Federal District Court to utilize the same legal remedies to recover assets that a Massachusetts State Court is permitted to enforce.

According to defendants' sworn interrogatory answers (which have been filed with the court),[2] Infinity transferred the cabinets and received no consideration in return. [**Docket #65-1**].  Defendants acknowledge that Infinity, the contracting party with Sunco, did not retain possession of the cabinets but rather transferred the cabinets following their delivery for no consideration:

> **Interrogatory 9** Set forth the revenues, compensation, renumeration or financial benefits **INFINITY** received, directly or indirectly, from the sale, assignment or transfer of the **CABINETS**.
>
> <u>**Answer:**</u>
> . . .
> Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that Infinity received no proceeds for the sale, assignment or transfer of the Cabinets. [**Response to Interrogatory 9, Docket #65-1**].

By way of Interrogatory 11, Plaintiff asked what cabinets Infinity has not yet sold, transferred or assigned.  To which, Infinity responded that it no longer retains any of the cabinets:

> <u>**Interrogatory 11:**</u>
> **IDENTIFY** each and every **CABINET** manufactured by **SUNCO** at issue in the above-captioned action that **INFINITY** has not yet sold, transferred or assigned and set forth each and every reason why the **CABINETS** did not sell and **IDENTIFY** where the **CABINETS** are located.
> <u>**Answer:**</u>
> . . .
> Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that there are no Cabinets that Infinity has not yet sold, transferred or assigned.  [**Docket #65-1**].

---

[2] The court can take judicial notice of matters on the docket of the court and consider said documents in denying defendant's motion to dismiss.  *See Barron v. Reich*, 13 F.3d 1370, 1376 (9th Cir. 1994). ("[A]dditional facts considered by the court are contained in materials of which the court make take judicial notice"); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[T]he district court may also take judicial notice of matters of public record" (citation omitted)); *EEOC v. Ohio Edison Co.*, 7 F. 3d. 541, 546 (6th Cir. 1993) (on motion to dismiss, the district court may consider matters pled in district court record); and *Alabama Indep. Serv. Station Ass'n v. Shell Petro. Corp.*, 28 F. Supp. 386 (Dist. Ct. 1939) (a court on a motion to dismiss may consider responses to interrogatories).  In doing so, the motion to dismiss is not converted to a motion for summary judgment.  *Id.*

3

These responses alone or viewed together with response to Interrogatory 15, present Infinity as a shell entity that has transferred the cabinets, without consideration, to its affiliated entities, with the intent of placing the proceeds from the sales of the cabinets outside the reach Sunco.

In answering the Complaint, Infinity, D. Sun, and S. Sun admitted that Infinity's business operations have ceased. [**Answer, ¶72, Docket #35**].

By way of document requests, Plaintiff sought documents tracking where the cabinets were stored and where the cabinets were sold and/or transferred. Defendants categorically refused to produce responsive documents thereto. For example, defendants categorically refused to produced documents concerning: where the cabinets were stored (#62), the marketing of the cabinets (#63), the sale of the cabinets to customers, purchases, distributors, affiliates, and subsidiaries, resellers (#64), financial records of the revenues received from the sale of the cabinets (#65), the cabinets in general (#66); monies that Infinity received, directly or indirectly, from the sale of cabinets (#67), and customers, resellers, distributors and subsidiaries regarding the sale of the cabinets (#69 & 73). [**Docket #65**].

With respect to documents regarding the Infinity affiliated entities now named as defendants in the present action, defendants again categorically refused to produce any documents (#76-158). [**Docket #65**].

The amended complaint alleges that the cabinets and/or the resulting proceeds from the ultimate sale of the cabinets went in part or whole to L. Sun. [**Amended Complaint, ¶¶79, 181, 192; Docket #61**]. The amended complaint sets forth that Infinity was and is controlled by the three individuals. [**Amended Complaint, ¶¶35, 37, and 75;**

4

**Docket #61**]. In turn, Infinity and the three individual defendants control the five affiliated entities that have recently been added by way of the amended complaint. [**Amended Complaint, ¶86; Docket #61**]. L. Sun is an insider who received cabinets and/or the proceeds from the sale of the cabinets. [**Amended Complaint, ¶¶79, 181, 192; Docket #61**].

## II.  STANDARD OF REVIEW FOR MOTION TO DISMISS

In applying the well-established standards for reviewing a motion to dismiss, defendants' present motion should be found to be without legal basis. The first well-established principle is that in reviewing a motion for the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), a court is to assume that all pleaded facts and reasonable inferences drawn from those facts are true. *In re Lantus Direct Purchaser Antitrust Litigation*, 950 F.3d 1, 5 (1st Cir. 2020) (The Court of Appeals reversed the lower court's granting of a motion to dismiss). All that is required is that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 67 L. Ed. 2d 929 (2007). It is not a task of the court "to decide whether the plaintiff ultimately will prevail but, rather, whether he is entitled to undertake discovery in furtherance of the pleaded claim." *Rodi v. S. New Eng. Sch. Of Law*, 389 F.3d 5, 13 (1st Cir. 2004). As such, "'[t]he purpose of Rule(b) is to provide notice, not to test the factual allegation of the claim.'" *In re Wellnx Marketing & Sales Practices Litigation*, 673 F.Supp. 2d 43, 51 (D. Mass. 2009) (*quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,* 331 F.3d 406, 414 (3rd Cir. 2003). To survive a motion to dismiss, the complaint must simply allege a plausible entitlement to relief. *Wellnx*, 673 F.Supp. 2d at 49 ("To survive a motion to dismiss, a complaint must

allege 'a plausible entitlement to relief.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); and *Bryan Corporation v. Chemwerth, Inc.*, 911 F.Supp.2d 103, 108 (D. Mass. 2012) ("Motion to dismiss under Rule 12(b)(6) tests sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all reasonable inferences in favor of non-moving party. … Dismissal is only appropriate if the pleadings, so viewed fail to support 'a plausible entitlement to relief.'" (*quoting Rodriquez-Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 93 (1st Cir. 2007)). A court is only to "uphold a dismissal on this ground 'only if the plaintiff's averments hold out no hope of recovery on any theory adumbrated in [his] complaint.'" *Rodi v. Southern New England School of Law*, 389 F.3d 5, 13 (2004) (quoting *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 15, (1st Cir. 2003).

### III.    FRAUDULENT CONVEYANCE

Fraudulent conveyances are governed by Chapter 109A *et. seq.* of the Massachusetts General Laws. A transfer of an asset or monies is deemed a fraudulent conveyance if either: (a) there was intent to hinder, delay or defraud a creditor (Plaintiff), or (b) the debtor (Infinity) did not receive equivalent value in exchange for the cabinets. As set forth above, sufficient facts were pled establishing that Plaintiff, under either alternative, established that the cabinets and/or the proceeds therefrom have been fraudulently conveyed. Pursuant to a claim for fraudulent conveyance, dividends may be recovered from a shareholder. *Petition of Powers v. Heggie*, 268 Mass. 233 (1929).

With respect to intent to hinder, delay or defraud a creditor (Plaintiff), subsection (a) of Section 5 sets forth eleven considerations to take into account in finding intent. As pled in the amended complaint: Infinity transferred the cabinets and or proceeds to an insider (L. Sun); Infinity retained control of the cabinets/proceeds by controlling its

affiliates; Infinity and L. Sun concealed the transfer of the cabinets; the transfer of the cabinets was substantially, if not all, of Infinity's assets; and no consideration was paid for cabinets.

Detailed facts were also pled, and there are admissions on the court's record, that Infinity received no consideration for the cabinets -- subsection (b).

These facts also support the existence of fraudulent conveyance under each of the three alternate conditions of Section 6 whereby Infinity's obligations to pay Plaintiff for the cabinets (sending purchase order) occurred prior to the transfer of the cabinets, that Infinity did not receive equivalent consideration and Infinity was insolvent at the time or became insolvent as a result of the transfer.

Section 11 of Chapter 109A provides that the law of equity shall supplement the provisions of the Chapter. It would clearly be unequitable for Infinity to order $6,712,182.11 worth of cabinets, accept delivery of the cabinets, acknowledge owing monies for the cabinets and then transfer the cabinets and the resulting proceeds to third-parties, including L. Sun, preventing Plaintiff's from recovering payment while giving L. Sun and others a $6,712,182.11 or greater windfall.

## IV.   REACH APPLY

A reach and apply claim exists when a debt is owed by the defendant, that is liquidated and calculatable G.L. c. 214, § 3; *Garsson v. Am. Diesel Engine Corp.*, 310 Mass. 618 (1942). Section 3(6) states:

> Actions by creditors to reach and apply, in payment of a debt, any property, right, title or interest, legal or equitable, of a debtor, within or without the commonwealth, which cannot be reached to be attached or take on execution through the property sought to be reached and applied is in the possession or control of debtor independently of any other person or cannot be reached and applied until a further time or is of uncertain value, if the

7

value can be ascertained by sale, appraisal or by any means within the ordinary procedure of the court.

**V.     CONCLUSION**

Based on the foregoing, plaintiff requests that this honorable court DENY defendant Linda Sun's motion to dismiss.  A picture has clearly emerged that defendants have transferred the cabinets out of Infinity without receiving any payment or due consideration.  Defendants have concealed and are hiding the proceeds from the sale of the cabinets to avoid paying Plaintiff the $6,712,182.11 they owe for the cabinets.  This is the legal definition of a fraudulent conveyance.

**DATED: February 21, 2024**              **PLAINTIFF,**
                                          By its attorney,


                                          */s/ Connie C. Dai*
                                          Connie C. Dai (BBO#683330)
                                          Yun Cheng (BBO# 707028)
                                          Lions Law, P.C.
                                          154 Wells Ave
                                          Newton, Massachusetts 02459
                                          (617) 232-7503 Telephone
                                          (781) 207-8574 Fax
                                          connie@lionslawgroup.com
                                          yun@lionslawgroup.com


                                          */s/ Timothy K. Cutler*
                                          Timothy K. Cutler (BBO#636124)
                                          CUTLER & WILENSKY LLP
                                          20 Walnut Street, Suite 1
                                          Wellesley, Massachusetts 02481
                                          (617) 232-7500 Telephone
                                          tim@cutlerlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Wednesday, February 21, 2024.

                           */s/ Timothy K. Cutler*
                            Timothy K. Cutler