UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-MJJ <br><br> *Leave to file granted on Feb. 22, 2024* |

### REPLY IN SUPPORT OF LINDA SUN'S MOTION TO DISMISS COUNT 12

Sunco's opposition relies heavily on the answers to interrogatories of the other defendants, Infinity, David Sun, and Shillock Yuan-Sun, their answers to the complaint, and their responses to the request for production of documents (ECF 68 at 3-4). That is improper. A motion to dismiss for failure to state a claim is directed to the sufficiency of the complaint, not to the evidence. The Court cannot rely on answers to interrogatories or responses to a request for production just because the plaintiff has chosen to file them with the Court.[1] Even if it could rely on Infinity, David, and Shillock's interrogatory answers and responses to RFPs when ruling on *their* motion to dismiss, it cannot rely on admissions they made when ruling on *Mrs. Sun's* motion to dismiss.

While the impropriety of considering one defendant's admissions in deciding on another defendant's motion to dismiss is self-evident, Sunco did cite a handful of cases that supposedly support it view. But none of them do.

---

[1] Sunco filed the other defendants' discovery responses as exhibits to its opposition to those defendants' emergency motion for an extension of time to answer the amended complaint. (ECF 65-1 & 65-2).

1

- In *Barron v. Reich,* 13 F.3d 1370, 1376 (9th Cir. 1994), the court took notice of a policy in a Department of Labor Field Operations Handbook, which came within the rule that courts can take judicial notice of "[r]ecords and reports of administrative bodies."

- In *Hanson v. CSC Credit Services,* 29 F.3d 280 (7th Cir. 1994), the court held that the lower court properly took judicial notice of docket entries from an earlier state court case in deciding a motion to dismiss. While the opinion doesn't specify what kind of docket entries, from the decision on review, it is clear that the lower court took judicial notice of a judgment from the earlier state court case. *See Henson v. CSC Credit Servs.,* 830 F. Supp. 1204, 1205 (S.D. Ind. 1993). This is entirely consistent with the rule in this Circuit: "A court may consider matters of public record in resolving a Rule 12(b)(6) motion to dismiss. Matters of public record ordinarily include documents from prior state court adjudications" such as a "state-court judgment." *Giragosian v. Ryan,* 547 F.3d 59, 66 (1st Cir. 2008) (citations and internal quotation marks omitted).

- In *EEOC v. Ohio Edison Co.,* 7 F.3d 541, 546 (6th Cir. 1993), the question was whether on appeal the court could consider evidence that the district court had considered, when the district court had properly considered it, not whether the district court should or should not consider the evidence in the first instance. The point was dicta in any case, since the court held that because it was apparent given the facts in the record that the plaintiff could state a claim if given leave to amend. Here, nothing in the materials outside the Amended Complaint that Sunco points does anything to improve the allegations against Mrs. Sun.

- In *Alabama Independent Service Station Ass'n v. Shell Petroleum Corp.,* 28 F. Supp. 386 (S.D. Ala. 1939), a case decided when the Federal Rules of Civil Procedure were new,

the court held that it was proper to consider "affidavits, depositions and answers to interrogatories" on a motion to dismiss for failure to state a claim. Of course, that is incorrect today if it was ever correct, and if there was any better authority for such an anomalous position than an 85-year-old district court decision from another circuit, Sunco would have cited it.

With the exception of the anomalous decision in *Alabanda Independent Service Station Association,* none of these cases conflicts with the familiar black-letter rule:

> When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering facts and documents that are part of or incorporated into the complaint. These limitations, however, are not absolute. A district court may also consider documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.

*Giragosian,* 547 F.3d at 65 (citations and internal quotation marks omitted). The matters Sunco refers to are not incorporated in the complaint. They are not "matters of public record" like state court judgments and are in the public record only because Sunco itself put them there. And they surely are not susceptible to judicial notice: they are neither generally known in Massachusetts nor facts that could be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b).

Moreover, none of the cited cases justify treating the admissions of one party as the admissions of another party for any purpose, let alone a motion to dismiss for failure to state a claim. Admissions of one party *might* be admissible in evidence against another party if the parties are co-conspirators, *see* Fed. R. Evid. 801(d)(3), but this Court has already dismissed the claim for civil conspiracy (ECF 32 at 12), and in any event admissibility at trial over a hearsay objection is one thing, and use of one party's statements against another party in the context of a motion to dismiss is another.

Sunco's need to rely on materials outside the pleadings helps illustrate the insufficiency of the Amended Complaint to stand on its own. The main point of the motion to dismiss is that Sunco has not alleged, except in a purely conclusory way, even a single transaction involving Mrs. Sun that could underlie a claim for fraudulent transfer. Sunco has no answer to that point, and the Court should grant Mrs. Sun's motion to dismiss Count 12 against her.

    Respectfully submitted,

    LINDA SUN

    By her attorney:

    */s/ Theodore J. Folkman*

    Theodore J. Folkman (BBO No. 647642)
    RUBIN AND RUDMAN, LLP
    53 State Street
    Boston, Mass. 02109
    (617) 330-7135
    tfolkman@rubinrudman.com

Dated: February ___, 2024