# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LINDA SUN, individually, DAVID SUN, individually SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC.,<br><br>Defendants. | C.A. No. 1:22-cv-10833-MJJ |

## EMERGENCY MOTION OF DEFENDANTS INFINITY WOOD PRODUCTS, LLC., DAVID SUN, AND SHILLOCK YUAN-SUN, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, INC., EASTMAN ST. WOODWORKS, INC., AND INFINITY REALTY COMPANY LLC FOR CLARIFICATION OF COURT'S ORDER

Defendants David Sun ("David"), Shillock Yuan-Sun ("Shillock"), and Infinity Wood Products, LLC ("Infinity"), (collectively, "Infinity Defendants"), Sunco, Inc., Eastman St. Distributors, Inc. ("Eastman Distributors"), and Eastman St. Woodworks, Inc. ("Eastman Woodworks"), and Infinity Realty Company LLC ("Infinity Realty") (collectively, the "Newly Represented Defendants," none of which has yet been served) respectfully request that the Court clarify its February 9, 2024 order, as follows:

1.     This Motion is filed as an emergency motion because it concerns uncertainty over the applicability of an impending deadline of February 29.

2.     On January 24, 2024, Plaintiff Sunco Timber (Kunshan) Co., Ltd. ("Plaintiff" or "Sunco") filed its Amended Complaint, adding five new defendants (the "Newly Added Defendants").  Doc. No. 61.

3.      On February 1, 2024, undersigned counsel e-mailed Plaintiff's counsel, informing them that undersigned counsel expected to be retained by Sunco, Inc., Eastman Distributors, and Eastman Woodworks and may be engaged by Infinity Realty.  Undersigned counsel further informed Plaintiff's counsel that, once retained by Sunco, Inc., Eastman Distributors, and Eastman Woodworks and possibly Infinity Realty, undersigned counsel anticipated that they would be authorized to except service on behalf of the entities they would be representing in exchange for the Fed. R. Civ. Pro. 4(d)(3) 60-day period to respond to the Amended Complaint.

4.      For efficiency purposes, undersigned counsel requested that the Infinity Defendants assent to an extension of time to respond to the Amended Complaint to allow undersigned counsel to file one response on behalf of all the entities it would ultimately represent.

5.      On February 7, 2024, the day before a response from the Infinity Defendants was due, having received no response, undersigned counsel reached out again to Plaintiff's counsel to make the foregoing proposal and counsel for Plaintiff counsel refused Infinity Defendants' request to extend the response deadline.

6.      Accordingly, the Infinity Defendants filed an Emergency Motion to Extend Time to Respond to Plaintiff's Amended Complaint (the "Motion to Extend"), requesting that the deadline for the Infinity Defendants to respond to the Amended Complaint be extended to March 15, and noting that, to the best of the Infinity Defendants' knowledge, the Newly Added Defendants had not been served.  Doc. No. 62.

7.      At the time, undersigned counsel had not yet been retained by any of the Newly Added Defendants, but indicated that three of the five Newly Added Defendants – Sunco, Inc.,

Eastman Distributors, and Eastman Woodworks – were in the process of engaging undersigned counsel and that undersigned counsel might represent Infinity Realty. *See* Doc. No. 62.

8.      Plaintiff opposed the Motion to Extend on February 8, arguing – without citation or reference to any evidence – that the Infinity Defendants were "potentially dissipate[ing] monies and assets." Doc. No. 65 at 1-2.

9.      In addition to providing no evidence of dissipation of assets, Plaintiff's argument for urgency fails because (a) Plaintiff admitted that it possessed or had access to the information necessary to add the Newly Added Defendants from the beginning of the case yet showed no urgency in waiting eighteen months to bring them into the case; and (b) although it had been more than two weeks since the Amended Complaint was filed, Plaintiff had not yet served the Newly Added Defendants.

10.     On February 9, the Court granted Infinity Defendants' Motion to Extend. The Court also ordered that the *Newly Added* Defendants file a response to the Amended Complaint by February 29, 2024. Doc. No. 66.

11.     The Infinity Defendants seek clarification of the Court's ruling. Specifically, the Infinity Defendants seek clarification whether the Court intended that the Newly Added Defendants, who, to date, have still not been served, are required to respond to the Amended Complaint before service has been made and before the response of the Infinity Defendants is due on March 15, as allowed by the Court.

12.     Since filing the Motion to Extend, undersigned counsel has been retained by four of the five Newly Added Defendants – Sunco, Inc., Eastman Distributors, Eastman Woodworks, and Infinity Realty (the "Newly Represented Defendants," collectively with the Infinity Defendants, the "Jointly Represented Defendants"). None of the Newly Represented Defendants

has been served. Undersigned counsel does not represent New Sun Limited Partnership but notes that the Massachusetts Secretary of State's website lists that partnership as having been dissolved.

13. Undersigned counsel was out last week with a severe stomach illness. In addition, undersigned counsel has three depositions next week – two experts and one fact witness – as well as a motion hearing before Magistrate Judge Robertson in another matter.

14. Had Plaintiff accepted Newly Represented Defendants' offer to waive service, their response to the Amended Complaint would have been due on April 9, 2024 – 60 days from when undersigned counsel expected to be engaged by the Newly Represented Defendants and therefore able to waive service on their behalf. *See* Fed. R. Civ. P. 4(d)(3).

15. Newly Represented Defendants have *still not been served* in this case and, accordingly, there should be no obligation for them to respond to the Amended Complaint and, accordingly, no deadline to do so.

16. For efficiency purposes, the Jointly Represented Defendants would like to respond to the Amended Complaint together. They intend to file a motion to dismiss and currently anticipate making one joint filing in that regard. To achieve that, Newly Represented Defendants are willing to agree to waive service if they are permitted to respond to the Amended Complaint on March 15, 2024, along with the Infinity Defendants. (If the Newly Represented Defendants were served today, pursuant to Fed.R.Civ.P. 12, their response to the Complaint would not be due until March 13, 2024.)

17. A deadline of March 15 for *all* the Jointly Represented Defendants to respond would allow Jointly Represented Defendants adequate time to file their response, particularly in light of undersigned counsel's recent illness and upcoming professional obligations.

18.     Undersigned counsel attempted in good faith to confer with counsel for Plaintiff. On February 20, undersigned counsel emailed counsel for Plaintiff attaching a draft of this Motion and asking whether Plaintiff would assent and, if not, what counsel's ability was for a Rule 7.1 conference.  Plaintiff's counsel did not respond.

19.     On the morning of February 21, undersigned counsel followed up by email, asking for either assent or availability for a conference.  Plaintiff's counsel did not respond.

20.     On the evening of February 21, undersigned counsel tried again, noting that Jointly Represented Defendants did not feel they could wait any longer, and requesting either Plaintiff's assent or availability for a conference.

21.     On the morning of February 22, undersigned counsel made one further attempt. At 12:31 pm on February 22, counsel for Plaintiff responded, asking what the delay was and whether the Newly Represented Defendants had retained undersigned counsel.  Within less than an hour, undersigned counsel responded that Newly Represented Defendants had retained undersigned counsel, that Jointly Represented Defendants intended to file a motion to dismiss, that undersigned counsel had been out most of last week with a severe stomach illness, that next week undersigned counsel had either depositions or a motion hearing this Court on another matter every day leading up to the February 29 deadline.

22.     Counsel for Plaintiff responded "[w]e cannot agree to your motion.  It contains arguments that we completely disagree with.  You assert matters that we disagree with." Plaintiff's counsel did not provide any availability for a conference, nor did he say whether he objected to the relief requested.

23.     A little over one hour later, undersigned counsel responded, asking whether Plaintiff would be willing to assent to the date of March 15 for the Jointly Represented

5

Defendants to file their response if the instant Motion was stripped of argument, advising that, if so, undersigned counsel would circulate a revised motion removing any argumentative sections. Plaintiff's counsel did not respond.

24.     Undersigned counsel followed up again this morning, but still no response has been received.  Given the uncertainty over the applicability of the February 29 deadline, Jointly Represented Defendants simply cannot wait any longer and so are filing this emergency motion. (The e-mail exchange referenced in Paragraphs 19-25 is attached hereto as **Exhibit A**.)

WHEREFORE, the Jointly Represented Defendants respectfully request that the Court clarify its February 9, 2024 order by ruling that the deadline for the Newly Represented Defendants – who have not been served – to respond to the Amended Complaint be the same date – March 15, 2024 – by which the Court has ruled that the Infinity Defendants must respond to the Complaint, with the understanding that the Newly Represented Defendants will waive service requirements.

|  | Respectfully submitted, |
|---|---|
| Dated: February 23, 2024 | DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC |

By its attorneys,

*/s/ Michele E. Connolly*
Peter E. Ball, BBO # 546031
Michele E. Connolly, BBO # 680946
Malgorzata A. Mrózek, BBO # 699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
(617) 542-5542
peb@fitchlp.com
mec@fitchlp.com
mam@fitchlp.com

## CERTIFICATE OF SERVICE

I, Michele E. Connolly, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 23, 2024.

*/s/ Malgorzata A. Mrózek*
Malgorzata A. Mrózek

## Certification Pursuant to Local Rule 7.1(b)

I, Michele E. Connolly, hereby certify that on February 20, 21, 22, and 23, 2024, I attempted to confer in good faith with counsel for Plaintiff Sunco Timber (Kunshan) Co., Ltd. to resolve or narrow the issues raised herein, as set forth in paragraphs 19 to 25.

*/s/ Michele E. Connolly*
Michele E. Connolly