UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>   Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>   Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>   Reach and Apply Defendants, and<br>   Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |

**PLAINTIFF SUNCO TIMBER (KUNSHAN) CO. LTD.'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS PROPOUNDED ON DEFENDANTS INFINITY WOOD PRODUCTS, LLC, DAVID SUN, AND SHILLOCK YUAN-SUN**

Plaintiff Sunco Timber (Kunshan) Co. Ltd.'s ("Plaintiff" and/or "Sunco") respectfully submits its motion to compel responses to document requests propounded on defendants Infinity Wood Products, LLC ("Infinity"), David Sun ("D. Sun") and Shillock Yuan-Sun ("S. Sun"), collectively hereinafter "Defendants".

Unfortunately, Plaintiff has been placed in the position to have to seek the court's assistance to compel Defendants to comply with Plaintiff's basic written discovery requests.

**I.    NATURE OF THE CASE**

The present case concerns the manufacture and sale by Sunco to Infinity of $6,712,182.11 worth of Cabinets. Infinity accepted the cabinets and did not pay Sunco

1

any portion of the $6,712,182.11 purchase price. Infinity has not retained the Cabinets or the proceeds therefrom. Instead, the proceeds have gone to the individual defendants directly, or to the affiliated fraudulent conveyance defendants. The Fraudulent Conveyance Defendants have been used to conceal the proceeds from the sale of the Cabinets, leaving Infinity with no monies to pay Sunco. The concealment, transfer and disbursement of the proceeds for no consideration, to insider entities, left Infinity with insufficient capital to pay Plaintiff for the Cabinet. This is the basis of Plaintiff's fraudulent conveyance and piercing of corporate veil claims.

## II. RELEVANT DISCOVERY BACKGROUND/CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

On December 4, 2023, Plaintiff propounded its first set of document requests upon Defendants. [**Exh. "1"**]. Defendants responded to Plaintiff's document requests on January 18, 2024. [**Exh. "2"**]. On March 13, 2024, Plaintiff sent Defendants an extensive meet and confer letter, detailing how a number of Defendants' responses were vague, ambiguous, non-responsive and evasive. [**Exh. "3"**]. The letter identified the document requests at issue and why the information sought was relevant and likely to lead to relevant information. Plaintiff requested a response by March 23, 2024. Unfortunately, Defendants did not respond to the meet and confer letter. As such, on April 12th, Plaintiff wrote a follow-up letter strongly requesting a response to its March 13th meet and confer letter. Plaintiff unilaterally granted Defendants an additional 14 days from the date of the April 12th letter -- which was one month from the first meet and confer letter -- to respond. [**Exh. "4"**]. On April 19th Defendants finally responded. Their response was one of indignation that Plaintiff was not granting them more time, despite the fact they did not even respond to the first meet and confer letter. [**Exh. "5"**]. Rather than quibble, Plaintiff

further extended, Defendants' response date to May 10th. On May 13th Defendants finally responded wherein they primarily parroted their original generic objections, and raised the objection of relevancy for the first time. [**Exh. "6"**].

Given Defendants lack cooperation in responding to discovery core to Plaintiff's claims and the impending need to complete written discovery so Plaintiff can commence taking depositions, Plaintiff brings the present motion to compel.

### III.    APPLICABLE DISCOVERY LEGAL STANDARDS

Defendants rely heavily on boilerplate objections and assert essentially the same objections to each document request. Defendants have not met their burden in resisting these requests. *Enron Corp. Sav. Plan v. Hewitt Assocs., LLC*, 258 F.R.D. 149, 159 (S.D. Tex. 2009) ("The party resisting discovery bears the burden to clarify and explain its objections and to provide support for those objections"). Objections are to be set forth specificity and boilerplate objections are not acceptable. *Id*. ("'Boilerplate objections are not acceptable; specific objections are required in responding to a Rule 34 request.' [omissions omitted]"). Rule 34 requires an objecting party to specify the basis of its objections. Defendants asserted boilerplate objections in their initial responses which they carried over in their May 13th response letter. There is no explanation as to why it would be burdensome for them to produce the requested documents.

Rule 26(b)(1) provides that the parties may obtain discovery regarding any non-privileged matter that is relevant to a party's claim that is proportional to the needs of the case given the amount in controversy. It is maxim of discovery that essential that the parties have access to all relevant facts. *SEC v. Rajaratnam*, 622 F.3d 159, 180-81 (2d Cir. 2010). Citing the U.S. Supreme and other courts, the court in *Rajaratnam* held:

3

>The Supreme Court has acknowledged the "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" <u>Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa</u>, 482 U.S. 522, 540 n.25, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987), quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (alteration in original); <u>see also Weiss v. Chrysler Motors Corp</u>., 515 F.2d 449, 457 (2d Cir. 1976). "To that end, either party may compel the [**54] other to disgorge whatever facts he [or she] has in his [or her] possession." <u>Hickman</u>, 329 U.S. at 507; *see also Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) ("'[C]ivil trials in the federal courts no longer need be carried on in the dark.'" (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964))).
>
>The Federal Rule of Civil Procedure 26(b)(1) embodies this principle by permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); <u>see also id</u>. ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

The purpose of discovery with respect to the production of documents is to aid in the speedy determination of a trial. *United States v. Ling-temco-vought, Inc.,* 49 F.R.D. 150, 152 (W.D. Pa. 1970) ("The goal is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden of information gathering on his adversary").

Relevant evidence has been defined as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence. *Enron Corp. Sav. Plan*, 258 F.R.D. at 159 ("'Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility that the information sought may be relevant to the claims or defense of any party.' [citation omitted]").

It is worth noting that in Defendants' original responses to Plaintiff's document requests, they did not object on the grounds of relevancy. As such, Defendants have

4

waived any objections to relevancy. Local Rule 33.1(d)(1), provides that objections must be timely asserted. It was not until their response letter of May 13th that Defendants raised relevancy issues for the first time but did so in a manner that made little legal sense. Defendants now argue that the documents sought are not relevant because the court has not ruled on its motion to dismiss, and ignore the fact that Plaintiffs are seeking to track the whereabouts of the proceeds from the sale of the Cabinets or even where the Cabinets ended up when they arrived in the U.S.

If a responding party is invoking a privilege, specificity must be provided as to what is deemed privileged and why. *See generally Edgar v. Finley*, 312 F.2d 533, 535-36 (8th Cir. 1963). Rule 34 is a procedural rule and federal law controls. *Bethel v. Thornbrough*, 311 F.2d 201 (10th Cir. 1962) (citing *Sibbach v. Wilson & Co., 31*2 U.S. 1, 61 S. Ct. 422, 85 L. Ed. 459 (1941)). Rule 26(1) is not limited by the rules of evidence. *Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 476-77 (N.D. Cal. 1998). Defendants provided no explanation as to how basic business and financial records are protected by the privileges.

Additionally, in many of its original responses, Defendants said that that they were objecting under the California Code of Civil Procedure. The present case is in the Federal District Court, and the Federal Rules of Civil Procedure and Evidence Code are procedural law. Then in their letter of May 13th, Defendants state that Neveda evidence code controls, without any explanation as to why. Again, the Federal Rules of Civil Procedure and Evidence Code, procedural law, controls and evidence codes do not preclude a party from obtaining documents under Rule 26. *Id.*; *Bethel*, 311 F.2d at 204; *Helms v. Richmond—Petersburg Tpk. Auth.*, 52 F.R.D. 530, 531 (E.D. Va. 1971) (E.D.

Virg. 1971); and *Boggs v. Blue Diamond Coal Co.*, 497 F. Supp. 1105, 1119-22 (E.D. Ky. 1980).

The purpose of the doctrine of piercing a corporate veil is to hold its shareholders/members and/or related entities liable in order to avoid injurious consequences. *Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 479 (2006). The court in *Scott* held:

> 'The doctrine is an equitable one, permitting the court to set aside the parent form of liability of its subsidiary. "Particularly is this true (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control in the activities of another and there is some fraudulent purpose or injurious consequences of the intercorporate relationship.'" *Id. quoting My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 619 (1968); *also see Evans v. Multicon Constr. Corp.*, 30 Mass. App. Ct. 728 (1991).

Shareholders and members of a corporate entity are also subject to individual liability under the doctrine of piercing the corporate veil. *Shade v. Athena Equip. & Supply*, 210 Mass. App. Div. LEXIS 20; 2010 Mass. App. Div. 68.

There are seven factors a court considers in determining whether pierce the veil of a corporate entity.

> These factors include, in approximate descending order of importance, (1) inadequate capitalization in light of the purposes for which the corporation is organized, (2) extensive or pervasive control by the shareholder or shareholders, (3) intermingling of the corporation's properties or accounts with those of its owner, (4) failure to observe corporate formalities and separateness, (5) siphoning of funds from the corporation, (6) absence of corporate records, and (7) nonfunctioning officers or directors.

*In re Acushnet River & New Bedford Harbor*, 675 F. Supp. 22, 33 (D. Mass. 1987).

As discussed below, the discovery requests concern these factors.

Chapter 109A ("UFTA") "confers jurisdiction to set aside conveyances made without fair consideration, or with actual intent 'to hinder, delay, or defraud either present

6

or further creditors' MFCA, §§ 4, 5 & 7". *Yankee Microwave, Inc. v. Petricca Commc'ns Sys.*, 53 Mass. App. Ct. 497, 513 (2002) ("It provides a method by which the frustration of [creditors] claims by a conveyance may be avoided."); *also see Utica Mut. Ins. Co. v. Cohen*, No.: 127927, Docket Number: WOCV2014-00120, 2014 Mass. Super. LEXIS 112 (Apr. 4, 2014) (a statute designed to prevent debtors from effecting collusive or otherwise fraudulent conveyances of their assets to third parties with the intent of hindering, delaying, defrauding or otherwise thwarting the rights of creditors by placing such assets beyond their reach); *First Fed. S&L Ass'n v. Napoleon*, 428 Mass. 371, 378 (1998) ("The purpose of the statute is to preserve a debtor's assets so that creditors may look to them in the event that the debtor ceases payments or is declared bankrupt").

## IV. DOCUMENT REQUESTS AT ISSUE

Plaintiffs document requests were broken apart into categories, as was its meet and confer letter. Defendants, in kind, tracked those categories in their response letter and set forth their objections to each category. Because each category is composed of several requests, Plaintiff has attached hereto and marked as **Schedule "A"** Plaintiff's requests and Defendants responses thereto.

### A. <u>Cabinets (Requests Nos. 55; 62-67; and 69)</u>

A summary of the documents sought by way of document request numbers 55, 62-67, and 69 concern:

- Documents created and maintained by Infinity concerning Linda Sun.
- Storage of the Cabinets.
- Marketing of the Cabinets.
- Sale of the Cabinets.
- Financial records concerning revenues from the sale of the Cabinets.
- Renumeration received by Infinity, directly or indirectly, from the sale of the Cabinets.

- Identifying customers, resellers, distributors and/or subsidiaries of Defendants regarding the Cabinets.

## Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim. The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

## Defendants' Supplemental/Consolidated Response

Request No. 55:
**Infinity Defendants' Response:**
Infinity Defendants maintain their objection that this request is overly broad. Infinity Defendants remain willing to discuss narrowing the request with Plaintiff.

See *supra* for discussion of the accountant-client privilege.

Request Nos. 62-68
**Infinity Defendants' Response:**
Infinity Defendants maintain their objection that these requests are overbroad, unduly burdensome, not reasonably calculated to lead to admissible evidence, and maintain the claimed privileges. Much of what Plaintiff has asked for is entirely irrelevant to any of the claims or defenses asserted in this case. Additionally, these requests go towards the Fraudulent Transfer and Reach and Apply claims which are subject to a pending motion to dismiss.

Infinity Defendants remain willing to discuss a reasonable scope of production of documents, reasonably calculated to lead to the discovery of admissible evidence, in response to Request No. 66.

See *supra* for discussion of the accountant-client privilege.

Request No. 69
**Infinity Defendants' Response:**
Infinity Defendants maintain their objection that this request is not reasonably calculated to lead to admissible evidence. Infinity's customers are not relevant to any issues in the pending litigation and are highly confidential business records.

See *supra* for discussion of the accountant-client privilege.

**Plaintiff's Position**

Defendants waived any objection based on relevancy by not timely raising it in their responses. Local Rule 33.1(c)(1). These requests were narrowly drawn to the core of Plaintiffs suit -- the Cabinets were not paid for by Infinity.

Defendants are seeking to spin Plaintiff in circles by not identifying how the requests are overbroad. Asserting an objection of overbroad without explanation is not an acceptable objection. *See Kainze v. Anheiser-Busch, Inc.*, 145 F.R.D. 242, 249 (N.D. Ill. 1954); *Enron Corp. Sav. Plan*, 258 F.R.D. at 159 (the burden rests on defendants to explain the basis of the objection). These requests go to Plaintiff's fraudulent conveyance and piercing of the corporate veil claims. Defendants do not address the fact that the requests concern Plaintiff's claims of piercing the corporate veil – placing Infinity in a position that it cannot pay its creditors by distributing its assets and capital to insiders. *In re Acushnet River & New Bedford Harbor*, 675 F. Supp at 23. It is worth noting that Linda Sun claims that she had no involvement with Infinity, yet Defendants are seeking to withhold documents created and maintained by Infinity concerning Linda Sun. Defendants further claim that the documents are privileged under a specious accountant privilege, a privilege that does not exist under the Federal Rules of Evidence. In their March 13th letter, Defendants claimed it was privilege recognized under Neveda state law. However, this case in the Federal Court, District of Massachusetts, not in Neveda state court. *Bethel*, 311 F.2d at 204; and *Helms*, 52 F.R.D. at 531.

  **B.** **Agreements (Requests Nos. 21-22)**

A summary of the documents sought by way of document request numbers 21-22 concern:

- All contracts between David Sun and Plaintiff; and
- All contracts between Linda Sun and Plaintiff.

## Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim. The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

## Defendants' Supplemental/Consolidated Response

Request No. 21
    **Infinity Defendants' Response:**
Infinity Defendants maintain their objection that this request is not reasonably calculated to lead to admissible evidence. Plaintiff's breach of contract allegations concern a contractual relationship between Plaintiff and Infinity, not Plaintiff and Mr. Sun. Please explain how agreements between Plaintiff and Mr. Sun "are relevant to determine the location of the cabinets and/or the proceeds from the sale of the cabinets."

See *supra* for discussion of the accountant-client privilege.

Request No. 22
    **Infinity Defendants' Response:**
Infinity Defendants maintain their objection that this request is not reasonably calculated to lead to admissible evidence. Plaintiff's breach of contract allegations concern a contractual relationship between Plaintiff and Infinity, not Plaintiff and Ms. Yuan-Sun. Plaintiff claims, without basis, that "[t]he agreements sought are relevant to determine the location of the cabinets and/or the proceeds from the sale of the cabinets. Moreover, the requested documents concern the piercing of the Infinity's corporate veil and L. Sun's involvement with and the benefits she received from the cabinets. They are also relevant to Plaintiff's fraudulent conveyance claims." Please explain how contracts between Plaintiff and Ms. Yuan-Sun are relevant to any of the claims asserted.

See *supra* for discussion of the accountant-client privilege.

## Plaintiff's Position

Despite the fact that Defendants waived objections to relevancy by not asserting the objection. Local Rule 33.1(c)(1). Infinity has denied that payment was not made on

the Cabinets, but refuses to identify or explain what the payment(s) was. Nor will Defendants explain where the revenues from the sales of the Cabinets have gone. To help figure out what Defendants are trying to argue, it would be helpful to understand if the individual defendants assert any contractual rights between themselves and Plaintiff.

As discussed above, Defendants' wrongly asserts an accountant privilege that does not exist under Federal law.  *Helms,* 52 F.R.D. at 531; *Bethel*, 311 F.2d at 204; and *Boggs,* 497 F. Supp. at 119-22.

### C.     Infinity's Finances (Requests Nos. 25-28; and 32)

A summary of the documents sought by way of document request numbers 25-28, and 32 concern:

- Statements and ledgers of Infinity from July 1, 2017 to the present.
- Bank statements of Infinity from January 1, 2018 to the present.
- Statements regarding lines of credit, loans and mortgages from January 1, 2018 to the present.
- Communications with bookkeepers, accountants and financial advisers of Infinity from January 1, 2018 to the present.

### Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim.  The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

### Defendants' Supplemental/Consolidated Response

Request Nos. 25-28
> **Infinity Defendants' Response:**
> Infinity Defendants maintain their objection that these requests are overly broad and unduly burdensome. Plaintiff claims that the phrase "tax filings" is unclear. I am unable to ascertain where the confusion arises. Infinity Defendants are willing to produce the tax returns that Infinity has filed with the relevant tax authorities. Bringing a claim of breach of contract against Infinity does not give Plaintiff license to access all of Infinity's financial information. If there re specific documents Plaintiff believes it needs, Infinity

is willing to consider producing them, but Infinity is not willing to produce every document within the extremely broad and voluminous categories of documents Plaintiff has requested.

See *supra* for discussion of the accountant-client privilege.

Request No. 32
### Infinity Defendants' Response:
Infinity Defendants maintain their objection that these requests are overly broad and unduly burdensome. Plaintiff has requested every single communication and document exchanged between any of the Infinity Defendants and their account(s), bookkeeper(s) and/or financial advisors. That is an extremely broad category of highly sensitive information that is not reasonably calculated to lead to the discovery of admissible information.

See *supra* for discussion of the accountant-client privilege.

## Plaintiffs' Position

As discussed herein, Defendants have not asserted an objection as to relevancy. See, Local Rule 33.1(c)(1).

These requests are narrowly drawn as to scope and time. The requests go to the core of Plaintiff's claims -- where did the proceeds go from the sale of Cabinets and what monies remained in Infinity to pay for the Cabinets. Defendants have not explained, or even offered to explain how they track internal financial information. Nor have Defendants offered any particular financial records, other than tax returns of Infinity. It has taken Defendants months to provide these unhelpful responses.

With respect to sensitivity, the parties have agreed on a protective order, which has been entered by the court. [**Docket 83**]. The Protective Order addresses any issues of sensitivity.

The documents are relevant to claims for piercing the corporate veil and fraudulent conveyance. Defendants offer to provide "tax filings," which they now define as returns but do not state what year and whether both state and Federal will be produced.

Irrespective, tax returns (if that is what Defendants are referencing), do not provide a complete financial picture of the transactions between all the defendants, including the affiliated entities (they are helpful in showing solvency and distributions). Plaintiffs are seeking to trace the Cabinets and the proceeds from the sale of the Cabinets. They are also seeking to understand the financial condition of the all the entities involved for purposes of piercing corporate veils and fraudulent conveyances. *In re Acushnet River & New Bedford Harbor*, 675 F. Supp. at 33. Defendants appear to understand these facts and are doing everything in their power to preclude Plaintiff from acquiring a clear financial picture of their operations and Infinity's and the individual defendant's financial dealings with the affiliated entities, all of which is relevant to the claims of piercing the corporate veil and fraudulent conveyance.

### D. Accounting Related Matters (Requests Nos. 37-43)

A summary of the documents sought by way of document request numbers 37-43 concern:

- D. Sun's federal and state tax returns from 2018-2013.
- S. Sun's federal and state tax returns from 2018-2023.
- Communications with Infinity's accountant from January 1, 2018 to the present.
- Communications with the accountants(s) for D. Sun and S. Sun from January 1, 2018 to the present.

### Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim. The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

**Defendants' Supplemental/Consolidated Response**

Request Nos. 37-40

    **Infinity Defendants' Response:**
Infinity Defendants maintain their objection that this request is not reasonably calculated to lead to admissible evidence. There are no direct claims against Mr. Sun and Ms. Yuan-Sun, yet Plaintiff seeks highly sensitive, confidential financial information from them.

Your letter implies that Infinity Defendants have agreed, in response to other requests, to produce Mr. Sun's and Ms. Yuan-Sun's tax returns. That is incorrect. Infinity Defendants have agreed to produce Infinity's tax returns.

Your letter's inflammatory rhetoric about alleged "concealment" is argumentative and not related to this discovery dispute, so the Infinity Defendants do not respond to it other than to assert their disagreement with it.

See *supra* for discussion of the accountant-client privilege.

Request Nos. 41-43

    **Infinity Defendants' Response:**
Infinity Defendants maintain their objection that these requests are overly broad and unduly burdensome. Plaintiff has requested every single communication and document exchanged between any of the Infinity Defendants and their account(s) and tax preparer(s). That is an extremely broad category of highly sensitive information that is not reasonably calculated to lead to the discovery of admissible information.

Your letter implies that Infinity Defendants have agreed, in response to other requests, to produce Mr. Sun's and Ms. Yuan-Sun's tax returns. That is incorrect. Infinity Defendants have agreed to produce Infinity's tax returns.

The reference to the California Code of Civil Procedure is an error and should be the Federal Rules of Civil Procedure.

See *supra* for discussion of the accountant-client privilege.

**Plaintiffs' Position**

Defendants have not asserted relevancy as an objection, and thus have waived it. Local Rule 33.1(c)(1). With respect to sensitivity, the parties have agreed to a protective order and the court has entered the protective order [**Docket 83**].

In response to other requests, Defendants said they will provide tax returns. But here they are refusing to provide tax returns for the individual defendants. Tax returns are relevant to showing what monies the individual defendants received from Infinity and the related entities, monies that should have gone to pay for the Cabinets. This is a basis for the piercing of the corporate veil and fraudulent conveyance. M.G.L.c., 109A and *In re Acushnet River & New Bedford Harbor*, 675 F. Supp. at 33. Communications with accountants and bookkeepers are relevant for the same reasons. Defendants also made the non-sensical objection that the requests were not compliant with California Rules of Civil Procedure (cut and paste objection). Now Defendants contend that they were relying on the Federal Rules of Civil Procedure, in general, and did not specify what Rule and how the requests are not compliant. Again, boilerplate, cut and paste objections intended to obstruct finding the truth are impermissible. *Enron Corp. Sav. Plan,* 258 F.R.D. at 159.

### E. Infinity Corporate Structure (Request Nos. 73-74)

A summary of the documents sought by way of document request numbers 73-74 concern:

- Identifying Infinity's resellers, retailers, purchasers, affiliates, and/or subsidiaries from January 1, 2017 to the present.
- Sales of products by Infinity from January 1, 2017 to the present.

### Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim. The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

**Defendants' Supplemental/Consolidated Response**

Request No. 73

> **Infinity Defendants' Response:**
> Infinity Defendants maintain their objections that this request is not reasonably calculated to lead to admissible evidence and maintained all claimed privileges. Infinity's customers are not relevant to any issues in the pending litigation and are highly confidential business records.
>
> See *supra* for discussion of the accountant-client privilege.

Request No. 74

> **Infinity Defendants' Response:**
> Infinity Defendants maintain their objections that this request is not reasonably calculated to lead to admissible evidence and maintained all claimed privileges. Infinity's customers are not relevant to any issues in the pending litigation and are highly confidential business records.
>
> See *supra* for discussion of the accountant-client privilege.

**Plaintiffs' Position**

Defendants have not asserted relevancy as an objection, and thus have waived it. Local Rule 33.1(c)(1). With respect to sensitivity, the parties have agreed to a protective order and the court has entered the protective order. [**Docket 83**].

Plaintiff seeks to locate the whereabouts of the Cabinets, where they were sold and the handling of the proceeds from those sales. Additionally, as understood, the Cabinets were Infinity's only product and source of revenue. Defendants took the Cabinets and/or the proceeds therefrom and transferred them to the other defendants to conceal them and not pay Plaintiff for the Cabinets. M.G.L.c. 109A. Contrary to Defendants' boilerplate objections, the documents sought concern resellers, affiliates, subsidiaries, etc. during the critical times are relevant. Documents as to what product Infinity sells are relevant because they will show that the Cabinets were the only product it sold, leaving it with no assets or capital if the Cabinets are transferred to another entity

or the revenues are diverted.  Fed. R. Civ. P. 26(b)(1); *Rajaratnam*, 622 F.3d at 180-81; and *Ling-temco-vought, Inc.*, 49 F.R.D. at 152.

  F.  <u>General (Requests Nos. 16-17)</u>

The documents sought by way of document request numbers 16-17 concern documents exchanged between the individual defendants and Plaintiff or maintained by Defendants concerning Plaintiff.

**Requests**

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim.  The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

**Defendants' Supplemental/Consolidated Response**

**Infinity Defendants' Response:**
Infinity Defendants maintain that this request is overly broad and unduly burdensome, but will agree to produce any emails between David and Linda that concern the cabinets at issue in this litigation that and are not protected by any privilege. There are no documents or communications between Shillock and Linda.

Your letter refers to "non-existent privileges" "such as the purported 'accountant' privilege."

Your assertion that it is non-existent is incorrect.  For example, Nevada law provides that:

> A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications between the client or the client's representative and the client's accountant or the representative of the client's accountant.

Nev. Rev. Stat. § 49.185. To the extent any of the documents you seek are protected by that privilege or any other accountant-client privilege, Infinity Defendants are entitled to assert the privilege.

**Plaintiffs' Position**

Documents, which include communications, in the possession of one party concerning the other party are basic documents exchanged in litigation. Such documents are relevant and likely to lead to relevant documents. Fed. R. Civ. P. 26(b)(1); *Rajaratnam*, 622 F.3d at 180-81; *Ling-temco-vought, Inc.*, 49 F.R.D. at 152; *Enron Corp. Sav. Plan*, 258 F.R.D. at 159.

Moreover, the Nevada evidence code is inapplicable. This case is brought in Federal District Court, in the district of Massachusetts. Federal Rules of Civil Procedure are the procedural and evidence code in nature and thus federal law controls. *Boggs*, 497 F. Supp. at 1119-22; *Bethel*, 311 F.2d at 204; and *Helms*, 52 F.R.D. at 531. There is no accountant privilege under Federal law.

### G. Affiliated Entities (Requests Nos. 76-152)

A summary of the documents sought by way of document request numbers 76-152 concern the following:

- Financial and bank records of affiliated entities from January 1, 2017 to the present.
- Tax returns of the affiliated entities for the years 2018-2023.
- Promissory notes, liens, loans, lines of credit and/or guarantees of the affiliated entities and individual defendants.
- Payments, distributions, payments, renumeration and compensation of any nature of the affiliated entities.
- Payments, distributions, transfer of monies, loans, guarantees, renumerations to individual Defendants by the affiliated entities from January 1, 2018 to the present.
- Organizational charts of each affiliated entity.
- Direct or indirect, possession, transportation, handling, storing, marketing, selling, packaging and/or inventorying of the Cabinets.
- Receipt of any monies, compensation, renumeration, promissory notes, pledges, directly or indirectly, from the sale of the Cabinets to any person or entity.

### Requests

Set forth in **Schedule "A"** attached hereto are each request and response thereto verbatim. The requests are set forth in **Schedule "A"** with the intent to make it easier for the reader go through this motion.

### Defendants' Supplemental/Consolidated Response

**Infinity Defendants' Response:**
Infinity Defendants maintain their objections to these requests. The Fraudulent Transfer and Reach and Apply claims are subject to a pending motion to dismiss.

### Plaintiffs' Position

Defendants have not asserted relevancy as an objection, and thus have waived it. Local Rule 33.1(c)(1). With respect to sensitivity, the parties have agreed to a protective order and the court has entered the protective order [**Docket 83**].

For the same reasons and discussed above for the other category of documents, these documents are relevant for purposes of claims of fraudulent conveyance and piercing the corporate veil. M.G.L.c. 109A; and *In re Acushnet River & New Bedford Harbor*, 675 F. Supp. 22, 33 (D. Mass. 1987). It appears at this point, Defendants only objection to producing the requested documents is that the court has not ruled on their motion to dismiss -- an apparent delaying tactic. This is not a bonified objection, no stay has been issued and no stay has been requested.

**V.    CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court GRANT its motion to compel and order Defendants to supplement their responses to documents and produce the documents sought by way of those requests and as set forth herein.

DATED: June 5, 2024                                      PLAINTIFF,
                                                         By its attorneys,


/s/ Connie C. Dai
Connie C. Dai (BBO#683330)
Yun Cheng (BBO# 707028)
Lions Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 232-7503 Telephone
(781) 207-8574 Fax
connie@lionslawgroup.com
yun@lionslawgroup.com


/s/ Timothy K. Cutler
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com

### RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I have conferred with defendants' counsel pursuant to Local Rule 7.1(a)(2) in an effort to narrow the issues in dispute in advance of filing this motion; however, the parties were unable to come to a resolution.

/s/ Timothy K. Cutler
Timothy K. Cutler

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Wednesday, June 5, 2024.

/s/ Timothy K. Cutler
Timothy K. Cutler