UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>    Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>    Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>    Reach and Apply Defendants, and Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |

**PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES PROPOUNDED ON DEFENDANTS
INFINITY WOOD PRODUCTS, LLC, DAVID SUN, AND SHILLOCK YUAN-SUN**

Plaintiff Sunco Timber (Kunshan) Co. Ltd.'s ("Plaintiff" and/or "Sunco") respectfully submits its motion to compel further responses to interrogatories propounded on defendants Infinity Wood Products, LLC ("Infinity"), David Sun ("D. Sun") and Shillock Yuan-Sun ("S. Sun"), collectively hereinafter "Defendants".

Unfortunately, Plaintiff has been placed in the position to have to seek the court's assistance to compel Defendants to comply with Plaintiff's basic written discovery requests.

**I.    NATURE OF THE CASE**

The present case concerns the manufacture and sale by Sunco to Infinity of $6,712,182.11 worth of Cabinets. Infinity accepted the cabinets and did not pay Sunco

1

any portion of the $6,712,182.11 purchase price. Infinity has not retained the Cabinets or the proceeds therefrom. Instead, the proceeds have gone to the individual defendants directly, or to the affiliated fraudulent conveyance defendants. The Fraudulent Conveyance Defendants have been used to conceal the proceeds from the sale of the Cabinets, leaving Infinity with no monies to pay Sunco. The concealment, transfer and disbursement of the proceeds for no consideration, to insider entities, left Infinity with insufficient capital to pay Plaintiff for the Cabinet. This is the basis of Plaintiff's fraudulent conveyance and piercing of corporate veil claims.

## II. RELEVANT DISCOVERY BACKGROUND/CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

On December 4, 2023, Plaintiff propounded its first set of interrogatories upon Defendants. [**Exh. "1"**]. Defendants responded to the interrogatories on February 1, 2024. [**Exh. "2"**]. On March 13, 2024, Plaintiff sent Defendants an extensive meet and confer letter, detailing how a number of Defendants' responses were vague, ambiguous, non-responsive and evasive. [**Exh. "3"**]. The letter identified the interrogatories at issue and why the information sought was relevant and likely to lead to relevant information. Plaintiff requested a response by March 23, 2024. Unfortunately, Defendants did not respond to the meet and confer letter. As such, on April 12th, Plaintiff wrote a follow-up letter strongly requesting a response to its March 13th meet and confer letter. Plaintiff unilaterally granted Defendants an additional 14 days from the date of the April 12th letter -- which was one month from the first meet and confer letter -- to respond. [**Exh. "4"**]. On April 19th Defendants finally responded. Their response was one of indignation that Plaintiff was not granting them more time, despite the fact they did not even respond to the first meet and confer letter. [**Exh. "5"**]. Rather than quibble, Plaintiff further extended,

Defendants' response date to May 10th. On May 13th Defendants finally responded wherein they primarily parroted their original generic objections, and raised the objection of relevancy for the first time. [**Exh. "6"**].

Given Defendants lack cooperation in responding to discovery core to Plaintiff's claims and the impending need to complete written discovery so Plaintiff can commence taking depositions, Plaintiff brings the present motion to compel.

### III.   APPLICABLE DISCOVERY LEGAL STANDARDS

Rule 26(b)(1) provides that the parties may obtain discovery regarding any non-privileged matter that is relevant to a party's claim that is proportional -- the needs of the case given the amount in controversy. It is maxim of discovery that essential that the parties have access to all relevant facts. *SEC v. Rajaratnam*, 622 F.3d 159, 180-81 (2d Cir. 2010). Citing the U.S. Supreme and other courts, the court in *Rajaratnam* held:

> The Supreme Court has acknowledged the "fundamental maxim of discovery that '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" Societe Nationale Industrielle Aerospatiale v. U.S. [*181] Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 540 n.25, 107 S. Ct. 2542, 96 L. Ed. 2d 461 (1987), quoting Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (alteration in original); see also Weiss v. Chrysler Motors Corp., 515 F.2d 449, 457 (2d Cir. 1976). "To that end, either party may compel the [**54] other to disgorge whatever facts he [or she] has in his [or her] possession." Hickman, 329 U.S. at 507; *see also Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003) ("'[C]ivil trials in the federal courts no longer need be carried on in the dark.'" (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964))).
>
> Federal Rule of Civil Procedure 26(b)(1) embodies this principle by permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); see also id. ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

3

The purpose of discovery for the production of documents is to aid in the speedy determination of a trial. *United States v. Ling-Temco-Vought, Inc.,* 49 F.R.D. 150, 152 (W.D. Penn. 1970) ("The goal is to permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden of information gathering on his adversary").

Relevant evidence has been defined as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without evidence. *Enron Corp. Sav. Plan. v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 159 (S.D. Texas 2009) ("'Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility that the information sought may be relevant to the claims or defense of any party.' [citation omitted]").

Rule 33 provides that all interrogatories must be answered fully and all objections must be stated with specificity. A responding party "must provide explicit and compete answers that are true and candid. *Hansel v. Shell Oil Corp*., 169 F.R.D. 303, 305 (E.D. Penn) ("It is axiomatic that the purpose of discovery is to make a trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible") (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958)). As such, "[a]nswers must be responsive, full, complete and unevasive. *Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968). Questions should not be interpreted with excessive rigidity or technicality, but a rule of reason should be applied. *Id.* If a responding party is invoking a privilege, they specificity must be provided as to what is deemed privileged and why. *See generally*

4

*Edgar v. Finley*, 312 F.2d 533, 535-36 (8th Cir. 1963). Rule 34 is a procedural rule and federal law controls. *Bethel v. Thornbrough*, 311 F.2d 201 (10th Cir. 1962) (citing *Sibbach v. Wilson & Co.*, 312 U.S. 1, 61 S. Ct. 422, 85 L. Ed. 459 (1941)). Rule 26(1) is not limited by the rules of evidence. *Mass. Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 476-77 (N.D. Cal. 1998). A responding party is not to withhold unidentified information requested by an interrogatory under the guise of the attorney client privilege or work product doctrine generally. *Id*. at 369. The responding party must identify what aspects of the interrogatory is covered by the privilege, along with a reasonable statement of the basis of the privilege claim. *Id*.

Inquiry may be made into any matter that is relevant to the subject matter involved in the pending action. *Kainze v. Anheuser-Busch, Inc.*, 145 F.R.D. 242, 249 (N.D. Ill. 1954). "Objections based on hardship, burden, or expense of the compilation of answers from the interrogated party's records have usually been overruled upon the ground that the interrogated party would be obligated to make the investigation before trial in any event, and the only burden imposed by the interrogatories is to advance the compilation to any earlier stage of the proceedings". *Id.* at 252.

The fact a witness gives some kind of answer in and of itself is not sufficient. *Life Music, Inc. Broad. Music, Inc.*, 41 F.R.D. 16, 24 (S.D.N.Y. 1966) ("'[a] court ought not to be put off by transparent sham, and the mere fact that the witness gives some answer cannot be an absolute test." [citations omitted]).

It is an abuse to refer to business records in masse, without specifying the responsive documents. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 326 (N.D. Ill. 2005) ("As such, referring to business records on masse, without specifying particular

documents is 'an abuse of option." [citations omitted]). Vague reference to other documents is an improper response. *Hansel*, 169 F.R.D. at 307. Rule 33 and Local Rule 33.1(b) require a party producing documents in lieu of answering interrogatories to specifically identify the documents that contain the answer. Local Rule 33.1(b)(4) further provides that if documents are referenced in lieu of answering, the documents must be provided within 14 days following service of the interrogatory answer.

Evasive answers to interrogatories are equivalent to providing no answer. *Airtex Corp. v. Shelley Radiant Ceiling Co.*, 536 F.2d 145, 155 (7th Cir. 1976).

The purpose of the doctrine of piercing a corporate veil is to hold its shareholders/members and/or related entities liable in order to avoid injurious consequences. *Scott v. NG US 1, Inc.*, 67 Mass. App. Ct. 474, 479 (2006). The court in *Scott* held:

> 'The doctrine is an equitable one, permitting the court to set aside the parent form of liability of its subsidiary. "Particularly is this true (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control in the activities of another and there is some fraudulent purpose or injurious consequences of the intercorporate relationship."' *Id. quoting My Bread Baking Co. v. Cumberland Farms, Inc.*, 353 Mass. 614, 619 (1968); *also see Evans v. Multicon Constr. Corp.*, 30 Mass. App. Ct. 728 (1991)

Shareholders and members of a corporate entity are also subject to individual liability under the doctrine of piercing the corporate veil. *Shade v. Athena Equip. & Supply*, 210 Mass. App. Div. LEXIS 20; 2010 Mass. App. Div. 68.

There are seven factors a court considers in determining whether pierce the veil of a corporate entity.

> These factors include, in approximate descending order of importance, (1) inadequate capitalization in light of the purposes for which the corporation is organized, (2) extensive or pervasive control by the shareholder or

shareholders, (3) intermingling of the corporation's properties or accounts with those of its owner, (4) failure to observe corporate formalities and separateness, (5) siphoning of funds from the corporation, (6) absence of corporate records, and (7) nonfunctioning officers or directors.

*In re Acushnet River & New Bedford Harbor*, 675 F. Supp. 22, 33 (D. Mass. 1987).

As discussed below, the discovery requests concern these factors.

Massachusetts General Laws, Chapter 109A ("UFTA") "confers jurisdiction to set aside conveyances made without fair consideration, or with actual intent 'to hinder, delay, or defraud either present or further creditors' MFCA, §§ 4, 5 & 7". *Yankee Microwave, Inc. v. Petricca Commc'ns Sys.*, 53 Mass. App. Ct. 497, 513 (2002) ("It provides a method by which the frustration of [creditors] claims by a conveyance may be avoided."); *also see Utica Mut. Ins. Co. v. Cohen*, No.: 127927, Docket Number: WOCV2014-00120, 2014 Mass. Super. LEXIS 112 (April 4, 2014) (a statute designed to prevent debtors from effecting collusive or otherwise fraudulent conveyances of their assets to third parties with the intent of hindering, delaying, defrauding or otherwise thwarting the rights of creditors by placing such assets beyond their reach); *First Fed. S&L Ass'n v. Napoleon*, 428 Mass. 371, 378 (1998) ("The purpose of the statute is to preserve a debtor's assets so that creditors may look to them in the event that the debtor ceases payments or is declared bankrupt").

## IV.    INTERROGATORIES[1] AT ISSUE

### A.    <u>Interrogatory 6</u>

**IDENTIFY** each and every **DOCUMENT** that is part of or constitutes in part or whole a written contract or agreement between **INFINITY** and **SUNCO** and **DESCRIBE** in specific detail any and all oral agreements between **INFINITY** and **SUNCO**. [**Exh. "1"**]

---

[1] Attached hereto and marked as **Exhs. "1" and "2"** are a true and correct copy of Plaintiff's First Set of Interrogatories on Defendants and Defendants' Responses to Interrogatories.

7

**Defendants' Original Response/Objection**

Infinity Defendants object to Interrogatory No. 6 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 6 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that the answer to Interrogatory No. 6 can be derived or ascertained from an examination of the documents produced by Infinity Defendants in response to Plaintiff's Request for Production of Documents. [**Exh. "2"**]

**Defendants' Supplemental Response[2]**

Infinity Defendants will produce the documents that constitute agreements between Infinity and Sunco.

See *supra* for discussion of the accountant-client privilege. [**Exh. "6"**].

**Plaintiff's Position**

This is a breach of contract action arising from the non-payment of the Cabinets. Plaintiffs are seeking clarity as to what Defendants understand are the parameters of the parties' contractual relationship by requesting Defendants to identify those documents that constitute, in part or whole, any contract between the parties. Defendants did not object to this interrogatory in its original response on the grounds of relevancy, and therefore waived any objections based on relevancy. Local Rule 33.1(c)(1).

Defendants have refused to identify the documents identifying any contract in part of whole between the parties. Instead, Defendants referenced their production of documents in masse. Though Defendants did not specifically reference Rule 33(d) or

---

[2] Defendants' supplemental response was set forth in their May 13, 2024 letter responding to Plaintiff's meet and confer letter. [**Exh. "6"**].

Local Rule 33.1(b) in their response to this interrogatory, it appears that Defendants are relying on these Rules by stating they will produce documents in lieu of identifying what they believe constitutes the contract(s) or portions thereto between the parties. The glaring problem with referencing Defendants' production in masse is that Plaintiff remains in the dark as to what documents Plaintiff deems to be part of the parties' contract. Such a response does not comply with Rule 33(d) and Local Rule 33.1(b). Rule 33(d) provides in pertinent part as follows:

> (d) OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
> **(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and**
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries. [**Emph. Added**].

Defendants also failed to comply with Local Rule 33.1(b)(4) by not producing the documents that they claim constitute a contract, or any part thereof, between the parties within fourteen (14) days of answering the interrogatory.

In fact, it is an abuse to produce documents in masse in lieu of answering the interrogatory or specifically identifying the records wherein the answer may be found. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 326. The irony of relying on Rule 33(d) and Local Rule 33.1 is that the response required by the Rules is the same response requested by way of this interrogatory -- identify the documents that Defendants believe constitute or are part of a contract between the parties.

Furthermore, Defendants have failed to identify and describe oral contracts and agreements between Infinity and Sunco. As such, Plaintiff requests further orders from the court compelling Defendants to identify and describe any and all oral agreements and contracts.

B.       **Interrogatory 8**

Set forth in specific detail each and every reason and **DESCRIBE** all facts, beliefs and understandings that support each and every reason why **INFINITY HAS** not paid for the **CABINETS**.  [**Exh. "1"**].

### Defendants' Original Response/Objection

Infinity Defendants object to Interrogatory No. 8 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 8 on grounds that it is overly broad, unduly burdensome and not reasonably limited in time or scope. Infinity Defendants object to Interrogatory No. 8 on grounds that it exceeds the permissible scope of discovery under the Federal Rules of Civil Procedure.

Subject to and without waiving these objections and their objections to the instructions and definitions, Infinity Defendants state that they dispute that Infinity has not paid for the Cabinets.  [**Exh. "2"**]

### Defendants' Supplemental Response

The Infinity Defendants' answer is not incomplete or intentionally vague. The Infinity Defendants dispute that Infinity has not paid for the cabinets, and stated so in its interrogatory response.

See *supra* for discussion of the accountant-client privilege.  [**Exh. "6"**].

### Plaintiff's Position

Defendants did not object to this interrogatory in its original response on the grounds of relevancy, and therefore waived any objections based on relevancy. Local Rule 33.1(c)(1).

Irrespective, the request is relevant to the core issues of the case -- non-payment of the Cabinets. Defendants were simply requested to state all reasons and describe all facts, beliefs and understandings as to why Infinity has not paid for the Cabinets. Defendants' response is that they "dispute" they have not paid for the Cabinets, which is a vague and evasive response. Are Defendants testifying under oath that they paid for the Cabinets? Such a bold statement is inconsistent with their written statement of December 31, 2018 that they owed $5,886,466.77 as of that date for the Cabinets. [**Docket # 61, ¶56, 123, 144**]. Or, are Defendants claiming that they do not have to pay because they contend that Plaintiff owes monies to Linda Sun and Linda Sun is asserting a claim through Infinity for said monies? If the latter is the case, then any statements made by Linda Sun under oath that she received no financial benefit from Infinity would be misleading, if not outright, knowingly false. Defendants are obligated to answer interrogatories in good faith and in a straightforward manner. *Hansel*, 169 F.R.D. at 305. If Defendants contend that Infinity was not obligated to pay for the Cabinets, then they need to explain why and provide all facts, with specificity. If they believe Infinity is relieved of paying for the Cabinets because they believe Plaintiff owes Linda Sun monies, then they need to explain that and why a debt owed to Linda Sun by Plaintiff would relieve Infinity of its obligation to pay for the Cabinets, including identifying agreements and relations between Linda Sun and Infinity that would give Infinity the right to assert a debt owed by Linda Sun as their own debt. In any case, the answer is not a full, complete and straightforward answer. But rather, it is evasive, and Defendants are withholding information in violation of the Rules. *Airtex Corp.*, 536 F.2d 145.

Moreover, there is no accountant privilege under the Federal Rules of Civil Procedure. Relying generally on unrecognized privilege without explanation is impermissible. Defendants have to identify the privilege and explain why it is applicable. *Edgar v. Finley*, 312 F.2d 533, 535-36 (8th Cir. 1963). For the same reasons, generally objecting to an interrogatory exceeds what is permissible under Federal Rules of Civil Procedure is inappropriate. Local Rule 33.1(c)(1): an objection "shall state with specificity all grounds upon which the objecting party relies."

## C. <u>Interrogatory 10</u>

**DESCRIBE** in specific detail how **INFINITY,** from January 1, 2017 to the present, tracked and documented its revenues, expenses, account payables, receivables, costs, payroll, distributions, lines of credit, loans and all other financial matters; and in doing so, **IDENTIFY** what software packages, ledgers, spreadsheets, handwritten documents, profit and loss statements, accountant(s) and bookkeeper(s) **INFINITY** used. [**Exh. "1"**]

### Defendants' Original Response/Objection

Infinity Defendants object to Interrogatory No. 10 to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the accountant-client privilege, confidential business information or any other applicable privilege or protection. Infinity Defendants further object to Interrogatory No. 10 on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. [**Exh. "2"**]

### Defendants' Supplemental Response

The Infinity Defendants stand by their objections that this interrogatory seeks privileged information and that it is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

See *supra* for discussion of the accountant-client privilege. [**Exh. "6"**].

**Plaintiff's Position**

Defendants did not object to this interrogatory in its original response on the grounds of relevancy, and therefore waived any objections based on relevancy. Local Rule 33.1(c)(1).

Irrespective, how Infinity manages its financial bookkeeping is critical to the claims of this case. Furthermore, obtaining such information by way of interrogatories will facilitate the taking of depositions because counsel will be able to tailor its questions to Infinity's actual financial records. It will also assist in verifying whether Infinity fully complies with Plaintiff's document requests. In response to document requests, Defendants contend that Plaintiff was not sufficiently specific in identifying exactly what internal financial records it seeks. But, when asked here to describe its internal financial record keeping, including identifying what financial tools it uses and records it maintains, Defendants refuse to provide the information. The financial records are critical to Plaintiff's piercing of the corporate veil and fraudulent conveyance claims.

Moreover, there is no accountant privilege under the Federal Rules of Civil Procedure. Relying on unidentified privilege is impermissible. Defendants have to identify the objection and explain why it is applicable. *Edgar*, 312 F.2d at 535-36. For the same reasons, generally objecting to the interrogatory under Federal Rules of Civil Procedure is inappropriate. Local Rule 33.1(c)(1): an objection "shall state with specificity all grounds upon which the objecting party relies."

D.    **Interrogatory 19**

For each of the following entities, **DESCRIBE** in specific detail each entity's involvement, role and/or participation in the importation, distribution, shipping, transporting, storage, alternation, modification, improvement, repair, staining or painting, installation, marketing, promoting, transfer, assignment and/or sales of the **CABINETS**:

13

(a) **Eastman St. Distributors, LLC**;
(b) **Eastman St. Woodworks, Inc.**;
(c) **Sunco, Inc.**;
(d) **Sunco Business Trust**;
(e) **Infinity Wood Products, LLC**;
(f) **Infinity Realty Company, LLC**;
(g) **Sun Trust**; and
(h) **New Sun Limited Partnership**.  [**Exh. "1"**]

### Defendants' Original Response/Objection

Infinity Defendants object to Interrogatory No. 19 on the grounds that with the subparts it exceeds the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1).  Infinity Defendants further object to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information.  Infinity Defendants further object to Interrogatory No. 19 on the grounds that it is premature as the parties have not yet briefed, and the Court has not yet decided, a motion to dismiss the Amended Complaint.  [**Exh. "2"**].

### Defendants' Supplemental Response

The Infinity Defendants maintain their objection that with subparts these interrogatories exceed the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1). Additionally, these interrogatories are related to claims subject to the pending motion to dismiss.  [**Exh. "6"**].

### Plaintiff's Position

Defendants did not object to this interrogatory in its original response on the grounds of relevancy, and therefore waived any objections based on relevancy. Local Rule 33.1(c)(1).

Irrespective, this interrogatory goes directly to the core of Plaintiff's fraudulent conveyance claim. M.G.L.c., 109A. It is narrowly tailored and only concerns the Cabinets and the fraudulent conveyance defendants. Defendants object to the interrogatory as being overbroad, but do not explain how it's overbroad or unnecessarily burdensome for

Defendants to respond. *Kainze*, 145 F.R.D. at 249; Fed. R. Civ. P. 333; Local Rule 33.1; *Hansel,* 169 F.R.D. at 305. Defendants asserted that the interrogatory exceeds the permissible number of interrogatories under Rule 33(a)(1), which makes no sense because Plaintiff has not served more than 25 interrogatories on these Defendants. Defendants' primary objection appears to be the court has not ruled on its motion to dismiss and until such time they believe they do not have to answer the interrogatory. Defendants did not seek a stay on discovery and no stay has been entered into or agreed upon. Defendants are required to provide all responsive information that could aid in reaching the truth. *Hansel*, 169 F.R.D. at 305; *Pilling*, 45 F.R.D. at 369.

Moreover, there is no accountant privilege under the Federal Rules of Civil Procedure. Relying on unidentified privilege is impermissible. Defendants have to identify the objection and explain why it is applicable. *Edgar*, 312 F.2d at 535-36. For the same reasons, generally objecting to the interrogatory under Federal Rules of Civil Procedure is inappropriate. Local Rule 33.1(c)(1): an objection "shall state with specificity all grounds upon which the objecting party relies."

### E.     Interrogatory 20

For each of the following entities, **DESCRIBE** in specific detail what monies, compensation, renumeration or benefit each entity received from the sale, transfer or assignment of the **CABINETS**:

(a) **Eastman St. Distributors, LLC**;
(b) **Eastman St. Woodworks, Inc.**;
(c) **Sunco, Inc**.;
(d) **Sunco Business Trust**;
(e) **Infinity Wood Products, LLC**;
(f) **Infinity Realty Company, LLC**;
(g) **Sun Trust**; and
(h) **New Sun Limited Partnership**.  [Exh. "1"]

**Defendants' Original Response**

Infinity Defendants object to Interrogatory No. 20 on the grounds that with the subparts it exceeds the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1). Infinity Defendants further object to Interrogatory No. 20 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Infinity Defendants further object to Interrogatory No. 20 on the grounds that it is premature as the parties have not yet briefed, and the Court has not yet decided, a motion to dismiss the Amended Complaint. [**Exh. "2"**]

**Defendants' Supplemental Response**

The Infinity Defendants maintain their objection that with subparts these interrogatories exceed the permissible number of interrogatories permitted pursuant to Federal Rule of Civil Procedure 33(a)(1). Additionally, these interrogatories are related to claims subject to the pending motion to dismiss. [**Exh. "6"**].

**Plaintiff's Position**

Defendants did not object to this interrogatory in its original response on the grounds of relevancy, and therefore waived any objections based on relevancy. Local Rule 33.1(c)(1).

Irrespective, this interrogatory goes directly to the core of Plaintiff's fraudulent conveyance claim. M.G.L.c., 109A. It is narrowly tailored and only concerns the Cabinets and the fraudulent conveyance defendants. Defendants object to the interrogatory as being overbroad, but do not explain how it's overbroad or unnecessarily burdensome for Defendants to respond. *Kainze*, 145 F.R.D. at 249; Fed. R. Civ. P. 333; Local Rule 33.1; *Hansel,* 169 F.R.D. at 305. Defendants asserted that the interrogatory exceeds the permissible number of interrogatories under Rule 33(a)(1), which makes no sense because Plaintiff has not served more than 25 interrogatories on these Defendants. Defendants' primary objection appears to be the court has not ruled on its motion to

dismiss and until such time they believe they do not have to answer the interrogatory. Defendants did not seek a stay on discovery and no stay has been entered into or agreed upon. Defendants are required to provide all responsive information that could aid in reaching the truth. *Hansel*, 169 F.R.D. at 305; *Pilling*, 45 F.R.D. at 369.

Moreover, there is no accountant privilege under the Federal Rules of Civil Procedure. Relying on unidentified privilege is impermissible. Defendants have to identify the objection and explain why it is applicable. *Edgar*, 312 F.2d at 535-36. For the same reasons, generally objecting to the interrogatory under Federal Rules of Civil Procedure is inappropriate. Local Rule 33.1(c)(1): an objection "shall state with specificity all grounds upon which the objecting party relies."

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court GRANT its motion to compel and order Defendants to supplement their responses to interrogatories.

**DATED: June 5, 2024**                                    **PLAINTIFF,**
                                                          By its attorneys,


                                                          */s/ Connie C. Dai*
                                                          Connie C. Dai (BBO#683330)
                                                          Yun Cheng (BBO# 707028)
                                                          Lions Law, P.C.
                                                          154 Wells Ave
                                                          Newton, Massachusetts 02459
                                                          (617) 232-7503 Telephone
                                                          (781) 207-8574 Fax
                                                          connie@lionslawgroup.com
                                                          yun@lionslawgroup.com

>*/s/ Timothy K. Cutler*
>Timothy K. Cutler (BBO#636124)
>CUTLER & WILENSKY LLP
>20 Walnut Street, Suite 1
>Wellesley, Massachusetts 02481
>(617) 232-7500 Telephone
>tim@cutlerlegal.com

## RULE 7.1(a)(2) CERTIFICATION

I hereby certify that I have conferred with defendants' counsel pursuant to Local Rule 7.1(a)(2) in an effort to narrow the issues in dispute in advance of filing this motion; however, the parties were unable to come to a resolution.

>*/s/ Timothy K. Cutler*
>Timothy K. Cutler

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Wednesday, June 5, 2024.

>*/s/ Timothy K. Cutler*
>Timothy K. Cutler