UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-ADB |

## **MEMORANDUM IN SUPPORT OF LINDA SUN'S MOTION TO COMPEL**

### PRELIMINARY STATEMENT

In late 2020, Sunco China sued Linda Sun in China, its home jurisdiction. Its claim was for breach of fiduciary duty. The idea was that Mrs. Sun, a director of Sunco China, breached her duties to the company by causing it to continue shipping product to Infinity, a US company owned by her son, David, while telling Infinity not to pay. The Chinese court held a trial. It ruled for Mrs. Sun on the merits. Sunco China did not appeal, and the Chinese judgment is final.

Sunco China did not like the outcome. It sued here in Massachusetts and brought a bevy of claims against Infinity and against Mrs. Sun, her son David, and his wife, Shillock. Mrs. Sun successfully moved to dismiss most of the claims against her. What remained were claims for breach of fiduciary duty and a veil-piercing claim asserting that Mrs. Sun was liable for the debt of Infinity.[1] The claim for breach of fiduciary duty is the same claim Sunco China previously chose to bring in China and lost.

---

[1] Sunco China later amended its complaint to add several new defendants and to add a claim for fraudulent transfer against Mrs. Sun. Her motion to dismiss that claim is pending.

1

From the beginning, Mrs. Sun has asserted res judicata as an affirmative defense. She has asked Sunco China to disclose the grounds that it believes create an exception to the ordinary rule: foreign judgments granting or denying a sum of money are entitled to be recognized by Massachusetts courts. Sunco China's interrogatory answer was unenlightening and insufficient. After back-and-forth between counsel, Sunco China's lawyers said that a lack of reciprocity was the basis for its argument that the judgment should not be recognized. But since then, Sunco China has refused to put that answer either in the form of an amended interrogatory answer or in the form of a stipulation.

To Mrs. Sun, recognition of the Chinese judgment is *the* issue in the case. Two years into this case, there is no reason why Sunco China should not have to disclose the basis for its argument against recognition.

## FACTS

A. <u>Sunco China Sues In China.</u>

Sunco China brought its lawsuit against Mrs. Sun in the Suzhou Intermediate People's Court in Suzhou, China, in December 2020. Sunco China alleged that Mrs. Sun had served as the "chairman of the board" of Sunco China, "substantially controlled the company, and was responsible for all matters related to external sales." It alleged that it had sold $6.71 million in cabinets to Infinity, and that after the fact, it "learned through inquiry" that Infinity (identified, apparently phonetically, as "Yinfengli" in the translation of the complaint) was owned by her son, David. "As one of the plaintiff's shareholders and serving as chairman," Mrs. Sun "used [her] position to conduct related transactions, which resulted in the company being unable to claim the above-mentioned funds." (Ex. 1).

The case was tried in October 2021. In its judgment (Ex. 2), the Chinese court described the case in terms very similar to the terms Sunco China had used in its complaint, adding that the legal basis of the claim was that "the conducts of Sun Linda are in violation of relevant provisions in the Company Law."

In its judgment, the Chinese court held that Mrs. Sun was a director of Sunco China, and that she therefore was potentially liable, under Article 21 of the Company Law, for damages resulting from "Any conduct of taking advantage of relationship in infringing on interests of the company." However, the court found that Sunco China had failed to prove that she was liable. First, it held that Sunco China had produced no evidence evidence that the transactions between Sunco China and Infinity were unfair or that Mrs. Sun had concealed anything concerning the transactions. Second, it held that it was "not possible to find that Linda Sun, as a director of the company, had any behaviors harming the interests of the Company."

B. <u>Sunco China Sues In the US.</u>

Sunco China did not appeal from the Chinese judgment or seek reconsideration. Instead, it sued Mrs. Sun, along with David, Shillock, and Infinity, in this Court. Its complaint here is broader than its complaint in China. For example, Sunco China has sued more defendants than it did in China. And it has asserted more claims against Mrs. Sun here than it asserted in China. It has a claim against Mrs. Sun for piercing the corporate veil of Infinity, and it has asserted a claim against her for fraudulent transfer that is the subject of a pending motion to dismiss. But it also has a claim for breach of fiduciary duty (Counts 6 and 7). The gist of that claim is the same as the claim Sunco China brought and lost in China. The company alleges that Mrs. Sun was its director (ECF 61 ¶¶ 15, 159), that she owed duties to the company not to put her own interests ahead of the company (Id. ¶¶ 151-2, 159-60), and that she breached the duty by causing

arranging for Sunco China to sell the cabinets to Infinity and then telling Infinity not to pay (Id. ¶ 164) and by concealing who had interests in Infinity (Id. ¶ 153).

C. Mrs. Sun Asserts Res Judicata.

Mrs. Sun's answer asserts that the fiduciary duty claims "are barred by res judicata or collateral estoppel." (ECF 36 at 17-18). Mrs. Sun also brought a counterclaim seeking a declaration that the Chinese judgment is entitled to recognition under Massachusetts law. (ECF 36 at 18-19). The counterclaim included the following allegations:

> 12. The Chinese Judgment is final and conclusive and enforceable where rendered.
> 14. No grounds for non-recognition of the Chinese judgment exist.
> 15. The Chinese judgment is entitled to recognition under Massachusetts law.

(ECF 36 at 19). Sunco China denied each of these allegations. (ECF 44 at 2).

D. Sunco China Refuses To Explain Its Position.

In her interrogatories, Mrs. Sun asked Sunco China to explain the basis for its denials of these allegations. Her questions, and Sunco China's answers, were as follows (Ex. 3):

> **Interrogatory No. 7.** State the basis for your denial of the allegation of paragraph 12 of the Counterclaim.
>
> Response and/or Objection to Interrogatory No. 7. Plaintiff states that it is not clear what final and conclusive means in context with paragraph 12 of the Counterclaim. The allegation does not specify what is meant by the judgment being final and conclusive and in what manner.
>
> Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.
>
> **Interrogatory No. 8.** State the basis for your denial of the allegation of paragraph 14 of the Counterclaim.
>
> Response and/or Objection to Interrogatory No. 8. Plaintiff is unaware of grounds for the recognition of the Chinese judgment. Plaintiff further states that Defendants have failed to take necessary steps to make the Chinese judgment recognizable in this court, including but not limited to Defendants' failure to acquire the certificate of judgment from the Chinese court.

4

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

**Interrogatory No. 9.** State the basis for your denial of the allegation of paragraph 15 of the Counterclaim.

Response and/or Objection to Interrogatory No. 9. The judgment does not sufficiently concern the issues presented in the present matter and it is unclear whether it is a final judgment, the scope of the judgment, and to what extent, if at all, it is final. Further, as stated in the previous response, Defendants have failed to take necessary steps to make the Chinese judgment recognizable in this court, including but not limited to Defendants' failure to acquire the certificate of judgment from the Chinese court.

In CDM Smith Inc. v. Atasi., the court stated that a foreign judgment shall not be "conclusive" if "it was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law" or "judgments of this state are not recognized in the courts of the foreign state." Whether a foreign judgment should be recognized must be determined when a party seeks to rely on the prior adjudication of a controversy, including under the doctrine of res judicata. "The burden of proof in 'establishing the conclusive effect of a foreign judgment is on the party asserting conclusiveness.'"

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

In a letter dated May 8, 2024 (Ex. 4), counsel for Mrs. Sun asked counsel for Sunco China to update its answers to these interrogatories. Counsel explained that the phrase "final and conclusive," used in Interrogatory No. 7, comes verbatim from the Massachusetts judgment recognition statute, G.L. c. 235, § 23A, and that the interrogatory sought the basis for the claim that the Chinese judgment was not final and conclusive for purposes of that statute. Counsel also explained that Interrogatory No. 8 was asking Sunco China to identify which of the grounds set out in § 23A for refusing recognition of a final and conclusive judgment Sunco China intended to claim, and to state the basis for any such claim. Finally, counsel asked Sunco China to explain what it meant in its answer to Interrogatory No. 9 when it stated that the Chinese judgment "does not sufficiently concern the issues presented in the present matter" and that "it is unclear whether

5

it is a final judgment, the scope of the judgment, and to what extent, if at all, it is final." Counsel reiterated these basic points in a telephone conference on May 10, 2024. (Ex. 5).

In response, counsel for Sunco China pointed to a lack of reciprocity (Ex. 6), which is a basis for refusing recognition, *see* G..L. c. 235, § 23A, but she identified no other basis for refusing recognition. Counsel for Mrs. Sun then suggested that no supplemental answer to interrogatories on the question of judgment recognition would be necessary if Sunco China would stipulate to what counsel had just stated—that the basis on which Sunco China would resist recognition was a lack of reciprocity, and nothing else. In a telephonic conference between the undersigned and Connie Dai, Esq., counsel for Sunco China, held on June 25, 2024 at about 10 a.m. and lasting for approximately 20 minutes, Sunco China stated again that it intended to argue a lack of reciprocity. Counsel also stated that Sunco China would not argue that the Chinese courts do not provide impartial tribunals or procedures compatible with the requirements of due process but that it *might* want to argue that the judgment had been obtained by fraud. But counsel said that Sunco China had no evidence that the judgment had been obtained by fraud and did not plan to seek discovery on that topic. Counsel for Mrs. Sun proposed during the call and in a written follow-up that Sunco China put its position in the form of a stipulation or an amended interrogatory answer (Ex. 7), but Sunco China has not responded.

## ARGUMENT

The Massachusetts judgment recognition statute applies to foreign money judgments that are "final and conclusive." It provides seven grounds for refusing to recognize such judgments. G.L. c. 235, § 23A. Mrs. Sun's questions, boiled down, are simple. Does Sunco China dispute that the Chinese judgment is "final and conclusive," and if so, why? If the judgment *is* final and

6

3896524_1

conclusive, does Sunco China claim that any of the seven exceptions to the rule of recognition apply? If so, which ones, and why?

Sunco China's answers are not answers at all. In response to a question about whether the Chinese judgment is "final and conclusive "(Interrogatory No. 7), Sunco China claimed not to know what the term means, even though it is the term the statute uses to describe judgments that are presumptively entitled to recognition. In response to a question about the grounds for refusing recognition that it thinks applies (Interrogatory No. 8), Sunco China claimed not to know the grounds for *recognizing* the judgment, even though the statute makes it clear that foreign judgments within its scope are entitled to recognition unless one of the listed exceptions applies.

In response to a question about why the judgment is not entitled to recognition (Interrogatory No. 9), Sunco China offered a smorgasbord of nonresponsive "answers." It suggested that the issues litigated in China were different from the issues being litigated here, which is a question about whether the Chinese judgment, once recognized, has preclusive effects in this case, not a question about whether the judgment is entitled to recognition. It questioned the finality of the judgment even though Mrs. Sun has provided Sunco China's counsel with a fully authenticated copy of the Chinese judgment and the certificate of enforceability. And it cited a case for the general proposition that a judgment should not be recognized if the foreign judiciary is systematically inadequate—an argument that would result in the inability of any US court applying the same rules as Massachusetts to recognize *any* Chinese judgment—without asserting that the Chinese judiciary *is* systematically inadequate.

When a party's answer to an interrogatory is "evasive or incomplete," the party that served the interrogatory can "move for an order compelling a [better] answer." Fed. R. Civ. P.

7

3896524_1

37(a)(3)(B)(iii), (4). That is so even when the interrogatory is a so-called "contention interrogatory." "A party receiving a 'contention' interrogatory must respond in good faith and cannot simply tell its opponent to 'go fish,' on the supposition that deposition practice (which can be expensive and protracted) would suffice." *AMAG Pharms, Inc. v. Am. Guar. & Liab. Ins. Co.,* 2022 U.S. Dist. LEXIS 206838, at *18 (D. Mass. Nov. 15, 2022).

Sometimes courts delay ordering answers to contention interrogatories until the end of discovery, because a party might not be ready to answer a contention interrogatory in full until it has had the chance to conduct discovery. *See* Fed. R. Civ. P. 33(a)(2). That is not appropriate here for two reasons. First, Sunco China has not even sought to take discovery that could possibly bear on judgment recognition, even though discovery has been open for more than a year. Second, in any case the exceptions to judgment recognition do not involve facts that can be illuminated through discovery. Some exceptions are plainly inapplicable here—Sunco China can hardly argue a lack of notice, a "seriously inconvenient forum," or a violation of an agreement on choice of forum, *see* G.L. c. 235, § 23A, since it was the plaintiff in China and it chose to sue there. But those that are conceivably applicable (the cause of action in China is repugnant to Massachusetts public policy; the judgment conflicts with another final and conclusive judgment; the judgment was obtained by fraud; or there is a lack of reciprocity with China) are questions that, in practice, counsel will answer, and no depositions or other standard discovery tools will shed any light on them.

The same is true for defects that undermine a judgment's finality and conclusiveness. Sunco China cannot argue a lack of personal jurisdiction or subject-matter jurisdiction, since it was the plaintiff and it chose to sue in China. Sunco China has never argued that the Chinse judicial system as a whole "does not provide impartial tribunals or procedures compatible with

8

3896524_1

the requirements of due process of law," but if it did, then no depositions or other traditional discovery would be relevant to the argument.

For these reasons, the Court should compel Sunco China to give better answers, so that Mrs. Sun can prepare to seek summary judgment on the important issue of judgment recognition. Presumably Sunco China's answer will be consistent with what counsel has already stated informally: the basis for its argument is a supposed lack of reciprocity; it will not argue that the Chinese courts are systematically inadequate; and it has no evidence that the judgment was obtained by fraud. But if there is anything else Mrs. Sun needs to address in her motion for summary judgment, she has a right to know what it is in advance. Sunco China should have been able to answer these basic questions long ago.

## CONCLUSION

For these reasons, the Court should grant the motion and compel further answers to interrogatories 7, 8, and 9.

Respectfully submitted,

LINDA SUN

By her attorney:

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
RUBIN & RUDMAN, LLP
53 State Street
Boston, MA 02109
(617) 330-7000
tfolkman@rubinrudman.com

Dated: July 9, 2024