UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>    Plaintiff,<br><br>v.<br><br>LINDA SUN, individually, DAVID SUN, individually, SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC,<br>    Defendants.<br><br>LINDA SUN,<br>Counterclaimant,<br><br>v.<br><br>SUNCO TIMBER (KUNSHAN) CO., LTD.,<br>Counterclaim Defendant. | **Civil Action No. 1:22-cv-10833** |

**PLAINTIFFS' RESPONSES AND/OR OBJECTIONS TO DEFENDANT LINDA SUN'S FIRST SET OF INTERROGATORIES**

Plaintiff Sunco Timber (Kunshan) Co., Ltd. ("Sunco" and/or "Plaintiff") hereby submit

its responses and/or objections to defendant Linda Sun's ("L. Sun") first set of interrogatories

pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**RESPONSES AND/OR OBJECTIONS**

INTERROGATORIES NO. 1.  Give the residential addresses and business addresses of Guoking
Wu, Qiong Xiao, Ruihua Xiao, and the business address of Qiyi. If any of these individuals are

identified in your initial disclosures with a different transliteration, please identify which individuals were thus identified.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 1.**  For Guoqing Wu and Qiong Xiao, the residential address is: Yuecheng Garden, Building 17,  Room 403, Yushan Town, Kunshan City, Jiangsu Province; the business address is: No. 327 Jinshang Road, Kunshan City, Jiangsu Province.

Ruihua Xiao's residential and business address is: No. 327 Jinshang Road, Kunshan City, Jiangsu Province.

Qiyi's business address is: No. 666 Changjiang South Road, Room 1801, Development Zone, Kunshan City, Jiangsu Province.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 2.  Identify each act or omission that you assert constituted a violation of Linda's fiduciary duty to you by giving the date of the act or omission and explaining what Linda did or failed to do that constituted a violation of fiduciary duty.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 2.**  Plaintiff states that Ms. Sun knowingly sought to financially damage and ultimately force Sunco out of business by directing and unduly influencing Infinity and its principals and related entities not to pay Sunco for cabinets.  Instead of acting in the best interest of Sunco, Ms. Sun directed Infinity to transfer its inventory of cabinets to its related entities to avoid payment and has interfered with and/or misappropriated the proceeds from the sale of the cabinets by Infinity or its related entities.  To this date, Ms. Sun has not permitted Infinity, its principals, or its related entities to pay Sunco for the cabinets.

As an officer, director, and/or equity holder (direct or indirect) in Sunco, Ms. Sun owed Sunco a fiduciary duty not to take any actions to harm the company, and certainly not to divert payment for the cabinets to Infinity related entities, or their principals, or for her own personal financial gain and/or the financial gain of her family members.

In addition, Ms. Sun owed a fiduciary duty to disclose her financial involvement and/or control in the following entities:

- Sunco Business Trust;
- Sunco, Inc.;
- Eastman St. Distributors, LLC;
- Eastman St. Woodworks, Inc.;
- Infinity Realty Company, LLC;
- Sun Trust f/k/a Sun Family Trust; and
- New Sun Limited Partnership.

Ms. Sun concealed her involvement in these entities by placing her son and daughter-in-law as directors and officers.  She did not disclose to Sunco that Infinity was not going to pay for the cabinets. She took action to deprive Sunco of critical operating capital with the intent to drive Sunco into financial ruin, and leaving Sunco with insurmountable liabilities in China for non-payment of wages, vendors and taxes.

Ms. Sun has created a number of shell companies.  She created the Sunco Business Trust and then converted it to Sunco Inc.  Then she created Eastman St. Woodworks, Inc. which is a d/b/a of Sunco Inc.  She also created Infinity and two related LLCs.  All of these entities appear to be involved in the importation, distribution, and/or sale of wood cabinets.  Ms. Sun directly or indirectly profited from each of these entities in conflict with her fiduciary duty to Sunco and at the expense of Sunco.  The apparent sole source of cabinets for these interwoven entities was

Plaintiff -- Sunco.  Ms. Sun concealed from Plaintiff that she created the entities and/or held direct or indirect financial interests in and control over the entities.

Ms. Sun controlled the final sale of cabinets to Infinity with the intent of leaving the company (Sunco) and directing Infinity and her other entities not to pay for the cabinets.  She knew that China was no longer lucrative as a source of manufacturing with the new tariff laws against it. She has since moved to Vietnam as a source of wooden cabinets for her Massachusetts entities.

The cabinets were shipped to Infinity, who is believed to have transferred the cabinets or revenues therefrom to the other entities under the direction or consent of Ms. Sun for the purpose of financially benefiting Ms. Sun and her family members (and depriving Sunco of its profits). Ms. Sun has used these entities as a form of a shell game to deprive Sunco payment for the cabinets.

It is further understood and believed that an underlying motivation of Ms. Sun for wrongfully diverting, concealing, and not paying for the cabinets is that Ms. Sun felt that a principal of Sunco owed her money. The wrongful taking of and not paying for the cabinets was a form of self-help and financial revenge from Ms. Sun. She left Sunco and took action to destroy the value of the company. In other words, by preventing or otherwise interfering with the payment of the cabinets, Ms. Sun intended to make Sunco insolvent. Infinity was Sunco's only customer and after not being paid for the cabinets, Sunco was left unable to pay its creditors, and more tragically, it was left with no funds to pay its employees.

Since leaving China and moving to Massachusetts where Infinity and its related companies are located, Ms. Sun has continued to prevent Infinity from paying for the cabinets and al-

lowed the proceeds from the sales of the cabinets to be distributed to herself and her family members.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 3.   Identify your accountants, auditors, and other financial advisors, and for each person identified, state the dates during which the person acted as your advisor.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 3.**   From 2015 to the present, the account is Qiao Li from Suzhou Huaming United Accountants Firm with the business address at 18 Weiye Road, No. 1801, Kunshan Development Zone, Jiangsu Province.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 4.   If you contend that Massachusetts law governs your claim for breach of fiduciary duty, state the basis for your contention.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 4.**  Plaintiff objects to this interrogatory because it directly asks for a legal analysis and conclusion.  At this point, Plaintiff's counsel is analyzing to what extent Chinese law applies, to what issue, if at all.  Moreover, discovery needs to be conducted on the matter before this interrogatory may be answered.

Subject to the foregoing objections, Plaintiff states that the misrepresentations by Infinity were made in Massachusetts, the cabinets were shipped to Massachusetts, the proceeds from the sale of the cabinets were diverted in Massachusetts, the monies were concealed in Massachusetts and Infinity and its related entities and principals are located in Massachusetts, as well as the individual defendants.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 5.  State the basis for your denial of the allegation of paragraph 9 of the Counterclaim.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 5.**  Plaintiff states that the decision was not based on the merits and the facts and circumstances of the claims offered.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 6.  State the basis for your denial of the allegation of paragraph 11 of the Counterclaim.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 6.**  Plaintiff states that the English translation of the Chinese judgment is not accurate. The inaccurate translation includes but not limited to "Linda Sun continued to be the Chair of the Board of Directors and effectively controlled the Company and was responsible for all matters relating to export sales and all business of Sunco Timber Co., Ltd. export sales and had only one customer" at page 2, where it should be "Linda Sun continued to be the Chair of the Board of Directors and effectively controlled the Company and was responsible for all matters relating to export sales. All businesses of Sunco Timber Co., Ltd. are export sales and it had only one customer."

Also at the same page, the inaccurate translation states that: "Through investigation, Sunco Timber Co., Ltd. learnt that Infinity LLC is a company owned by David Sun, son of Linda Sun, who is one of the shareholders of Sunco Timber Co., Ltd. and the chair of the Board of Directors, Linda Sun used the above-mentioned positions to conduct affiliated transactions…", where it should be "Through investigation, Sunco Timber Co., Ltd. learnt that Infinity LLC is a

company owned by David Sun, who is the son of Linda Sun. As the shareholders of Sunco Tim-

ber Co., Ltd. and the chair of the Board of Directors, Linda Sun used the above-mentioned posi-

tions to conduct affiliated transactions…"

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its

response prior to trial.

INTERROGATORIES NO. 7.  State the basis for your denial of the allegation of paragraph 12 of
the Counterclaim.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 7.**  Plaintiff states that it

is not clear what final and conclusive means in context with paragraph 12 of the Counterclaim.

The allegation does not specify what is meant by the judgment being final and conclusive and in

what manner.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its

response prior to trial.

INTERROGATORIES NO. 8.  State the basis for your denial of the allegation of paragraph 14 of
the Counterclaim.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 8.**  Plaintiff is unaware of

grounds for the recognition of the Chinese judgment. Plaintiff further states that Defendants have

failed to take necessary steps to make the Chinese judgment recognizable in this court, including

but not limited to Defendants' failure to acquire the certificate of judgment from the Chinese

court.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its

response prior to trial.

INTERROGATORIES NO. 9.  State the basis for your denial of the allegation of paragraph 15 of the Counterclaim.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 9.**   The judgment does not sufficiently concern the issues presented in the present matter and it is unclear whether it is a final judgment, the scope of the judgment, and to what extent, if at all, it is final. Further, as stated in the previous response, Defendants have failed to take necessary steps to make the Chinese judgment recognizable in this court, including but not limited to Defendants' failure to acquire the certificate of judgment from the Chinese court.

In CDM Smith Inc. v. Atasi,, the court stated that a foreign judgment shall not be "conclusive" if "it was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law" or "judgments of this state are not recognized in the courts of the foreign state." Whether a foreign judgment should be recognized must be determined when a party seeks to rely on the prior adjudication of a controversy, including under the doctrine of res judicata. "The burden of proof in 'establishing the conclusive effect of a foreign judgment is on the party asserting conclusiveness.' '

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 10.  State the basis for your second affirmative defense.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 10.**   Plaintiff states that defendant engaged in wrongful conduct precluding her from prevailing on her Counterclaim.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 11.  State the basis for your third affirmative defense.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 11.**   Plaintiff states that by defendant engaging in wrongful conduct, she has waived her claims.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 12.  State the basis for your fourth affirmative defense.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 12.**   Plaintiff states that by unreasonably delaying to make the counterclaims, Defendant has waived her claims.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 13.  If you contend that Linda is a member of Infinity or has any legal or beneficial interest in it, state the basis for your contention.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 13.**   Plaintiff direct defendant to her response to interrogatory number 2 above.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

INTERROGATORIES NO. 14.  Itemize the damages you allege you have suffered because of Linda's breach of fiduciary duty.

**RESPONSE AND/OR OBJECTION TO INTERROGATORY NO. 14.**  Plaintiff states that it has incurred the following categories of damages as a direct and proximate result of Defendants' unlawful conduct: (i) unpaid invoices for cabinetry products in the amount of $6,712,182.11, (ii) a loan obtained by Plaintiff to pay for workers' salaries, fire prevention, pollution disposal, tax in

the amount of approximately $2,590,000.00 plus the annual interest rate of 15% excluding government-imposed fees, fines and penalties, and (iii) cost of litigation and statutory interest.

Plaintiff states that discovery is ongoing and reserve the right to amend or supplement its response prior to trial.

Signed under the pains and penalties of perjury on this ___10/07___, 2023.

Guoqing Wu

DATED: October _10_, 2023         PLAINTIFF,
                                  Sunco Timber (Kunshan) Co., Ltd.
                                  By its attorneys,

                                  _Connie Dai_

                                  Connie C. Dai (BBO#683330)
                                  Lion's Law, P.C.
                                  154 Wells Ave
                                  Newton, Massachusetts 02459
                                  (617) 232-7503 Telephone
                                  (781) 207-8574 Fax
                                  connie@lionslawgroup.com

                                  _Timothy Cutler_

                                  Timothy K. Cutler (BBO#636124)
                                  CUTLER & WILENSKY LLP
                                  20 Walnut Street, Suite 1
                                  Wellesley, Massachusetts 02481
                                  (617) 232-7500 Telephone
                                  (617) 232-7560 Facsimile
                                  tim@cutlerlegal.com

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record by electronic mail on this 10 day of October 2023.

*Timothy Cutler*
_____
Timothy K. Cutler