

53 STATE STREET | BOSTON, MA 02109 | P:617-330-7000
500 UNICORN PARK DRIVE, SUITE 502 | WOBURN, MA 01801 | P:781-933-5505

Theodore J. Folkman
Direct Dial: 617-330-7135
E-mail: tfolkman@rubinrudman.com
Return Address: Boston

May 8, 2024

BY EMAIL

Timothy K. Cutler, Esq.
Cutler PC
20 Walnut Street, Suite 1
Wellesley, MA 02481

Connie C. Dai, Esq.
Lion's Law P.C
154 Wells Ave, Suite 1d
Newton, MA 02459

Re:   Sunco v. Sun

Dear Tim and Connie:

I am writing to ask you to supplement your client's answers to interrogatories 4 to 9. Interrogatory 4 was aimed at trying to understand whether you contend that your claims are governed by Massachusetts law or by Chinese law. Interrogatory 6 was aimed at discovering any objections you had to the translation of the Chinese judgment I provided. The other interrogatories are aimed at discovering whether your client has a defense to recognition of the Chinese judgment. All of these interrogatories indicated that more discovery might be required before you could answer in full. I write now because the time to take discovery is coming to an end.

There is no reason that your client should not be able to answer Interrogatories 4 and 6. No discovery is necessary in order to disclose the law that you believe governs your client's claims or to tell me everything that you believe is wrong with the translation I provided.

Your client raised one point in its answer to Interrogatory 7 about the meaning of the phrase "final and conclusive." That language comes directly from the statute on foreign judgment recognition, G.L. c. 235, § 23A. What I am asking, in short, is whether you claim that the Chinese judgment is not "final and conclusive" under that statute, and if not, why not.

In the answer to Interrogatory 8, your client stated that it is unaware of grounds for the recognition of the Chinese judgment. As I am sure you know, under § 23A, final and conclusive foreign judgments that grant or deny money damages are entitled to be recognized in

Timothy K. Cutler, Esq.
Connie C. Dai, Esq.
May 8, 2024
Page 2

Massachusetts unless one of the grounds for non-recognition applies. I am asking is whether you claim that any ground for non-recognition applies, and if so, which ones, and why.

In the answer to Interrogatory 9, you state that the judgment "does not sufficiently concern the issues presented in the present matter," and that "it is unclear whether it is a final judgment, the scope of the judgment, and to what extent, if at all, it is final." I do not understand what these vague answers mean, and I ask that you explain, so that I can prepare to meet whatever objections to the Chinese judgment you have.

Would you please let me know if you are willing to have your client supplement these answers? If not, then I would like to schedule a conference with you to discuss the matter, and I ask you to provide some times that you are available.

            Sincerely,

            */s/ Theodore J. Folkman*

            Theodore J. Folkman

cc:  Peter E. Ball, Esq.
   Michele E. Connolly, Esq.