# Theodore J. Folkman

| | |
|---|---|
| **From:** | Connie Dai <connie@lionslawgroup.com> |
| **Sent:** | Thursday, May 30, 2024 10:19 AM |
| **To:** | Theodore J. Folkman |
| **Cc:** | 'Tim Cutler'; Yun Cheng |
| **Subject:** | [EXTERNAL] Re: Docs |

**WARNING: This message is from an external email address.**

Hi Ted,

This is the response to your letter dated 5/8 with regards our client's response to a few of your Request For Interrogatories. It also addresses your questions on Massachusetts court's recognition of the Chinese judgment.

With regards to our client's response to Interrogatory No. 4, we maintain that we continue to opine that Massachusetts law applies as to, at minimum, the counts against Mrs. Linda Sun. My client reserves the right to supplement this response before the trial.

We maintain our objection to Interrogatory No. 6 as to the defective translation of the Chinese judgment. The English translation for the certified copy of the Chinese judgment contains some incorrect or inaccurate translation. I will be able to provide a list to you next week. I also do not see the certificate of translation. In addition, contents on some pages of the order (in Chinese) are not complete, and sentences are cut on the far right. They are page 2, 3, 6, 8, 10, 12, 14 and 16.

Meanwhile, this judgment cannot be recognized for lack of reciprocity according to G.L. c.235, Section 23A. Massachusetts has this long standing policy of recognizing and enforcing a foreign judgment only of a foreign state that has recognized Massachusetts' judgment. In less than a decade history of Chinese court's recognition and enforcement of judgment from the US courts, only a few have been recognized and enforced by the Chinese courts, no such US judgment are issued by any Massachusetts court. The lack of reciprocity is a mandatory ground for non-recognition.

In addition, even if the Chinese judgment is recognized by the Federal District Court here, the claim most likely cannot be precluded based on the res judicata in Massachusetts.

Best,

Connie

On 5/27/2024 8:14 PM, Theodore J. Folkman wrote:

1

Hi, Connie, checking in on this. I would really like to get the answer to these questions so I can understand your case.

Thanks,

Ted

---

**From:** Connie Dai <connie@lionslawgroup.com>
**Sent:** Tuesday, May 21, 2024 5:33 PM
**To:** Theodore J. Folkman <TFolkman@rubinrudman.com>
**Subject:** [EXTERNAL] Re: Docs

**WARNING: This message is from an external email address.**

---

Ted, I am not ignoring your request. We have a couple of transactions to complete the past and early this week, which delayed this assignment. Will circle back to you either by phone or email this week. Connie

On 5/10/2024 3:54 PM, Theodore J. Folkman wrote:

> Hi, Connie,
>
> Thanks for the call today. Here are the documents I referenced—the fully authenticated versions of the Chinese judgment and the certificate of enforceability.
>
> Early next week, would you please send me some times we could speak about the matters I raised in my letter? As I mentioned on the phone, what I am really getting at is this: now that the judgment has been fully authenticated and all the necessary certificates have been obtained, is there any other reason why you say the judgment should not be recognized in Massachusetts? If so, what are they, and why? For your reference, the judgment recognition statute, G.L. c. 235, § 23A requires that the judgment must be final and conclusive, and it contains a list of seven reasons why a judgment should not be recognized. Which of these reasons, if any, do you say apply, and if so, what is your factual basis?
>
> Thanks, I look forward to speaking next week
>
> Best,
>
> Ted
>
> Theodore J. Folkman
> Rubin and Rudman LLP
> 53 State St.
> Boston, MA 02109 USA
> +1 (617) 330-7000 (main)
> +1 (617) 330-7135 (direct)

2



53 STATE STREET | BOSTON, MA 02109 | p:617-330-7000

500 UNICORN PARK DRIVE | WOBURN, MA 01801 | p:781-933-5505

---------------------------

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient please notify Rubin Rudman LLP immediately by telephone at (617) 330-7000 or by e-mail to firm@rubinrudman.com, and destroy all copies of this message and any attach

"The stylized double-R logo is a registered service mark of Rubin and Rudman LLP. All rights reserved."

---------------------------

```
--
Connie Dai, Esq. JD, MBA
Managing Partner
Lion's Law P.C.

154 Wells Ave, Suite 1D
Newton, Massachusetts 02459
(617) 682-7101 Direct Line
(617) 682-7111 Main Line
(617) 307-3515 Fax

100 Overlook Center, 2nd Floor
Princeton, New Jersey 08540
(609) 949-5205 Direct Line
(617) 682-7111 Main Line
(617) 307-3515 Fax
```

www.lionslawgroup.com
https://www.youtube.com/channel/UCJXiPj22YZveNvtNHTsRT7g
https://yp.wanjiaweb.com/cn/zhuanlan/conniedai

Important Notice: This communication contains confidential information and
may contain information, which is protected by the attorney-client privilege,
or may be considered attorney work product. The contents of this email are
intended solely for the recipient named above. If you received this email in
error, you are advised that any dissemination, copying or storing of any of
the information contained herein is strictly prohibited. Additionally, if you
received this email in error, please return the email to the sender, and
delete all references to the email from your server.  Thank you for your
cooperation in this matter.

```
--
Connie Dai, Esq. JD, MBA
Managing Partner
Lion's Law P.C.

154 Wells Ave, Suite 1D
Newton, Massachusetts 02459
(617) 682-7101 Direct Line
(617) 682-7111 Main Line
(617) 307-3515 Fax

100 Overlook Center, 2nd Floor
Princeton, New Jersey 08540
(609) 949-5205 Direct Line
(617) 682-7111 Main Line
(617) 307-3515 Fax
```

www.lionslawgroup.com
https://www.youtube.com/channel/UCJXiPj22YZveNvtNHTsRT7g
https://yp.wanjiaweb.com/cn/zhuanlan/conniedai

Important Notice: This communication contains confidential information and may contain information, which is protected by the attorney-client privilege, or may be considered attorney work product. The contents of this email are intended solely for the recipient named above. If you received this email in error, you are advised that any dissemination, copying or storing of any of the information contained herein is strictly prohibited. Additionally, if you received this email in error, please return the email to the sender, and delete all references to the email from your server.  Thank you for your cooperation in this matter.