# Theodore J. Folkman

| | |
|---|---|
| **From:** | Theodore J. Folkman |
| **Sent:** | Tuesday, June 25, 2024 12:22 PM |
| **To:** | Connie Dai; Tim Cutler; Yun Cheng |
| **Subject:** | Sunco v. Sun |

Hi, Connie,

Thanks for the call today. As we've discussed, there are several grounds on which your client could resist recognition of the Chinese judgment. There are three grounds on which you could argue that the judgment was not conclusive including (1) that the Chinese courts "do not provide impartial tribunals or procedures compatible with the requirements of due process of law." There are also seven grounds on which you could argue that the judgment, even though conclusive, cannot be recognized. They include (2) "the judgment was obtained by fraud" and (7) lack of reciprocity. All of these are listed in G.L. c. 235, s. 23A.

I understand from previous discussions that you are arguing that the judgment cannot be recognized due to a lack of reciprocity. I have asked you to tell me that lack of reciprocity is the only ground on which you say that the judgment should not be recognized.

In our call, you told me that you are not going to argue that the Chinese courts do not provide impartial tribunals or procedures compatible with the requirements of due process of law. You also told me that you do not now have any evidence to suggest that the Chinese judgment was obtained by fraud; that you are not investigating the possibility of fraud or seeking to develop evidence of fraud; but that if evidence of fraud should somehow independently emerge before motions for summary judgment, you want to reserve the right to argue it.

In order to avoid motion practice, I would propose that you amend your answer to interrogatories as follows:

Interrogatory #7. This interrogatory is addressed to the argument that Chinese courts "do not provide impartial tribunals or procedures compatible with the requirements of due process of law." I propose your client answer as follows: "Plaintiff does not argue that Chinese courts do not provide impartial tribunals or procedures compatible with the requirements of due process of law."

Interrogatory #8. This interrogatory is aimed at discovering which of the seven grounds for non-recognition you argue. I propose your client answer as follows: "The judgment cannot be recognized due to a lack of reciprocity. While Plaintiff does not have evidence of fraud and is not investigating the possibility of fraud, Plaintiff reserves the right to argue that the judgment was obtained by fraud if evidence of fraud becomes known to Plaintiff."

In the interests of resolving the dispute, I will not press my issues with your answer to interrogatory #9 at this time, though I may do so later.

Will this work for you? Please let me know within the next few days. We could do this by stipulation rather than an updated interrogatory if that is easier for you. As I said on the call, given the length of time the case has been pending, I think it's reasonable for me to be able to know what are the issues that I have to address.

Best,

Ted

**Theodore J. Folkman**

Rubin and Rudman LLP
53 State St.
Boston, MA 02109 USA
+1 (617) 330-7000 (main)
+1 (617) 330-7135 (direct)



53 State Street | Boston, MA 02109 | p:617-330-7000
500 Unicorn Park Drive | Woburn, MA 01801 | p:781-933-5505

----------------------------

This e-mail message and any attachments are confidential and may be attorney-client privileged. If you are not the intended recipient please notify Rubin and Rudman LLP immediately by telephone at (617) 330-7000 or by e-mail to firm@rubinrudman.com, and destroy all copies of this message and any attachments.

"The stylized double-R logo is a registered service mark of Rubin and Rudman LLP. All rights reserved."

----------------------------