UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>   Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>   Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>   Reach and Apply Defendants, and<br>   Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |
| LINDA SUN,<br>Counterclaimant,<br><br>v.<br><br>SUNCO TIMBER (KUNSHAN) CO., LTD.,<br>Counterclaim Defendant. | |

**PLAINTIFF SUNCO TIMBER (KUNSHAN) CO., LTD.'S OPPOSITION TO**
<u>**DEFENDANT L. SUN'S MOTION TO COMPEL**</u>

Plaintiff Sunco Timber (Kunshan) Co., Ltd. ("Plaintiff" and/or "Sunco") respectfully submits its opposition to defendant Linda Sun's ("L. Sun") motion to compel.

1

The filing of the present motion to compel by Defendant Linda Sun ("L. Sun") is at best unfortunate. Foremost, the filing is in violation of the court's order dated June 7, 2024, which states:

> "…… discovery stayed until rulings issued on the motion to dismiss"]
> [Docket. No. "88"].

Despite the discovery stay being in place, plaintiff has been working with L. Sun to address L. Sun's purported concerns with the interrogatory responses at issue. Attorney Dai, counsel for plaintiff handling the issues raised by L. Sun in her counterclaim, was fully engaged with counsel for L. Sun in addressing supplementing the interrogatory responses. Attached hereto and marked as Exhibit "A". [Affidavit Attorney Dai, ¶2]. Attorney Dai, however, needed to stay those discussions for a few weeks because she was traveling to China to visit her aging parents. [Affidavit Attorney Dai, ¶4]. During their phone call on June 25, 2024, just a few hours before Atty Dai left for the airport, she communicated the trip to Ms. Sun's counsel and her intent to resolving the parties' disagreement over the interrogatory responses upon her return. [Affidavit Attorney Dai, ¶5]. Attorney Dai also stated that she did not think it is appropriate to file a motion to compel because there was a discovery stay order from the court on June 7, 2024. [Affidavit Attorney Dai, ¶6]. Frustratingly, rather than wait for Ms. Dai to return China, counsel for L. Sun filed the present motion to compel. On July 11, 2024, the following morning of her return to Boston, Attorney Dai responded to counsel's e-mail, expressing her frustration of Counsel's filing and her intent to supplement the responses. Attached hereto and marked as Exhibit "B" is a true and correct copy of counsel's email dated July 11, 2024.

Putting aside the violations of the order staying discovery and the discovery gamesmanship of L. Sun, Plaintiff has served on all parties amended responses to L. Sun's interrogatories.

Accordingly, L. Sun's motion to compel is now moot.  Attached hereto and marked as Exhibit "C" is a true and correct copy of plaintiff's supplemental interrogatory responses.

The present motion to compel appears to be designed to distract from the fact that L. Sun was the mastermind behind Infinity failing and refusing to pay for the cabinets. As acknowledged by counsel for L. Sun during the parties' appearances before the court on June 7, 2024, Infinity has failed to pay for the cabinets.  This issue is now under what shell L. Sun and the other defendants are concealing the proceeds from their sale of the cabinets. The focus on the litigation has shifted to forcing defendants to disgorge the proceeds they received from the sale of the cabinets.  Nothing by way of the side issues raised in L. Sun's counterclaim relieves her of liability for payment of the cabinets under the legal theories of fraudulent conveyance, alter ego, and breach of fiduciary duty.

In conclusion, L. Sun's motion to compel should be dismissed as being moot – plaintiff has supplemented its interrogatory responses.

**DATED: July 19, 2024**　　　　　　　　　　　**PLAINTIFF,**
By its attorney,

　　　*/s/ Connie Dai*　　　
Connie C. Dai (BBO#683330)
Yun Cheng (BBO# 707028)
Lions Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 232-7503 Telephone
(781) 207-8574 Fax
connie@lionslawgroup.com
yun@lionslawgroup.com


　　　*/s/ Tim Cutler*　　　
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP

20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Friday, July 19, 2024.

                                  */s/ Connie Dai*
                                  Connie C. Dai