UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

**LINDA SUN'S RESPONSE TO THE COURT'S ORDER OF SEPT. 18, 2024**

In response to the Court's order of September 18, 2024 (ECF No. 94), Linda Sun states that her motion to compel is ripe for decision. Sunco did serve supplementary interrogatory answers in July, after Mrs. Sun filed her motion. (ECF 92-3). But the answers are incomplete.

Interrogatory No. 7 called for Sunco to state the basis for its denial of Mrs. Sun's allegation that "The Chinese Judgment," i.e., the judgment of the Chinese court ruling in Mrs. Sun's favor after trial on Sunco's claim of breach of fiduciary duty, "is final and conclusive and enforceable where rendered." Sunco's new answer indicates—remarkably, for a Chinese company that chose to sue in China—that "Chinese courts do not provide impartial tribunals or procedures compatible with the requirements of due process of law," which is one of the grounds on which a US court can find that a foreign judgment is not final and conclusive. *See* G.L. c. 235, § 23A. But Sunco "reserves the right to argue other grounds." None of the possible grounds for arguing that the Chinese judgment is not final, conclusive, and enforceable in China require any discovery, and it is not only fair and reasonable but necessary that Sunco should be required to tell Mrs. Sun what those grounds are, more than two years into this lawsuit, so that she can retain the appropriate experts in Chinese law to rebut whatever arguments Sunco plans to make.

1

Interrogatory No. 8 called for Sunco to state the basis for its denial of Mrs. Sun's allegation that "No grounds for non-recognition of the Chinese Judgment exist." Sunco does disclose that it plans to argue a lack of reciprocity. But it also asserts that "Defendant has only provided a Notarial Certificate of the Chinese Judgment, but has not identified any other documents, facts, witnesses or evidence supporting or suggesting that the **purported** Chinese judgment can be recognized." (Emphasis supplied). After Sunco decided to put Mrs. Sun to the expense of taking "necessary steps to make the Chinese judgment recognizable in this court, including but not limited to … acquir[ing] the certificate of judgment from the Chinese court" (ECF 91-3, Ans. To Int. 8), Mrs. Sun, at significant expense, retained a lawyer in China to obtain the certificate of that is necessary to make a Chinese judgment enforceable in China, to have a Chinese notary authenticate both, and finally to authenticate both by the means specified in the Convention of 5 October 1961 Abolishing the Requirement of Legalisation for Foreign Public Documents, T.I.A.S. 10072, 527 U.N.T.S. 189, called an "apostille." Under that treaty, no other formalities can be required to certify the authenticity of the signatures of the Chinese notary who authenticated both documents or the notary's authority. *See* Convention art. 3. Copies of these documents were provided to Sunco's counsel in May. If Sunco is not simply playing "hide the ball"—if there really is some other basis for arguing that the Chinese judgment and the certificate of enforceability are not what they purport to be—then Sunco needs to say so.

3

          Respectfully submitted,

          LINDA SUN

          By her attorney:

          */s/ Theodore J. Folkman*

          Theodore J. Folkman (BBO No. 647642)
          RUBIN & RUDMAN, LLP
          53 State Street
          Boston, MA 02109
          (617) 330-7000
          tfolkman@rubinrudman.com

Dated: September 23, 2024