# **EXHIBIT 1**

# 中华人民共和国
# 江苏省苏州市中级人民法院
# 民 事 判 决 书

(2021) 苏05民初90号

原告: 森科木业 (昆山) 有限公司, 住所地中华人民共和国江苏省昆山市锦溪镇锦商路327号。

法定代表人: 肖瑞华, 该公司董事长。

委托诉讼代理人: 吴景贵, 上海合鸿律师事务所律师。

被告: 孙琳达 (Linda Sun), 女, 美利坚合众国国籍, 1946年7月16日出生, 护照号码 577710121

委托诉讼代理人: 龚炯, 江苏海联海律师事务所律师。

委托诉讼代理人: 张霄南, 江苏海联海律师事务所律师。

原告森科木业 (昆山) 有限公司 (以下简称 森科木业公司) 因与被告孙琳达 (Linda Sun) 损害公司利益责任纠纷一案, 向本院起诉, 本院于2021年1月11日立案后, 依法适用普通程序于2021年10月28日公开开庭进行了审理,原告森科木业公司委托诉讼代理人吴景贵、被告孙琳达委托诉讼代理人龚炯到庭参加诉讼。本案现已审理终结。

森科木业公司向本院提出诉讼请求: 1. 判令孙琳达赔偿森科木业公司货款损失6712182.11美元 (折合人民币 46730580.43元) 及利息

1

损失200000元(以46730580.43元为基数,自2019年4月30日计算,暂算至2020年12月31日,计算至实际支付之日止,按照全国银行间同业拆借中心公布的贷款市场报价利率的两倍计算);2.判令本案诉讼费由孙琳达承担。事实和理由:孙琳达原为森科木业公司独资股东,2014年将52%的股权转让给江苏奇意投资有限公司(以下简称奇意公司),孙琳达继续董事长,实际控制公司,负责对外销售的一切事宜,且森科木业公司的所有业务均是外销,且仅有一家客户,截至2019年4月29日,美国盈枫利责任有限公司(INFINNITY WOOD PRODUCTS, LLC)(以下简称盈枫利公司)结欠森科木业公司货款6712182.11美元,2019年6月14日孙琳达突然销声匿迹,森科木业公司向盈枫利公司追要货款,该公司置之不理。森科木业公司经查询得知,盈枫利公司为孙琳达儿子孙福君(David Sun)的公司,孙琳达作为森科木业公司的股东之一、任董事长职务,利用上述地位进行关联交易导致公司无法索要上述款项,其已经违反公司法的相关规定,依法应当承担赔偿责任。

  被告孙琳达辩称:一、森科木业公司恶意歪曲基本事实。孙琳达并非森科木业公司股东,森科木业公司设立时的股东是森科公司(Sunco, Inc),后森科公司将52%股权转让给奇意公司,森科木业公司的股东为森科公司及奇意公司。二、孙琳达仅是森科公司委派到森科木业公司处的董事,2015年森科公司与奇意公司完成股权转让后,森科木业公司的法定代表人、董事长及总经理均变更为吴国庆,另一董事为奇意公司委派的肖琼。吴国庆和肖琼是奇意公司股东,共同持有百分之百股权。股权转让完成后,森科木业公司一直由吴国庆控制并负责经营管理。三、森科木业公司与盈枫利公司的交易长达十余年,

股权转让前均是正常支付货款。吴国庆接管淼科木业公司后是由其负责与盈枫利公司的外销交易事宜，淼科木业公司的客户也并非只有盈枫利公司一家。四、淼科木业公司与盈枫利公司的交易都是正当交易，价格公允。双方之间的交易未造成淼科木业公司任何损失，反而给淼科木业公司创造了巨大的利益，孙琳达也从未恶意控制淼科木业公司与盈枫利公司发生不正当交易。五、虽然目前淼科木业公司的审计报告体现盈枫利公司尚有货款未予结清，但这是属于正常的交易风险，淼科木业公司应当通过正常途径主张货款或依法起诉主张货款。奇意公司作为实际控制淼科木业公司的股东，吴国庆作为淼科木业公司的实际控制人，恶意以淼科木业公司名义起诉孙琳达，而不通过正常途径主张货款，维护淼科木业公司权益，因此可能造成淼科木业公司及另一股东淼科公司的损失。综上，淼科木业公司起诉无事实与法律依据，请求驳回其诉讼请求。

为支持其诉讼请求，原告淼科木业公司向本院提交以下证据：

证据1. 苏华专审（2019）第5116号审计报告、企业询证函，证明截止2018年底盈枫利公司结欠淼科木业公司的货款为5886466.77美元，在证据的第18页可以看出淼科木业公司就一个客户，也就是盈枫利公司，并且销售额巨大，到2018年结欠的额也很大。证据的第20页询证函，是盈枫利公司的负责人孙福君，即孙琳达的儿子签字确认截止到2018年结欠淼科木业公司的货款五百多万美元；

证据2. 苏华专审（2020）第5098号审计报告，证明截止到2019年底盈枫利公司结欠货款的情况，也就是本案的诉讼主张金额。特别提醒法庭注意，2018年底到2019年以后外部环境特别差，但在这种情况下孙琳达作为公司的实际控制人负责销售，赊账金额不但没有减

3

少，反而增加很明显，其利用了这种特殊的关系，将森科木业公司的利益输送到其儿子实际控制的关联公司，盈枫利公司恶意行为相当明显。从2019年的6月份，孙琳达突然离开公司，导致自此以后森科木业公司款项没有收回来，可以看出孙琳达的主观恶意明显严重损害了森科木业公司的利益，依法应当承担法律责任；

证据 3. 使领馆认证的股权售让协议书，证明孙琳达属于森科木业公司的股东之一，使领馆的认证书签发当时，即股权交易完成日期是2013年4月份，孙琳达就取得了在森科木业公司的股东地位；

证据 4. 委派书、昆劳人仲案字（2019）1208号裁决书，证明孙琳达是公司的董事之一，实际履行董事长职务，负责公司所有经营事宜；

证据 5. 盈枫利公司的工商登记资料及相关的认证资料，证明盈枫利公司实际所有人是孙琳达的儿子孙福君、儿媳袁希乐；

证据 6. 孙福君与袁希乐的结婚证、财产约定书，证明孙福君、袁希乐是夫妻关系；

证据 7. 售房委托书，证明孙福君和孙琳达是母子关系，孙琳达利用董事长身份将森科木业公司的货物全部销售给盈枫利公司；

证据 8. 催款邮件、催款函以及对应的快递单，证明2019年6月14日孙琳达突然消失导致森科木业公司的4670多万元货款无法收回，其应当承担法律责任；

证据 9. 共18册，系出口订单、报关单、发票和装箱单，是对审计报告中确认盈枫利公司结欠款项的补强，进一步证明盈枫利公司欠森科木业公司金额的补强证据；

证据 10. 2019年8月份的会议记录，证明森科木业公司实际上一直是由孙琳达实际控制的，系对孙琳达认为吴国庆控制公司进行驳斥；

4

证据 11. 相关的政府文件，进一步证明在 2019 年 6 月 14 日孙琳达离开公司前，其是完全掌控公司的；

证据 12. 2019 年 7 月 24 日孙琳达寄回来的一个文件，当时其授权由肖瑞华和肖琼来处理公司的一切事宜，证明在孙琳达离开昆山之前所有的事务都是由其经手，公司由其掌控，也进一步证明实际上公司是能够高效运转的；

证据 13. 2018 年 7 月至 2019 年 6 月公司日常支付的单据，这些报销单据基本上都是由孙琳达签字，进一步证明公司所有的事宜均是由其控制的；

证据 14. 2019 年 4、5、6 月份的邮件，系员工花名册以及食堂费用的邮件，证明公司日常经营活动实际上都是抄送给董事长即孙琳达的，其邮箱地址也证明公司是孙琳达控制的，这说明对方在庭审中陈述公司是由吴国庆控制与事实是不相符的；

证据 15. 2018 年 6 月至 2019 年 7 月份的生产装箱、出口付款等往来的邮件，证明孙琳达在实际控制公司期间将所有的产品发给其儿子的公司，这个邮件也没有抄送给吴国庆，都是其一人在掌控。同时这些邮件中的单据和证据 13 也是相互印证的；

证据 16. 邮件一组，证明孙琳达和其儿子孙福君共同损害公司利益的行为，吴国庆对经营或者外贸的应收账款不知情；

证据 17. 股权转让协议，在 3.1 条中已经明确表明孙琳达必须保证累计的应收账款不超过 2000 万，同时确保在 2019 年底全部收回；

证据 18. 函件，证明自 2020 年 1 月份起森科木业公司就不断发函催款，但孙琳达均不予以回复；

证据 19. 森科木业公司多次催款，在催款过程中孙琳达以及盈枫

5

利公司不但不回复，还把森科木业公司的邮件全部拉黑，导致无法正常地催款，证明孙琳达损害公司利益的行为相当明显；

证据20.公司解散纠纷案件的起诉状，证明盈枫利公司以及孙琳达、孙福君不配合支付货款，还发起一个解散公司的诉讼，这也证明孙琳达侵害公司的行为是相当明显的。

孙琳达经质证认为：

关于证据1，真实性认可，但是孙琳达及森科公司均未参与审计过程，对于审计报告的内容不予认可，盈枫利公司是否还有货款未予支付以及尚有多少货款未予支付，孙琳达并不清楚，且从审计报告中可以看出，森科木业公司尚有对孙琳达的其他应付款20957013.74元未予以支付，孙琳达也将保留依法主张的权利。对于证据一中企业征询函的真实性孙琳达无法确认；

关于证据2，真实性认可，但是孙琳达及森科公司均未参与审计过程，对于审计报告的内容予认可，盈枫利公司是否还有货款未予支付以及尚有多少货款未予支付，孙琳达并不清楚，因为股权转让后实际负责森科木业公司经营的是吴国庆并非是孙琳达，森科木业公司的业务均是出口业务，出口业务中均需要使用公章等材料，这些材料均是在吴国庆控制中，孙琳达不可能在该时间段与盈枫利公司进行任何交易；

关于证据3，真实性无法确认，孙琳达从未签过该份资料。从森科木业公司提供的该份证据的原件也可以看出孙琳达签名处实际是未签字的。即使该份证据是真实的，该份协议事实上未发生法律效力，也不能起到变更森科木业公司股权的法律后果。森科木业公司股东，目前是森科公司及奇意公司；

6

关于证据4，对委派书真实性认可，该证据也证明孙琳达仅是森科公司委派到森科木业公司的董事。对于裁决书的真实性认可，但证明目的不认可。孙琳达仅是森科木业公司的董事，孙琳达是否履行董事长职务应当是由森科木业公司的股东及董事确认，而不应当由森科木业公司的某一个员工来认为孙琳达是否是董事长。而在该份裁决书中作为被申请人的森科木业公司在质证时已经明确表示孙琳达并不是其董事长，这是森科木业公司所陈述的事实，而从客观来说，自2015年股权转让后，孙琳达也从未担任森科木业公司董事长；

关于证据5，对于该组证据的真实性认可，但与本案没有关联性；

关于证据6，对于该组证据的真实性认可，但与本案没有关联性；

关于证据7，对于该组证据真实性认可，但对于证明目的不认可。森科木业公司与盈枫利公司交易均是正当合法，股权转让后系吴国庆负责与盈枫利公司之间的交易；

关于证据8，对于该组证据中森科木业公司寄给盈枫利公司的催款函，孙琳达无法确认真实性。对于寄给孙琳达的催款函，孙琳达并未收到，且对于催款函的内容不予认可。孙琳达并非森科木业公司股东，也未转移森科公司利益，孙琳达也没有义务清偿货款；

关于证据9，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的资料，都是森科公司员工在正常处理经营事宜，并不能以此证明孙琳达损害公司利益。森科木业公司的实际控制人依然是吴国庆，在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能一个人控制公司完成出口业务；

关于证据10，真实性、合法性、关联性均不认可，证明目的也不

7

认可。孙琳达并未参与该次会议，是否真实存在均不知情，会议内容也不认可。2015年4月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人；

  关于证据11，真实性、合法性认可，关联性不认可，该证据与本案没有关联性，证明目的也不认可，2015年4月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人；

  关于证据12，真实性、合法性、关联性均不认可，孙琳达有在空白处签字的白纸留存在森科木业公司处，该文件可能是后被森科木业公司打印上去的；

  关于证据13，真实性无法确认且与本案没有关联性，即使都是真实的，2018年2月2日起，孙琳达作为森科木业公司的总经理，在财务制度中要求其在财务支出流程中签字也是正当的，但是并不能以此证明孙琳达是森科木业公司的实际控制人，森科木业公司的实际控制人依然是吴国庆；

  关于证据14，真实性无法确认且与本案没有关联性，即使都是真实的，2018年2月起，肖瑞华才是森科木业公司的董事长及法定代表人，该邮件中的董事长只是发件人的备注且只是抄送给所谓的"董事长"，并不能以此证明森科木业公司的日常所有经营活动必须由孙琳达审批及孙琳达是森科木业公司的实际控制人，收件人高经理是吴国庆聘用的财务经理，其负责具体事务，森科木业公司的实际控制人依然是吴国庆；

  关于证据15，真实性无法确认，即使都是真实的，也都是森科木
8

业公司正常经营过程中的邮件往来，是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务；

关于证据16，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的邮件往来，都是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，损害公司利益，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务。相关邮件中森科木业公司的处理人员都是高经理，其是吴国庆聘用的财务经理，其负责具体事务；

关于证据17，真实性认可，孙琳达从未签署过该份《股权转让协议书》，该《股权转让协议书》明显是伪造的。该份《股权转让协议书》与2014年9月8日的《股权转让协议书》第1、2、4、5、6页内容完全一致，但却仅有第4页有孙琳达签字。内容仅有第3页进行了变动，主要条款变动为第3.11条及第五条。3.11条增加的内容就是针对结欠的应收款，第五条无故减少了相关内容，最终目的就是保证《股权转让协议》第三页的整页内容不变，使得第四页孙琳达签字页内容与2014年9月8日的《股权转让协议书》内容完全一致。孙琳达认为这份《股权转让协议》是森科木业公司及其控制人吴国庆处心积虑伪造的证据，可能伪造签名或者在孙琳达签订的空白页上打印内容后添加第1、2、3、5、6，企图恶意制造孙琳达及森科公司的义务；

另在森科公司与奇意公司的仲裁案件中作为股权转让主体的双方均未提出过签订有该份《股权转让协议书》，明显有违常理。该份《股权转让协议书》第6.8条也作了排他性的约定，如果双方真实的签订的该份《股权转让协议书》，那在仲裁案件中就不可能均不予提供；

关于证据18，孙琳达从未收到过函件，对于函件所述内容不予认可。孙琳达从未损害公司利益，与盈枫利公司的交易都是森科木业公司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠款项应当依法诉讼；

关于证据19，真实性无法确认，与盈枫利公司的交易都是森科木业公司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠款项应当依法诉讼；

关于证据20，真实性认可，但不能证明孙琳达损害公司利益。

经本院要求，孙琳达向本院提交了上海国际经济贸易仲裁委员会（上海国际仲裁中心）于2021年4月29日作出的（2021）沪贸仲裁字第0349号裁决书，各方明确对于裁决书的真实性没有异议。

本院认证意见：对当事人无异议的证据，本院予以确认并在卷佐证；对有争议的证据，本院将结合其他证据及案件事实综合予以认定。

根据当事人陈述和经审查确认的证据，本院认定事实如下：

森科木业公司是2003年4月8日成立的外商独资企业，森科公司原持有森科木业公司100%的股权。2015年4月28日，森科木业公司办理工商变更登记，公司类型由有限责任公司(外国法人独资)变更为有限责任公司(中外合资)，法定代表人由孙琳达变更为吴国庆，股东由森科公司100%持股变更为森科公司持股48%、奇意公司持股52%。2018年2月11日，森科木业公司法定代表人由吴国庆变更为肖瑞华。

<␂>
<␂>

<␂>

目前森科木业公司的董事分别为肖瑞华、肖琼、孙琳达,其中肖瑞华任董事长。

森科木业公司的经营范围是生产木质建筑装潢用制品,木质家具及配件,销售自产产品,自有厂房出租。森科木业公司自成立伊始,长期为盈枫利公司供货,双方存在多年合作关系。森科木业公司 2018 年度财务审计报告显示森科木业公司盈枫利公司的应收账款是 40399998.74 元,对孙琳达的应付款是 20957013.74 元。森科木业公司 2019 年度财务审计报告显示森科木业公司对盈枫利公司的应收账款是 46730580.43 元,对孙琳达的应付款是 20957013.74 元。

盈枫利公司是一家依据特拉华州法律成立的公司,该公司在马萨诸塞州开展与家居装饰有关的产品和服务的销售和分销业务,公司管理人员为袁希乐(Shillock YUAN-SUN)和孙福君(David SUN),孙福君系本案被告孙琳达的儿子。

森科木业公司举证的 2013 年 4 月 29 日的《股份售让协议书》,系由森科公司作为卖方、孙琳达作为买方签订,约定森科公司将其持有的森科木业公司 100%的股转让给孙琳达,转让价格为 250 万美元,在交割时以一次性现金支付方式结算,森科公司应将代表标的股份的股份证书交付给孙琳达。

本院另查明,2019 年 7 月,森科公司作为申请人,以奇意公司为被申请人,向上海国际经济贸易仲裁委员会(上海国际仲裁中心)提交 2014 年 9 月 8 日的《股转让协议书》,要求奇意公司支付股权转让款 1500 万元以及利息、违约金 300 万元,上海国际经济贸易仲裁委员会(上海国际仲裁中心)于 2021 年 4 月 29 日作出(2021)沪贸仲裁字第 0349 号裁决书,就该案所涉争议相关事实作出如下认定:"1.

关于系争《转让协议》签订时的森科木业公司股东......上述事实可以认定孙琳达并未根据《股份售让协议书》获得股东资质，系争《转让协议》签订时森科木业公司的股东为申请人森科公司。......因此仲裁庭认定，折抵协议产生了债务抵销的效果，奇意公司于2016年7月30日完成债务抵销，自此不再向孙琳达负有支付义务，亦不再负有向森科公司支付1500万元股权转让款的义务。......仲裁庭根据双方的事先约定，支持第三项仲裁请求，认定奇意公司应当向森科公司就其延迟支付股权转让款项的违约行为支付违约金300万元。......"，据此仲裁庭裁决奇意公司向森科公司支付违约金300万元，对于森科公司的其余仲裁请求不予支持。

本案主要争议焦点在于：一、孙琳达是否为森科木业公司的股东进而其作为本案被告是否适格？二、森科木业公司主张孙琳达存在利用关联关系损害公司利益的行为进而要求赔偿能否成立？

本院认为：

一、关于本案的法律适用。本案被告孙琳达系美利坚合众国自然人，故本案纠纷属于涉外民商事案件。本案系损害公司利益责任纠纷，属于因侵权行为提起的诉讼，《中华人民共和国涉外民事关系法律适用法》第四十四条规定：''侵权责任，适用侵权行为地法律，但当事人有共同经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事人协议选择适用法律的，按照其协议。"本案中，森科木业公司主张的侵权行为地系江苏省昆山市，且在庭审中双方当事人均选择适用中华人民共和国法律，故本院确定中华人民共和国法律为解决本案纠纷的准据法。

二、关于本案的实体处理

（一）孙琳达是否为森科木业公司的股东进而其作为被告是否适格

森科木业公司成立时持股100%的股东是森科公司，而森科木业公司当前的工商登记信息和章程均显示，经股权转让后森科公司持有森科木业公司48%的股权，奇意公司持有森科木业公司52%的股权。所以，从森科木业公司设立至本案纠纷发生，孙琳达从未成为森科木业公司工商登记的股东。现森科木业公司以2013年4月29日《股份售让协议书》主张孙琳达系其股东，但《股份售让协议书》的签署并不代表受让方已获得股东资格，森科木业公司在本案中并未进一步提供证据证明孙琳达和森科公司对《股份售让协议书》存在实际履行行为，亦未有证据证明森科木业公司的章程、股东名册、工商部门登记、出资证明书等文件将森科公司的股东身份变更为孙琳达；且《股份售让协议书》签订时外资企业注册资本的增加、转让，须经审批机关批准，并向工商行政管理机关办理变更登记手续。案涉《股份售让协议书》约定的外商独资企业森科木业的股份转让并未经过审批机关的批准；而在2014年奇意公司成为森科木业公司股东时，亦是基于森科公司作为转让方签订的《股权转让协议书》办理的工商变更登记。综合上述事实，本院认为，森科木业公司提出2013年孙琳达依据《股份售让协议书》取得森科木业公司全部股份的主张，不能成立。

虽然孙琳达并非森科木业公司的股东，但其系森科木业公司的董事，《中华人民共和国公司法》第二十一条规定的利用关联关系损害公司利益应当承担赔偿责任的主体为"公司的控股股东、实际控制人、董事、监事、高级管理人员"，所以孙琳达作为森科木业公司的董事，如存在利用关联关系损害公司利益的行为，仍应该承担赔偿责任，据

13

此孙琳达作为本案被告主体适格。

（三）孙琳达是否存在利用关联关系损害公司利益的行为

森科木业公司2018年度和2019年度财务审计报告显示盈枫利公司是其唯一客户，而盈枫利公司的代表人孙福君（David SUN）系本案孙琳达的儿子。因此，可以认定森科木业公司和盈枫利公司之间存在关联关系，两者之间的家具出口外销交易系关联交易。对于关联交易行为是否损害公司利益，应当审查关联交易对价是否公允，关联交易的程序是否合规。本案中，森科木业公司并无证据证明其与盈枫利公司之间的交易存在不合理，审理中森科木业公司也明确其无法确认交易价格是否公允。而从交易过程来看，森科木业公司未能提供证据证明董事孙琳达对公司董事会隐瞒了森科木业公司和盈枫利公司之间的交易，也未能提供证据证明森科木业公司和盈枫利公司之间的交易不符合法律法规或公司章程规定的决策程序。

现森科木业公司主张的损害行为主要为其对盈枫利公司应收账款经其催收尚未收回，但这不能被直接定性为损害公司利益的行为。关联交易的相对方盈枫利公司在2019年4月29日回复森科木业公司的企业询证函中对欠款的事实和金额予以了确认，结合森科木业公司和盈枫利公司之间存在长期交易和赊账的实际情况，在森科木业公司未采取除发送催款函之外的其他救济手段的情况下，尚无法确认拖欠的货款无法收回而给森科木业公司造成损失，亦无法认定孙琳达作为公司董事存在损害公司利益的行为。

综上所述，森科木业公司的诉公请求，因缺乏依据，本院不予支持。依据《中华人民共和国涉外民事关系法律适用法》第四十四条，《中华人民共和国民事诉讼法》第六十四条、第一百四条的规定，

判决如下：

驳回原告森科木业（昆山）有限公司的诉讼请求。

案件受理费276453元，由原告森科木业（昆山）有限公司负担。

如不服本判决，森科木业（昆山）有限公司可在判决书送达之日起十五日内，孙琳达（Linda Sun）可在判决书送达之日起三十日内，向本院递交上诉状，并按照对方当事人的人数提交副本，上诉于江苏省高级人民法院。同时根据《诉讼费用交纳办法》的有关规定，向该院预交上诉案件受理费。

|   |   |   |   |
|---|---|---|---|
| 审 | 判 | 长 | 俞水娟 |
| 审 | 判 | 员 | 蔡燕芳 |
| 审 | 判 | 员 | 李 诚 |

本件与原本核对无异

二○二一年十一月二十九日

书　记　员　　田思思

15

# 附录法律条文

## 《中华人民共和国涉外民事关系法律适用法》

第四十四条  侵权责任，适用侵权行为地法律，但当事人有共同经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事人协议选择适用法律的，按照其协议。

## 《中华人民共和国民事诉讼法》

第六十四条  当事人对自己提出的主张，有责任提供证据。

当事人及其诉讼代理人因客观原因不能自行收集的证据，或者人民法院认为审理案件需要的证据，人民法院应当调查收集。

人民法院应当按照法定程序，全面地、客观地审查核实证据。

第一百四十二条  法庭辩论终结，应当依法作出判决。判决前能够调解的，还可以进行调解，调解不成的，应当及时判决。