# **<u>EXHIBIT 2</u>**



**DIVERGENT**
LANGUAGE SOLUTIONS

STATE OF NEW YORK
       )
       )
       )
COUNTY OF NEW YORK  )  ss


**<u>CERTIFICATION</u>**

This is to certify that the attached translation is to the best of my knowledge and belief a true and accurate

translation from Chinese into English of the attached Civil Judgement of the Suzhou Intermediate People's Court,

Jiangsu Province, People's Republic of China.




_____

Edward J. Jacob
Divergent Language Solutions, LLC


State of New York

County of New York

Subscribed to and sworn before me this 27 day of July , 2022
by Edward J. Jacob.

_____

Notary Public

> MATTHEW C. ZELAK
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01ZE6350239
> Qualified in Kings County
> Commission Expires  November 7, 2024



183 Madison Avenue, Suite 416 | New York, NY 10016 | p 917.979.4513 | f 415.525.4313
600 California Street, 11th Floor | San Francisco, CA 94108 | p 415.400.4538 | f 415.525.4313
divergent@divergentls.com | www.divergentls.com

People's Republic of China
Suzhou Intermediate People's Court, Jiangsu Province
Civil Judgment

(2021) Suzhou 05 Civil First Instance No. 90

Plaintiff: Sunco Timber (Kunshan) Co., Ltd, domiciled at No. 327 Jinshang Road, Jinxi Town, Kunshan City, Jiangsu Province, People's Republic of China.

Legal representative: Ruihua Xiao, Chair of the Board of Directors of Sunco Timber (Kunshan) Co., Ltd.

Appointed agent ad litem: Jinggui Wu, a lawyer of Shanghai Hehong Law Firm.

Defendant: Linda Sun, female, citizen of United States of America, born on July 16, 1946, passport number: 577710121

Appointed agent ad litem: Jiong Gong, a lawyer of Jiangsu Hailianhai Law Firm.

Appointed agent ad litem: Xiaonan Zhang, a lawyer of Jiangsu Hailianhai Law Firm.

Plaintiff Sunco Timber (Kunshan) Co., Ltd. (hereinafter referred to as Sunco Timber Co., Ltd.) filed a lawsuit with this Court for a dispute with Defendant Linda Sun over liability for damage to the interests of the Company. After the case was filed on January 11, 2021, the Court held a hearing in open court on October 28, 2021, in accordance with the ordinary procedure. Plaintiff Sunco Timber Co., Ltd. appointed agent ad litem Jinggui Wu and Defendant Linda Sun appointed agent ad litem Jiong Gong to attend the trial. This case has now been concluded.

Sunco Timber Co., Ltd. requests the Court to 1. Order Linda Sun to compensate Sunco Timber Co., Ltd. for the loss of payment for goods of US$6,712,182.11 (equivalent to RMB 46,730,580.43)

1

and interest loss of RMB200,000 (based on RMB46,730,580.43, calculated from April 30, 2019, temporarily until December 31, 2020, and finally until the date of actual payment, at twice the quoted market interest rate for loans published by the National Interbank Funding Centre); 2. Order that the costs of this case shall be borne by Linda Sun. Facts and reasons: Linda Sun was the sole shareholder of Sunco Timber Co., Ltd. and in 2014 52% of its shares were transferred to Jiangsu Qiyi Investment Co., Ltd. (hereinafter referred to as Qiyi Co., Ltd.), Linda Sun continued to be the Chair of the Board of Directors and effectively controlled the Company and was responsible for all matters relating to export sales and all business of Sunco Timber Co., Ltd. export sales and had only one customer. As of April 29, 2019, US Infinity Wood Products, LLC (INFINNITY [sic] WOOD PRODUCTS, LLC) (hereinafter referred to as Infinity LLC) owed Sunco Timber Co., Ltd. a payment for goods of $6,712,182.11; on June 14, 2019, Linda Sun suddenly disappeared, Sunco Timber Co., Ltd. requested and pursued payment from Infinity LLC, but Infinity LLC ignored the request. Through investigation, Sunco Timber Co., Ltd. learnt that Infinity LLC is a company owned by David Sun, son of Linda Sun, who is one of the shareholders of Sunco Timber Co., Ltd. and the chair of the Board of Directors, Linda Sun used the above-mentioned positions to conduct affiliated transactions, which resulted in the Company being unable to recover the above-mentioned amount, and she has violated the relevant provisions of the Company Law and should be liable for compensation.

Defendant Linda Sun argues that: 1. Sunco Timber Co., Ltd. has maliciously misrepresented the basic facts. Linda Sun is not a shareholder of Sunco Timber Co., Ltd, and the shareholder of Sunco Timber Co., Ltd. was Sunco, Inc. at the time of its establishment, and Sunco, Inc. later transferred 52% of its equity interest to Qiyi Co., Ltd., so the shareholders of Sunco Timber Co., Ltd. are Sunco, Inc. and Qiyi Co., Ltd. 2. Linda Sun is only a director appointed by Sunco, Inc. to Sunco Timber Co., Ltd. In 2015, after the completion of the equity transfer between Sunco, Inc. and Qiyi Co., Ltd., the legal representative, chair and general manager of Sunco Timber Co., Ltd. were changed to Guoqing Wu, and the other director was Qiong Xiao appointed by Qiyi Co., Ltd. Guoqing Wu and Qiong Xiao are shareholders of Qiyi Co., Ltd. and jointly hold 100% of the equity interest. After the completion of the equity transfer, Sunco Timber Co., Ltd. has been controlled and managed by Guoqing Wu. 3. Sunco Timber Co., Ltd. has been trading with Infinity LLC for more than ten years, and all payments for goods were made normally before the equity

transfer. After Guoqing Wu took over Sunco Timber Co., Ltd., he was in charge of the export transactions with Infinity LLC, and Infinity LLC was not the only customer of Sunco Timber Co., Ltd. 4. All transactions between Sunco Timber Co., Ltd. and Infinity LLC were legitimate transactions at fair prices. The transactions between the two parties have not caused any losses to Sunco Timber Co., Ltd., but rather have created great benefits for Sunco Timber Co., Ltd., and Linda Sun has never maliciously controlled Sunco Timber Co., Ltd. to engage in improper transactions with Infinity LLC. 5. Although the audit report of Sunco Timber Co., Ltd. shows that Infinity LLC still has outstanding payment for the goods, this is a normal transaction risk and Sunco Timber Co., Ltd. should claim the payment through normal channels or sue for the payment according to the law. Qiyi Co., Ltd., as the shareholder which actually controls Sunco Timber Co., Ltd., and Guoqing Wu, as the actual controller of Sunco Timber Co., Ltd., maliciously sued Linda Sun in the name of Sunco Timber Co., Ltd., instead of claiming the payment through normal channels to defend the rights and interests of Sunco Timber Co., Ltd., which may cause losses to Sunco Timber Co., Ltd. and another shareholder, Sunco, Inc. In view of the above facts, Sunco Timber Co., Ltd. has no factual and legal basis to file the lawsuit, so Defendant requests the Court to dismiss the claims of Sunco Timber Co., Ltd.

In order to support its claims, Plaintiff Sunco Timber Co., Ltd. submitted the following Exhibits to the Court:

Exhibit 1. Suzhou Huaming United Accountants Special Audit Report No. 5116 (2019), Corporate Inquiry Letter, proving that Infinity LLC owes Sunco Timber Co., Ltd. $5,886,466.77 as of the end of 2018. It is evident on page 18 of the Exhibit that Sunco Timber Co., Ltd. has only one customer, Infinity LLC, and that the sales are significant and the amount owed as of 2018 is also significant. On page 20 of the Exhibit is a letter of inquiry signed by the person in charge of Infinity LLC, David Sun, that is, Linda Sun's son, confirming that Infinity LLC owes Sunco Timber Co., Ltd. more than $5 million as of 2018;

Exhibit 2. Suzhou Huaming United Accountants Special Audit Report No. 5098 (2020), proving the amount which Infinity LLC owes as of the end of 2019, and this is the amount claimed in this lawsuit. In particular, the Court is reminded that the external environment was particularly difficult from the end of 2018 to 2019 onwards, but in this situation, Linda Sun, as the de facto controller of the Company, who was in charge of sales, did not reduce the amount of sales on credit, instead, she obviously increased the amount of sales on credit, and she took advantage of this

special relationship to channel the benefits of Sunco Timber Co., Ltd. to the affiliated company effectively controlled by her son, so Infinity LLC's malicious behavior is quite obvious. From June 2019, Linda Sun suddenly left the Company, resulting in that the money of Sunco Timber Co., Ltd. has not been collected since then; it is clear that Linda Sun's subjective malice has seriously harmed the interests of Sunco Timber Co., Ltd., so Linda Sun should be held liable under the law;

Exhibit 3. Equity Transfer Agreement Certified by the Embassy and Consulate, proving that Linda Sun is one of the shareholders of Sunco Timber Co., Ltd., and that Linda Sun acquired the status of shareholder of Sunco Timber Co., Ltd. when the certified letter of Embassy and Consulate was issued, i.e., the date of completion of the equity transaction which was in April 2013;

Exhibit 4. Letter of assignment, Kunshan Labor Personnel Dispute Arbitration Committee Case No. (2019) 1208, proving that Linda Sun is one of the directors of the Company and actually performs the duties of the Chair of the Board of Directors and is responsible for all operational matters of the Company;

Exhibit 5. The business registration information of Infinity LLC and the relevant certification materials, proving that the actual owners of Infinity LLC are Linda Sun's son David Sun and daughter-in-law Shillock Yuan;

Exhibit 6. The marriage certificate and property agreement between David Sun and Shillock Yuan, proving that David Sun and Shillock Yuan are husband and wife;

Exhibit 7. A power of attorney for the sale of the property, proving that David Sun and Linda Sun are mother and son and that Linda Sun used her position as chair of the Board of Directors to sell all the goods of Sunco Timber Co., Ltd. to Infinity LLC;

Exhibit 8. Reminder emails for chasing payment, reminder letters and corresponding courier slips, proving that Linda Sun suddenly disappeared on June 14, 2019, resulting in that more than RMB 46.7 million as payment for goods of Sunco Timber Co., Ltd. cannot be collected, and thus she should be held liable according to the law;

Exhibit 9. 18 volumes of export orders, customs declarations, invoices and packing slips, which are a supplement to the audit report confirming the amount owed by Infinity LLC, further proving that Infinity LLC owes Sunco Timber Co., Ltd. the amount;

Exhibit 10. The August 2019 meeting minutes, proving that Sunco Timber Co., Ltd. has in fact been under the de facto control of Linda Sun, and this is a rebuttal to Linda Sun's belief that Guoqing Wu controls the Company;

Exhibit 11. Relevant government documents, further proving that Linda Sun was in full control of the Company before she left the Company on June 14, 2019;

Exhibit 12. A document dated July 24, 2019 sent back by Linda Sun authorizing Ruihua Xiao and Qiong Xiao to handle all matters of the Company, proving that Linda Sun was handling all matters before she left Kunshan and that the Company was under her control, and further proving that in fact the Company was able to operate efficiently;

Exhibit 13. The daily payment documents of the Company from July 2018 to June 2019, which were mostly signed by Linda Sun, further proving that all matters of the Company were under her control;

Exhibit 14. Emails for April, May and June 2019, which are employee rosters and canteen expenses, proving that the daily business activities of the Company were actually copied to the Chair of the Board of Directors, i.e., Linda Sun, and its email address also proves that the Company was controlled by Linda Sun, indicating that Linda Sun's statement during trial that the Company was controlled by Guoqing Wu is inconsistent with the facts;

Exhibit 15. Emails of production crating and export payment, etc., from June 2018 to July 2019, proving that Linda Sun sent all the products to her son's company during her actual control of the Company, and also Guoqing Wu was not in the CC list of this email, so the Company was controlled by her alone. Also, the documents in these emails and Exhibit 13 corroborate each other;

Exhibit 16. A set of emails proving that Linda Sun and her son David Sun acted together to harm the interests of the Company, and that Guoqing Wu did not know the business operation or foreign trade accounts receivable;

Exhibit 17. An equity transfer agreement, which clearly states in Article 3.1 that Linda Sun must ensure that the accumulated accounts receivable do not exceed 20 million and that all accounts receivable shall be fully collected by the end of 2019;

Exhibit 18. A letter proving that since January 2020, Sunco Timber Co., Ltd. has continued to send reminders for payment, but Linda Sun has given no reply;

Exhibit 19. Repeated reminders from Sunco Timber Co., Ltd., during which Linda Sun and Infinity LLC not only chose to not reply, but also put all emails of Sunco Timber Co., Ltd. on a

blacklist, making it impossible to send regular reminders for payment, proving that Linda Sun's actions were clearly detrimental to the interests of the Company;

Exhibit 20. The Complaint in the Dissolution Dispute, proving that Infinity LLC and Linda Sun and David Sun did not cooperate in paying for the goods and also initiated a lawsuit to dissolve the Company, which also proves that Linda Sun's actions against the interests of the Company are quite obvious.

Through cross-examination, Linda Sun argued that:

About Exhibit 1, its authenticity is accepted, but both Linda Sun and Sunco, Inc. were not involved in the audit process, so she does not accept the content of the audit report. It is not clear to Linda Sun whether Infinity LLC has outstanding payment for goods and how much of the payment for goods is still outstanding from Infinity LLC, and it is clear from the audit report that Sunco Timber Co., Ltd. has other outstanding accounts payable to Linda Sun in the amount of RMB20,957,013.74, which Linda Sun also reserves the right to claim under the law. Linda Sun is unable to confirm the authenticity of the Corporate Inquiry Letter in Exhibit 1;

About Exhibit 2, its authenticity is accepted, but both Linda Sun and Sunco, Inc. were not involved in the audit process, so she does not accept the content of the audit report. It is not clear to Linda Sun whether Infinity LLC has outstanding payment for goods and how much of the payment for goods is still outstanding from Infinity LLC. Because the actual person in charge of the operation of Sunco Timber Co., Ltd. after the transfer of equity interest is Guoqing Wu, not Linda Sun, and all business of Sunco Timber Co., Ltd. is export business, which requires the use of official seals and other materials, which are under the control of Guoqing Wu, it is impossible for Linda Sun to conduct any business with Infinity LLC during that period of time;

About Exhibit 3, its authenticity cannot be confirmed, Linda Sun never signed this document. It is also clear from the original of this Exhibit provided by Sunco Timber Co., Ltd. that there is actually no signature at the place for Linda Sun's signature. Even if this Exhibit is genuine, the agreement is not legally valid and cannot have the legal effect of changing the equity interest of Sunco Timber Co., Ltd. The shareholders of Sunco Timber Co., Ltd. are currently Sunco, Inc. and Qiyi Co., Ltd.;

About Exhibit 4, the authenticity of the letter of assignment is accepted, and this Exhibit also proves that Linda Sun is only a director of Sunco Timber Co., Ltd. appointed by Sunco, Inc. The authenticity of the verdict is accepted, but the purpose of the verdict is not accepted. Linda Sun is only a director of Sunco Timber Co., Ltd., and it is the shareholders and directors of Sunco Timber Co., Ltd. who shall confirm whether Linda Sun is the chair of the Board of Directors, instead of an employee of Sunco Timber Co., Ltd. who thinks Linda Sun is the chair of the Board of Directors. In this verdict, Sunco Timber Co., Ltd., as the Respondent, has clearly stated during cross-examination that Linda Sun is not the chair of the Board of Directors, which is a fact stated by Sunco Timber Co., Ltd., and, objectively speaking, Linda Sun has never been the chair of Sunco Timber Co., Ltd. since the transfer of equity interest in 2015.

About Exhibit 5, the authenticity of this set of Exhibits is accepted, but is not relevant to this case;

About Exhibit 6, the authenticity of this set of Exhibits is accepted, but is not relevant to this case;

About Exhibit 7, the authenticity of this set of Exhibits is accepted, but the purpose of the Exhibit is not accepted. All transactions between Sunco Timber Co., Ltd. and Infinity LLC were legitimate and legal, and Guoqing Wu was in charge of the transactions between Sunco Timber Co., Ltd. and Infinity LLC after the transfer of equity interest;

About Exhibit 8, Linda Sun cannot confirm the authenticity of the reminder letters for chasing payment which were sent by Sunco Timber Co., Ltd. to Infinity LLC in this set of Exhibits. Linda Sun did not receive the reminder letters for chasing payment which were sent to Linda Sun, so she does not accept the contents of the reminder letters for chasing payment. Linda Sun is not a shareholder of Sunco Timber Co., Ltd. and has not transferred any interest of Sunco Timber Co., Ltd., so Linda Sun is not obligated to settle the payment for goods;

About Exhibit 9, its authenticity cannot be confirmed, even if it is true; all information is information about the normal course of business operation of Sunco Timber Co., Ltd., and all information is indicating that the employees of Sunco Timber Co., Ltd. are handling the business operation matters in a normal manner, and it is impossible to prove that Linda Sun has harmed the interests of the Company. The actual controller of Sunco Timber Co., Ltd. is still Guoqing Wu, and the official seal of the Company is used in all export business of Sunco Timber Co., Ltd. and the official seal has been controlled by Guoqing Wu during this period, so it is impossible for Linda Sun to control the Company to complete the export business by herself alone;

About Exhibit 10, the authenticity, legality and relevance are not accepted, and the purpose of

the Exhibit is also not accepted. Linda Sun did not attend this meeting and is not aware of the existence of the meeting, and also, she also does not accept the content of the meeting. After the change of equity interest of Sunco Timber Co., Ltd. in April 2015, Guoqing Wu became the legal representative of the Company, held the official seal of the Company and was responsible for the operation and management of Sunco Timber Co., Ltd., and Guoqing Wu is the actual controller of Sunco Timber Co., Ltd. until now;

About Exhibit 11, its authenticity and legality are accepted, but the relevance is not accepted, this Exhibit is not relevant to this case, and the purpose of this Exhibit is also not accepted. After the change of equity interest of Sunco Timber Co., Ltd. in April 2015, Guoqing Wu became the legal representative of the Company, held the official seal of the Company and was responsible for the operation and management of Sunco Timber Co., Ltd., and Guoqing Wu is the actual controller of Sunco Timber Co., Ltd. until now;

About Exhibit 12, its authenticity, legality and relevance are not accepted; Linda Sun had left blank sheets of paper with her signature in the margin at Sunco Timber Co., Ltd., which may have been printed by Sunco Timber Co., Ltd. later;

About Exhibit 13, its authenticity cannot be confirmed and is not relevant to this case, even if they are all true; the fact that Linda Sun, as the general manager of Sunco Timber Co., Ltd. since February 2, 2018, was required to sign during the financial expenditure process in the financial system is justified, it is not sufficient to prove that Linda Sun is the actual controller of Sunco Timber Co., Ltd., and the de facto controller of Sunco Timber Co., Ltd. is still Guoqing Wu;

About Exhibit 14, its authenticity cannot be confirmed and has no relevance to this case, even if they are all true; Ruihua Xiao is the chair and legal representative of Sunco Timber Co., Ltd. since February 2018. The Chair of the Board of Directors in this email is only a note from the sender and is only sent to the so-called "Chairman of the Board of Directors" as a recipient in the CC list, so it is not sufficient to prove that all daily business operation activities of Sunco Timber Co., Ltd. must be approved by Linda Sun and that Linda Sun is the actual controller of Sunco Timber Co., Ltd. The recipient, Manager Gao, is the financial manager hired by Guoqing Wu, who is responsible for specific matters, so the actual controller of Sunco Timber Co., Ltd. is still Guoqing Wu;

About Exhibit 15, its authenticity cannot be confirmed, even if they are all true; they are all emails exchanged in the normal course of business operation of Sunco Timber Co., Ltd., they are

indicating that the employees of Sunco Timber Co., Ltd. are handling business operation matters in a normal manner, and they are only sent to Linda Sun as a recipient in the CC list. It is not sufficient to prove that Linda Sun has full control over Sunco Timber Co., Ltd., and the actual controller of Sunco Timber Co., Ltd. is still Guoqing Wu. The official seal of Sunco Timber Co., Ltd. needs to be used in all export business of the Company, and the official seal has been controlled by Guoqing Wu during this period, so Linda Sun could not control the Company to complete the export business by herself alone;

About Exhibit 16, its authenticity cannot be confirmed, even if they are all true; they are all emails exchanged in the normal course of business operation of Sunco Timber Co., Ltd., they are all indicating that the employees of Sunco Timber Co., Ltd. are handling business operation matters in a normal manner, and they are only sent to Linda Sun as a recipient in the CC list. It is not sufficient to prove that Linda Sun has full control over Sunco Timber Co., Ltd. and has harmed the interests of the Company, and the actual controller of Sunco Timber Co., Ltd. is still Guoqing Wu. The official seal of Sunco Timber Co., Ltd. needs to be used in all export business of the Company, and the official seal has been controlled by Guoqing Wu during this period, so Linda Sun could not control the Company to complete the export business by herself alone. In the relevant emails, the handling person of Sunco Timber Co., Ltd. was the same—Manager Gao, who was hired by Guoqing Wu as the financial manager and was responsible for specific matters;

About Exhibit 17, its authenticity is not accepted; Linda Sun never signed the Equity Transfer Agreement, so this Equity Transfer Agreement is obviously a forgery. This Equity Transfer Agreement is identical to the Equity Transfer Agreement dated September 8, 2014 on pages 1, 2, 4, 5, and 6, but only page 4 is signed by Linda Sun. Only the content of page 3 has been changed, and the main Articles changed are Article 3.11 and Article 5. The content of Article 3.11 was added to address the outstanding receivables, and the relevant content of Article 5 was reduced for no reason, with the ultimate goal of ensuring that the entire third page of the Equity Transfer Agreement remains unchanged, so that the fourth page with Linda Sun's signature is identical to the Equity Transfer Agreement dated September 8, 2014. Linda Sun believes that this Equity Transfer Agreement is an Exhibit deliberately forged by Sunco Timber Co., Ltd. and its controller, Guoqing Wu, who may have forged signatures or added pages 1, 2, 3, 5, and 6 to the blank pages signed by Linda Sun after printing the contents in an attempt to maliciously create an obligation on the part of Linda Sun and Sunco Inc.;

In addition, in the arbitration case between Sunco, Inc. and Qiyi Co., Ltd., neither of the parties, as the subject of the equity transfer, had ever proposed the existence of the Equity Transfer Agreement, which is clearly contrary to common sense. Article 6.8 of this Equity Transfer Agreement also has contents about exclusivity, so if the parties had actually signed the Equity Transfer Agreement, then it is not possible for both parties not to provide it in an arbitration case;

About Exhibit 18, Linda Sun has never received the letter, so she does not accept the contents of the letter. Linda Sun has never harmed the interests of the Company, and all transactions with Infinity LLC are normal sales operations of Sunco Timber Co., Ltd., and if Sunco Timber Co., Ltd. believes that Infinity LLC owes money, Sunco Timber Co., Ltd. should file a lawsuit in accordance with the law;

About Exhibit 19, its authenticity cannot be confirmed, all transactions with Infinity LLC are the normal sales operations of Sunco Timber Co., Ltd., and if Sunco Timber Co., Ltd. believes that Infinity LLC owes money, Sunco Timber Co., Ltd. should file a lawsuit in accordance with the law;

About Exhibit 20, its authenticity is accepted, but it is not possible to prove that Linda Sun has harmed the interests of the Company.

At the request of the Court, Linda Sun submitted to the Court the Shanghai Trade Arbitration Verdict No. 0349 of Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center) dated April 29, 2021, and the parties expressly did not dispute the authenticity of the verdict.

Opinions about identification by the Court: For the Exhibits that are not disputed by the parties, the Court will confirm them and file them as evidence; for the disputed Exhibits, the Court will comprehensively determine them by combining them with other Exhibits and the facts.

Based on the statements of the parties and the Exhibits confirmed by the examination, the Court finds the facts as follows:

Sunco Timber Co., Ltd. is a wholly foreign-owned enterprise established on April 8, 2003, and Sunco, Inc. originally held 100% of the equity interest of Sunco Timber Co., Ltd. On April 28, 2015, Sunco Timber Co., Ltd. changed its business registration, changing its company type from a limited liability company (wholly owned by a foreign legal entity) to a limited liability company (Sino-foreign joint venture), changing its legal representative from Linda Sun to Guoqing Wu, and changing its shareholders from 100% held by Sunco, Inc. to 48% held by Sunco, Inc., and 52% held by Qiyi Co., Ltd. On February 11, 2018, the legal representative of Sunco Timber Co., Ltd.

was changed from Guoqing Wu to Ruihua Xiao. Currently, the directors of Sunco Timber Co., Ltd. are Ruihua Xiao, Qiong Xiao and Linda Sun, among which Ruihua Xiao is the chair of the Board of Directors.

The business scope of Sunco Timber Co., Ltd. is the production of wooden building and decoration products, wooden furniture and accessories, the sale of self-produced products, and the rental of its own plant. Sunco Timber Co., Ltd. has been supplying goods to Infinity LLC for a long time since its establishment, and the two parties have been cooperating with each other for many years. The 2018 annual financial audit report of Sunco Timber Co., Ltd. shows that the accounts receivable of Sunco Timber Co., Ltd. from Infinity LLC is RMB 40,399,998.74 and the accounts payable to Linda Sun is RMB 20,957,013.74. 2019 annual financial audit report of Sunco Timber Co., Ltd. shows that the accounts receivable of Sunco Timber Co., Ltd. from Infinity LLC is RMB 46,730,580.43 and the accounts payable to Linda Sun is RMB 20,957,013.74.

Infinity LLC is a company incorporated under the laws of Delaware, which is engaged in the business of selling and distributing home improvement related products and services in Massachusetts, and is managed by Shillock Yuan (Shillock YUAN-SUN) and David Sun (David SUN), who is the son of Defendant Linda Sun in this case.

The Share Sale & Transfer Agreement dated April 29, 2013, which was presented by Sunco Timber Co., Ltd. as an Exhibit, was signed by Sunco, Inc. as the seller and Linda Sun as the buyer, and it was agreed that Sunco, Inc. would transfer its 100% equity interest in Sunco Timber Co., Ltd. to Linda Sun for a price of $2.5 million. This amount shall be paid in a lump sum cash payment upon delivery. Sunco, Inc. shall deliver a share certificate representing the subject shares to Linda Sun.

The Court also found that in July 2019, Sunco, Inc. as the Claimant, with Qiyi Co., Ltd. as the Respondent, submitted the Equity Transfer Agreement dated September 8, 2014 to the Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center), demanding that Qiyi Co., Ltd. pay RMB 15 million for the transfer of equity together with interest and liquidated damages of RMB 3 million. On April 29, 2021, the Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center) issued Shanghai Trade Arbitration Verdict No. 0349 (2021) on the facts in relation to the dispute in this

case as follows: "1. Regarding the shareholders of Sunco Timber Co., Ltd. at the time when the disputed Transfer Agreement was signed ... ... the above facts can be found, proving that Linda Sun did not obtain the qualification of shareholder under the Share Sale & Transfer Agreement, and the shareholder of Sunco Timber Co., Ltd. at the time when the disputed Equity Transfer Agreement was signed was the Claimant Sunco, Inc. … … Therefore, the Arbitration Tribunal found that the Set-off Agreement had the effect of offsetting debts, and Qiyi Co., Ltd. completed the offsetting of debts on July 30, 2016, and was no longer obligated to pay Linda Sun, nor was it obligated to pay Sunco, Inc. the amount of RMB 15 million for the equity transfer. .... ... Based on the prior agreement of the two parties, the Arbitration Tribunal upheld the third arbitration request and found that Qiyi Co., Ltd. should pay Sunco, Inc. RMB 3 million as liquidated damages for its breach of agreement for the late payment of the amount for equity transfer. ... ..."; accordingly, the Arbitration Tribunal awarded Qiyi Co., Ltd. to pay Sunco, Inc. the liquidated damages of RMB 3 million, and did not support the rest of the arbitration requests of Sunco, Inc.

The main points in dispute in this case are: 1. Whether or not Linda Sun is a shareholder of Sunco Timber Co., Ltd. and further whether or not she is qualified to be the Defendant in this case. 2. Is it valid for the claim of Sunco Timber Co., Ltd. that Linda Sun used her affiliated relationship to harm the interests of the Company and thus Sunco Timber Co., Ltd. can claim compensation?

The Court considers that:

1. About the application of the laws in this case. Defendant Linda Sun is a natural person from the United States of America, so the dispute is a civil and commercial case involving foreigners. Article 44 of the Law of the People's Republic of China on the Application of Laws to Foreign-Related Civil Relations provides that: "Tort liability, the law of the place of tort shall apply, but if the parties have a common place of permanent residence, the law of the common place of permanent residence shall apply. After the occurrence of the tort, if the parties agree to choose the applicable law, their agreement shall apply." In this case, the place of infringement claimed by Sunco Timber Co., Ltd. is Kunshan City, Jiangsu Province, and both parties chose to apply the law of the People's Republic of China in the trial. Therefore, the Court determines that the law of the People's Republic of China is the applicable law for the resolution of this dispute.

2. About the handling of the entities in this case

(1) Whether or not Linda Sun is a shareholder of Sunco Timber Co., Ltd. and further whether or not she is qualified as a Defendant

At the time of establishment of Sunco Timber Co., Ltd., the shareholder which held 100% of shares was Sunco, Inc., but the current business registration and Articles of Incorporation of Sunco Timber Co., Ltd. show that Sunco, Inc. holds 48% of shares of Sunco Timber Co., Ltd. and Qiyi Co., Ltd. holds 52% of shares of Sunco Timber Co., Ltd. after the transfer of equity interest. Therefore, from the establishment of Sunco Timber Co., Ltd. to the occurrence of this dispute, Linda Sun has never been a registered shareholder of Sunco Timber Co., Ltd. Now, Sunco Timber Co., Ltd. claims that Linda Sun is its shareholder based on the Share Sale & Transfer Agreement dated April 29, 2013, but the signing of the Share Sale & Transfer Agreement does not mean that the transferee has acquired the qualification of a shareholder, and in this case, Sunco Timber Co., Ltd. did not provide further Exhibits to prove that Linda Sun and Sunco, Inc. had actually performed the Share Sale & Transfer Agreement, nor did it provide Exhibits to prove that the Articles of Incorporation of Sunco Timber Co., Ltd., the shareholder register, industrial and commercial registration, capital contribution certificate and other documents change the identity of the shareholder Sunco, Inc. to Linda Sun; in addition, the increase or transfer of registered capital of a foreign enterprise at the time of the Share Sale & Transfer Agreement must be approved by the approval authority and registered with the Administration for Industry and Commerce. The transfer of shares of the wholly foreign-owned enterprise Sunco Timber as agreed in the Share Sale & Transfer Agreement in the case has not been approved by the approval authority; and when Qiyi Co., Ltd. became a shareholder of Sunco Timber Co., Ltd. in 2014, the business change was also registered on the basis of the Equity Transfer Agreement signed by Sunco, Inc. as the transferor. Taking into consideration the above facts together, the Court finds that it is not valid for the claim presented by Sunco Timber Co., Ltd. that Linda Sun acquired all the shares of Sunco Timber Co., Ltd. in 2013 pursuant to the Share Sale & Transfer Agreement.

Although Linda Sun is not a shareholder of Sunco Timber Co., Ltd., she is a director of Sunco Timber Co., Ltd. Article 21 of the Company Law of the People's Republic of China stipulates that the subjects who shall bear the liability for using the affiliated relationship to harm the interests of the Company are "the controlling shareholder, the actual controller, directors, supervisors and senior managers of the Company," so Linda Sun, as a director of Sunco Timber Co., Ltd., should still bear the liability if she has used the affiliated relationship to harm the interests of the Company. Accordingly, Linda Sun is qualified as Defendant in this case.

(3) Whether or not Linda Sun has used the affiliated relationship to harm the interests of the Company

The 2018 and 2019 annual financial audit reports of Sunco Timber Co., Ltd. show that Infinity LLC is its only customer, and the representative of Infinity LLC, David Sun (David SUN), is the son of Linda Sun in this case. Therefore, it can be concluded that Sunco Timber Co., Ltd. and Infinity LLC are related to each other and the furniture export and sale transactions between them are affiliated transactions. About whether or not the affiliated transaction is detrimental to the interests of the Company, we should examine whether or not the value consideration of the affiliated transaction is fair and whether or not the procedures of the affiliated transaction are in compliance with laws and regulations. In this case, Sunco Timber Co., Ltd. did not have Exhibits to prove that the transaction between Sunco Timber Co., Ltd. and Infinity LLC was unreasonable, and it was clear during the trial that Sunco Timber Co., Ltd. could not confirm whether or not the transaction price was fair. And in terms of the transaction process, Sunco Timber Co., Ltd. failed to provide Exhibits to prove that Linda Sun, a director, concealed the transactions between Sunco Timber Co., Ltd. and Infinity LLC from the Board of Directors of the Company, and also failed to provide Exhibits to prove that the transactions between Sunco Timber Co., Ltd. and Infinity LLC did not comply with laws, regulations or the decision-making process required by the bylaws of the Company.

Now, the damaging behavior claimed by Sunco Timber Co., Ltd. is mainly the fact that its outstanding receivables from Infinity LLC have not been collected, but this cannot be directly defined as a behavior damaging the interests of the Company. Infinity LLC, the counterparty to the affiliated transaction, confirmed the fact and amount of the outstanding amount in its Corporate Inquiry Letter dated April 29, 2019 in a reply to Sunco Timber Co., Ltd., and in light of the fact that there are long-term transactions and credit accounts between Sunco Timber Co., Ltd. and Infinity LLC, in the absence of any other remedy by Sunco Timber Co., Ltd. other than the sending of reminder letters for chasing payment, it is not possible to confirm the loss caused to Sunco Timber Co., Ltd. as a result of the non-collection of the outstanding payment, and it is also not possible to find that Linda Sun, as a director of the Company, has any behaviors harming the interests of the Company.

In view of the above explanation, the Court does not support the claim of Sunco Timber Co., Ltd. because of the lack of grounds. In accordance with Article 44 of the Law of the People's Republic of China on the Application of Laws to Foreign-Related Civil Relations, Article 64 and Article 142 of the Civil Procedure Law of the People's Republic of China, the judgment is made as follows:

The claims of Plaintiff Sunco Timber (Kunshan) Co., Ltd. are dismissed.

The case fee of RMB 276,453 shall be borne by Plaintiff Sunco Timber (Kunshan) Co., Ltd.

In case of not agreeing with this judgment, Sunco Timber (Kunshan) Co., Ltd. may appeal to the Jiangsu High People's Court within fifteen (15) days from the date of delivery of the judgment, and Linda Sun (Linda Sun) may appeal to this Court within thirty (30) days from the date of delivery of the judgment, and copies according to the number of persons of the opposing parties shall be submitted to appeal to the Jiangsu High People's Court.

At the same time, in accordance with the relevant provisions of the "Measures on the Payment of Litigation Costs," the appeal case handling fee shall be paid to the Court in advance.

Presiding Judge    Shuijuan Yu
Judge              Yanfang Cai
Judge              Cheng Li

This document is the same as the original according to the verification result.

November 29, 2021
Clerk     Sisi Tian

15

## Appendix    Legal Provisions

**"Law of the People's Republic of China on the Application of Laws to Foreign-Related Civil Relations"**

**Article 44**    Tort liability, the law of the place of tort shall apply, but if the parties have a common place of permanent residence, the law of the common place of permanent residence shall apply. After the occurrence of the tort, if the parties agree to choose the applicable law, their agreement shall apply.

**"Civil Procedure Law of the People's Republic of China"**

**Article 64**    It is the responsibility of the parties to provide Exhibits for their own claims.

If the parties and their agents ad litem cannot collect Exhibits due to objective reasons, or if the people's court believes that the case needs Exhibits, the people's court shall investigate and collect Exhibits.

In accordance with legal procedures, the people's court shall comprehensively and objectively examine and verify the Exhibits.

**Article 142**    At the end of court arguments, judgment should be made in accordance with the law. If mediation is possible before the judgement, mediation can also be conducted; and if mediation fails, the judgment shall be made in a timely manner.

# 中华人民共和国
## 江苏省苏州市中级人民法院
## 民 事 判 决 书

（2021）苏05民初90号

原告：森科木业（昆山）有限公司，住所地中华人民共和国江苏省昆山市锦溪镇锦商路327号。

法定代表人：肖瑞华，该公司董事长。

委托诉讼代理人：吴景贵，上海合鸿律师事务所律师。

被告：孙琳达（Linda Sun），女，美利坚合众国国籍，1946年7月16日出生，护照号码577710121

委托诉讼代理人：龚炯，江苏海联海律师事务所律师。

委托诉讼代理人：张霄南，江苏海联海律师事务所律师。

原告森科木业（昆山）有限公司（以下简称森科木业公司）因与被告孙琳达（Linda Sun）损害公司利益责任纠纷一案，向本院起诉，本院于2021年1月11日立案后，依法适用普通程序于2021年10月28日公开开庭进行了审理，原告森科木业公司委托诉讼代理人吴景贵、被告孙琳达委托诉讼代理人龚炯到庭参加诉讼。本案现已审理终结。

森科木业公司向本院提出诉讼请求：1.判令孙琳达赔偿森科木业公司货款损失6712182.11美元（折合人民币46730580.43元）及利息

1

损失 200000 元（以 46730580.43 元为基数，自 2019 年 4 月 30 日计算，暂算至 2020 年 12 月 31 日，计算至实际支付之日止，按照全国银行间同业拆借中心公布的贷款市场报价利率的两倍计算）；2. 判令本案诉讼费由孙琳达承担。事实和理由：孙琳达原为森科木业公司独资股东，2014 年将 52% 的股权转让给江苏奇意投资有限公司（以下简称奇意公司），孙琳达继续为董事长，实际控制公司，负责对外销售的一切事宜，且森科木业公司的所有业务均为外销，且仅有一家客户，截至 2019 年 4 月 29 日，美国盈枫利责任有限公司（INFINNITY WOOD PRODUCTS, LLC）（以下简称盈枫利公司）结欠森科木业公司货款 6712182.11 美元，2019 年 6 月 14 日孙琳达突然销声匿迹，森科木业公司向盈枫利公司追要货款，该公司置之不理。森科木业公司经查询得知，盈枫利公司为孙琳达儿子孙福君（David Sun）的公司，孙琳达作为森科木业公司的股东之一、任董事长职务，利用上述地位进行关联交易导致公司无法索要上述款项，其已经违反公司法的相关规定，依法应当承担赔偿责任。

被告孙琳达辩称：一、森科木业公司恶意歪曲基本事实。孙琳达并非森科木业公司股东，森科木业公司设立时的股东是森科公司（Sunco, Inc），后森科公司将 52% 股权转让给奇意公司，森科木业公司的股东为森科公司及奇意公司。二、孙琳达仅是森科公司委派到森科木业公司处的董事，2015 年森科公司与奇意公司完成股权转让后，森科木业公司的法定代表人、董事长及总经理均变更为吴国庆，另一董事为奇意公司委派的肖琼。吴国庆和肖琼是奇意公司股东，共同持有百分之百股权。股权转让完成后，森科木业公司一直由吴国庆控制并负责经营管理。三、森科木业公司与盈枫利公司的交易长达十余年，

股权转让前均是正常支付货款。吴国庆接管森科木业公司后是由其负责与盈枫利公司的外销交易事宜，森科木业公司的客户也并非只有盈枫利公司一家。四、森科木业公司与盈枫利公司的交易都是正当交易，价格公允。双方之间的交易未造成森科木业公司任何损失，反而给森科木业公司创造了巨大的利益，孙琳达也从未恶意控制森科木业公司与盈枫利公司发生不正当交易。五、虽然目前森科木业公司的审计报告体现盈枫利公司尚有货款未予结清，但这是属于正常的交易风险，森科木业公司应当通过正常途径主张货款或依法起诉主张货款。奇意公司作为实际控制森科木业公司的股东，吴国庆作为森科木业公司的实际控制人，恶意以森科木业公司名义起诉孙琳达，而不通过正常途径主张货款，维护森科木业公司权益，因此可能造成森科木业公司及另一股东森科公司的损失。综上，森科木业公司起诉无事实与法律依据，请求驳回其诉讼请求

为支持其诉讼请求，原告森科木业公司向本院提交以下证据：

证据1.苏华专审（2019）第5116号审计报告、企业询证函，证明截止2018年底盈枫利公司结欠森科木业公司的货款为5886466.77美元，在证据的第18页可以看出森科木业公司仅有一个客户，也就是盈枫利公司，并且销售额巨大，到2018年结欠的款项也很大。证据的第20页询证函，是盈枫利公司的负责人孙福君，即孙琳达的儿子签字确认截止到2018年结欠森科木业公司的货款五百多万美元；

证据2.苏华专审（2020）第5098号审计报告，证明截止到2019年底盈枫利公司结欠货款的情况，也就是本案的诉讼主张金额。特别提醒法庭注意，2018年底到2019年以后外部环境特别差，但在这种情况下孙琳达作为公司的实际控制人负责销售，赊账金额不但没有减

3

少，反而增加很明显，其利用了这种特殊的关系，将森科木业公司的利益输送给其儿子实际控制的关联公司，盈枫利公司恶意行为相当明显。从 2019 年的 6 月份，孙琳达突然离开公司，导致自此以后森科木业公司款项没有收回来，可以看出孙琳达的主观恶意明显严重损害了森科木业公司的利益，依法应当承担法律责任；

证据 3. 使领馆认证的股权售让协议书，证明孙琳达属于森科木业公司的股东之一，使领馆的认证书签发当时，即股权交易完成日期是 2013 年 4 月份，孙琳达就取得了在森科木业公司的股东地位；

证据 4. 委派书、昆劳人仲案字（2019）1208 号裁决书，证明孙琳达是公司的董事之一，实际履行董事长职务，负责公司所有经营事宜；

证据 5. 盈枫利公司的工商登记资料及相关的认证资料，证明盈枫利公司实际所有人是孙琳达的儿子孙福君、儿媳袁希乐；

证据 6. 孙福君与袁希乐的结婚证、财产约定书，证明孙福君、袁希乐是夫妻关系；

证据 7. 售房委托书，证明孙福君和孙琳达是母子关系，孙琳达利用董事长身份将森科木业公司的货物全部销售给盈枫利公司；

证据 8. 催款邮件、催款函以及对应的快递单，证明 2019 年 6 月 14 日孙琳达突然消失导致森科木业公司的 4670 多万元货款无法收回，其应当承担法律责任；

证据 9. 共 18 册，系出口订单、报关单、发票和装箱单，是对审计报告中确认盈枫利公司结欠款项的补强，进一步证明盈枫利公司欠森科木业公司金额的补强证据；

证据 10. 2019 年 8 月份的会议记录，证明森科木业公司实际上一直是由孙琳达实际控制的，系对孙琳达认为吴国庆控制公司进行驳斥；

4

证据 11. 相关的政府文件，进一步证明在 2019 年 6 月 14 日孙琳达离开公司前，其是完全掌控公司的；

证据 12. 2019 年 7 月 24 日孙琳达寄回来的一个文件，当时其授权由肖瑞华和肖琼来处理公司的一切事宜，证明在孙琳达离开昆山之前所有的事务都是由其经手，公司由其掌控，也进一步证明实际上公司是能够高效运转的；

证据 13. 2018 年 7 月至 2019 年 6 月公司日常支付的单据，这些报销单据基本上都是由孙琳达签字，进一步证明公司所有的事宜均是由其控制的；

证据 14. 2019 年 4、5、6 月份的邮件，系员工花名册以及食堂费用的邮件，证明公司日常经营活动实际上都是抄送给董事长即孙琳达的，其邮箱地址也证明公司是孙琳达控制的，这说明对方在庭审中陈述公司是由吴国庆控制与事实是不相符的；

证据 15. 2018 年 6 月至 2019 年 7 月份的生产装箱、出口付款等往来的邮件，证明孙琳达在实际控制公司期间将所有的产品发给其儿子的公司，这个邮件也没有抄送给吴国庆，都是其一人在掌控。同时这些邮件中的单据和证据 13 也是相互印证的；

证据 16. 邮件一组，证明孙琳达和其儿子孙福君共同损害公司利益的行为，吴国庆对经营或者外贸的应收账款不知情；

证据 17. 股权转让协议，在 3.1 条中已经明确表明孙琳达必须保证累计的应收账款不超过 2000 万，同时确保在 2019 年底全部收回；

证据 18. 函件，证明自 2020 年 1 月份起森科木业公司就不断发函催款，但孙琳达均不予以回复；

证据 19. 森科木业公司多次催款，在催款过程中孙琳达以及盈枫

利公司不但不回复，还把森科木业公司的邮件全部拉黑，导致无法正常地催款，证明孙琳达损害公司利益的行为相当明显;

证据20. 公司解散纠纷案件的起诉状，证明盈枫利公司以及孙琳达、孙福君不配合支付货款，还发起一个解散公司的诉讼，这也证明孙琳达侵害公司的行为是相当明显的。

孙琳达经质证认为:

关于证据1，真实性认可，但是孙琳达及森科公司均未参与审计过程，对于审计报告的内容不予认可，盈枫利公司是否还有货款未予支付以及尚有多少货款未予支付，孙琳达并不清楚，且从审计报告中可以看出，森科木业公司尚有对孙琳达的其他应付款 20957013.74 元未予以支付，孙琳达也将保留依法主张的权利。对于证据一中企业征询函的真实性孙琳达无法确认;

关于证据2，真实性认可，但是孙琳达及森科公司均未参与审计过程，对于审计报告的内容不予认可，盈枫利公司是否还有货款未予支付以及尚有多少货款未予支付，孙琳达并不清楚，因为股权转让后实际负责森科木业公司经营的是吴国庆并非是孙琳达，森科木业公司的业务均是出口业务，出口业务中均需要使用公章等材料，这些材料均是在吴国庆控制中，孙琳达不可能在该时间段与盈枫利公司进行任何交易;

关于证据3，真实性无法确认，孙琳达从未签过该份资料。从森科木业公司提供的该份证据的原件也可以看出孙琳达签名处实际是未签字的。即使该份证据是真实的，该份协议事实上未发生法律效力，也不能起到变更森科木业公司股权的法律后果。森科木业公司股东，目前是森科公司及奇意公司;

6

关于证据4，对委派书真实性认可，该证据也证明孙琳达仅是森科公司委派到森科木业公司的董事。对于裁决书的真实性认可，但证明目的不认可。孙琳达仅是森科木业公司的董事，孙琳达是否履行董事长职务应当是由森科木业公司的股东及董事确认，而不应当由森科木业公司的某一个员工来认为孙琳达是否是董事长。而在该份裁决书中作为被申请人的森科木业公司在质证时已经明确表示孙琳达并不是其董事长，这是森科木业公司所陈述的事实，而从客观来说，自2015年股权转让后，孙琳达也从未担任森科木业公司董事长；

关于证据5，对于该组证据的真实性认可，但与本案没有关联性；

关于证据6，对于该组证据的真实性认可，但与本案没有关联性；

关于证据7，对于该组证据真实性认可，但对于证明目的不认可。森科木业公司与盈枫利公司交易均是正当合法，股权转让后系吴国庆负责与盈枫利公司之间的交易；

关于证据8，对于该组证据中森科木业公司寄给盈枫利公司的催款函，孙琳达无法确认真实性。对于寄给孙琳达的催款函，孙琳达并未收到，且对于催款函的内容不予认可。孙琳达并非森科木业公司股东，也未转移森科木业公司利益，孙琳达也没有义务清偿货款；

关于证据9，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的资料，都是森科木业公司员工在正常处理经营事宜，并不能以此证明孙琳达损害公司利益。森科木业公司的实际控制人依然是吴国庆，在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能一个人控制公司完成出口业务；

关于证据10，真实性、合法性、关联性均不认可，证明目的也不

认可。孙琳达并未参与该次会议，是否真实存在均不知情，会议内容也不认可。2015 年 4 月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人；

关于证据 11，真实性、合法性认可，关联性不认可，该证据与本案没有关联性，证明目的也不认可，2015 年 4 月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人；

关于证据 12，真实性、合法性、关联性均不认可，孙琳达有在空白处签字的白纸留存在森科木业公司处，该文件可能是后被森科木业公司打印上去的；

关于证据 13，真实性无法确认且与本案没有关联性，即使都是真实的，2018 年 2 月 2 日起，孙琳达作为森科木业公司的总经理，在财务制度中要求其在财务支出流程中签字也是正当的，但是并不能以此证明孙琳达是森科木业公司的实际控制人，森科木业公司的实际控制人依然是吴国庆；

关于证据 14，真实性无法确认且与本案没有关联性，即使都是真实的，2018 年 2 月起，肖瑞华才是森科木业公司的董事长及法定代表人，该邮件中的董事长只是发件人的备注且只是抄送给所谓的"董事长"，并不能以此证明森科木业公司的日常所有经营活动必须由孙琳达审批及孙琳达是森科木业公司的实际控制人，收件人高经理是吴国庆聘用的财务经理，其负责具体事务，森科木业公司的实际控制人依然是吴国庆；

关于证据 15，真实性无法确认，即使都是真实的，也都是森科木

8

业公司正常经营过程中的邮件往来，是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务；

关于证据 16，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的邮件往来，都是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，损害公司利益，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务。相关邮件中森科木业公司的处理人员都是高经理，其是吴国庆聘用的财务经理，其负责具体事务；

关于证据 17，真实性不认可，孙琳达从未签署过该份《股权转让协议书》，该《股权转让协议书》明显是伪造的。该份《股权转让协议书》与 2014 年 9 月 8 日的《股权转让协议书》第 1、2，4，5，6 页内容完全一致，但却仅有第 4 页有孙琳达签字。内容仅有第 3 页进行了变动，主要条款变动为第 3.11 条及第五条。3.11 条增加的内容就是针对结欠的应收款，第五条无故减少了相关内容，最终目的就是保证《股权转让协议》第三页的整页内容不变，使得第四页孙琳达签字页内容与 2014 年 9 月 8 日的《股权转让协议书》内容完全一致。孙琳达认为这份《股权转让协议》是森科木业公司及其控制人吴国庆处心积虑伪造的证据，可能伪造签名或者在孙琳达签订的空白页上打印内容后添加第 1、2、3、5、6，企图恶意制造孙琳达及森科公司的义务；

另在森科公司与奇意公司的仲裁案件中作为股权转让主体的双方均未提出过签订有该份《股权转让协议书》，明显有违常理。该份《股权转让协议书》第6.8条也作了排他性的约定，如果双方真实的签订的该份《股权转让协议书》，那在仲裁案件中就不可能均予不提供；

关于证据18，孙琳达从未收到过函件，对于函件所述内容不予认可。孙琳达从未损害公司利益，与盈枫利公司的交易都是森科木业公司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠款项应当依法诉讼；

关于证据19，真实性无法确认，与盈枫利公司的交易都是森科木业公司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠款项应当依法诉讼；

关于证据20，真实性认可，但不能证明孙琳达损害公司利益。

经本院要求，孙琳达向本院提交了上海国际经济贸易仲裁委员会（上海国际仲裁中心）于2021年4月29日作出的（2021）沪贸仲裁字第0349号裁决书，各方明确对于裁决书的真实性没有异议。

本院认证意见：对当事人无异议的证据，本院予以确认并在卷佐证；对有争议的证据，本院将结合其他证据及案件事实综合予以认定。

根据当事人陈述和经审查确认的证据，本院认定事实如下：

森科木业公司是2003年4月8日成立的外商独资企业，森科公司原持有森科木业公司100%的股权。2015年4月28日，森科木业公司办理工商变更登记，公司类型由有限责任公司(外国法人独资)变更为有限责任公司(中外合资)，法定代表人由孙琳达变更为吴国庆，股东由森科公司100%持股变更为森科公司持股48%、奇意公司持股52%。2018年2月11日，森科木业公司法定代表人由吴国庆变更为肖瑞华。

目前森科木业公司的董事分别为肖瑞华、肖琼、孙琳达，其中肖瑞华任董事长。

森科木业公司的经营范围是生产木质建筑装潢用制品，木质家具及配件，销售自产产品，自有厂房出租。森科木业公司自成立伊始，长期为盈枫利公司供货，双方存在多年合作关系。森科木业公司2018年度财务审计报告显示森科木业公司盈枫利公司的应收账款是40399998.74元，对孙琳达的应付款是20957013.74元。森科木业公司2019年度财务审计报告显示森科木业公司对盈枫利公司的应收账款是46730580.43元，对孙琳达的应付款是20957013.74元。

盈枫利公司是一家依据特拉华州法律成立的公司，该公司在马萨诸塞州开展与家居装饰有关的产品和服务的销售和分销业务，公司管理人员为袁希乐（Shillock YUAN-SUN）和孙福君（David SUN），孙福君系本案被告孙琳达的儿子。

森科木业公司举证的2013年4月29日的《股份售让协议书》，系由森科公司作为卖方、孙琳达作为买方签订，约定森科公司将其持有的森科木业公司100%的股权转让给孙琳达，转让价格为250万美元，在交割时以一次性现金支付方式结算，森科公司应将代表标的股份的股份证书交付给孙琳达。

本院另查明，2019年7月，森科公司作为申请人，以奇意公司为被申请人，向上海国际经济贸易仲裁委员会（上海国际仲裁中心）提交2014年9月8日的《股权转让协议书》，要求奇意公司支付股权转让款1500万元以及利息、违约金300万元，上海国际经济贸易仲裁委员会（上海国际仲裁中心）于2021年4月29日作出（2021）沪贸仲裁字第0349号裁决书，就该案所涉争议相关事实作出如下认定："1.

关于系争《转让协议》签订时的森科木业公司股东 ……上述事实可以认定孙琳达并未根据《股份售让协议书》获得股东资质，系争《转让协议》签订时森科木业公司的股东为申请人森科公司。……因此仲裁庭认定，折抵协议产生了债务抵销的效果，奇意公司于 2016 年 7 月 30 日完成债务抵销，自此不再向孙琳达负有支付义务，亦不再负有向森科公司支付 1500 万元股权转让款的义务。……仲裁庭根据双方的事先约定，支持第三项仲裁请求，认定奇意公司应当向森科公司就其延迟支付股权转让款项的违约行为支付违约金 300 万元。……"，据此仲裁庭裁决奇意公司向森科公司支付违约金 300 万元，对于森科公司的其余仲裁请求不予支持。

本案主要争议焦点在于：一、孙琳达是否为森科木业公司的股东进而其作为本案被告是否适格？二、森科木业公司主张孙琳达存在利用关联关系损害公司利益的行为进而要求赔偿能否成立？

本院认为：

一、关于本案的法律适用。本案被告孙琳达系美利坚合众国自然人，故本案纠纷属于涉外民商事案件。本案系损害公司利益责任纠纷，属于因侵权行为提起的诉讼，《中华人民共和国涉外民事关系法律适用法》第四十四条规定："侵权责任，适用侵权行为地法律，但当事人有共同经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事人协议选择适用法律的，按照其协议。"本案中，森科木业公司主张的侵权行为地系江苏省昆山市，且在庭审中双方当事人均选择适用中华人民共和国法律，故本院确定中华人民共和国法律为解决本案纠纷的准据法。

二、关于本案的实体处理

（一）孙琳达是否为森科木业公司的股东进而其作为被告是否适格

森科木业公司成立时持股100%的股东是森科公司，而森科木业公司当前的工商登记信息和章程均显示，经股权转让后森科公司持有森科木业公司48%的股权，奇意公司持有森科木业公司52%的股权。所以，从森科木业公司设立至本案纠纷发生，孙琳达从未成为森科木业公司工商登记的股东。现森科木业公司以2013年4月29日《股份售让协议书》主张孙琳达系其股东，但《股份售让协议书》的签署并不代表受让方已获得股东资格，森科木业公司在本案中并未进一步提供证据证明孙琳达和森科公司对《股份售让协议书》存在实际履约行为，亦未有证据证明森科木业公司的章程、股东名册、工商部门登记、出资证明书等文件将森科公司的股东身份变更为孙琳达；且《股份售让协议书》签订时外资企业注册资本的增加、转让，须经审批机关批准，并向工商行政管理机关办理变更登记手续。案涉《股份售让协议书》约定的外商独资企业森科木业的股份转让并未经过审批机关的批准；而在2014年奇意公司成为森科木业公司股东时，亦是基于森科公司作为转让方签订的《股权转让协议书》办理的工商变更登记。综合上述事实，本院认为，森科木业公司提出2013年孙琳达依据《股份售让协议书》取得森科木业公司全部股份的主张，不能成立。

虽然孙琳达并非森科木业公司的股东，但其系森科木业公司的董事，《中华人民共和国公司法》第二十一条规定的利用关联关系损害公司利益应当承担赔偿责任的主体为"公司的控股股东、实际控制人、董事、监事、高级管理人员"，所以孙琳达作为森科木业公司的董事，如存在利用关联关系损害公司利益的行为，仍应该承担赔偿责任，据

此孙琳达作为本案被告主体适格。

（三）孙琳达是否存在利用关联关系损害公司利益的行为

森科木业公司 2018 年度和 2019 年度财务审计报告显示盈枫利公司是其唯一客户，而盈枫利公司的代表人孙福君（David SUN）系本案孙琳达的儿子。因此，可以认定森科木业公司和盈枫利公司之间存在关联关系，两者之间的家具出口外销交易系关联交易。对于关联交易行为是否损害公司利益，应当审查关联交易对价是否公允、关联交易的程序是否合规。本案中，森科木业公司并无证据证明其与盈枫利公司之间的交易存在不合理，审理中森科木业公司也明确其无法确认交易价格是否公允。而从交易过程来看，森科木业公司未能提供证据证明董事孙琳达对公司董事会隐瞒了森科木业公司和盈枫利公司之间的交易，也未能提供证据证明森科木业公司和盈枫利公司之间的交易不符合法律法规或公司章程规定的决策程序。

现森科木业公司主张的损害行为主要为其对盈枫利公司应收账款经其催收尚未收回，但这不能被直接定性为损害公司利益的行为。关联交易的相对方盈枫利公司在 2019 年 4 月 29 日回复森科木业公司的企业询证函中对欠款的事实和金额予以了确认，结合森科木业公司和盈枫利公司之间存在长期交易和赊账的实际情况，在森科木业公司未采取除发送催款函之外的其他救济手段的情况下，尚无法确认拖欠的货款无法收回而给森科木业公司造成损失，亦无法认定孙琳达作为公司董事存在损害公司利益的行为。

综上所述，森科木业公司的诉讼请求，因缺乏依据，本院不予支持。依据《中华人民共和国涉外民事关系法律适用法》第四十四条，《中华人民共和国民事诉讼法》第六十四条、第一百四十二条的规定，

14

判决如下:

　　驳回原告森科木业（昆山）有限公司的诉讼请求。

　　案件受理费 276453 元，由原告森科木业（昆山）有限公司负担。

　　如不服本判决，森科木业（昆山）有限公司可在判决书送达之日起十五日内，孙琳达（Linda Sun）可在判决书送达之日起三十日内，向本院递交上诉状，并按照对方当事人的人数提交副本，上诉于江苏省高级人民法院。同时根据《诉讼费用交纳办法》的有关规定，向该院预交上诉案件受理费。

　　　　　　　　　　　　　　审　判　长　　俞水娟

　　　　　　　　　　　　　　审　判　员　　蔡燕芳

　　　　　　　　　　　　　　审　判　员　　李　诚

本件与原本核对无异　　　　　　二〇二一年十一月二十九日

　　　　　　　　　　　　　　书　记　员　　田思思

15

## 附录法律条文

**《中华人民共和国涉外民事关系法律适用法》**

**第四十四条** 侵权责任，适用侵权行为地法律，但当事人有共同经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事人协议选择适用法律的，按照其协议。

**《中华人民共和国民事诉讼法》**

**第六十四条** 当事人对自己提出的主张，有责任提供证据。

当事人及其诉讼代理人因客观原因不能自行收集的证据，或者人民法院认为审理案件需要的证据，人民法院应当调查收集。

人民法院应当按照法定程序，全面地、客观地审查核实证据。

**第一百四十二条** 法庭辩论终结，应当依法作出判决。判决前能够调解的，还可以进行调解，调解不成的，应当及时判决。

16