UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | C.A. No. 1:22-cv-10833 |
| v.     ) | |
|     ) | |
| LINDA SUN, individually, DAVID SUN, individually     ) | |
| SHILLOCK YUAN-SUN, individually, and INFINITY     ) | |
| WOOD PRODUCTS, LLC.,     ) | |
|     ) | |
|     Defendants,     ) | |
|     ) | |
| SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC,     ) | |
| EASTMAN ST. WOODWORKS, INC.,     ) | |
| INFINITY REALTY COMPANY LLC, and     ) | |
| NEW SUN LIMITED PARTNERSHIP     ) | |
|     ) | |
|     Reach and Apply     ) | |
|     Defendants, and     ) | |
|     Fraudulent Conveyance     ) | |
| Defendants.     ) | |
|     ) | |

## DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN
## AND INFINITY WOOD PRODUCTS, LLC'S, ANSWER

### PREFATORY ALLEGATIONS[1]

1.     Defendants David Sun ("David"), Shillock Yuan-Sun ("Shillock") and Infinity

Wood Products, LLC ("Infinity"), (collectively "Defendants") admit the allegations in

paragraph 1.

2.     Defendants admit that Linda Sun ("Linda") is an individual who currently lives in

Massachusetts, but otherwise deny the allegations in paragraph 2.

---

[1] For convenience in reading, this answer includes the headings that appear in Plaintiff Sunco
Timber (Kunshan) Co., LTD.'s Amended Complaint.  By including the headings, Defendants do
not admit any allegations that may be implicit in the headings.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants deny the allegations in paragraph 4.

5.     Defendants deny that the primary place of business of Infinity is located at 35 Eastman Street, South Easton, Massachusetts, but otherwise admit the allegations in paragraph 5.

6.     Defendants admit that David is the manager of Infinity; that David, in his capacity as Trustee for the David Sun Trust Agreement of 2008, is a member of Infinity; and that Shillock, in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008, is a member of Infinity.  Defendants otherwise deny the allegations in paragraph 6.

7.     Paragraph 7 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 7.

8.     Paragraph 8 is a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 8.

9.     Defendants deny the allegations in paragraph 9.

10.     Defendants admit that Sunco, Inc. is a Massachusetts corporation with its primary place of business located at 163 Highland Avenue #1052, Needham, Massachusetts 02494 and deny the remaining allegations of paragraph 10.

11.     Defendants admit that Eastman St. Distributors, LLC is a Delaware limited liability company with a principal office located at 163 Highland Ave #1052, Needham, Massachusetts, 02494 and deny the remaining allegations of paragraph 11.

12.     Defendants admit that Eastman St. Woodworks, Inc. is a Nevada corporation and deny the remaining allegations of paragraph 12.

13.     Defendants admit that Infinity Realty Company, LLC is a Massachusetts limited liability company and deny the remaining allegations of paragraph 13.  Further answering, Defendants state that Infinity Realty Company, LLC has an office at 163 Highland Ave #1062, Needham, Massachusetts, 02494.

14.     Defendants admit that New Sun Limited Partnership was listed with the Massachusetts Secretary of the Commonwealth as a Massachusetts limited partnership and that its resident agent was listed in its most recent filing with the Secretary of the Commonwealth as Jeffrey M. Schlossberg, Schlossberg, LLC, 35 Braintree Hill Office Park, Suite 401, Braintree, Massachusetts 02184.  Further answering, Defendants state that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, New Sun Limited Partnership appears to have been dissolved by court order or by the Secretary of the Commonwealth of Massachusetts. Defendants deny the remaining allegations of paragraph 14.

15.     Paragraph 15 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 is a legal conclusion for which no response is required.

17.     Paragraph 17 is a legal conclusion for which no response is required.

## BACKGROUND

18.     Defendants admit that Sunco Timber (Kunshan) Co., Ltd ("Sunco") was a manufacturer of wood cabinetry, but Defendants are without sufficient knowledge or information

to admit or deny that Sunco is still in that business.  Defendants otherwise deny the allegations in paragraph 18.

19.     Defendants deny that Infinity is still in the business of importing, distributing and selling wooden cabinetry in the United States, but otherwise admit the allegations in paragraph 19.

20.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 20 and call upon Plaintiff to prove same.

21.     Defendants admit the allegations in paragraph 21.

22.     Defendants admit the allegations in paragraph 22.

23.     Defendants admit that Sunco was founded in Kunshan, China but otherwise deny the allegations in paragraph 23.

24.     Defendants admit that Sunco was in the business of manufacturing cabinets and vanities, but Defendants are without sufficient knowledge or information to admit or deny that Sunco is still in that business.  Defendants otherwise deny the allegations in paragraph 24.

25.     Defendants admit that for a period of time in the past, Linda was the president of Sunco, but defendants deny that she is currently the president of Sunco.  Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 25.

26.     Defendants deny that the cabinets that were ordered by Infinity were custom, rather than stock, cabinets, but otherwise admit the allegations of paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants admit that when Linda was in mainland China, she stayed on the second floor of the office building on the Sunco factory compound, but deny it was a villa.

Defendants are without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 28 and call upon Plaintiff to prove same.

29.    Defendants deny the allegations in paragraph 29.

30.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 30 and call upon Plaintiff to prove same.

31.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 31 and call upon Plaintiff to prove same.

32.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 32 and call upon Plaintiff to prove same.

33.    Defendants deny that Infinity ordered custom-made, rather than stock, cabinets. Defendants deny the allegation that Infinity had been Sunco's sole customer.  Defendants otherwise admit the allegations in paragraph 33.

34.    Defendants deny that Shillock has been listed as a manager of Infinity after 2021, according to Infinity's filings with the Massachusetts Secretary of State's Office.  Defendants otherwise admit the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.  Further answering, Defendants admit that David, in his capacity as Trustee for the David Sun Trust Agreement of 2008, is a member of Infinity; and that Shillock, in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008, is a member of Infinity.

36.    Defendants deny the allegations in paragraph 36.

37.    Defendants deny the allegations in paragraph 37.

38.    Defendants deny the allegations in paragraph 38.

39.     Defendants admit Infinity submitted purchase orders to Sunco and deny the remaining allegations in paragraph 39.

40.     Defendants deny that the cabinets were custom-made, rather than stock. Defendants otherwise admit the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants admit the allegations in paragraph 42.

43.     Defendants admit that at some point in time after receipt of cabinets, Infinity would pay outstanding invoices and deny the remaining allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants admit that in 2018 the United States began imposing tariffs on certain products imported from China. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 45.

46.     Defendants admit that beginning in 2018, tariffs were imposed on certain products imported from China. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46.

47.     Defendants admit that in 2019 there were additional duties imposed on products imported from China. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 47.

48.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 48 and call upon Plaintiff to prove same.

49.     Defendants admit the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants admit that in the stated time period, Sunco shipped wood cabinetry to Infinity with a purchase price of $6,712,182.11.  Defendants otherwise deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable at Sunco's request, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 58 and call upon Plaintiff to prove same.

59.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 59 and call upon Plaintiff to prove same.

60.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 60 and call upon Plaintiff to prove same.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 61 and call upon Plaintiff to prove same.

62.     Defendants deny the allegations in paragraph 62.

63.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 63 and call upon Plaintiff to prove same.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants admit that after the last shipment of cabinets in July of 2019, Infinity and Sunco ceased doing business with each other.

66.     Defendants deny the allegations in paragraph 66.  Further answering, Defendants state that Guoqing Wu took over the management of the Sunco factory in or about 2015.

67.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 67 and call upon Plaintiff to prove same.

68.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 68 and call upon Plaintiff to prove same.

69.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 69 and call upon Plaintiff to prove same.

70.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 70 and call upon Plaintiff to prove same.

71.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 71 and call upon Plaintiff to prove same.

72.     Defendants are without sufficient knowledge or information to admit or deny whether Sunco paid fines, penalties and/or fees and, if so, the amount of such payments and call upon Plaintiff to prove same.  The Defendants deny the remaining allegations in paragraph 72.

73.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 73 and call upon Plaintiff to prove same.  Further answering, Defendants deny that Shillock is currently the manager of Infinity and state that David is a member of Infinity in his capacity as Trustee for the David Sun Trust Agreement of 2008; and that Shillock is a member of Infinity in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants are without sufficient knowledge or information to know what is "believed" by unidentified persons or entities and therefore denies the allegations of paragraph 75.  Further answering, Defendants deny that Linda has an undisclosed financial interest in or control over Infinity.

76.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 76 about what Linda did or did not communicate to Sunco and call upon Plaintiff to prove same.  Defendants deny the remaining allegations of paragraph 76, including the allegations regarding the underlying alleged facts that Linda is alleged to have failed to disclose.

77.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 77 about what Linda did or did not communicate to Sunco's Board or other top managers and call upon Plaintiff to prove same.  Further answering, defendants deny the remaining allegations in paragraph 77 and deny that Linda has an interest in Infinity or that she received a financial benefit from Infinity.

78.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 78 and call upon Plaintiff to prove same.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants admit that Infinity has ceased business operations, but otherwise deny the allegations in paragraph 81 of the Amended Complaint.

82.     Defendants admit that Sunco, Inc. (U.S.A.) is a shareholder of Sunco and that in August of 2020, Sunco, Inc. (U.S.A.) filed a lawsuit in Suzhou, China seeking to dissolve Sunco

and that the court denied the request to dissolve Sunco. Defendants deny the remaining allegations in paragraph 73 including without limitation that Sunco, Inc. (U.S.A) only purports to be a shareholder of Sunco. Further answering, Defendants state that Sunco, Inc. (U.S.A.) has appealed the court's decision and is awaiting a decision on its appeal.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

## AFFILIATED ENTITIES

85.     Defendants admit that Sunco has claimed that Sunco, Inc.; Eastman St. Distributors LLC; Eastman St. Woodworks, Inc.; Infinity Realty Company LLC; Sun Trust f/k/a Sun Family Trust; and New Sun Limited Partnership are "Affiliated Entities of Infinity" and denies the remaining allegations in paragraph 85. Further answering Defendants state that paragraph 10 lists "Sun Trust" and "Sun Family Trust" as aliases of Sunco, Inc., which appears to be inconsistent with the allegations in this paragraph.

86.     Defendants do not understand the allegations in paragraph 86 and therefore deny them.

87.     Defendants do not understand the allegations in paragraph 87 and therefore deny them.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 91 and call upon Plaintiff to prove same.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants admit that Sunco, Inc. imports, distributes, and sells wood cabinetry and deny the remaining allegations of paragraph 95.

96.     Defendants admit the allegations in paragraph 96.

97.     Defendants admit the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 99 and call upon Plaintiff to prove same.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants admit that in or about 2010, David was appointed as a director and officer of Sunco, Inc. and deny the remaining allegations of paragraph 101.

102.    Defendants admit the allegations in paragraph 102.

103.    Defendants admit that Shillock is the manager of Eastman St. Distributors, LLC and David is authorized to execute, acknowledge, deliver, and record any instrument purporting to affect an interest in real property.

104.    Defendants admit the allegations in paragraph 104.

105.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 105 and call upon Plaintiff to prove same.

106.    Defendants admit that David is a manager of Infinity Realty Company, LLC and that Infinity Realty Company, LLC is in the real estate industry.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 108 and call upon Plaintiff to prove same.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny the allegations in paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract
### (Against Infinity)

113.    Defendants repeat and reaver their responses to Paragraphs 1 through 112 of Plaintiff's Amended Complaint as if fully set forth herein.

114.    Defendants admit Infinity placed purchase orders with Sunco and that Sunco filled the orders.  Whether these actions amount to contracts is a legal conclusion to which no response is required.

115.    Defendants admit Infinity placed purchase orders with Sunco and that Sunco filled the orders.  Whether these actions amount to contracts is a legal conclusion to which no response is required.  The Infinity purchase orders speak for themselves and, accordingly, no further response is required as to Sunco's characterization of the purchase orders.  Further answering, Sunco denies that the purchase orders sought the manufacture of cabinets or that the orders were to purchase custom, rather than stock, cabinets.

116.    Defendants state that the Infinity purchase orders speak for themselves and, accordingly, no further response is required as to Sunco's characterization of the purchase orders.

117.     Defendants admit that the delivery by Sunco of the cabinets related to the Infinity purchase orders at issue in this lawsuit was consistent with the way that Sunco delivered the cabinets for many years prior to the placement of the Infinity purchase orders at issue in this lawsuit.

118.     Defendants admit that Sunco manufactured the cabinetry to fill Infinity's purchase orders.

119.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

120.     Defendants deny the allegations in paragraph 120.

121.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.  Defendants deny the remaining allegations in paragraph 121.

122.     Defendants deny the allegations in paragraph 122.

123.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document

124.     Defendants deny the allegations in paragraph 124.

125.     Defendants deny the allegations in paragraph 125.

<u>**COUNT II**</u>
**Promissory Estoppel**
**(Against Infinity)**

126.     Defendants repeat and reaver their responses to Paragraphs 1 through 125 of Plaintiff's Amended Complaint as if fully set forth herein.

127.     Defendants deny the allegations in paragraph 127.

128.     Defendants deny the allegations in paragraph 128.

129.     Defendants deny the allegations in paragraph 129.

130.     Defendants deny the allegations in paragraph 130.

131.     Defendants deny the allegations in paragraph 131.

132.     Defendants deny the allegations in paragraph 132.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

135.     Defendants deny the allegations in paragraph 135.

136.     Defendants deny the allegations in paragraph 136.

137.     Defendants deny the allegations in paragraph 137.

138.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document.

139.     Defendants deny the allegations in paragraph 139.

### COUNT III
**Quantum Meruit**
**(Against Infinity)**

140.     Paragraph 140 is a statement that Count III is a claim in the alternative, therefore no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 140.

141.     Defendants repeat and reaver their responses to Paragraphs 1 through 140 of Plaintiff's Amended Complaint as if fully set forth herein.

142.     Defendants admit that Infinity received cabinets from Sunco for which the purchase price from Sunco was $6,712,182.11.

143.     Defendants admit that Sunco delivered the cabinets to Infinity and that Infinity took possession of the cabinets.

144.     Defendants admit that on or about April 29, 2019, Infinity executed a document concerning Sunco's accounts receivable, but state that the document speaks for itself and, accordingly, no further response is required as to Plaintiff's characterization of the document.

145.     Defendants deny the allegations in paragraph 145.

146.     Defendants deny the allegations in paragraph 146.

147.     Defendants admit that the purchase price for the cabinets from Sunco was $6,712,182.11.

148.     Defendants deny the allegations in paragraph 148.

## COUNT IV
### Wrongful Interference with Business and Contractual Relations
### (Against L. Sun)

Count IV of the Amended Complaint names only Defendant Linda Sun and has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count IV.


## COUNT V
### Conversion
### (Against All Defendants)

Count V of the Amended Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count V.

**COUNT VI**
**Breach of Duty of Loyalty**
**(Against L. Sun)**

149-157.   Count VI of the Amended Complaint names only Defendant Linda Sun.
Accordingly, no response is required.  To the extent that a response is required, Defendants deny
the allegations in Count VI.

**COUNT VII**
**Breach of Fiduciary Duty**
**(Against L. Sun)**

158-166.   Count VII of the Amended Complaint names only Defendant Linda Sun.
Accordingly, no response is required.  To the extent that a response is required, Defendants deny
the allegations in Count VII.

**COUNT VIII**
**Moneys Had and Received**
**(Against All Defendants)**

167.   Defendants repeat and reaver their responses to Paragraphs 1 through 167 of
Plaintiff's Amended Complaint as if fully set forth herein.

168.   Defendants admit that Infinity obtained money through the sale of some of the
goods that it received from Sunco over the course of the business relationship between Infinity
and Sunco.  Defendants otherwise deny the allegations in paragraph 168.

169.   Defendants deny the allegations in paragraph 169.

170.   Defendants deny the allegations in paragraph 170.

171.   Defendants deny the allegations in paragraph 171.

**COUNT IX**
**Conspiracy**
**(Against All Defendants)**

Count IX of the Amended Complaint has been dismissed by the Court. Accordingly, no response is required. To the extent that a response is required, Defendants deny the allegations in Count IX.

**COUNT X**
**Aiding and Abetting**
**(Against L. Sun, D. Sun and S. Sun)**

Count X of the Amended Complaint has been dismissed by the Court. Accordingly, no response is required. To the extent that a response is required, Defendants deny the allegations in Count X.

**COUNT XI**
**Piercing of the Corporate Veil of Infinity**
**(Against All Defendants)**

172.    Defendants repeat and reaver their responses to Paragraphs 1 through 171 of Plaintiff's Amended Complaint as if fully set forth herein.

173.    Paragraph 173 is a statement of what Plaintiff seeks in Count XI of the Amended Complaint and, accordingly, no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 173.

174.    Defendants deny the allegations in paragraph 174. Further answering, Defendants state that David is the current manager of Infinity.

175.    Defendants deny the allegations in paragraph 175.

176.    Defendants deny the allegations in paragraph 176.

177.    Defendants deny the allegations in paragraph 177.

178.    Defendants deny the allegations in paragraph 178.

179.	Defendants deny the allegations in paragraph 179.

180.	Defendants deny the allegations in paragraph 180.

181.	Defendants deny the allegations in paragraph 181.

182.	Defendants deny the allegations in paragraph 182.

183.	Defendants deny the allegations in paragraph 183.

## COUNT XII
**Fraudulent Transfer**
**(Against All Defendants and All Affiliated Entities)**

184.	Defendants repeat and reaver their responses to Paragraphs 1 through 183 of Plaintiff's Amended Complaint as if fully set forth herein.

185.	Defendants deny the allegations in paragraph 185.

186.	Defendants deny the allegations in paragraph 186.

187.	Defendants deny the allegations in paragraph 187.

188.	Defendants deny the allegations in paragraph 188.

189.	Defendants deny the allegations in paragraph 189.

190.	Defendants deny the allegations in paragraph 190.

191.	Defendants deny the allegations in paragraph 191.

192.	Defendants deny the allegations in paragraph 192.

193.	Defendants deny the allegations in paragraph 193.

194.	Defendants deny the allegations in paragraph 194.

195.	Defendants deny the allegations in paragraph 195.

196.	Defendants deny the allegations in paragraph 196.

197.	Defendants deny the allegations in paragraph 197.

198.    Paragraph 198 is a statement of the relief Plaintiff seeks, is not a factual

allegation, and no response is required.  To the extent a response is required, Defendants deny

the allegations of paragraph 198.

199.    Defendants deny the allegations in paragraph 199.

**COUNT XIII**
**Reach and Apply**
**(Against All Affiliated Entities)**

Count XI pleads a claim only against the Affiliated Entities.  No answer is therefore

required. To the extent required, Defendants deny the allegation of paragraphs 200-204.

**GENERAL DENIAL**

Defendants deny each and every allegation in the Amended Complaint that they have not

expressly admitted.  Further, Defendants deny any characterizations of documents alleged in the

Amended Complaint that are mischaracterizations.  In addition, Defendants deny any

conclusions of law alleged in the Amended Complaint that are incorrect conclusions of law.

**AFFIRMATIVE DEFENSES**[2]

The Defendants hereby assert and allege the following Affirmative Defenses to the

claims set forth in Plaintiff's Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

---

[2] Defendants adopt the affirmative defenses set forth in Defendants Infinity Wood Products, LLC, David Sun, and Shillock Yuan-Sun's Answer, as well as in Defendant Sunco, Inc.'s Answer.

## SECOND AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Infinity was fraudulently induced into entering into the contracts that are alleged in the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Sunco's breach of contract excused Infinity's performance.

## FOURTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, were caused by the acts or omissions of the Plaintiff and/or a third party for whom the Defendants are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any money from Defendants, then Defendants are entitled to a set-off.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Sunco is barred from recovery by reason of laches.

## EIGHTH AFFIRMATIVE DEEFENSE

Sunco's request for relief is barred by Sunco's unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from defendants David and Shillock on Sunco's claim for money had and received (Count VIII) inasmuch as David and Shillock did not receive anything from Sunco.

## TENTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Defendants on Sunco's claim for money had and received as Defendants did not receive any money from Sunco.

## ELEVENTH AFFIRMATIVE DEFENSE

Any losses suffered by Sunco are the result of Sunco's own conduct, and not the result of conduct by the Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery by Sunco would result in Sunco's unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, are incorrectly calculated.

## FOURTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the principle of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against Infinity are barred because those claims are already the subject matter of arbitration currently pending in China.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against defendants David and Shillock individually fail because David and Shillock are named in their individual capacity as members of Infinity when in fact each of them is a member of Infinity in his or her capacity as trustee for a particular trust.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred because Sunco has failed to join an indispensable party.

## NINETEENTH AFFIRMATIVE DEFENSE

Sunco's claims fail because there was an agreement that any moneys owed by Infinity to Sunco would be settled in connection with either a sale of Sunco's property and assets or the dissolution of Sunco.

## TWENTIETH AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because there was agreement that moneys owed by Infinity to Sunco would be treated as payment by Sunco's majority shareholder for the purchase of its shares.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because Sunco has failed to mitigate any damages it may have suffered.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because any transfers between or among Defendants were made in the ordinary course of business.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., Infinity Realty Company LLC, and New Sun Limited Partnership do not owe a debt to Infinity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., Infinity Realty Company LLC, and New Sun Limited

Partnership do not owe a debt to Infinity that is incapable of attachment or of taking on execution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., Infinity Realty Company LLC, and New Sun Limited Partnership do not owe a debt to Infinity that is incapable of attachment or of taking on execution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The relief requested by the Plaintiff is contrary to the interests of justice and equity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has not been damaged.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend this answer and to assert any such defense by appropriate motion.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that judgment enter dismissing Plaintiff's Amended Complaint with prejudice and that the Defendants be awarded their costs, including reasonable attorney's fees.

## REQUEST FOR TRIAL BY JURY

Defendants hereby request that this action to be tried by jury.

Respectfully Submitted,

DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC

By their attorneys,

*/s/ Michele E. Connolly*
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

Dated:  October 9, 2024

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 9, 2024.

*/s/ Michele E. Connolly*
Michele E. Connolly