| | |
|---|---|
| Sunco Timber (Kunshan) Co., Ltd., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 1:22-cv-10833 |
| v. ) | |
| ) | |
| Linda Sun, individually, David Sun, individually ) | |
| Shillock Yuan-Sun, individually, and Infinity ) | |
| Wood Products, LLC., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Sunco, Inc., Eastman St. Distributors LLC, ) | |
| Eastman St. Woodworks, Inc., ) | |
| Infinity Realty Company LLC, and ) | |
| New Sun Limited Partnership ) | |
| ) | |
| Reach and Apply ) | |
| Defendants, and ) | |
| Fraudulent Conveyance ) | |
| Defendants. ) | |

## DEFENDANTS EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., AND INFINITY REALTY COMPANY LLC'S ANSWER

### PREFATORY ALLEGATIONS[1]

1.       Defendants Eastman St. Distributors LLC ("Eastman Distributors"), Eastman St. Woodworks, Inc. ("Eastman Woodworks"), and Infinity Realty Company LLC ("Infinity Realty") (collectively "Defendants") are without sufficient knowledge or information to admit or deny the allegations in paragraph 1 and call upon Plaintiff to prove same.

---

[1]  For convenience in reading, this answer includes the headings that appear in Plaintiff Sunco Timber (Kunshan) Co., LTD.'s Amended Complaint.  By including the headings, Defendants do not admit any allegations that may be implicit in the headings.

2.     Defendants admit that Linda Sun ("Linda") is an individual who currently lives in Massachusetts, but otherwise deny the allegations in paragraph 2.

3.     Defendants deny the allegations in paragraph 3.

4.     Defendants deny the allegations in paragraph 4.

5.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 5 and call upon Plaintiff to prove same.

6.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 6 and call upon Plaintiff to prove same.

7.     Paragraph 7 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 7.

8.     Paragraph 8 is a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 8.

9.     Defendants deny the allegations in paragraph 9.

10.    Defendants admit that Sunco, Inc. is a Massachusetts corporation with its primary place of business located at 163 Highland Avenue #1052, Needham, Massachusetts 02494 and deny the remaining allegations of paragraph 10.

11.    Defendants admit that Eastman Distributors is a Delaware limited liability company with a principal office located at 163 Highland Ave #1052, Needham, Massachusetts, 02494 and deny the remaining allegations of paragraph 11.

12.    Defendants admit that Eastman Woodworks is a Nevada corporation and deny the remaining allegations of paragraph 12.

13.     Defendants admit that Infinity Realty is a Massachusetts limited liability company and deny the remaining allegations of paragraph 13.  Further answering, Defendants state that Infinity Realty has an office at 163 Highland Ave #1062, Needham, Massachusetts, 02494.

14.     Defendants admit that New Sun Limited Partnership was listed with the Massachusetts Secretary of the Commonwealth as a Massachusetts limited partnership and that its resident agent was listed in its most recent filing with the Secretary of the Commonwealth as Jeffrey M. Schlossberg, Schlossberg, LLC, 35 Braintree Hill Office Park, Suite 401, Braintree, Massachusetts 02184.  Further answering, Defendants state that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, New Sun Limited Partnership appears to have been dissolved by court order or by the Secretary of the Commonwealth of Massachusetts.  Defendants deny the remaining allegations of paragraph 14.

15.     Paragraph 15 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 is a legal conclusion for which no response is required.

17.     Paragraph 17 is a legal conclusion for which no response is required.

## BACKGROUND

18.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 18 and call upon Plaintiff to prove same.

19.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 19 and call upon Plaintiff to prove same.

20.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 20 and call upon Plaintiff to prove same.

21.     Defendants admit the allegations in paragraph 21.

22.     Defendants admit the allegations in paragraph 22.

23.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 23 and call upon Plaintiff to prove same.

24.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 24 and call upon Plaintiff to prove same.

25.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 25 and call upon Plaintiff to prove same.

26.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 26 and call upon Plaintiff to prove same.

27.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 27 and call upon Plaintiff to prove same.

28.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 28 and call upon Plaintiff to prove same.

29.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 29 and call upon Plaintiff to prove same.

30.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 30 and call upon Plaintiff to prove same.

31.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 31 and call upon Plaintiff to prove same.

32.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 32 and call upon Plaintiff to prove same.

33.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 33 and call upon Plaintiff to prove same.

34.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 34 and call upon Plaintiff to prove same.

35.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 35 and call upon Plaintiff to prove same.

36.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 36 and call upon Plaintiff to prove same.

37.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 37 and call upon Plaintiff to prove same.

38.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 38 and call upon Plaintiff to prove same.

39.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 39 and call upon Plaintiff to prove same.

40.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 40 and call upon Plaintiff to prove same.

41.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 41 and call upon Plaintiff to prove same.

42.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 42 and call upon Plaintiff to prove same.

43.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 43 and call upon Plaintiff to prove same.

44.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 44 and call upon Plaintiff to prove same.

45.     Defendants Eastman Distributors and Eastman Woodworks admit that in 2018 the United States began imposing tariffs on certain products imported from China.  Eastman Distributors and Eastman Woodworks lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 45.  Infinity Realty is without sufficient knowledge or information to admit or deny the allegations in paragraph 45 and calls upon Plaintiff to prove same.

46.     Defendants Eastman Distributors and Eastman Woodworks admit that beginning in 2018, tariffs were imposed on certain products imported from China.  Eastman Distributors and Eastman Woodworks lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46.  Infinity Realty is without sufficient knowledge or information to admit or deny the allegations in paragraph 46 and calls upon Plaintiff to prove same.

47.     Defendants Eastman Distributors and Eastman Woodworks admit that in 2019 there were additional duties imposed on products imported from China.  Eastman Distributors and Eastman Woodworks lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph 47.  Infinity Realty is without sufficient knowledge or information to admit or deny the allegations in paragraph 47 and calls upon Plaintiff to prove same.

48.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 48 and call upon Plaintiff to prove same.

49.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 49 and call upon Plaintiff to prove same.

50.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 50 and call upon Plaintiff to prove same.

51.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 51 and call upon Plaintiff to prove same.

52.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 52 and call upon Plaintiff to prove same.

53.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 53 and call upon Plaintiff to prove same.

54.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 54 and call upon Plaintiff to prove same.

55.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 55 and call upon Plaintiff to prove same.

56.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 56 and call upon Plaintiff to prove same.

57.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 57 and call upon Plaintiff to prove same.

58.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 58 and call upon Plaintiff to prove same.

59.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 59 and call upon Plaintiff to prove same.

60.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 60 and call upon Plaintiff to prove same.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 61 and call upon Plaintiff to prove same.

62.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 62 and call upon Plaintiff to prove same.

63.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 63 and call upon Plaintiff to prove same.

64.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 64 and call upon Plaintiff to prove same.

65.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 65 and call upon Plaintiff to prove same.

66.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 66 and call upon Plaintiff to prove same.

67.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 67 and call upon Plaintiff to prove same.

68.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 68 and call upon Plaintiff to prove same.

69.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 69 and call upon Plaintiff to prove same.

70.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 70 and call upon Plaintiff to prove same.

71.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 71 and call upon Plaintiff to prove same.

72.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 72 and call upon Plaintiff to prove same.

73.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 73 and call upon Plaintiff to prove same.

74.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 74 and call upon Plaintiff to prove same.

75.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 75 and call upon Plaintiff to prove same.

76.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 76 and call upon Plaintiff to prove same.

77.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 77 and call upon Plaintiff to prove same.

78.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 78 and call upon Plaintiff to prove same.

79.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 79 and call upon Plaintiff to prove same.

80.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 80 and call upon Plaintiff to prove same.

81.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 81 and call upon Plaintiff to prove same.

82.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 82 and call upon Plaintiff to prove same.

83.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 83 and call upon Plaintiff to prove same.

84.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 84 and call upon Plaintiff to prove same.

## AFFILIATED ENTITIES

85.     Defendants admit that Sunco has claimed that Sunco, Inc.; Eastman Distributors; Eastman Woodworks; Infinity Realty; Sun Trust f/k/a Sun Family Trust; and New Sun Limited Partnership are "Affiliated Entities of Infinity" and denies the remaining allegations in paragraph 85.  Further answering Defendants state that paragraph 10 lists "Sun Trust" and "Sun Family Trust" as aliases of Sunco, Inc., which appears to be inconsistent with the allegations in this paragraph.

86.     Defendants do not understand the allegations in paragraph 86 and therefore deny them.

87.     Defendants do not understand the allegations in paragraph 87 and therefore deny them.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendant Eastman Distributors admits that during the period of time from July 2014 through July 2018 to the extent it imported, distributed and/or resold cabinets, such cabinets were cabinets manufactured by Sunco, and is without sufficient knowledge or information to admit or deny the allegations relating to other entities and calls upon Plaintiff to prove same.  Defendant Eastman Woodworks denies the allegations of paragraph 91 as it relates to itself and is without sufficient knowledge or information to admit or deny the allegations relating to other entities and calls upon Plaintiff to prove same.  Defendant Eastman Woodworks further answers that it did not exist until 2022.  Defendant Infinity Realty denies the allegations of paragraph 91 as it relates to itself and is without sufficient knowledge or information to admit or deny the allegations relating to other entities and calls upon Plaintiff to prove same. Defendants deny the remaining allegations of paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 95 and call upon Plaintiff to prove same.

96.     Defendants admit the allegations in paragraph 96.

97.     Defendants admit the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 99 and call upon Plaintiff to prove same.

100.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 100 and call upon Plaintiff to prove same.

101.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 101 and call upon Plaintiff to prove same.

102.     Defendants admit the allegations in paragraph 102.

103.     Defendants admit that Shillock is listed with the Secretary of the Commonwealth as the manager of Eastman Distributors and David is listed as authorized to execute, acknowledge, deliver, and record any instrument purporting to affect an interest in real property.

104.     Defendants admit the allegations in paragraph 104.

105.     Eastman Woodworks denies the allegations in paragraph 105.  Eastman Distributors and Infinity Realty are without sufficient knowledge or information to admit or deny the allegations in paragraph 105 and call upon Plaintiff to prove same.

106.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 106 and call upon Plaintiff to prove same.

107.     Infinity Realty denies the allegations in paragraph 107.  Eastman Distributors and Eastman Woodworks are without sufficient knowledge or information to admit or deny the allegations in paragraph 107 and call upon Plaintiff to prove same.

108.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 108 and call upon Plaintiff to prove same.

109.     Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 109 and call upon Plaintiff to prove same.

110.     Defendants deny the allegations in paragraph 110.

111.     Defendants deny the allegations in paragraph 111.

112.     Defendants deny the allegations in paragraph 112.

## CAUSES OF ACTION

### COUNT I
**Breach of Contract**
**(Against Infinity)**

113-125.    Count I pleads a claim only against Infinity. No answer is required. To the extent required, Defendants deny the allegation of paragraphs 113-125.

### COUNT II
**Promissory Estoppel**
**(Against Infinity)**

126-139.    Count II pleads a claim only against Infinity. No answer is required. To the extent required, Defendants deny the allegation of paragraphs 126-139.

### COUNT III
**Quantum Meruit**
**(Against Infinity)**

140-148.    Count III pleads a claim only against Infinity. No answer is required. To the extent required, Defendants deny the allegation of paragraphs 140-48.

### COUNT IV
**Wrongful Interference with Business and Contractual Relations**
**(Against L. Sun)**

Count IV of the Amended Complaint names only Defendant Linda Sun and has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count IV.

### COUNT V
**Conversion**
**(Against All Defendants)**

Count V of the Amended Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Defendants deny the allegations in Count V.

**COUNT VI**
**Breach of Duty of Loyalty**
**(Against L. Sun)**

149-157.  Count VI of the Amended Complaint names only Defendant Linda Sun.

Accordingly, no response is required.  To the extent that a response is required, Defendants deny

the allegations in Count VI.

**COUNT VII**
**Breach of Fiduciary Duty**
**(Against L. Sun)**

158-166.  Count VII of the Amended Complaint names only Defendant Linda Sun.

Accordingly, no response is required.  To the extent that a response is required, Defendants deny

the allegations in Count VII.

**COUNT VIII**
**Moneys Had and Received**
**(Against All Defendants)**

167-171.      Count VIII pleads a claim only against David, Shillock, and Infinity. No

answer is required. To the extent required, Defendants deny the allegation of paragraphs

167-171.

**COUNT IX**
**Conspiracy**
**(Against All Defendants)**

Count IX of the Amended Complaint has been dismissed by the Court.  Accordingly, no

response is required.  To the extent that a response is required, Defendants deny the allegations

in Count IX.

## COUNT X
### Aiding and Abetting
### (Against L. Sun, D. Sun and S. Sun)

Count X of the Amended Complaint has been dismissed by the Court. Accordingly, no response is required. To the extent that a response is required, Defendants deny the allegations in Count X.

## COUNT XI
### Piercing of the Corporate Veil of Infinity
### (Against All Defendants)

172-183.    Count XI pleads a claim only against Linda, David, Shillock, and Infinity. No answer is therefore required. To the extent required, Defendants deny the allegation of paragraphs 172-183.

## COUNT XIII
### Fraudulent Transfer
### (Against All Defendants and All Affiliated Entities)

184.    Defendants repeat and reaver their responses to Paragraphs 1 through 183 of Plaintiff's Amended Complaint as if fully set forth herein

185.    Defendants deny the allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.

188.    Defendants deny the allegations in paragraph 188.

189.    Defendants deny the allegations in paragraph 189.

190.    Defendants deny the allegations in paragraph 190.

191.    Defendants deny the allegations in paragraph 191.

192.    Defendants deny the allegations in paragraph 192.

193.    Defendants deny the allegations in paragraph 193.

194.    Defendants deny the allegations in paragraph 194.

195.    Defendants deny the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

197.    Defendants deny the allegations in paragraph 197.

198.    Paragraph 198 is a statement of the relief Plaintiff seeks, is not a factual allegation, and no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 198.

199.    Defendants deny the allegations in paragraph 199.

**COUNT XII**
**Reach and Apply**
**(Against All Affiliated Entities)**

200.    Defendants repeat and reaver their responses to Paragraphs 1 through 199 of Plaintiff's Amended Complaint as if fully set forth herein.

201.    Plaintiff does not define "Reach and Apply Defendants."  To the extent paragraph 201 contains the allegation that the "Affiliated Entities" are the "Reach and Apply Defendants," Defendants admit that each of them is either a Massachusetts company or is registered to do business in Massachusetts; that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website; Sunco, Inc. is a Massachusetts corporation; that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, New Sun Limited Partnership was a Massachusetts partnership; and deny the remaining allegations of paragraph 201.

202.    Defendants deny the allegations in paragraph 202.

203.    Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 203 and call upon Plaintiff to prove same.

204.    Defendants deny the allegations in paragraph 204.

## GENERAL DENIAL

Defendants deny each and every allegation in the Amended Complaint that they have not expressly admitted.  Further, Defendants deny any characterizations of documents alleged in the Amended Complaint that are mischaracterizations.  In addition, Defendants deny any conclusions of law alleged in the Amended Complaint that are incorrect conclusions of law.

## AFFIRMATIVE DEFENSES[2]

The Defendants hereby assert and allege the following Affirmative Defenses to the claims set forth in Plaintiff's Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Infinity was fraudulently induced into entering into the contracts that are alleged in the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Sunco's breach of contract excused Infinity's performance.

---

[2] Defendants adopt the affirmative defenses set forth in Defendants Infinity Wood Products, LLC, David Sun, and Shillock Yuan-Sun's Answer and in Defendant Sunco, Inc.'s Answer.

## FOURTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, were caused by the acts or omissions of the Plaintiff and/or a third party for whom the Defendants are not responsible.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any money from Defendants, then Defendants are entitled to a set-off.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Sunco is barred from recovery by reason of laches.

## EIGHTH AFFIRMATIVE DEEFENSE

Sunco's request for relief is barred by Sunco's unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Defendants on Sunco's claim for money had and received (Count VIII) inasmuch as Defendants did not receive anything from Sunco.

## TENTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Defendants on Sunco's claim for money had and received as Defendants did not receive any money from Sunco.

## ELEVENTH AFFIRMATIVE DEFENSE

Any losses suffered by Sunco are the result of Sunco's own conduct, and not the result of conduct by the Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery by Sunco would result in Sunco's unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, are incorrectly calculated.

## FOURTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the principle of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against Infinity are barred because those claims are already the subject matter of arbitration currently pending in China.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against defendants David and Shillock individually fail because David and Shillock are named in their individual capacity as members of Infinity when in fact each of them is a member of Infinity in his or her capacity as trustee for a particular trust.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred because Sunco has failed to join an indispensable party.

## NINETEENTH AFFIRMATIVE DEFENSE

Sunco's claims fail because there was an agreement that any moneys owed by Infinity to Sunco would be settled in connection with either a sale of Sunco's property and assets or the dissolution of Sunco.

## TWENTIETH AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because there was agreement that moneys owed by Infinity to Sunco would be treated as payment by Sunco's majority shareholder for the purchase of its shares.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because Sunco has failed to mitigate any damages it may have suffered.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because any transfers between or among Defendants were made in the ordinary course of business.

## TWENTY- THIRD AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because any transfers between or among Defendants were made for new value.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Eastman Distributors, Eastman Woodworks, and Infinity Realty do not owe a debt to Infinity.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Eastman Distributors, Eastman Woodworks, and Infinity Realty do not owe a debt to Infinity that is incapable of attachment or of taking on execution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The relief requested by the Plaintiff is contrary to the interests of justice and equity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has not been damaged.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend this answer and to assert any such defense by appropriate motion.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that judgment enter dismissing Plaintiff's Amended Complaint with prejudice and that the Defendants be awarded their costs, including reasonable attorney's fees.

## REQUEST FOR TRIAL BY JURY

Defendants hereby request that this action to be tried by jury.

Respectfully Submitted,

EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC.; AND INFINITY REALTY COMPANY LLC,

By their attorneys,

*/s/ Michele E. Connolly*
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

Dated: October 9, 2024

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 9, 2024.

*/s/ Michele E. Connolly*
Michele E. Connolly