|  |  |  |
|---|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1:22-cv-10833 |
| v. | ) | |
| | ) | |
| LINDA SUN, individually, DAVID SUN, individually SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC., | ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, and NEW SUN LIMITED PARTNERSHIP | ) ) ) ) | |
| | ) | |
| Reach and Apply Defendants, and Fraudulent Conveyance Defendants. | ) ) ) ) | |
| | ) | |

## DEFENDANT SUNCO, INC.'S ANSWER, COUNTERCLAIM & JURY DEMAND

### PREFATORY ALLEGATIONS[1]

1.      Defendant Sunco, Inc. admits the allegations in paragraph 1.

2.      Sunco, Inc. admits that Linda Sun ("Linda") is an individual who currently lives in Massachusetts, but otherwise denies the allegations in paragraph 2.

3.      Sunco, Inc. denies the allegations in paragraph 3.

4.      Sunco, Inc. denies the allegations in paragraph 4.

---

[1] For convenience in reading, this answer includes the headings that appear in Plaintiff Sunco Timber (Kunshan) Co., LTD.'s Amended Complaint. By including the headings, Sunco, Inc. does not admit any allegations that may be implicit in the headings.

5.     Sunco, Inc. denies that the primary place of business of Infinity is located at 35 Eastman Street, South Easton, Massachusetts, but otherwise admits the allegations in paragraph 5.

6.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 6 and calls upon Plaintiff to prove same.

7.     Paragraph 7 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Sunco, Inc. denies the allegations of paragraph 7.

8.     Paragraph 8 is a legal conclusion for which no response is required.  To the extent a response is required, Sunco, Inc. denies the allegations of paragraph 8.

9.     Sunco, Inc. denies the allegations in paragraph 9.

10.     Sunco, Inc. admits that Sunco, Inc. is a Massachusetts corporation with its primary place of business located at 163 Highland Avenue #1052, Needham, Massachusetts 02494 and denies the remaining allegations of paragraph 10.

11.     Sunco, Inc. admits that Eastman St. Distributors, LLC is a Delaware limited liability company with a principal office located at 163 Highland Ave #1052, Needham, Massachusetts, 02494 and denies the remaining allegations of paragraph 11.

12.     Sunco, Inc. admits that Eastman St. Woodworks, Inc. is a Nevada corporation and denies the remaining allegations of paragraph 12.

13.     Sunco, Inc. admits that Infinity Realty Company, LLC is a Massachusetts limited liability company and denies the remaining allegations of paragraph 13.  Further answering, Defendants state that Infinity Realty Company, LLC has an office at 163 Highland Ave #1062, Needham, Massachusetts, 02494.

14.     Sunco, Inc. admits that New Sun Limited Partnership was listed with the Massachusetts Secretary of the Commonwealth as a Massachusetts limited partnership and that its resident agent was listed in its most recent filing with the Secretary of the Commonwealth as Jeffrey M. Schlossberg, Schlossberg, LLC, 35 Braintree Hill Office Park, Suite 401, Braintree, Massachusetts 02184.  Further answering, Defendants state that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, New Sun Limited Partnership appears to have been dissolved by court order or by the Secretary of the Commonwealth of Massachusetts.  Sunco, Inc. denies the remaining allegations of paragraph 14.

15.     Paragraph 15 does not contain any factual allegations but instead merely purports to define a term.  Accordingly, no response is required.  To the extent a response is required, Sunco, Inc. denies the allegations of paragraph 15.

## JURISDICTION AND VENUE

16.     Paragraph 16 is a legal conclusion for which no response is required.

17.     Paragraph 17 is a legal conclusion for which no response is required.

## BACKGROUND

18.     Sunco, Inc. admits that Sunco Timber (Kunshan) Co., Ltd ("Sunco") was a manufacturer of wood cabinetry, but is without sufficient knowledge or information to admit or deny that Sunco is still in that business.

19.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 19 and calls upon Plaintiff to prove same.

20.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 20 and calls upon Plaintiff to prove same.

21.     Sunco, Inc. admits the allegations in paragraph 21.

22.     Sunco, Inc. admits the allegations in paragraph 22.

23.     Sunco, Inc. admits that Sunco was founded in Kunshan, China but otherwise denies the allegations in paragraph 23.

24.     Sunco, Inc. admits that Sunco was in the business of manufacturing cabinets and vanities, but is without sufficient knowledge or information to admit or deny that Sunco is still in that business.

25.     Sunco, Inc. admits that for a period of time in the past, Linda was the president of Sunco, but denies that she is currently the president of Sunco.  Sunco is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 25.

26.     Sunco, Inc. denies that the cabinets that were ordered by Infinity were custom, rather than stock, cabinets, but otherwise admits the allegations of paragraph 26.

27.     Sunco, Inc. denies the allegations in paragraph 27.

28.     Sunco, Inc. admits that when Linda was in mainland China, she stayed on the second floor of the office building on the Sunco factory compound, but deny it was a villa. Sunco, Inc. is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 28 and calls upon Plaintiff to prove same.

29.     Sunco, Inc. denies the allegations in paragraph 29.

30.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 30 and calls upon Plaintiff to prove same.

31.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 31 and calls upon Plaintiff to prove same.

32.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 32 and calls upon Plaintiff to prove same.

33.     Sunco, Inc. denies that Infinity ordered custom-made, rather than stock, cabinets and denies the allegation that Infinity had been Sunco's sole customer.  Sunco, Inc. otherwise admits the allegations in paragraph 33.

34.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 34 and calls upon Plaintiff to prove same.

35.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 35 and calls upon Plaintiff to prove same.

36.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 36 and calls upon Plaintiff to prove same.

37.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 37 and calls upon Plaintiff to prove same.

38.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 38 and calls upon Plaintiff to prove same.

39.     Sunco, Inc. admits Infinity submitted purchase orders to Sunco and denies the remaining allegations in paragraph 39.

40.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 40 and calls upon Plaintiff to prove same.

41.     Sunco, Inc. denies the allegations in paragraph 41.

42.     Sunco, Inc. admits admit that Sunco supplied Infinity with an invoice and denies the remaining allegations in paragraph 42.

43.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 43 and calls upon Plaintiff to prove same.

44.     Sunco, Inc. denies the allegations in paragraph 44

45.     Sunco, Inc. admits that in 2018 the United States began imposing tariffs on certain products imported from China. Sunco, Inc. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 45.

46.     Sunco, Inc. admits that beginning in 2018, tariffs were imposed on certain products imported from China. Sunco, Inc. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 46.

47.     Sunco, Inc. admits that in 2019 there were additional duties imposed on products imported from China. Sunco, Inc. lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 47.

48.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 48 and calls upon Plaintiff to prove same.

49.     Sunco, Inc. admits the allegations in paragraph 49

50.     Sunco, Inc. denies the allegations in paragraph 50.

51.     Sunco, Inc. denies the allegations in paragraph 51.

52.     Sunco, Inc. admits that in the stated time period, Sunco shipped wood cabinetry to Infinity with a purchase price of $6,712,182.11. Sunco, Inc. otherwise denies the allegations in paragraph 52.

53.     Sunco, Inc. denies the allegations in paragraph 53.

54.     Sunco, Inc. denies the allegations in paragraph 54.

55.     Sunco, Inc. denies the allegations in paragraph 55.

56.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 56 and calls upon Plaintiff to prove same.

57.     Sunco, Inc. denies the allegations in paragraph 57.

58.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 58 and calls upon Plaintiff to prove same.

59.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 59 and calls upon Plaintiff to prove same.

60.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 60 and calls upon Plaintiff to prove same.

61.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 61 and calls upon Plaintiff to prove same.

62.     Sunco, Inc. denies the allegations in paragraph 62.

63.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 63 and calls upon Plaintiff to prove same.

64.     Sunco, Inc. denies the allegations in paragraph 64.

65.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 65 and calls upon Plaintiff to prove same.

66.     Sunco, Inc. denies the allegations in paragraph 66.  Further answering, Sunco, Inc. states that Guoqing Wu took over the management of the Sunco factory in or about 2015.

67.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 67 and calls upon Plaintiff to prove same.

68.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 68 and calls upon Plaintiff to prove same.

69.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 69 and calls upon Plaintiff to prove same.

70.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 70 and calls upon Plaintiff to prove same.

71.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 71 and calls upon Plaintiff to prove same.

72.     Sunco, Inc. is without sufficient knowledge or information to admit or deny whether Sunco paid fines, penalties and/or fees and, if so, the amount of such payments and calls upon Plaintiff to prove same.  Sunco, Inc. denies the remaining allegations in paragraph 72.

73.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 73 and calls upon Plaintiff to prove same.

74.     Sunco, Inc. denies the allegations in paragraph 74.

75.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 75 and calls upon Plaintiff to prove same.

76.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 76 about what Linda did or did not communicate to Sunco and calls upon Plaintiff to prove same.  Sunco, Inc. denies the remaining allegations of paragraph 76, including the allegations regarding the underlying alleged facts that Linda is alleged to have failed to disclose.

77.     Sunco Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 77 and calls upon Plaintiff to prove same.

78.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 78 and calls upon Plaintiff to prove same.

79.     Sunco, Inc. denies the allegations in paragraph 79.

80.     Sunco, Inc. denies the allegations in paragraph 80.

81.     Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 81 and calls upon Plaintiff to prove same.

82.     Sunco, Inc. admits that Sunco, Inc. is a shareholder of Sunco and that in August of 2020, Sunco, Inc. filed a lawsuit in Suzhou, China seeking to dissolve Sunco and that the court denied the request to dissolve Sunco.  Sunco, Inc. denies the remaining allegations in paragraph 82 including without limitation that Sunco, Inc. only purports to be a shareholder of Sunco.  Further answering, Sunco, Inc. states that it has appealed the court's decision and is awaiting a decision on its appeal.

83.     Sunco, Inc. denies the allegations in paragraph 83.

84.     Sunco, Inc. denies the allegations in paragraph 84.

## AFFILIATED ENTITIES

85.     Sunco, Inc. admits that Sunco has claimed that Sunco, Inc.; Eastman St. Distributors LLC; Eastman St. Woodworks, Inc.; Infinity Realty Company LLC; Sun Trust f/k/a Sun Family Trust; and New Sun Limited Partnership are "Affiliated Entities of Infinity" and denies the remaining allegations in paragraph 85.  Further answering Sunco, Inc. states that paragraph 10 lists "Sun Trust" and "Sun Family Trust" as aliases of Sunco, Inc., which appears to be inconsistent with the allegations in this paragraph.

86.     Sunco, Inc. does not understand the allegations in paragraph 86 and therefore denies them.

87.     Sunco, Inc. does not understand the allegations in paragraph 87 and therefore denies them.

88.     Sunco, Inc. denies the allegations in paragraph 88.

89.     Sunco, Inc. denies the allegations in paragraph 89.

90.     Sunco, Inc. denies the allegations in paragraph 90.

91.     Sunco, Inc. admits that during the period of time from July 2014 through July 2018 to the extent it imported, distributed and/or resold cabinets, such cabinets were manufactured by Sunco. Sunco, Inc. denies the remaining allegations of paragraph 91.

92.     Sunco, Inc. denies the allegations in paragraph 92.

93.     Sunco, Inc. denies the allegations in paragraph 93.

94.     Sunco, Inc. denies the allegations in paragraph 94.

95.     Sunco, Inc. admits that Sunco, Inc. imports, distributes, and sells wood cabinetry and denies the remaining allegations of paragraph 95.

96.     Sunco, Inc. admits the allegations in paragraph 96.

97.     Sunco, Inc. admits the allegations in paragraph 97.

98.     Sunco, Inc. denies the allegations in paragraph 98.

99.     Sunco, Inc. denies the allegations of paragraph 99.

100.    Sunco, Inc. denies the allegations in paragraph 100.

101.    Sunco, Inc. admits that in or about 2010, David was appointed as a director and officer of Sunco, Inc. and denies the remaining allegations of paragraph 101.

102.    Sunco, Inc. admits the allegations in paragraph 102.

103.    Sunco, Inc. admits that Shillock is listed with the Secretary of the Commonwealth as the manager of Eastman St. Distributors, LLC and David is listed as authorized to execute, acknowledge, deliver, and record any instrument purporting to affect an interest in real property.

104.    Sunco, Inc. admits the allegations in paragraph 104.

105. Sunco, Inc. denies the allegations in paragraph 105.

106. Sunco, Inc. is without sufficient knowledge or information to admit or deny the allegations in paragraph 106 and calls upon Plaintiff to prove same.

107. Sunco, Inc. denies the allegations in paragraph 107.

108. Sunco, Inc. admits that it was the general partner of New Sun Limited Partnership, which was dissolved in 2021, and that New Sun Limited Partnership was in the real estate industry. Sunco, Inc. denies the remaining allegations in paragraph 108.

109. Sunco, Inc. denies the allegations in paragraph 109.

110. Sunco, Inc. denies the allegations in paragraph 110.

111. Sunco, Inc. denies the allegations in paragraph 111.

112. Sunco, Inc. denies the allegations in paragraph 112.

## CAUSES OF ACTION

### COUNT I
**Breach of Contract**
**(Against Infinity)**

113-125. Count I pleads a claim only against Infinity. No answer is required. To the extent required, Sunco, Inc. denies the allegation of paragraphs 113-125.

### COUNT II
**Promissory Estoppel**
**(Against Infinity)**

126-139. Count II pleads a claim only against Infinity. No answer is required. To the extent required, Sunco, Inc. denies the allegation of paragraphs 126-139.

**COUNT III**
**Quantum Meruit**
**(Against Infinity)**

140-148.     Count III pleads a claim only against Infinity. No answer is required. To

the extent required, Sunco, Inc. denies the allegation of paragraphs 140-48.

**COUNT IV**
**Wrongful Interference with Business and Contractual Relations**
**(Against L. Sun)**

Count IV of the Amended Complaint names only Defendant Linda Sun and has been

dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is

required, Sunco, Inc. denies the allegations in Count IV.

**COUNT V**
**Conversion**
**(Against All Defendants)**

Count V of the Amended Complaint has been dismissed by the Court.  Accordingly, no

response is required.  To the extent that a response is required, Sunco, Inc. denies the allegations

in Count V.

**COUNT VI**
**Breach of Duty of Loyalty**
**(Against L. Sun)**

149-157.  Count VI of the Amended Complaint names only Defendant Linda Sun.

Accordingly, no response is required.  To the extent that a response is required, Sunco, Inc.

denies the allegations in Count VI.

## COUNT VII
### Breach of Fiduciary Duty
### (Against L. Sun)

158-166.  Count VII of the Amended Complaint names only Defendant Linda Sun. Accordingly, no response is required.  To the extent that a response is required, Sunco, Inc. denies the allegations in Count VII.

## COUNT VIII
### Moneys Had and Received
### (Against All Defendants)

167-171.       Count VIII pleads a claim only against David, Shillock, and Infinity. No answer is required. To the extent required, Sunco, Inc. denies the allegation of paragraphs 167-171.

## COUNT IX
### Conspiracy
### (Against All Defendants)

Count IX of the Amended Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Sunco, Inc. denies the allegations in Count IX.

## COUNT X
### Aiding and Abetting
### (Against L. Sun, D. Sun and S. Sun)

Count X of the Amended Complaint has been dismissed by the Court.  Accordingly, no response is required.  To the extent that a response is required, Sunco, Inc. denies the allegations in Count X.

## COUNT XI
### Piercing of the Corporate Veil of Infinity
### (Against All Defendants)

172-183.     Count XI pleads a claim only against Linda, David, Shillock, and Infinity. No answer is therefore required. To the extent required, Sunco, Inc. denies the allegation of paragraphs 172-183.

## COUNT XII
### Fraudulent Transfer
### (Against All Defendants and All Affiliated Entities)

184.     Sunco, Inc. repeats and reavers its responses to Paragraphs 1 through 183 of Plaintiff's Amended Complaint as if fully set forth herein.

185.     Sunco, Inc. denies the allegations in paragraph 185.

186.     Sunco, Inc. denies the allegations in paragraph 186.

187.     Sunco, Inc. denies the allegations in paragraph 187.

188.     Sunco, Inc. denies the allegations in paragraph 188.

189.     Sunco, Inc. denies the allegations in paragraph 189.

190.     Sunco, Inc. denies the allegations in paragraph 190.

191.     Sunco, Inc. denies the allegations in paragraph 191.

192.     Sunco, Inc. denies the allegations in paragraph 192.

193.     Sunco, Inc. denies the allegations in paragraph 193.

194.     Sunco, Inc. denies the allegations in paragraph 194.

195.     Sunco, Inc. denies the allegations in paragraph 195.

196.     Sunco, Inc. denies the allegations in paragraph 196.

197.     Sunco, Inc. denies the allegations in paragraph 197.

198. Paragraph 198 is a statement of the relief Plaintiff seeks, is not a factual allegation, and no response is required. To the extent a response is required, Sunco, Inc. denies the allegations of paragraph 198.

199. Sunco, Inc. denies the allegations in paragraph 199.

<u>**COUNT XIII**</u>
**Reach and Apply**
**(Against All Affiliated Entities)**

200. Sunco, Inc. repeats and reavers its responses to Paragraphs 1 through 199 of Plaintiff's Amended Complaint as if fully set forth herein.

201. Plaintiff does not define "Reach and Apply Defendants." To the extent paragraph 201 contains the allegation that the "Affiliated Entities" are the "Reach and Apply Defendants," Sunco, Inc. admits that it is a Massachusetts corporation; that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, each of Eastman St. Distributors, Inc., Eastman Street Woodworks, LLC, and Infinity Realty Company LLC are either Massachusetts corporations or are registered to do business in Massachusetts; that based on publicly available information on the Massachusetts Secretary of the Commonwealth's website, New Sun Limited Partnership was a Massachusetts partnership; and denies the remaining allegations of paragraph 201.

202. Sunco, Inc. denies the allegations in paragraph 202.

203. Sunco, Inc. admits that Sunco shipped wood cabinetry to Infinity with a purchase price of $6,712,182.11.

204. Sunco, Inc. denies the allegations in paragraph 204.

## GENERAL DENIAL

Sunco, Inc. denies each and every allegation in the Amended Complaint that it has not expressly admitted. Further, Sunco, Inc. denies any characterizations of documents alleged in the Amended Complaint that are mischaracterizations. In addition, Sunco, Inc. denies any conclusions of law alleged in the Amended Complaint that are incorrect conclusions of law.

## AFFIRMATIVE DEFENSES[2]

Sunco, Inc. hereby asserts and alleges the following Affirmative Defenses to the claims set forth in Plaintiff's Amended Complaint:

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Infinity was fraudulently induced into entering into the contracts that are alleged in the Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

If there was a contract or contracts between Sunco and Infinity, Sunco's breach of contract excused Infinity's performance.

## FOURTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, were caused by the acts or omissions of the Plaintiff and/or a third party for whom the Defendants are not responsible.

---

[2] Sunco, Inc. adopts the affirmative defenses set forth in Defendants Infinity Wood Products, LLC, David Sun, and Shillock Yuan-Sun's Answer, as well as in Defendants Eastman St. Distributors, LLC, Eastman St. Woodworks, Inc. and Infinity Realty Company LLC's Answer.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff is entitled to any money from Sunco, Inc., then Sunco, Inc. is entitled to a set-off.

## SIXTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Sunco is barred from recovery by reason of laches.

## EIGHTH AFFIRMATIVE DEEFENSE

Sunco's request for relief is barred by Sunco's unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Sunco, Inc. on Sunco's claim for money had and received (Count VIII) inasmuch as Sunco, Inc. did not receive anything from Sunco.

## TENTH AFFIRMATIVE DEFENSE

Sunco is not entitled to relief from Sunco, Inc. on Sunco's claim for money had and received as Sunco, Inc. did not receive any money from Sunco.

## ELEVENTH AFFIRMATIVE DEFENSE

Any losses suffered by Sunco are the result of Sunco's own conduct, and not the result of conduct by Sunco, Inc.

## TWELFTH AFFIRMATIVE DEFENSE

Any recovery by Sunco would result in Sunco's unjust enrichment.

## THIRTEENTH AFFIRMATIVE DEFENSE

Sunco's damages, if any, are incorrectly calculated.

## FOURTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred by the principle of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against Infinity are barred because those claims are already the subject matter of arbitration currently pending in China.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Sunco's claims against defendants David and Shillock individually fail because David and Shillock are named in their individual capacity as members of Infinity when in fact each of them is a member of Infinity in his or her capacity as trustee for a particular trust.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Sunco's claims are barred because Sunco has failed to join an indispensable party.

## NINETEENTH AFFIRMATIVE DEFENSE

Sunco's claims fail because there was an agreement that any moneys owed by Infinity to Sunco would be settled in connection with either a sale of Sunco's property and assets or the dissolution of Sunco.

## TWENTIETH AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because there was agreement that moneys owed by Infinity to Sunco would be treated as payment by Sunco's majority shareholder for the purchase of its shares.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because Sunco has failed to mitigate any damages it may have suffered.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because any transfers between or among Defendants were made in the ordinary course of business.

### TWENTY- THIRD AFFIRMATIVE DEFENSE

Sunco's claims fail in whole or in part because any transfers between or among Defendants were made for new value.

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Sunco, Inc. does not owe a debt to Infinity.

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

Sunco's reach and apply claims fail in whole or in part because Sunco, Inc. does not owe a debt to Infinity that is incapable of attachment or of taking on execution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The relief requested by the Plaintiff is contrary to the interests of justice and equity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by accord and satisfaction.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has not been damaged.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Sunco, Inc. hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend this answer and to assert any such defense by appropriate motion.

## PRAYER FOR RELIEF

WHEREFORE, Sunco, Inc. prays that judgment enter dismissing Plaintiff's Amended Complaint with prejudice and that Sunco, Inc. be awarded its costs, including reasonable attorney's fees.

*****

## DEFENDANT SUNCO, INC.'S COUNTERCLAIM AND JURY DEMAND

1. Defendant Sunco, Inc. brings this Counterclaim against PLAINTIFF Sunco Timber (Kunshan) Co., Ltd. for repayment of outstanding debt.

2. Sunco, Inc.'s counterclaim arises out of a loan (the "Loan") it made in 2011 to counterclaim-defendant in the principal amount of $2,399,000.

## PARTIES

3. Sunco, Inc. ("Sunco US") is a Massachusetts corporation with its primary place of business located at 163 Highland Avenue #1052, Needham, Massachusetts 02494.

4. Sunco Timber (Kunshan) Co., Ltd. ("Sunco China") is a legal entity with its principal place of business located at Kunshan, China.

## JURISDICTION

5.     To the extent this Court has jurisdiction over Sunco China's claims against Sunco US, the Court has jurisdiction over Sunco US's counterclaim.

6.     This Court has personal jurisdiction over Sunco China because Sunco China has submitted itself to the jurisdiction of this Court by its voluntary act of filing suit in this jurisdiction.

## FACTS

7.     In 2011, when the Loan was made, Sunco US was Sunco China's sole shareholder.

8.     In early 2011, Sunco China was facing a cash crunch as a result of certain employee misconduct.

9.     As a result, Sunco China requested a loan from its shareholder, Sunco US, to meet its cash needs.

10.     From on or about March of 2011 through on or about September of 2011, Sunco US, through a series of transactions, loaned a total of $2,399,000 to Sunco China.  Specifically, Sunco US loaned the following money to Sunco China:

   a.  On or about March 9, 2011, Sunco US made a loan to Sunco China in the amount of $499,000.

   b.  On or about May 5, 2011, Sunco US made a loan to Sunco China in the amount of $300,000.

   c.  On or about May 18, 2011, Sunco US made a loan to Sunco China in the amount of $200,000.

   d.  On or about May 23, 2011, Sunco US made a loan to Sunco China in the amount of $100,000.

   e.  On or about June 14, 2011, Sunco US made a loan to Sunco China in the amount of $600,000.

      f.   On or about June 15, 2011, Sunco US made a loan to Sunco China in the amount of $100,000.

      g.   On or about June 16, 2011, Sunco US made a loan to Sunco China in the amount of $100,000.

      h.   On or about June 30, 2011, Sunco US made a loan to Sunco China in the amount of $500,000.

11.     That balance has been continuously carried on Sunco China's books and has not been repaid.  The current principal balance remains $2,399,000.

12.     The Loan does not have a fixed date for repayment.

**COUNT I**
Breach of Contract

13.     Sunco US incorporates paragraphs 1 through 13 as if fully set forth herein.

14.     When Sunco China accepted a loan from Sunco US in the amount of $2,399,000, it entered into a contract with Sunco US whereby Sunco China was obligated to repay the Loan.

15.     The Loan does not have a fixed date for repayment and is therefore payable on demand.

16.     This counterclaim constitutes a demand for repayment.

17.     Sunco China should be ordered to repay the Loan, plus prejudgment interest.

**COUNT II**
Unjust Enrichment

18.     Sunco US incorporates paragraphs 1 through 17 as if fully set forth herein.

19.     Sunco US extended the Loan to Sunco China.  Sunco China has been unjustly enriched by the Loan.

20.     The Loan conferred a benefit upon Sunco China.

21.     Acceptance of the benefit without repayment is inequitable.

22.     Sunco China should be ordered to repay the Loan, plus prejudgment interest.

## **COUNT III**
### Money Had and Received

23.     Sunco US incorporates paragraphs 1 through 22 as if fully set forth herein

24.     Sunco US extended the Loan to Sunco China.

25.     Sunco China should be ordered to repay the Loan, plus prejudgment interest.

## **COUNT IV**
### Quantum Meruit

26.     Sunco US incorporates paragraphs 1 through 25 as if fully set forth herein

27.     Sunco US conferred a measurable benefit on Sunco China in loaning Sunco China $2,399,000.

28.     Sunco US expected Sunco China to repay the Loan.

29.     Sunco China accepted the Loan with the understanding that Sunco US expected Sunco China to repay the Loan.

30.     Sunco China should be ordered to repay the Loan, plus prejudgment interest.

## **COUNT V**
### Promissory Estoppel

31.     Sunco US incorporates paragraphs 1 through 30 as if fully set forth herein.

32.     Sunco China represented to Sunco US that it would repay the Loan.

33.     In reliance on Sunco China's representations, Sunco US extended the Loan to Sunco China.

34.     Sunco China's failure to repay the Loan would harm Sunco US.

35.     Sunco China should be ordered to repay the Loan, plus prejudgment interest.

## REQUEST FOR TRIAL BY JURY

Sunco US hereby requests that this action to be tried by jury on all issues so triable both with respect Plaintiff's claims against Sunco US and with respect to Sunco US's counterclaims against Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Sunco US requests that this Court grant:

1.      Judgment in its favor on all its counterclaims;

2.      An award of money damages, including prejudgment interest, on its counterclaims; and

3.      Such other relief as the Court concludes is just and proper as a matter of either law or equity.

Respectfully Submitted,

SUNCO, INC.

By its attorneys,

*/s/ Michele E. Connolly*
Peter E. Ball, BBO #546031
Michele E. Connolly, BBO #680946
Malgorzata Mrozek, BBO #699035
FITCH LAW PARTNERS LLP
84 State Street
Boston, MA 02109
617-542-5542
*peb@fitchlp.com*
*mec@fitchlp.com*
*mam@fitchlp.com*

Dated:  October 9, 2024

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 9, 2024.

*/s/ Michele E. Connolly*
Michele E. Connolly