UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO COMPEL**

BACKGROUND

The defendants have noticed the deposition of the plaintiff, Sunco Timber (Kunshan) Co., Ltd. ("Sunco China"), and of its controlling shareholder and officer, Guoqing Wu ("Mr. Wu"). The notices specify that the depositions will take place in Boston. Boston, of course, is the forum that Sunco China chose when it filed this lawsuit.

Sunco China has taken the position that Mr. Wu, who is also expected to be Sunco China's sole Fed. R. Civ. P. 30(b)(6) witness, should not be required to appear in Boston for the deposition. It proposes that Mr. Wu travel either to the Hong Kong Special Administrative Region ("SAR") or the Macao SAR, and that counsel take his deposition remotely by Zoom. Its reasons for why this should be so have changed over time.

On November 9, 2024, the defendants served a notice of Mr. Wu's deposition. *See* Notice of Deposition, attached as Exhibit 1. Even though the notice called for the deposition to take place in Boston, counsel for Sunco China stated, on January 17, 2025, that "we also have issues with the legality of taking depositions in China that we are seeking to work through." *See* Letter

from Attorney Cutler, dated January 17, 2025, attached as Exhibit 2. After further inquiries from defendants' counsel, Sunco China's counsel stated that there was a waiting period of several months for a US visa. *See* Emails from Attorney Dai, attached as Exhibit 3. But counsel later stated that Mr. Wu "has not applied [for a] visa," because he "prefers to take the deposition by remote means." *Id.* In the assented-to motion for an amendment of the scheduling order (ECF Doc. 118), the defendants stated that the location of the plaintiff's deposition is an issue in dispute and "anticipate filing a motion seeking an order that certain of the witnesses be required to appear in the District of Massachusetts for live depositions." (ECF 118, ¶ 7). And on March 4, 2025, the defendants reiterated that they "are seeking the in-person deposition in Boston of both Mr. Wu and plaintiff ("Sunco China")." *See* Email from Attorney Ball, dated March 4, 2025, attached as Exhibit 4.[1] The defendants have been saying for months that they are seeking a live, in-person deposition of Mr. Wu.

    First, Sunco China's counsel suggested that it would be difficult for Mr. Wu to obtain a visa to travel to the United States. But they have acknowledged that Mr. Wu has no intention of applying for a visa. It was only after the defendants' counsel indicated that they were not going to be deterred from seeking an in-person deposition of Mr. Wu due to visa issues, that plaintiff's counsel provided a medical explanation that they had not mentioned before. But the medical information they have provided does not support their claim that Mr. Wu cannot travel.

    In the background is Sunco China's inability to produce *any* of the witnesses the defendants have sought to depose, whether here or elsewhere. According to the plaintiff's counsel, four of the Chinese witnesses the defendants sought to depose are no longer employed by Sunco China, which has said it cannot produce them. According to the plaintiff's counsel,

---

[1] Defendants have now served the formal Fed.R.Civ.P. 30(b)(6) notice on plaintiff that defense counsel has long advised would be coming. See Exhibit 7 attached hereto.

2

4338871_1

two other Chinese witnesses, Wenjing Sun and Bing Zhao, have advised that they refuse to be involved in American court proceedings and have either threatened to resign to avoid it (Mr. Zhao) or actually resigned for that purpose (Mr. Sun). One director of Sunco China, Ruihua Xiao, is said to be elderly, in poor health, and unable to be deposed at any location. In other words, of the seven Sunco China witnesses whose depositions the defendants noticed (leaving aside Mr. Wu), **none of them** are available to be deposed. We are concerned that having sued in an American court, the plaintiff and its witnesses are not really willing to engage in American pretrial discovery[2].

      We do not ask that every witness travel to Boston. But it is fair and, indeed, necessary to give the defendants the chance to depose the plaintiff's key – and likely only -- witness in the case, who we expect will also be Sunco China's 30(b)(6) witness, in the district where he chose to sue and where the deposition, which will require an interpreter, will go the most smoothly. In this motion, the defendants ask the Court to compel Sunco China and its principal to appear in Boston, the forum they chose, for a deposition.

---

[2] Though Plaintiff is exceedingly eager to use American pretrial discovery against Defendants, particularly the Infinity and Affiliated Entity Defendants. Plaintiff served 295 document requests, which resulted in the production of over 72,000 pages of documents. Still unsatisfied, Plaintiff issued subpoenas on Defendants banks, accountants, and corporate attorneys which resulted in the production of over 111,000 pages. Plaintiff has received hundreds of thousands of pages of highly sensitive business, financial, and personal records from Defendants. In contrast, it has produced approximately 6200 pages, and is refusing to produce certain documents necessitating a motion to compel (Dkt. 112). Now the Plaintiff is attempting to prevent Defendants from deposing Mr. Wu in the forum where Plaintiff chose to bring this action.

ARGUMENT

A. *A plaintiff must appear for a deposition in the place it chose to sue, except in cases of hardship.*

The ordinary rule is that a plaintiff "will be required to make himself or herself available for examination in the district in which suit was brought." 8A Wright & Miller, *Federal Practice & Procedure* § 2112 at n.8 (3d ed. 2010). "Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." *Id.*

Courts in this district have noted this general rule. *See N. Am. Photon Infotech, Ltd. V. Acquia, Inc.,* 2024 U.S. Dist. LEXIS 109697, at *2 (D. Mass. Jun. 21, 2024); *Stammler v. Jetblue Airways Corp.,* 2017 U.S. Dist. LEXIS 168054, at *1-2 (D. Mass. Apr. 21, 2017). While there is an exception in cases of "unreasonable hardship," *Stammler, supra* at *1-2, cost is not an "unreasonable hardship" when the plaintiff has brought a claim for significant damages, *see N. Am. Photon Infotech, supra.* And when the plaintiff is a corporation and the defendants and counsel for both parties are in Boston, the Court has ordered a deposition of the plaintiff's officer to take place here. *See W.H. Brady Co. v. Dorman-Bogdonoff Corp.,* 1982 U.S. Dist. LEXIS 18365 (D. Mass. Nov. 3, 1982).

B. *A deposition in mainland China or Macau is illegal, and a deposition in Hong Kong would require Chinese government permission.*

It is illegal, under Chinese law, to conduct a deposition in China in a US lawsuit, even when the witness is willing to appear. China, like the United States, is party to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. 7144 (Mar. 18, 1970), known as the Hague Evidence Convention. Under Articles 16 and 17 of the Convention, it is possible to take a deposition of a non-US national in a foreign state that is party to the Convention before a US diplomatic or consular official or a commission, but only if the

foreign state has given its permission. *See* Convention art. 16, 17. The Chinese government has declared, as Article 33 of the Convention permits it to do, that these methods are not available in China. *See* People's Republic of China Declarations, Notifications, and Reservations, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=493&disp=resdn. This is true even for depositions taken remotely, because Chinese law forbids the collection of evidence in China without government permission. *See* Civil Procedure Law of the People's Republic of China art. 263, *available at* http://www.npc.gov.cn/zgrdw/englishnpc/Law/2007-12/12/content_1383880.htm.

It is possible to take depositions of willing witnesses in the Hong Kong Special Administrative Region, though not in the Macau SAR as plaintiffs have suggested.[3] But Hong Kong has not declared, as Articles 16 and 17 permit, that "evidence may be taken under [those] Article[s] without its prior permission." *See* Convention art. 16, 17. Therefore, permission is required in each case. *See* Bureau of Consular Affairs, Information Page on Hong Kong SAR, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html.

C. *Wu has not sought a visa to travel to the US, and he would need a permit to travel to Hong Kong.*

The first hardship Sunco China suggested in discussions with counsel was the potential difficulty in obtaining a visa to travel to the United States. It is worth pointing out that a mainland Chinese citizen visiting Hong Kong for reasons such as "participating in proceedings" must obtain an exit-entry permit, or EEP, and an "endorsement for other purposes" from the relevant Public Security Bureau Office. *See* Hong Kong Immigration Department, *Entry*

---

[3] Macao does not allow the use of either diplomatic or consular depositions under Article 16, and thus depositions by commissioners under Article 17 are the only method available. *See* People's Republic of China Declarations, *supra.*

*Arrangements for Mainland, Macao, Taiwan & Overseas Chinese Residents, available at* https://www.immd.gov.hk/eng/services/visas/overseas-chinese-entry-arrangement.html. So Mr. Wu will need governmental permission to travel no matter where he travels for his deposition.

But Sunco China has made it clear that Mr. Wu has not sought a visa to travel to the United States, because he prefers to be deposed in China. The possibility that Mr. Wu might not be able to get a visa is just speculation. Given that he knew months ago that he would have to apply for a visa but has taken no steps to get one, Mr. Wu can hardly point to his speculation as grounds to avoid a deposition in Sunco China's chosen forum. *Contrast El Hadad v. United Arab Emirates,* 496 F.3d 658, 669 (D.C. Cir. 2007) (trial court permitted plaintiff to testify remotely only after he had "prove[n] he had pursued and repeatedly been denied a visa to the United States (as well as show careful preparations for translation and teleconferencing)").

Indeed, the Plaintiff seems to be trying to take advantage of Mr. Wu's own failure to apply for a visa back in early November, 2024, when Defendants first noticed Mr. Wu's in-person deposition in Boston. This is evident from the e-mail chain at Exhibit 2.  In a January 21, 2025 e-mail to plaintiff's counsel, defense counsel, Ms. Connolly, noted that Mr. Wu's deposition was noticed to be in-person in Boston.  In a January 23, 2025 response, plaintiff's counsel, stated that "it would be burdensome and not practicable for [Mr. Wu and certain others] to be deposed in person in February" 2025, the date then scheduled for a deposition.  "The waiting period for the visa interviews is estimated to be at least a few months, and it has apparently become unpredicted/worse after the new administration came to office on Monday." (There was no explanation from defense counsel as to why Mr. Wu had not applied in November, 2024.)  On January 28, 2025, defense counsel, Mr. Folkman, responded: "Can you let

6

me know whether Mr. Wu applied for a visa, and if so, when?" Ms. Dai replied: "Mr. Wu has not applied visa. Like I started in the last email, client prefers to take the deposition by remote means."

Even when the depositions were taken off the books as the discovery cut-off was extended to July 11, 2025, the Defendants still did not attempt to get a visa for Mr. Wu.

D. *Sunco China has not shown that Mr. Wu's health precludes travel.*

Sunco China's counsel has provided scant medical information regarding Mr. Wu that is meant to show that he cannot travel. But defendants have had those records reviewed by a distinguished and highly credentialed medical expert who says that he "see[s] nothing indicating that [Mr. Wu] is unable to travel from China to Boston and to sit for a deposition in Boston." (Declaration of Daniel G. Federman, M.D. ("Federman Decl.") at ¶ 5)

First, plaintiff's counsel has stated that Mr. Wu has been ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ and apparently tied that ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *See* Email from Attorney Cheng dated March 11, 2025, attached as Exhibit 5. Counsel provided an ▌▌▌▌▌▌▌▌▌▌ report that relates to these statements. But ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ according to Dr. Daniel G. Federman, a Professor of Medicine and Vice-Chair of Medicine at the Yale University School of Medicine and Chief of Medicine at the VA Connecticut Healthcare System. Dr. Federman explains in his declaration that nothing in these records gives any reason to think that Mr. Wu has ▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌ (Federman Decl. ¶ 5).

Second, plaintiff's counsel stated that Mr. Wu suffers from ▌▌▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ *Id.* Counsel provided a report of a ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. Counsel also has

7

stated that Mr. Wu's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* But there is no statement from a physician or anything else that support this assertion, and in any event, if Mr. Wu's situation is as bad as counsel asserts, it is hard to see how Mr. Wu could travel several hours to Hong Kong or how he could sit for a deposition at all, no matter where it is conducted.

Dr. Federman sees nothing in Mr. Wu's ▮▮▮▮▮▮▮▮▮▮▮▮ "indicating that he is unable to travel from China to Boston and to sit for a deposition in Boston." (Federman Decl. ¶ 6) Specifically, Dr. Federman states:



(*Id.*).

E. *Weighing all factors, the Court should require the deposition to take place in Boston.*

As the foregoing discussion shows, there are several factors at play. First, while Mr. Wu appears, unfortunately, to have a health issue to some degree, based on the objective medical evidence counsel have provided, the issue does not prevent him from traveling. And if the issue is as serious as counsel has suggested, without substantiation, in an email, then it is hard to see why they only raised the issue after their point about a US visa failed to persuade, or to see how Mr. Wu could spend hours traveling to Hong Kong or sit for a deposition there.

8

Second, while Sunco China has speculated that Mr. Wu might not get a US visa, it has made it clear that Mr. Wu has not and will not apply for a visa, even though it has known for months that the defendants wanted to depose him here. Thus, Sunco China's position on the visa issue is merely speculative. And the plaintiff should not be allowed to benefit from its own dilatoriness.

Third, the only alternative that has been proposed to a deposition in Boston that is legally permissible is a deposition in Hong Kong. But that will require two Chinese government permissions in advance: permission to take the deposition, and permission for Wu to travel from mainland China. Sunco China, which has raised the possibility that Mr. Wu could not get a US government permission as a reason not to have the deposition in Boston, is hardly in a position to say that counsel could obtain the two Chinese government permissions required to let the Hong Kong deposition go forward.

Finally, it is critically important that defendants be able to take the deposition of the plaintiff's likely only trial witness in person. The defendants and their counsel are entitled to observe Mr. Wu in person to assess his credibility and his strength or weakness as a trial witness. Moreover, because the deposition is going to be taken via a Chinese interpreter using documents in two languages, which experience shows is difficult under the best of circumstances, the distinct possibility of misunderstanding is greatly exacerbated with a remote deposition where the witness, his counsel, defendant's counsel, the interpreter and the court reporter are all in different locations. In addition, due to the 13-hour time difference, defendants would be taking Mr. Wu's testimony in the middle of the night in China. Accordingly, the deposition – for which the Court has allowed 12 hours due to the slow pace inherent in a foreign-language deposition

with interpreters —would likely have to be broken into three or four segments so that Mr. Wu is not testifying at 2 a.m. his time.

Given that Mr. Wu will almost certainly have to travel to Boston eventually if this case goes to trial, *see* Fed. R. Civ. P. 43(a) (witnesses must testify in open court, except "for good cause in compelling circumstances and with appropriate safeguards"), the legal and practical factors strongly suggest that Mr. Wu, who chose Boston as the forum for his company's lawsuit, should be required to travel here to testify for this important event in the life of the case.

## CONCLUSION

For these reasons, the Court should grant this motion and issue an order compelling Sunco China to produce Mr. Wu for a deposition in Boston.

Respectfully submitted,

| | |
|---|---|
| DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC | LINDA SUN |
| | By her attorneys: |
| By their attorneys: | */s/ Theodore J. Folkman*<br>Theodore J. Folkman (BBO No. 647642)<br>Taylor M. Makson (BBO No. 697476)<br>RUBIN & RUDMAN, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 330-7000<br>tfolkman@rubinrudman.com<br>tmakson@rubinrudman.com |
| */s/ Peter E. Ball*_____<br>Peter E. Ball (BBO No. 546031)<br>Michele E. Connolly (BBO No. 680946)<br>Malgorzata Mrózek (BBO No. 699035)<br>FITCH LAW PARTNERS LLP<br>84 State St.<br>Boston, MA 02109<br>(617) 542-5542<br>peb@fitchlp.com<br>mec@fitchlp.com<br>mam@fitchlp.com | Dated: April 11, 2025 |

10

4338871_1

## CERTIFICATE OF COMPLIANCE

I certify that I conferred with counsel for the plaintiff and have attempted in good faith to resolve or narrow the issue presented by this motion.

*/s/ Theodore J. Folkman*