# EXHIBIT 4

| | |
|---|---|
| **From:** | Peter E. Ball <peb@fitchlp.com> |
| **Sent:** | Tuesday, March 4, 2025 5:12 PM |
| **To:** | Yun Cheng |
| **Cc:** | Connie Dai; Robin Quinn; Tim Cutler; Theodore J. Folkman; Taylor M. Makson; Malgorzata A. Mrózek |
| **Subject:** | [EXTERNAL] Re: URGENT -- Motion for Extension of Scheduling Order due to health crisis that Michele is experiencing |

**WARNING: This message is from an external email address.**

Hi Mike:

Thanks to Connie and you for your time and for your follow-up e-mail.

Please see my responses embedded in your e-mail in red. This is on behalf of both Rubin & Rudman's clients and Fitch's.

Regards,

Peter

———

**Peter E. Ball | Partner**

Phone 617-542-5542

Fax 617-542-1542

peb@fitchlp.com | View Bio

FITCH LAW PARTNERS LLP

84 State Street | Boston | MA | 02109

**fitchlp.com**



> Begin forwarded message:
>
> **From:** Yun Cheng <yun@lionslawgroup.com>
> **Subject: 回复: URGENT -- Motion for Extension of Scheduling Order due to health crisis that Michele is experiencing**
> **Date:** February 25, 2025 at 12:41:15 PM EST

1

**To:** "Peter E. Ball" <peb@fitchlp.com>, Ted Folkman <TFolkman@rubinrudman.com>
**Cc:** Tim Cutler <tim@cutlerlegal.com>, Connie Dai <connie@lionslawgroup.com>, Robin Quinn <robin@cutlerlegal.com>, "Taylor M. Makson" <TMakson@rubinrudman.com>, Malgorzata A. Mrózek <mam@fitchlp.com>, "Michele E. Connolly" <mec@fitchlp.com>

Hi Ted and Peter,

It's good to talk to you both yesterday. I'm writing to recap the key points from our conference call.

1. We proposed to let Mr. Wu do the deposition virtually either in Hongkong or Macau bu you would like him to come to the US for deposition in person, and we will talk to him to see if he will be able to. If for any reasons (e.g. cannot get US Visa) he cannot come to the US, you will consider to file a motion to compel and let the court the decide.

DEFENDANT'S RESPONSE:  Defendants' are seeking the in-person deposition in Boston of both Mr. Wu and of plaintiff ("Sunco China"), the latter pursuant to Fed.R.Civ.P. 30(b)(6).  We expect that Mr. Wu may be the sole 30(b)(6) witness for Sunco China, but if there are other individuals who will be supplying 30(b)(6) testimony, we would be seeking their in-person testimony in Boston as well.  (On behalf of some or all of Fitch's clients, I owe you a 30(b)(6) deposition notice.) To be clear, if Sunco China does not agree to produce Mr. Wu and any other 30(b)(6) witnesses in person, defendants are committed to filing a motion in this regard.

Fitch's clients have also sought several other in-person depositions in Boston and several remote depositions.  You have represented that all of the witnesses whose depositions we have sought in-person are of persons who are no longer employed by Sunco China except for Ruihua Xiao (Mr. Wu's father-in-law, we understand) and that Mr. Xiao is too infirm to be deposed in any fashion.  We request that you provide evidence of Mr. Xiao's condition in the form of medical records, and also reserve our rights with respect to seeking Mr. Xiao's deposition.

1.
2. It's confirmed that besides Mr. Wu, only Bing Zhao (thinking about resigning) and Ruihua Xiao (under medical condition) are still employed with the Plaintiff Sunco China, and neither of them are willing/or capable for the deposition, either virtually or in person. The rest of the proposed deponents from your previous list are out of the Plaintiff's control. We do not plan to use any of their testimony or affidavit as of now. You will confirm with your clients to see if you still want the deposition for these people, and if yes, you will consider to issue subponeas.

2.

DEFENDANTS' RESPONSE:  You have represented that the witnesses whose Zoom deposition testimony is being sought by defendants are no longer employed by Sunco China except for Bing Zhao.

Regarding Bing Zhao, we may seek to compel Sunco China to produce him for a Zoom deposition if Sunco China does not voluntarily agree to do so.

We are keeping our options open with respect to seeking evidence from any witnesses who you say are no longer available through the company.

Finally, you indicated on the phone call that the witnesses who are no longer employed by Sunco China are not willing to be voluntarily deposed.  Yet, with respect to those witnesses, you say in your e-mail above only that you "do not plan to use any of their testimony or affidavit **as of now**." (Emphasis added).  Will you commit to not calling them or offering their affidavit testimony **at all**?

2.
3. As Michele mentioned before she left, Peter's office will make another document production (around 20,000 pages if I remember correctly) ideally by the end of next week, which contains invoices, bank statements, and email correspondences.

FITCH'S RESPONSE:  This is largely correct, except that I don't believe that there are further e-mails being produced.  We will make our best efforts to get these documents produced by the end of this week, but can't promise that.  If we cannot make the complete production, we may be able to make a partial production.

3.
4. All the parties are expecting to use May this year to conduct depositions, and we will exchange our availabilities and make the specific arrangements via email.

DEFENDANTS' RESPONSE:  Agreed.

Please let us know if there is anything you'd like to correct or supplement.

Thanks,
Mike

Yun Cheng, Esq
Lion's Law P.C.

3