# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> LINDA SUN, individually, DAVID SUN, individually SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC., <br><br> Defendants, <br><br> SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, and NEW SUN LIMITED PARTNERSHIP <br><br> Reach and Apply Defendants, and Fraudulent Conveyance Defendants | C.A. No. 1:22-cv-10833 <br><br><br><br><br><br><br><br><br><br><br><br><br><br> **NOTICE OF TAKING DEPOSITION IN PERSON OF SUNCO TIMBER (KUNSHAN) CO., LTD., PURSUANT TO FED.R.CIV.P. 30(b)(6)** |
| Linda Sun <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Sunco Timber (Kunshan) Co., Ltd. <br><br> Counterclaim Defendant. | |
| Sunco, Inc. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Sunco Timber (Kunshan) Co., Ltd. <br><br> Counterclaim Defendant. | |

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30(b)(6) and Rule 45, Defendants, through their attorneys, will take the deposition upon oral examination of Plaintiff Sunco Timber (Kunshan) Co., Ltd., on **June 3, 2025** at **10 a.m.**, and will continue to **June 4, 2025**. The deposition will take place in person at Fitch Law Partners LLP, 84 State Street, Boston, MA 02109. The deposition will be recorded by stenographic and, possibly, audiovisual means.

Plaintiff Sunco Timber (Kunshan) Co., Ltd. is required, pursuant to Rule 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters listed on Schedule A hereto. The deposition will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: April 10, 2025

|  |  |
|---|---|
|  | Respectfully submitted, |
| LINDA SUN | DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC |
| By her attorneys: |  |
| /s/ Theodore J. Folkman | By their attorneys: |
| Theodore J. Folkman (BBO No. 647642) | |
| Taylor M. Makson (BBO No. 697476) | /s/ Peter E. Ball |
| RUBIN AND RUDMAN LLP | Peter E. Ball (BBO No. 546031) |
| 53 State St. | Michele E. Connolly (BBO No. 680946) |
| Boston, Mass. 02109 | Malgorzata Mrózek (BBO No. 699035) |
| (617) 330-7135 | FITCH LAW PARTNERS LLP |
| tfolkman@rubinrudman.com | 84 State St. |
| tmakson@rubinrudman.com | Boston, MA 02109 |
|  | (617) 542-5542 |
|  | peb@fitchlp.com |
|  | mec@fitchlp.com |
|  | mam@fitchlp.com |

2

## **CERTIFICATE OF SERVICE**

I, Malgorzata A. Mrózek, hereby certify that a true copy of the above document was served upon all counsels of record by first class mail and email on April 10, 2025.

_____
Malgorzata A. Mrózek

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1. The relevant time period for all matters listed below is January 1, 2011 to the present, unless otherwise noted.

2. The definitions included in Local Rules of the United States District Court for the District of Massachusetts Rule 26.5 apply to this Schedule A.

3. "Amended Complaint" shall mean the amended complaint filed in the above-captioned action, docket number 61.

4. The "Counterclaim" shall mean Sunco US's counterclaim filed in the above-captioned action, docket number 104.

5. The "Cabinets" shall mean the cabinets referenced in paragraph 117 of the Amended Complaint.

6. "You," "Your," "Sunco China" and "Plaintiff" shall mean Plaintiff Sunco Timber (Kunshan) Co., Ltd., and all its officers, directors, employees, partners, corporate parents, subsidiaries, assigns, agents, attorneys, and any other persons acting on behalf of Sunco China.

7. "David" means Defendant David Sun.

8. "Shillock" means Defendant Shillock Yuan-Sun.

9. "Linda" means Defendant Linda Sun.

10. "Infinity Wood Products" shall mean Defendant Infinity Wood Products, LLC, its predecessors and affiliates, if any, and its agents and representatives.

11. "Sunco US" shall mean Defendant and Plaintiff-in-Counterclaim Sunco, Inc., its predecessors and affiliates, if any, and its agents and representatives.

12. "<u>Eastman St. Distributors</u>" shall mean Eastman St. Distributors, LLC, its predecessors and affiliates, if any, and its agents and representatives.

13. "<u>Eastman St. Woodworks</u>" shall mean Defendant Eastman St. Woodworks, Inc., its predecessors and affiliates, if any, and its agents and representatives.

14. "<u>Infinity Realty</u>" shall mean Defendant Infinity Realty Company, LLC, its predecessors and affiliates, if any, and its agents and representatives.

15. The "<u>Affiliated Entities</u>" shall mean Sunco US, Eastman St. Distributors, Eastman St. Woodworks, and Infinity Realty.

16. "<u>QiYi</u>" shall mean QiYi Investments China.

17. The "<u>Share Acquisition</u>" shall mean the purchase by QiYi from Sunco US of shares in Sunco China.

18. The "<u>Counterclaim Loan</u>" shall mean the loan referenced in paragraph 10 of Sunco US's counterclaim in the above-captioned action, docket number 104.

## TOPICS

The matters on which the witness or witnesses shall testify include the following:

1. The allegations of the Amended Complaint.

2. The allegations in the Counterclaim.

3. Cabinet orders by and shipments to Infinity from Sunco China in 2018 and 2019.

4. Sunco China and Sunco US's business relations, including:

    a. Communications between companies;
    b. Purchase orders and shipments;
    c. Rules and regulations concerning shipment of goods from China to the U.S., including without limitation the shipment of goods from China to a company's shareholder in the U.S.; and
    d. Payment practices for shipped goods.

5. Sunco China and Infinity Wood Product's business relations, including:

5

    a. Communications between companies;

    b. Purchase orders and shipments; and

    c. Payment practices for shipped goods.

6. Sunco China's knowledge of the relationship between:

    a. David and any of the defendants;

    b. Shillock and any of the defendants;

    c. Sunco US and any of the defendants;

    d. Infinity Wood Products and any of the defendants;

    e. Eastman St. Distributors and any of the defendants;

    f. Eastman St. Woodworks and any of the defendants; and

    g. Infinity Realty Company and any of the defendants.

7. Sunco China's knowledge of the existence of the Affiliated Entities.

8. Sunco China's allegations concerning piercing the corporate veil of Infinity Wood Products, including:

    a. Sunco China's claims that David and Shillock, as individuals, own equity interests in Infinity Wood Products;

    b. Sunco China's claim that Linda owns an equity interest in Infinity Wood Products

    c. Any claim by Sunco China that Infinity Wood Products' members exercised pervasive control over the company;

    d. Sunco China's claim that Infinity Wood Products was "believed to be thinly capitalized" as alleged in paragraph 38 of the Amended Complaint;

    e. Any claim by Sunco China that Infinity Wood Products failed to observe corporate formalities;

    f. Any claim by Sunco China that Infinity Wood Products does not have corporate records;

    g. Any claim by Sunco China that Infinity Wood Products did not pay dividends;

    h. Any claim by Sunco China that Infinity Wood Products was insolvent at the time periods relevant to the instant action;

    i. Any claim by Sunco China that David – either individually or in his capacity as Trustee for the David Sun Trust Agreement of 2008 – or Shillock – either individually or in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008 – or any other person or entity that Sunco China claims is or was a member of Infinity Wood Products, siphoned away corporate funds of Infinity Wood Products, including without limitation Sunco China's claim that

Linda, David, and Shillock "have ceased operations of Infinity [Wood Products] and siphoned off all of its capital" as alleged in paragraph 81 of the Amended Complaint;

j. Any claim by Sunco China that Infinity Wood Products' officers or directors were nonfunctioning;

k. Any claim by Sunco China that David – either individually or in his capacity as Trustee for the David Sun Trust Agreement of 2008 – or Shillock – either individually or in her capacity as Trustee for The Shillock Yuan-Sun Trust Agreement of 2008 – or any other person or entity that Sunco China claims is or was a member of Infinity Wood Products, used Infinity Wood Products for their own transactions; and

l. Any claim by Sunco China that Infinity Wood Products was used to promote fraud.

9. Sunco China's allegation that each of the Affiliated Entities "is believed to be a shell entity used by the Defendants to conceal their assets" as alleged in paragraphs 10-14 of the Amended Complaint.

10. Sunco China's claim that proceeds from the Cabinets were invested in real estate as alleged in paragraphs 109 and 111 of the Amended Complaint.

11. Sunco China's claim that Linda, David, and Shillock "would use Infinity [Wood Products] to order cabinets from Sunco [China] and then transfer the cabinets to one or more of its Affiliated Entities who in turn transferred the cabinets between themselves" as alleged in paragraph 110 of the Amended Complaint, including without limitation to which entities Sunco China claims Infinity Wood Products transferred cabinets, when such transfers allegedly occurred, and the circumstances surrounding such alleged transfers.

12. QiYi's acquisition of shares in Sunco China, including:

a. The agreement, whether oral or written, concerning such acquisition, including any alleged amendments to such agreement;

b. The price of acquisition;

c. The terms of acquisition;

d. The payment of acquisition price; and

e. Any amendments to the terms of acquisition;

7

13. Management of Sunco China, including:

    a. The identity of Sunco China's shareholder(s);
    b. Management of Sunco China prior to the Share Acquisition;
    c. Any change in management structure of Sunco China following the Share Acquisition;
    d. The identity of the "key management members" referenced in paragraph 32 of the Amended Complaint;
    e. The change in management referenced in paragraphs 61-67 of the Amended Complaint;
    f. The identity of members of the Board of Sunco China from 2016 to 2021.
    g. Board meetings, including the frequency of Board meetings, the location of such Board meetings and the manner by which they were held (e.g., in person, via teleconference; etc.), the agendas for such Board meetings;
    h. Sunco China's day-to-day operations; and
    i. Sunco China's relationship with Sunco China employees, including without limitation the circumstances surrounding the worker strike alleged in paragraph 68 of the Amended Complaint.

14. Sunco China's allegations that Linda lived at the Sunco factory, as alleged in paragraphs 28-31 of the Amended Complaint.

15. Sunco China's claim that Linda breached her fiduciary duties.

16. Communications with Chinese government concerning:

    a. Exportation of cabinets to the U.S.;
    b. The Share Acquisition;
    c. The use of the Cabinets as payment for the Share Acquisition; and
    d. Any of the factual allegations or affirmative defenses in this case.

17. Sunco China's accounting, including:

    a. The financial health of Sunco China;
    b. The manner by which Sunco China tracked and documented its revenues, expenses, accounts payable and receivable, costs, payroll, distributions, lines of credit, loans, and other financial matters;
    c. Rules or regulations concerning any obligation to keep financial records; and
    d. Any financial audits or the equivalent.

18. Litigation or arbitration between Sunco China and any defendant in this case, including without limitation:

    a. Litigation or arbitration concerning the Share Acquisition;
    b. Litigation or arbitration concerning allegations by Sunco China that it holds account(s) receivable owed by Infinity Wood Products or any other defendant in this case;
    c. Litigation or arbitration concerning any attempt by QiYi to obtain Sunco US's current ownership interest in Sunco China;
    d. Litigation or arbitration concerning any of the factual allegations or affirmative defenses in this case;
    e. Litgation concerning the Chinese Judgment, as described in Linda Sun's counterclaim (ECF Doc. 98), and the judgment that resulted;

19. The Counterclaim Loan, including:

    a. The amount of the Counterclaim Loan;
    b. Sunco China's accounting of the Counterclaim Loan in its records;
    c. Any claim by Sunco China that the Counterclaim Loan was paid in part or in full, including the date(s) such payment was made, the amount(s) of such payment(s) and the manner by which payment was made;
    d. Any claim by Sunco China that the Counterclaim Loan is not due; and
    e. Any claim by Sunco China that the Counterclaim Loan was not made by Sunco US, but rather by Linda or another person or entity.

20. The answers and objections provided by Sunco China in response to the Interrogatories served by each of the defendants in the case.

21. The responses and objections to the Requests for Production of Documents ("RFPDs") that have been served by each of the defendants in the case, as well as the actual production of documents by Sunco China in response to the various RFPDs.

22. Sunco China's storage and maintenance of documents (including Electronically Stored Information), as well as any policies regarding same, including policies regarding document retention and destruction.

23. Current and former employees of Sunco China, their employment status with Sunco China,

9

circumstances surrounding the termination of their employment with Sunco China, and their availability as to testify as witnesses including:

a. Bing Zhao

b. Jianxiao Yu

c. Qiong Xiao

d. Ruihua Xiao

e. Wenjing Sun

f. Xiaogong Want

g. Yueyon Gao

-- END --