UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>    Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>    Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>    Reach and Apply Defendants, and<br>    Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Plaintiff Sunco Timber (Kunshan) Co., Ltd. ("Plaintiff" and/or "Sunco China") respectfully submits its opposition to Defendants's motion to compel.

**I.      BACKGROUND**

The present action was brought by Plaintiff to recover payment on the cabinets it manufactured and delivered to defendant Infinity Wood Products, LLC ("Infinity"). Defendants received the cabinets and have acknowledged in writing that the monies are owed to Plaintiff[1] [**Docket 61, ¶¶56, 123, 144**].

---

[1] Defendants acknowledged they owed $5,886,466.77 for cabinets manufactured and delivered as of December 31, 2018 -- additional cabinets were manufactured and delivered following that date.

1

Since late 2024, the parties have engaged in good faith discussions regarding the deposition of Mr. Guoqing Wu, the principal of Sunco China and its anticipated Rule 30(b)(6) designee.[2] From the start, Plaintiff has tried to find a practical solution by staying in regular communication with Defendants, suggesting alternatives to reduce travel hardship, and being transparent about Mr. Wu's health problems.[3]

During a conference call with opposing counsel, Plaintiff proposed that Mr. Wu appear for deposition virtually or, in the alternative, travel to the Hong Kong or Macao Special Administrative Regions, where lawful depositions may be conducted with appropriate approvals under the Hague Evidence Convention.[4] Plaintiff's counsel agreed to discuss the logistics with Mr. Wu and expressed willingness to explore all viable options, subject to his health status and ability to obtain a U.S. visa.[5] In response, Defendants stated that they would only accept an in-person deposition in Boston and indicated they would consider a motion to compel if Mr. Wu could not attend.[6]

Plaintiff also addressed the status of other witnesses requested by Defendants. Counsel explained that most of the individuals Defendants sought to depose were no longer employed by Sunco China and are not under the company's control. Of the remaining two, one (Bing Zhao) has stated that he would resign rather than participate in a deposition, and the other (Ruihua

---

[2] See Exhibit A, Yun Cheng's Affidavit, at para 2

[3] See Exhibit A at para 3

[4] See Exhibit A at para 4

[5] See Exhibit A at para 5

[6] See Exhibit A at para 6

Xiao) has significant health issues that prevent him from testifying at all.[7] Plaintiff also clarified

that it does not intend to rely on these individuals for testimony or affidavits.[8]

Throughout subsequent correspondence, Plaintiff continued to engage in good faith.

Plaintiff confirmed that Mr. Wu was experiencing serious and chronic medical conditions—in-

cluding inflammation of the terminal ileum, multiple ulcers of the ileocecal valve, and SMT of

the ileocecal region, possibly lipoma—as well as cardiac irregularities and associated symptoms

of dizziness and shortness of breath. These issues have significantly affected his day-to-day func-

tioning, including requiring frequent restroom use.[9] Plaintiff voluntarily disclosed Mr. Wu's

translated medical records, despite their private nature, and requested that they be treated with

appropriate confidentiality.[10]

Despite Plaintiff's repeated proposals—including to conduct Mr. Wu's deposition re-

motely in Hong Kong or Macau—Defendants refused to consider these options and instead filed

the present motion to compel Mr. Wu's deposition in Boston.[11]

Most recently, Mr. Wu was examined by a cardiologist at The Third People's Hospital of

Jiujiang City on April 11, 2025. The examining physician noted persistent chest tightness follow-

ing activity, suspected coronary heart disease, and ECG findings indicative of potential cardiac

abnormalities.[12] Based on that evaluation, the treating doctor recommended coronary angiogra-

---

[7] See Exhibit A at para 7

[8] See Exhibit A at para 8

[9] See Exhibit A at para 9; See also Exhibit B "Guoqing Wu's Medical Records with Translation."

[10] See Exhibit A at para 10

[11] See Exhibit A at para 11

[12] See Exhibit C "Guoqing Wu's Doctor Note on April 11, 2025 with Translation."

phy and explicitly advised that Mr. Wu should "avoid strenuous activities" and is "not suitable

for long-distance travel."[13]


## II.    LEGAL STANDARD

While it is true that it is the general rule that when a plaintiff selects a forum for filing his

complaint he may be called upon to present himself at that place for the taking of his deposition,

such rule is not to be applied absolutely and inflexibly to every situation. De Dalmady v. Price

Waterhouse & Co., 62 F.R.D. 157 (D.P.R. 1973). Special circumstances may be present, such as

hardship or financial burden to a plaintiff, which may outweigh any prejudice to the defendant

and require the general rule to yield to the exigencies of the particular case. Id. Since the location

designated for the taking of a deposition, as well as the conditions to be met before so doing, are

solely within the discretion of this Court. Id. In order for this Court to appropriately and respon-

sibly use its conferred discretion on the matter, it must be placed in a position to adequately and

carefully weigh all the relevant facts. Id.

Undue hardship can encompass various factors, including long-distance travel and health

conditions. For instance, courts have recognized that serious health issues can justify a protective

order to prevent undue burden on a deponent. In Cook v. Lynn & William, Inc., the court ac-

knowledged that a deponent's serious illnesses and injuries constituted "good cause" for a protec-

tive order under Rule 26(c)(1). Cook v. Lynn & William, Inc., 344 F.R.D. 149. Similarly, in Sys-

temation, Inc. v. Engel Indus., the court considered the advanced age and failing health of a party

as factors favoring a more convenient deposition location. Systemation, Inc. v. Engel Indus., 992

F. Supp. 58.

---

[13] See Exhibit C "Guoqing Wu's Doctor Note on April 11, 2025 with Translation."

Additionally, in <u>Kovalsky v. Avis Rent--A--Car, Inc.</u>, 48 F.R.D. 453, the court granted a protective order under Fed. R. Civ. P. 30(b) to prevent the deposition of an injured party from being taken in a forum that would cause her economic hardship and extreme inconvenience. The court found that the injured party did not have a choice of forum, as she had to file the action where jurisdiction over the defendants could be obtained, and requiring her to travel outside her state of residence would impose undue hardship. <u>Id.</u>

### III.    LEGAL ARGUMENTS

#### A.    <u>Plaintiff Did Not Select This Forum for Convenience, But Out of Necessity</u>

Defendants argue that because Plaintiff filed suit in Massachusetts, it must accept all burdens of litigating here, including producing its principal for in-person deposition. But Plaintiff did not select this forum for convenience. It selected this Court because it has personal jurisdiction over all Defendants and is the only forum where Plaintiff could obtain comprehensive relief. Jurisdictional necessity—not forum shopping—drove this decision.

Plaintiff did not bypass a more convenient or accessible venue, nor is it attempting to benefit unfairly from this forum. Rather, Plaintiff is navigating the discovery process in good faith under difficult cross-border conditions, including medical and logistical limitations that were not foreseeable at the time of filing. As this court said in Stammler v. Jetblue Airways Corp., "although a plaintiff's choice of forum is often stressed in resolving such disputes, that "choice" has less force where there is no suggestion that the plaintiff opted against a more convenient forum." <u>Stammler v. Jetblue Airways Corp.</u>, Civil Action No. 16-cv-11713-IT, 2017 U.S. Dist. LEXIS 168054 (D. Mass. Apr. 21, 2017)

**B.**    **Mr. Wu's Medical Condition Prevents Him From Long-Distance Travel**

Mr. Wu's health concerns are genuine and well-documented, and they have been shared transparently with Defendants throughout this discovery process. It's obvious that he has serious health issues which prevents him from traveling to Boston. His doctor recently examined him and specifically advised that he is "not suitable for long-distance travel." The doctor also recommended that Mr. Wu "avoid strenuous activities" and undergo further cardiac testing. These advices are consistent with Mr. Wu's prior health disclosures. Defendants have not contested the authenticity of these records. Instead, they rely on a medical expert who never examined Mr. Wu. That expert's speculative disagreement can not override the judgment of Mr. Wu's treating physician.

Defendant Linda Sun is well aware of Mr. Wu's condition and she even offered at one point to help connect him with a specialist before the litigation. Plaintiff has now provided Defendants with updated medical records confirming his diagnosis and medical advice. Despite their sensitive nature, these records were shared voluntarily and in good faith by Plaintiff.

Rather than refusing discovery, Plaintiff seeks only a reasonable adjustment to account for medical risk, supported by medical records and treating physician's advice. Mr. Wu is willing to testify remotely or from Hong Kong or Macau, where he can travel safely. These are reasonable alternatives that would allow the deposition to go forward without risking his health. Forcing Mr. Wu to fly across the world under these conditions would pose significant health risks and is exactly the kind of undue hardship that the court has been trying to prevent.

6

**C.** **A Virtual Deposition Is Legally Permissible and Will Not Prejudice Defen-**

**dants**

Plaintiff's proposal to conduct the deposition virtually— either in mainland China, Hong Kong or Macau—is not only reasonable but legally permissible under the Hague Evidence Convention. A virtual deposition from mainland China is permissible with advance approval. Alternatively, Hong Kong and Macau also allow depositions with less restrictive procedures.

Plaintiff has consistently explained that virtual depositions have been used effectively in similar cases, even where interpreters were required. Plaintiff is prepared to assist in securing the necessary approvals if Defendants prefer a virtual deposition in one of those locations. Plaintiff is willing to coordinate all logistics, including arranging for certified interpreters, ensuring proper recording, and working with Defendant's counsel on scheduling, document presentation, and time zone accommodations. There is no credible reason to believe that the integrity of the deposition would be compromised.

Defendants' argument that they cannot assess Mr. Wu's credibility without an in-person deposition is unpersuasive. Remote depositions have become standard in complex litigation, and courts have held that they provide an adequate means of evaluating a witness's demeanor and testimony—especially when health or international factors are involved. McEvily v. Sunbeam-Oster Co., 878 F. Supp. 337. Overall, the inconvenience of coordinating time zones and managing exhibits remotely does not outweigh the burden of compelling a sick foreign witness to fly across the world.

**D.**     **There Are Too Much Uncertainties and Risks for A Chinese Citizen to Travel to The U.S. Nowadays**

It's undisputed that rising political and economic tensions between China and the U.S. have led to heightened scrutiny at U.S. borders, which makes traveling from China to the United States carries much more uncertainties. Chinese citizens, even those with valid visas, may face additional questioning, detention, or denial of entry upon arrival. These outcomes are unpredictable and entirely outside Plaintiff's control.

Even if Mr. Wu manages to obtain a visa—which itself may take months—he does not know what to expect at the port of entry. He could be subjected to prolonged questioning, detained without explanation, or even simply returned to China. This risk is not hypothetical, similar situations have occurred with many other Chinese nationals in recent years.

Compelling Mr. Wu to undergo this process would impose unnecessary risk and uncertainty into the discovery schedule. If he is turned away at the border, not only his time and expenses will be wasted, the deposition will also be disrupted and the litigation process has to be delayed again. Plaintiff has already offered alternatives which can eliminate these risks while preserving Defendants' ability to obtain the testimony they seek. Under these circumstances, compelling U.S. travel is not only unreasonable, it is  also inefficient and potentially disruptive to the entire case schedule.


**E.**     **Plaintiff Has Acted in Good Faith and With Full Transparency in Discovery**

Plaintiff has made every effort to meet its discovery obligations and accommodate Defendants' requests. From the beginning, Plaintiff has engaged in direct discussions, responded to

8

scheduling requests, and more importantly, offered multiple lawful and workable alternatives to an in-person deposition in Boston. Defendants's argument about Mr. Wu failed to apply for a U.S. visa is pointless because it does not change the fact that the visa process for Chinese citizens is always lengthy and unpredictable.

Plaintiff has also been fully transparent about the health conditions of Mr. Wu. Plaintiff voluntarily disclosed sensitive medical records, provided updated documentation from a treating physician, and clearly explained why travel poses a health risk. Plaintiff also notified Defendants of the availability status of other potential witnesses and confirmed that it will not rely on any testimony or affidavits from individuals no longer under its control.

In contrast to Defendants' accusations, Plaintiff has not obstructed discovery or refused participation. It has consistently offered to move forward in ways that are efficient, fair, and practical—while protecting the health of a key witness.

Plaintiff has to once again remind this court that this case is a collection case, where Plaintiff merely attempt to recover the unpaid money from Defendants that they admitted in multiple places that they owe. In contrast to Plaintiff's transparent practice, Defendants have been hiding and refuse to disclose many material facts. For example, Defendants never disclosed Sunco Inc (or Sunco US)'s involvement of the transaction in dispute until Plaintiff found out by itself while searching on the Secretary of State of Massachusetts. And after Plaintiff added Sunco Inc as one of the fraudulent transfer/ reach and apply Defendants, Defendants even filed a Motion to Dismiss in bad faith, with the knowledge that Sunco Inc is actually the one who resold the unpaid cabinets and benefited for over $8 million. After almost two years and countless meaningless negotiations, motions, and court hearings, Defendants finally acknowledged Sunco Inc's role

9

in their supplemental response to interrogatories.[14] This kind of practice not only wasted Plaintiff's time and money, but also wasted the legal resource of this court. For another example, despite Plaintiff's rounds of document request and interrogatories, Defendants intentionally chose to not reveal a document where Defendant Shillock Sun expressly admitted that Infinity owes Sunco China over 6 million dollars.[15] Plaintiff had to go through so many obstacles, including subpoena Defendant's CPA and fight against Defendants' motion to quash, to finally discover such important document.

## IV.    CONCLUSION

As stated above, Plaintiff has not refused discovery. It has consistently cooperated in good faith, disclosed private medical records, and offered reasonable alternatives without prejudicing Defendants. Defendants' motion ignores these facts and demands the most burdensome approach, despite the availability of fair and lawful alternatives. Ignoring Mr. Wu's health condition and compelling him to fly to Boston for the deposition will impose tremendous undue hardship which significantly outweighs any alleged prejudice to Defendants. Therefore, Plaintiff requests that this honorable court DENY Defendants' motion to compel.


DATED: April 24, 2025                                    PLAINTIFF,
                                                         By its attorney,


                                                         /s/ Yun Cheng_____
                                                         Connie C. Dai (BBO#683330)

---

[14] See Exhibit D "Infinity Defendants' Supplemental Interrogatory Response" at Response No. 19 and 20.

[15] See Plaintiff's Reply to Status Report

Yun Cheng (BBO# 707028)
Lions Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 232-7503 Telephone
(781) 207-8574 Fax
connie@lionslawgroup.com
yun@lionslawgroup.com


 /s/ Timothy K. Cutler
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com

11

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this Friday, April 25, 2025.


_/s/ Yun Cheng_
Yun Cheng