UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>   Plaintiff,<br><br>vs.<br><br>LINDA SUN, et al.,<br><br>   Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL COMPLIANCE WITH COURT'S MAY 7, 2025 ORDER
CONCERNING THE DEPOSITION OF GUOQING WU**

PRELIMINARY STATEMENT

Nearly a month has passed since the Court ordered Plaintiff, Sunco Timber (Kunshan) Co. Ltd. ("Sunco China"), to produce its principal, its Rule 30(b)(6) designee, and likely its only trial witness, Guoqing Wu, for an in-person deposition. In its May 7, 2025 ruling, the Court ordered Plaintiff to produce Mr. Wu in Hong Kong and to bear the Defendants' cost of travel incurred in connection with the deposition, or in the alternative, to produce him in Boston instead. Doc. No. 136.

Despite repeated discussions between counsel, Plaintiff has still not decided whether Mr. Wu will appear in Hong Kong or Boston. Instead, it has been trying to leverage the uncertainty about whether Mr. Wu will or will not come to Boston to force the defendants to agree to unacceptable conditions and limitations on their ability to take the deposition in Hong Kong with the necessary people present and with reasonable travel arrangements.

In this motion, we ask the Court to require that within three days of the Court's order on this Motion, the Plaintiff must elect whether Mr. Wu will appear in Hong Kong or in Boston. If

Plaintiff elects to produce Mr. Wu in Hong Kong, then Plaintiff should be required to pay for the reasonable "costs of travel incurred by Defendants in connection with the taking of the deposition in Hong Kong" (Doc. No. 136), as detailed below and in the proposed order that accompanies this Motion.

BACKGROUND

On May 7, 2025, after considering the Defendants' motion to compel Sunco China to produce its sole witness and 30(b)(6) designee, Guoqing Wu, in Boston for a deposition, the Court ordered Sunco China to make Mr. Wu "available for an in-person deposition in Hong Kong" and "bear all costs of travel incurred by Defendants in connection with the taking of the deposition in Hong Kong." Doc. No. 136. The Court also gave Sunco China a choice. If it did not want to pay those costs, it "may make the witness available for an in-person deposition in Boston." *Id*.

The parties have held several depositions to date. All three of Plaintiff's lawyers attended the deposition of Linda Sun. Linda Sun's two lawyers were present, and the other Defendants had their three lawyers present. Defendant David Sun was also present. At the deposition of Catherine Li – an employee of one of the Defendants – Plaintiff had one lawyer present, Linda Sun had one lawyer present, and the other Defendants had three lawyers present. Defendants David Sun and Shillock Yuan-Sun were also present. Two of Plaintiff's lawyers attended the deposition of David Sun. Linda Sun had one lawyer present, and the other Defendants had three lawyers present. Shillock Yuan-Sun also attended David's deposition. Having more than one lawyer present at depositions has been the clear, and appropriate, pattern in this case, on both sides.

Counsel have had several discussions and written communications about the issue beginning on May 9. During a telephone call that day to discuss Mr. Wu's deposition, Plaintiff's counsel said that a decision would be made quickly and that she expected to provide an answer by May 12. But no decision came. After a deposition on May 13, counsel for Defendants requested an update and were told one would be forthcoming. On May 21, in response to a request for an update, Sunco China's counsel stated that Mr. Wu "ha[d] not made the final decision yet" and that she hoped he would "make up his mind very soon." Ex. 2. On May 28, following another deposition, counsel stated that she would give Mr. Wu's final decision by the end of the week, that is, by May 30. But on May 30, she reported that "Mr. Wu is still contemplating where to go for the depo" and that Mr. Wu "feels he is not the right person to be deposed." (Ex. 1).[1] On June 2, Plaintiff's counsel reported that further discussions with Mr. Wu had occurred and proposed a telephone conference among counsel. (Ex. 3). At that conference, held on June 3, counsel reported that Plaintiff was still unwilling to commit to one location or the other for the deposition. Plaintiff proposed setting an arbitrary cap of $20,000 for all expenses to be reimbursed in total for the Defendants, with one lawyer for each Defendant-group. Plaintiff's counsel stated that Plaintiff would not pay for any travel time or for business-class airfare, nor would Plaintiff pay for David Sun and Shillock Sun to attend in person, claiming that Plaintiff

---

[1] This claim has no basis. Plaintiff's counsel have already told us that Mr. Wu is Plaintiff's Rule 30(b)(6) designee. He is therefore necessarily the right person to be deposed. And since Plaintiff has told the Court that other witnesses whom Defendants have sought to depose will not be testifying at trial (Doc. No. 135 at 2-3), it appears Mr. Wu will be Plaintiff's sole witness at trial. Plaintiff itself has described Mr. Wu to this Court as "a key witness" (Doc. No. 135 at 9) and as someone who "took over the management of the Sunco [China] factory" in "the summer of 2019" (Doc. No. 61 at ¶ 66). In its initial disclosures, Plaintiff identified Mr. Wu as Plaintiff's "general manager." Most importantly, however, this Court has already ordered Plaintiff to produce Mr. Wu, so Plaintiff's self-serving declaration that he "is not the right person to be deposed" is irrelevant.

3

would preemptively designate the entire deposition Highly Confidential under the Stipulated Protective Order ("SPO"), i.e., attorneys' eyes only, which, if done, would constitute a clear abuse of the SPO, as Plaintiff does not even know what questions Mr. Wu will be asked.[2]

## ARGUMENT

*A. Plaintiff must commit to the location for the deposition.*

Sunco China has represented that Mr. Wu has "serious health issues" that "prevent[] him from traveling to Boston." Doc. No. 135 at 6. That is evidently not true. Rather than informing the Defendants that the deposition will take place in Hong Kong, Sunco China's counsel have said that if the costs of complying with the Court's orders are, in its opinion, too high, Mr. Wu might instead travel here. To be clear, the Defendants would prefer to have Mr. Wu in Boston for his deposition. But Sunco China is making the place of the deposition part of the negotiation about the costs. That is inconsistent with the Court's order and with common sense. If Mr. Wu *can* come to Boston, then he *should,* and save all parties the significant cost in time, money, and complexity of taking the deposition in Hong Kong. If Mr. Wu *cannot* come to Boston, then

---

[2] To date, no representative of the Plaintiff, aside from counsel, has attended any depositions. During each of the depositions so far, counsel for Plaintiff has asked questions concerning, *inter alia*, documents produced under the Court's January 2, 2025 Order as Highly Confidential, and, for simplicity and efficiency, counsel for Defendants has suggested that the entirety of the deposition transcripts be temporarily designated Highly Confidential pending counsel's review of the final transcript to determine which portions need such designation and which do not, a proposal to which counsel for Plaintiff agreed. To leverage that practice, which has not prevented anyone from attending a deposition they sought to attend, to try to prevent a party from attending a deposition they are entitled to attend would be inappropriate.

Additionally, while Defendants have produced – either directly, or through their accountants, lawyers, and banks – thousands of pages of sensitive financial information and have properly designated such information Highly Confidential, Plaintiff has not produced a single document with that designation. Moreover, Sunco, Inc., a party to this litigation, is a 48% shareholder of Sunco China and therefore entitled to Sunco China's confidential information anyway. Preemptive designation of the transcript as highly confidential cannot interfere with David Sun and Shillock Yun-Sun's right to attend.

Sunco China should say so. We ask the Court to order Sunco China to state, within three days of a decision granting this Motion, whether or not the deposition will take place here or in Hong Kong.

  B. *The Defendants are seeking reasonable costs of travel if the deposition is in Hong Kong.*

  If Plaintiff elects to produce Mr. Wu in Hong Kong, then the Defendants seek the following as part of the costs of travel that the Court has ordered Sunco China to pay, and we ask the Court to order payment of these costs:

  1. *Number of attendees.* This is a case where both sides have found it necessary and reasonable to have more than one lawyer at depositions. The Defendants collectively plan to travel with three lawyers—one lawyer representing Linda Sun and New Sun LP, and two lawyers representing all other Defendants. Two of the three individual Defendants, David Sun and Shillock Yuan-Sun, also plan to attend, as they have attended the depositions to date (except for one deposition that Shillock did not attend). Linda Sun, who is elderly, does not plan to travel. As explained above, the Defendants other than Linda Sun have had three lawyers present at all depositions to date. Given the expected volume of exhibits, the Plaintiff's characterization of Mr. Wu as a "key witness" (Doc. No. 135 at 6), and the Plaintiff's decision to make him its sole Rule 30(b)(6) designee and likely its sole witness at trial, bringing two lawyers is reasonable and appropriate, and it is just what the Defendants would have done had the deposition taken place in Boston. David Sun and Shillock Yun-Sun, as parties, have a right to attend except in very rare circumstances not present here. *See Kerschenbaumer v. Bell,* 112 F.R.D. 426, 426-27 (D.D.C. 1986). This is an extremely important case to them, they have an intimate knowledge of

the facts, and they want and are entitled to hear Wu's testimony and confer with their own counsel during the testimony.[3]

2. *Airfare.* There is one direct flight from Boston to Hong Kong, on Cathay Pacific airlines. The flight departs at 1:40 a.m. and lands about 15½ hours later, at 5 a.m. Hong Kong time. There are also options for travel on other major airlines via cities including Seoul (21½ hours on Korean Air Lines), Tokyo (20½ hours on Japan Air Lines), New York (24 hours via American Airlines and Cathay Pacific), San Francisco (23 hours via United), and no doubt others. The Defendants' position is that given the length of the flight, the direct flight is reasonable, and the travel should be business class. If the Defendants were responsible for the cost of this travel, all Defendants' counsel would expect their clients to pay for business class tickets. This is partly because on a long overnight flight halfway around the world, it will be important to sleep for part of the flight, and partly to make it possible for counsel to get work done on the flight. This is all the more important because Sunco China has asserted that it will not compensate the Defendants for the cost of their lawyers' travel time—another expense that counsel would expect their clients to pay if the Defendants were responsible for these expenses.

In a recent case, the court approved an order requiring reimbursement of a lawyer's flight to Hong Kong for a deposition in business class because the lawyer's firm permitted business-class airfare for international trips and on account of the length of the flight. *See Lei Li v. Arcsoft, Inc.,* 2024 U.S. Dist. LEXIS 210166, at *18 (N.D. Cal. Oct. 8, 2024). *See also Regeneron Pmarhs., Inc. v. Merus N.V.,* 2018 U.S. Dist. LEXIS 115661, at *19 ("costs for

---

[3] Plaintiff has suggested that David and Shillock should attend remotely. That will not work. They would be unable to consult with their counsel effectively during the deposition, they would not be able to review the documents being discussed in real time, and they would have to be up in the middle of the night.

business-class international travel are regularly approved by courts in fee awards"). The same rationales apply here.

While the cost per ticket will vary from day to day and will depend on the day of the week the deposition begins, our best estimate is that a business class return ticket on Cathay Pacific's direct flight in July will cost between $7,000 and $9,000 before taxes, for a total cost of approximately $35,000 to $45,000.[4]

3. *Room and board.* The cost of a reasonable business hotel in Hong Kong's business district will also vary from day to day. The Hilton business hotel is estimated to cost approximately HK $2,200, or $280, per night in July before taxes. The Marriott's estimated cost is similar. We estimate $75 per day per person for meals. The deposition will take at least two days to complete—the Court has ordered that translated depositions may take twelve hours rather than the ordinary seven hours. Doc. No. 47. Our expectation is that if we arrive in Hong Kong, say, on a Monday, then the deposition should take place on Wednesday and Thursday, and we would depart for Boston on Friday (the direct flight departs at 7 pm local time). Thus, we anticipate five days and four nights. So the estimated cost of room and board is approximately $1,500 per person (before hotel taxes), for a total of $6,000.[5]

4. *Lawyers' time.* Defense counsel ordinarily would bill their own clients for travel time. A Hong Kong deposition will take most of a week, while a Boston deposition would take two days. No matter what, someone is paying for counsel's time: either Sunco China is paying for the time, the Defendants are paying for it, or the lawyers who have to "eat" the time are paying for it. We do not seek compensation for all travel time: part of the time in the air will

---

[4] Prices for flights departing near in time to the date of booking may cost significantly more, yet another reason to try to schedule this deposition as soon as possible.

[5] David Sun and Shillock Yuan-Sun – husband and wife – would share a hotel room.

(one hopes) be spent sleeping, and part will be spent working; the Defendants are not asking that Sunco China pay for that time. For some of the time spent traveling, however, it would not be possible for counsel to perform billable work, such as on security lines, at immigration and customs, during takeoff and landing, while waiting for baggage, etc. Rather, we suggest that it is fair to compensate each of the lawyer's firms for five hours of that lawyer's travel time each way, at the hourly rates each lawyer currently bills its clients. The relevant rates are as follows:

| | |
|---|---|
| Peter Ball | $665[6] |
| Michele Connolly | $500 |
| Mal Mrózek | $425[7] |
| Ted Folkman | $520[8] |

Thus the total amount of the compensation the Defendants believe is fair for their counsel's time is $16,850.[9]

    5.    *Miscellaneous*. The other expenses we anticipate incurring, which we would not incur if the deposition were held in Boston, are for transit in Hong Kong (e.g., cab fare) and the cost of renting a conference room or other venue for the deposition. While we cannot estimate transit costs with any precision, we anticipate that by sharing cabs when possible, $50 per day per person is reasonable, or approximately $750. The cost of a conference room is difficult to estimate without any sense of the timing of the deposition. The website for the Marriott Hotel in

---

[6] The rates for the attorneys from Fitch Law Partners LLP, i.e., Peter Ball, Michele Connolly, and Mal Mrózek, are reduced by agreement with their clients in this case.

[7] It is Defendants' current intention that Ms. Connolly will attend the deposition and will be accompanied by either Mr. Ball or Ms. Mrózek, depending on when the deposition is scheduled.

[8] This is a reduced rate per an agreement with Linda Sun.

[9] If Mal Mrózek were to attend instead of Peter Ball, the total would be $14,450.

Hong Kong discloses a "full day meeting package" of $1080 Hong Kong Dollars per person,[10] or approximately $138 U.S. at current exchange rates. Such package includes lunch and refreshments. Assuming attendance by Mr. Wu, a translator, a court reporter, two lawyers for Mr. Wu, and the three attorneys for the Defendants, plus David Sun and Shillock Yuan-Sun, that would amount to approximately $2860 for two days. We cannot yet estimate the fees associate with securing permission of the Hong Kong government to take the deposition.

      6.    *Logistical details.* For obvious reasons, it is impossible to give a precise cost figure for the entire trip before the trip takes place. Based on the figures above, however, we estimate the total cost to be $66,460, exclusive of any fees incurred to obtain government permission. To reduce the risk that the Defendants will have to pursue Sunco China for payment after the fact, we propose that the estimated amount be paid in advance, or in the alternative, that it be held in the trust account of Sunco China's counsel, subject to further order of the court. Funds should be disbursed upon the presentation of receipts, and the parties can settle any overpayment or underpayment after the deposition. The court approved a procedure like this in *Ply Gem Industries, Inc. v. Argonaut Ins. Co.,* 1988 U.S. Dist. LEXIS 13650, at *4 (S.D.N.Y. Nov. 30, 1988), and it is highly sensible.

    C.  *The parties will need a modification of the discovery schedule to accommodate Mr. Wu's deposition.*

Currently all fact discovery is to be completed by July 11, 2025. Doc. No. 119. As the Court can see, the parties have done a substantial amount of discovery, including depositions. We have been pushing for Mr. Wu's deposition for a long time, and once this motion is resolved, we anticipate moving forward with it as quickly as possible. But if the deposition is to take place

---

[10] https://www.marriott.com/en-us/hotels/hkgwh-w-hong-kong/events/

here, it will be necessary for Mr. Wu to obtain a visa and make travel plans (we assume he still has made no efforts towards a visa despite our urging). If it is to take place in Hong Kong, this Court will have to issue a commission, the Hong Kong authorities will have to give permission, and the parties will need to make the logistical arrangements. It seems unlikely that the parties will be able to have the deposition before the current deadline. We ask the Court to approve the taking of Mr. Wu's deposition after the deadline, but we do not believe it is sensible to set a new deadline until we have more concrete details about where the deposition will take place.

## CONCLUSION

For these reasons, the Court should compel Sunco China to make a final election between deposition in Hong Kong or in Boston. If Plaintiff elects Hong Kong, the Court should order Plaintiff to prepay the costs outlined in this Memorandum, as explained in detail above. The Court should also approve the taking of the deposition after the July 11, 2025 deadline for fact discovery. For the Court's convenience, a proposed order is attached hereto as **Exhibit A**.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

| | |
|---|---|
| DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC | LINDA SUN |
| By their attorneys: | By her attorneys: |
| */s/ Michele E. Connolly*<br>Peter E. Ball (BBO No. 546031)<br>Michele E. Connolly (BBO No. 680946)<br>Malgorzata Mrózek (BBO No. 699035)<br>FITCH LAW PARTNERS LLP<br>84 State St.<br>Boston, MA 02109<br>(617) 542-5542<br>peb@fitchlp.com<br>mec@fitchlp.com<br>mam@fitchlp.com | */s/ Theodore J. Folkman*<br>Theodore J. Folkman (BBO No. 647642)<br>Taylor M. Makson (BBO No. 697476)<br>RUBIN & RUDMAN, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 330-7000<br>tfolkman@rubinrudman.com<br>tmakson@rubinrudman.com |

Dated: June 6, 2025

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 6, 2025.

*/s/Michele E. Connolly*
Michele E. Connolly