UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>    Plaintiff,<br><br>vs.<br><br>LINDA SUN, et al.,<br><br>    Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

**DEFENDANTS' UNOPPOSED MOTION FOR ISSUANCE OF COMMISSION**

The defendants move that the Court issue the commission attached to this motion as Exhibit 1. The proposed commission appoints Hiu Yee Chung, Esq., a Hong Kong lawyer, as commissioner for the taking of the depositions of Guoqing Wu in Hong Kong[1]. In support of this motion, the defendants say as follows:

1. The defendants seek to depose Mr. Wu in his individual capacity (he formerly was designated as the plaintiff's Rule 30(b)(6) representative, but the plaintiff has since designated Mr. Xiao and Mr. Zhao). Mr. Wu has said he is unable to travel to Boston to testify. He is, however, able to travel to Hong Kong, and counsel have represented that he has the necessary permissions from the Chinese government to travel from mainland China to the Hong Kong SAR.

2. The Court has the power to issue commissions for the taking of testimony abroad under Fed. R. Civ. P. 28(b)(1)(D), which provides that "[a] deposition may be taken in a foreign

---

[1] The defendants may need to file an additional motion for issuance of commission related to the depositions of Plaintiff's 30(b)(6) designees, Bing Xiao and Ruihua Zhao, if they cannot obtain a visa to travel to Boston. The plaintiff has represented that Mr. Xiao and Mr. Zhao both have visa interviews scheduled for July 31, 2025. After that date, the parties will have a better understanding of where the 30(b)(6) depositions will occur.

1

country … before a person commissioned by the court to administer any necessary oath and take testimony," and Rule 28(b)(2), which provides that the Court may issue a commission. The only formal requirement for a commission is that it must "designate by name or descriptive title the person before whom the deposition is to be taken." Fed. R. Civ. P. 28(b)(3). The only substantive requirement is that the commissioner may not be "any party's relative, employee, or attorney" must not be "related to or employed by any party's attorney," and must have no financial interest in the action. Fed. R. Civ. P. 28(c). Ms. Chung meets these requirements.

3. Consistent with the usual practice in cross-border discovery cases, the proposed commission sets out the procedure to be followed at the deposition in detail. It follows the Federal Rules of Civil Procedure in all relevant respects. It also incorporates the usual stipulations, which the parties have been using in this case, namely, that all objections except with respect to the form of a question, and all motions to strike, are reserved until the time of trial.

4. Under the Hague Evidence Convention, because China has not given permission generally for the taking of evidence without compulsion before a commissioner, permission is required in each case. *See* Convention art. 17 (commissioner may take evidence if "a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case"); *see also* State Department Country Page on Hong Kong SAR, *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html (prior permission is required for voluntary deposition by commissioners). Once the commissioner is appointed, he will submit the request for permission to the competent authority in Hong Kong.

5. The commission authorizes the deposition of Mr. Wu.

6. The commission provides that the costs and fees of the commissioner for the taking of Mr. Wu's deposition will be borne by the defendants' counsel.

7. Counsel for the plaintiff has stated that they do not oppose this motion.

Respectfully submitted,

| | |
|---|---|
| DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC, | LINDA SUN and NEW SUN LP, |
| By their attorneys: | By her attorneys: |
| */s/ Michele E. Connolly*<br>Peter E. Ball (BBO No. 546031)<br>Michele E. Connolly (BBO No. 680946)<br>Malgorzata Mr.zek (BBO No. 699035)<br>FITCH LAW PARTNERS LLP<br>84 State St.<br>Boston, MA 02109<br>(617) 542-5542<br>peb@fitchlp.com<br>mec@fitchlp.com<br>mam@fitchlp.com | */s/ Theodore J. Folkman*<br>Theodore J. Folkman (BBO No. 647642)<br>Taylor M. Makson (BBO No. 697476)<br>RUBIN & RUDMAN, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 330-7000<br>tfolkman@rubinrudman.com<br>tmakson@rubinrudman.com |

4511777_3

## CERTIFICATE OF COMPLIANCE

I certify that I conferred with counsel for the plaintiff and have attempted in good faith to resolve or narrow the issue presented by this motion.

*/s/Theodore J. Folkman*
Theodore J. Folkman.
