UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LINDA SUN, et al., <br><br> Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

## COMMISSION TO TAKE DEPOSITIONS IN HONG KONG

To:  Hiu Yee Chung, Esq.
     Howse Williams
     27F Alexandra House
     18 Chater Road, Central
     Hong Kong SAR

GREETINGS.

Whereas it appears to the Court that the testimony of **Guoqing Wu**, a Chinese national residing in China, is necessary and material to the just determination of this action, and

Whereas the Court has authority under Rule 28(b)(1)(D) of the Federal Rules of Civil Procedure to issue commissions for the taking of depositions in a foreign country, and

Whereas the witness has consented to testify without compulsion, and the Court is informed that the permission of the competent authority in Hong Kong will be obtained, as required by Article 17 of the Convention of March 17, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters,

Now, therefore, you are hereby appointed as commissioner and authorized to take the depositions upon oral examination of **Guoqing Wu** in the Hong Kong Special Administrative Region of China in accordance with the following procedures:

1. *Oath or affirmation.* The testimony must be taken on oath or affirmation, and you are authorized to administer the oath or affirmation to the witness. There is no particular form required, provided that the oath or affirmation is in a form designed to impress on the witness's conscience the duty to testify truthfully.
2. *Verbatim record.* The testimony will be taken orally, and a verbatim transcript will be made by a stenographer you appoint, with the input of the parties' counsel.

3. *Language.* Each of the witnesses will testify in Mandarin. The proceedings will be interpreted by a qualified Mandarin/English interpreter you appoint, with the input of the parties' counsel. The plaintiff and the defendants may each arrange, at their own expense, for a "check interpreter" to be present, either in person or via Zoom or another suitable videoconferencing platform. Per the stipulation of the parties, the check interpreters will communicate privately with counsel for the parties to notify them of potential issues with the interpretation, and counsel may raise interpretation issues on the record. It is for the interpreter appointed by the commissioner to decide whether or not to accept the check interpreters' suggested corrections.

4. *Procedure for taking testimony.* At the beginning of the deposition, you must make an on-the record statement that includes your name and business address; the date, time, and place of the deposition; the deponent's name; the administration of the oath or affirmation; and the identity of all persons present, in person or remotely. You must also administer an oath or affirmation to the interpreter. At the end of the deposition, you must state on the record that the deposition is complete and set out any stipulations of the parties concerning custody of the transcript and the exhibits or other pertinent matters. The defendants' counsel will question the witnesses on direct examination. Counsel for Linda Sun and New Sun L.P. and counsel for the other defendants may each question each witness separately. They are permitted to ask leading questions, because each of the witnesses is identified with a party adverse to the defendants. Following the direct examination, the plaintiff's counsel may cross-examine the witnesses on any matters, whether or not within the scope of the direct examination.

5. *Documents.* Any documents used during the deposition must be marked for identification and attached to the deposition. The documents should be marked "Wu Exhibit 1," "Wu Exhibit 2," etc.

6. *Objections.* Counsel may not object to questions on the grounds that they call for irrelevant information, that the answer to the question would not be admissible in evidence, or on any basis other than an objection to the form of the question, or that a question calls for information protected by an evidentiary privilege (e.g., the attorney-client privilege) under the law of the United States or under the law of China. Any such objections must be stated concisely in a nonargumentative and nonsuggestive manner. Notwithstanding such objections, the examination proceeds, and the witness must answer the question. Counsel also may not move to strike any testimony. Counsel for the plaintiff or the witness may instruct the witness not to answer a question only if necessary to preserve an evidentiary privilege or if the plaintiff or the witness intends to make a motion to the Court to terminate or limit the deposition.

7. *Duration of the deposition.* The deposition (including time "on the record" but excluding time for lunch breaks, coffee breaks, etc., and excluding "off the record" discussions) may last no longer than twelve hours unless all parties and the witness agree. The deposition need not be completed in a single day, and you are authorized to set the date, time, and place for the continuation of any deposition with the input of the parties.

8. *Preparation and review of the transcript.* After the deposition is concluded, the stenographer will prepare a verbatim transcript and provide it to the deponent, who will

      have thirty days after receipt to review it and to make any changes in form or substance, by means of a signed statement listing the changes and the reasons for making them. After the expiration of thirty days or receipt of the signed changes, you must certify in writing that the witness was duly sworn and that the deposition accurately records his testimony. You must seal the deposition (with the attached documents) and the certification in an envelope and deliver it to counsel for the defendants.

9. *Remote attendance.* Any party or party representative who is not physically present in Hong Kong may attend a deposition remotely via Zoom or another suitable videoconferencing platform. You are authorized to make all necessary arrangements for persons attending remotely in consultation with counsel for the parties.
10. *Place and time of the deposition.* You are authorized to fix the place, date, and time of the deposition, with input from the parties. If any necessary person cannot attend the deposition due to illness or other good cause, you are authorized to set a new date, time, and place for the deposition, with input from the parties.
11. *Expenses.* Counsel for the defendants are responsible for payment of your reasonable fees and reimbursement of your necessary expenses in connection with the deposition. You may apply to the Court for determination of your fees and for an order requiring payment if any disputes should arise.
12. *Expiration.* This commission authorizes the taking of deposition at any time before January 1, 2026, and it remains in force until the completion of the deposition or until further order of the Court.

Witness the Hon. Myong J. Joun, Judge of the United States District Court for the District of Massachusetts, and the seal of the Court at Boston, Massachusetts this __24__ day of July, 2025.

  /s/ Sophie Phillips
(Assistant) Clerk

[SEAL]