# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Sunco Timber (Kunshan) Co., Ltd., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:22-cv-10833-MJJ |
| Linda Sun, individually, David Sun, individually Shillock Yuan-Sun, individually, and Infinity Wood Products, LLC., | ) |
| Defendants, | ) |
| Sunco, Inc., Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., Infinity Realty Company LLC, and New Sun Limited Partnership | ) |
| Reach and Apply Defendants, and Fraudulent Conveyance Defendants | ) **AUGUST 8, 2025 JOINT STATUS REPORT, MADE PURSUANT TO THE COURT'S JUNE 25, 2025 ORDER** |
| Linda Sun | ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| Sunco Timber (Kunshan) Co., Ltd. | ) |
| Counterclaim Defendant. | ) |
| Sunco, Inc. | ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| Sunco Timber (Kunshan) Co., Ltd. | ) |
| Counterclaim Defendant. | ) |

Plaintiff Sunco Timber (Kunshan) Co. Ltd. ("Plaintiff") and defendants Linda Sun, David Sun, Shillock Yuan-Sun, Infinity Wood Products, LLC, Sunco, Inc., Eastman St. Distributors, LLC, Eastman St. Woodworks, Inc., Infinity Realty Company, LLC and New Sun Limited Partnership, collectively hereinafter "Defendants," respectfully submit this Status Report pursuant to the Court's June 25, 2025 Order. Doc. No. 151.

### I. Deposition of Guoqing Wu and Plaintiff's Rule 30(b)(6) Witnesses (Bing Zhao and Ruihua Xiao)

a. *Plaintiff's Position*

Defendants are currently working to obtain the necessary permits and fulfill procedural requirements, including the recent filing of a Motion for Issuance of Commission. The specific date for Mr. Wu's deposition will be discussed and determined by the parties at a later time.

Mr. Xiao and Mr. Zhao's Visa application was denied on July 31, 2025. It's still their intent to come to Boston for the deposition and they are currently working on getting another interview scheduled. Defendants were updated by Plaintiff's counsel and are willing to wait for more updates from Mr. Xiao and Mr. Zhao at this point.

b. *Defendants' Position*

Counsel for Plaintiff informed counsel for Defendants that Mr. Xiao's and Mr. Zhao's visa applications were denied and that it was Plaintiff's intent that Messrs. Xiao and Zhao reapply for visas. Plaintiff's counsel requested additional time to discuss the timing of the reapplication with his client. Defendants are concerned that attempts by Messrs. Xiao and Zhao to re-apply for visas to the United States will simply further delay their depositions, as Defendants have not been given an explanation for the denial of Mr. Xiao's and Mr. Zhao's visa applications nor any reason to believe that the result would be different upon re-application. Nevertheless, Defendants are willing to wait a brief period of time to allow to Plaintiff's counsel to confer with their client. If the issue

is not resolved by the time the next status report is due to the Court, however – i.e., by August 22 – Defendants may propose to the Court that the depositions go forward in Hong Kong at Plaintiff's expense.

In any event, the Defendants have filed a motion seeking issuance of an amended commission that includes Mr. Xiao and Mr. Zhao, so that if the two cannot get visas in a reasonably short timeframe, they can proceed to schedule all three depositions for Hong Kong. Because the Defendants do not intend to travel to Hong Kong twice, it is necessary to have an answer to the question about Mr. Xiao and Mr. Zhao before scheduling Mr. Wu's deposition.

## II. Plaintiff's Payment of $35,000 in Trust to its Counsel

Plaintiff represents that it is ready to submit payment to its counsel of $35,000 to hold in trust for the reimbursement of reasonable fees to Defendants' counsel, up to $35,000 for airfare and hotel as well as reasonable travel time at 50% of standard hourly rates for no more than 5 hours each way per attorney. Since Mr. Zhao and Mr. Xiao are trying to schedule another visa interview, the parties will discuss further details about this payment at a later time. In the event it is determined that Messrs. Zhao and Xiao's depositions will have to be conducted in Hong Kong, Plaintiff anticipates that its counsel will receive the monies within five (5) business days of determination.

## III. Continuation of David Sun's Deposition

### a. *Plaintiff's Position*

The second day of D. Sun's deposition took place on July 31, 2025. During the session, Mr. Sun identified additional financial documents—including bank records, wire transfer records, and worksheets allegedly evidencing loans—that appeared not to have been produced in discovery. Plaintiff's counsel has no recollection of having seen these documents.

3

On redirect, Mr. Sun did not confirm that the documents had been produced; instead, he suggested that additional relevant documents may also exist but have not been disclosed. As a result, the deposition was suspended. Counsel for D. Sun and Sunco, Inc. was asked to identify whether the referenced documents had been produced and, if so, to specify where in their production these documents could be located, so that the deposition could proceed.

Counsel for D. Sun declined to confirm whether the documents had been produced or to identify their location within the production. Instead, they agreed only to further discuss the matter. On August 1, 2025, plaintiff's counsel sent a follow-up email requesting identification of the previously referenced documents. On August 8, 2025, D. Sun's counsel replied, agreed to identify the worksheets within a week but disputed that D. Sun testified about any separate wire transfers.

To Plaintiff's counsels' recollection, there is no ambiguity as to D. Sun's testimony as to the existence of documents constituting both wire transfers and worksheets. He described the record of the wire transfers as being separate, distinct documents. He was asked if the wire transfers were reflected in the only bank records produced dating back to 2011, and he said they were not. Therefore, to date no written record of the wire transfers have been produced, despite D. Sun's testimony as to their existence of wire transfer records, claimed to support a purported 2011 loan. He identified the purported worksheets in both of his depositions, but to the knowledge of plaintiff none have been produced and to date defendants' counsel has been unable to identify them in any of defendants' document productions. Plaintiff will seek to work with defendants' counsel on resolving the whereabouts of these documents, but ultimately, when the transcript becomes available, the parties' differing recollections will be resolved.

4

Notably, the failure to produce documents allegedly substantiating a 2011 loan was the reason the first day of Mr. Sun's deposition was suspended. Unfortunately, this same failure has again impeded the continuation of his deposition on the second day.

    b. *Defendant David Sun's Position*

Plaintiff's description of Mr. Sun's deposition completely misstates the facts. Mr. Sun testified about certain documents he reviewed in connection with his preparation to appear as a corporate witness pursuant to Fed. R. Civ. P. 30(b)(6). When asked whether certain financial documents he reviewed – referenced in Plaintiff's description above – were produced, Mr. Sun could not answer whether such documents were *produced*, because he had not memorized what his counsel had produced to Plaintiff's counsel. Mr. Sun did, however, testify that he provided the documents he reviewed to his counsel and counsel for Mr. Sun confirmed that such documents had been produced. Nowhere did Mr. Sun "suggest[] that additional relevant documents may also exist but have not been disclosed" as Plaintiff claims above. Notwithstanding David Sun's counsel's representation that the at-issue documents had been produced, Plaintiff's counsel attempted to suspend the deposition. Counsel for Mr. Sun agreed via email to identify the at-issue documents by Bates range and anticipated identifying such documents by August 15.

**IV.   Other**

Due to scheduling of the depositions, Plaintiff anticipates that they will need 3 months to complete discovery. Defendants' position is that until such time as the parties know whether the visa applications of Messrs. Xiao and Zhao are approved, it is not possible to know how much time will be needed to complete discovery, but Defendants are hopeful that they will not need three months.

DATED: August 8, 2025

**PLAINTIFF,**
By its attorney,

/s/ Connie Dai
Connie C. Dai (BBO#683330)
Yun Cheng (BBO# 707028)
Lions Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 682-7111 Telephone
connie@lionslawgroup.com
yun@lionslawgroup.com

/s/ Timothy K. Cutler
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com

DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC,

By their attorneys:

*/s/ Michele E. Connolly*
Peter E. Ball (BBO No. 546031)
Michele E. Connolly (BBO No. 680946)
Malgorzata Mrozek (BBO No. 699035)
FITCH LAW PARTNERS LLP
84 State St.
Boston, MA 02109
(617) 542-5542
peb@fitchlp.com
mec@fitchlp.com
mam@fitchlp.com

LINDA SUN and NEW SUN LP,

By their attorneys:

*/s/ Theodore J. Folkman*
Theodore J. Folkman (BBO No. 647642)
Taylor M. Makson (BBO No. 697476)
RUBIN & RUDMAN, LLP
53 State Street
Boston, MA 02109
(617) 330-7000
tfolkman@rubinrudman.com
tmakson@rubinrudman.com

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 8, 2025.

                                    */s/ Michele E. Connolly*
                                    Michele E. Connolly