UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.<br>   Plaintiff,<br><br>v.<br><br>LINDA SUN, DAVID SUN, SHILLOCK YUAN-SUN, and INFINITY WOOD PRODUCTS, LLC,<br>   Defendants,<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, AND NEW SUN LIMITED PARTNERSHIP,<br>   Reach and Apply Defendants, and Fraudulent Conveyance Defendants. | Civil Action No. 1:22-cv-10833 MJJ |

**JOINT STATUS REPORT & REQUEST FOR STATUS CONFERENCE**

Plaintiff Sunco Timber (Kunshan) Co. Ltd. ("Plaintiff") and defendants Linda Sun, David Sun, Shillock Yuan-Sun, Infinity Wood Products, LLC, Sunco, Inc., Eastman St. Distributors, LLC, Eastman St. Woodworks, Inc., Infinity Realty Company, LLC and New Sun Limited Partnership, collectively hereinafter "Defendants", respectfully submit this Status Report pursuant to the Court's June 25, 2025 Order, **Docket 151**.

**I.  Deposition of Guoqing Wu and Plaintiff's Rule 30(b)(6) Witnesses (Bing Zhao and Ruihua Xiao)**

   **a.  Plaintiff's Position**

Mr. Xiao and Mr. Zhao's new Visa interview has been scheduled for September 15, 2025. Plaintiff counsel has updated the Defendants. Defendants proposed their pre-

ferred scheduling of the potential Hong Kong trip, and Plaintiff agreed to check the availabilities with Mr. Xiao and Mr. Zhao but suggested to wait until they receive the results from their new Visa interviews to confirm the scheduling of the depositions in Hong Kong. Plaintiff's counsel nevertheless passed the proposed schedule to Mr. Xiao and Mr. Zhao, and are waiting for their response. On the other hand, Plaintiff's counsel have multiple depositions scheduled in September and a trial scheduled in mid October, but they are working on their schedules to try to accommodate Defendants' schedule.

### b. Defendants' Position

The commissioner, Hiu Ye Chung, has communicated with the competent authority in Hong Kong but has not yet received permission for the depositions to take place. She is continuing to communicate with the authorities. The Defendants expect that permission will be forthcoming.

On August 29, Defendants proposed a nearly three-week window from September 22 through October 12 on which they are available to depose Messrs. Xiao, Zhao and Wu in Hong Kong. Plaintiff is refusing even to discuss those dates until after Messrs. Xiao and Zhao's visa appointment on September 15, but there is no time for such delay.

As Defendants informed Plaintiff, Peter Ball – counsel for David Sun, Shillock Yuan-Sun, Infinity Wood Products LLC, Sunco, Inc., Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., and Infinity Realty Company LLC – has had to schedule surgery on October 30, 2025 and is required to be in Boston more than a week prior to that date for a pre-operative appointment.[1] He is expected to be largely unable to work

---

[1] Linda Sun's counsel, Mr. Folkman, has an appellate argument on October 14, and needs to be back in Boston then. Hence, October 12 is the outside date by which defendants' counsel can collectively complete the Hong Kong depositions before Mr. Ball's surgery.

for six weeks to two months post-surgery, and he will be unable to travel internationally for a number of months after that.

In the parties' prior Status Report, dated August 22, 2025, Plaintiff represented that "Mr. Xiao and Mr. Zhao will confirm by Monday, August 25, whether the second interview can be scheduled within two weeks." Doc. No. 162 at 2. Notwithstanding that representation, Plaintiff failed to provide any update until yesterday, September 4, indicating that the visa interview would not occur until September 15, nearly a month after the last Status Report.

On August 29, 2025, defense counsel wrote to Plaintiff:

> Based on what has transpired to date, we are assuming for the moment that all three depositions will have to be conducted in Hong Kong and, as explained below, we need to get them scheduled.
>
> …
>
> We propose to start the depositions on one of the following three dates: Monday, September 22; Monday, September 29; or Monday, October 6, with a strong preference for October 6.
>
> Michele [Connolly] and I [Peter Ball] will both be going to HK on behalf of our clients, and we cannot start the depositions later than that because I have recently had to schedule surgery for October 30 and need to back in Boston more than a week before that for a pre-operative appointment. I expect to be largely unable to work for six weeks to two months after the surgery and unable to travel internationally for a number of months after that.

Plaintiff did not respond and, yesterday, September 4, defense counsel sent a follow-up e-mail, stating in part:

> Please let us know as soon as you can when you are available between September 22 and October 12 to take the three depositions in Hong Kong.
>
> Although I had proposed a schedule of Monday/Tuesday, Thursday/Friday, Monday/Tuesday, we could vary that. For example, we could go Thursday/Friday, Monday/Tuesday and Thursday/Friday. (If a par-

ticular deposition takes less time than the two days allotted, we can make some adjustments on the fly while in Hong Kong.)

It is inconvenient for all of us to take three depositions in Hong Kong. But Mr. Wu is unwilling to come to the U.S. (and you are unwilling to commit that he will not testify at trial, which would have allowed us to forego his deposition), and Messrs. Zhao and Xiao report that they have been unable to get visas. So, let's get these scheduled and done.

I note that we still do not have an update on whether Messrs. Zhao and Xiao have even been able to obtain new visa application appointments. While at this point, we do not think it's material because the depositions should go forward in Hong Kong without delay, to the extent you still intend to argue that Messrs. Zhao and Xiao should be permitted to seek a visa to the US a second time, please let us know today whether they have secured an apppointment [sic] and, if so, when, so that we can address it in our joint status report tomorrow.

Plaintiff responded:

Messrs. Zhao and Xiao have scheduled their 2nd interview on Sep 15. **We'll check their availabilities** regarding your proposed dates, **but I think it makes sense to wait for their interview result** since it's only 10 days away. [emphasis added]

Defense counsel replied yesterday at approximately 5:30 p.m.:

Given the fast-approaching September 22 to October 12 window we have available for the Hong Kong depositions, we think that we should all determine now when we can collectively go to Hong Kong in that timeframe.

In the unlikely event that Messrs. Xiao and Zhao get a different result on their visa applications on September 15 than they received in their first go-round, we can re-assess.

**<u>Do you agree to do that and to let us know early next week when we can all make the trip?</u> [Emphasis added]**

Also, in tomorrow's status report, we suggest that we request a status conference with the Judge for next week if we don't have some agreement before the conference takes place.

Plaintiff's counsel have indicated that they do not wish to discuss scheduling the

Hong Kong depositions for another 10 days.

4

Defendants are deeply concerned that Plaintiff has no intention of making its witnesses available and that Plaintiff hopes it can somehow simply run out the clock. It has been ten months since Defendants served their notice of deposition for Mr. Wu and more than eight months since serving their notices of deposition for Messrs. Xiao and Zhao. Plaintiff has delayed at every turn. Plaintiff still has not provided any explanation for why Messrs. Xiao and Zhao waited until July of 2025 – seven months after receiving their notices of deposition – to apply for visas to travel to the United States nor have they provided any explanation for why those applications were denied and why they expect the results to be different this time around.

Most concerning is Plaintiff's refusal even to discuss deposition scheduling until after Messrs. Xiao's and Zhao's visa appointments. On August 29, Defendants proposed beginning depositions in Hong Kong the week of September 22, the week of September 29, or the week of October 6. Defendants received no response from Plaintiff. Defendants followed up on September 4, again asking to schedule Plaintiff's witnesses' depositions, and Plaintiff responded that it was unwilling even to discuss the availability of the three witnesses for those dates until after Messrs. Xiao's and Zhao's visa appointments on September 15. This refusal came well after Plaintiff was informed that Mr. Ball would be unable to participate in the depositions of *any* of Plaintiff's witnesses if they did not occur prior to mid-October. There is no valid reason to refrain from making at least tentative plans for deposition dates – or even checking with the witnesses on their availability – in the (seemingly likely) event Messrs. Xiao's and Zhao's visa applications are denied again. And this refusal will cause real harm be-

cause it will make it all but certain that Mr. Ball will not be able to attend any of the depositions of Plaintiff's witnesses in this case.

<u>*Defendants request a status conference at the Court's earliest possible convenience to address the scheduling of the depositions of Plaintiff's witnesses.*</u>

## II. Plaintiff's Payment of $35,000 in Trust to its Counsel

### a. Plaintiff's Position

Plaintiff is ready to submit payment to its counsel of $35,000 to hold in trust for the reimbursement of reasonable fees to Defendants' counsel, up to $35,000 for airfare and hotel as well as reasonable travel time at 50% of standard hourly rates for no more than 5 hours each way per attorney. Since Mr. Zhao and Mr. Xiao have scheduled another Visa interview on September 15, 2025, plaintiff's position is that the parties should discuss further details about this payment at a later time. In the event that it's determined that Messrs. Zhao and Xiao's deposition will have to be conducted in Hong Kong, Plaintiff anticipates receiving the monies within five (5) business days of determination.

## III. Continuation of David Sun's Deposition

### a. Plaintiff's Position

There has been no update or progress with respect to the issues presented in the parties' Status Report of August 22nd, **Doc. 162**, with respect the additional financial documents Mr. Sun identified during his second day of deposition on July 31, 2025 and have not been produced.

### b. Defendants' Position

As set forth in the August 22, 2025 Status Report, Defendant David Sun has produced the documents he referenced during his deposition testimony.

## IV. Other

Due to scheduling of the depositions, Plaintiff anticipates that they will need 3 months to complete discovery. Defendants' position is that until firm plans for the depositions are set, it is not possible to know how much time will be needed to complete discovery. Defendants were hopeful that they would not need three months, but Plaintiff's refusal even to discuss deposition dates has made it a near certainty that the parties will need at least three months from the original date of the end of discovery, which was July 11, 2025. Defendants request a status report at the Court's earliest convenience to address this scheduling logjam.

DATED: September 5, 2025

PLAINTIFF,
By its attorney,

/s/ Connie Dai
Connie C. Dai (BBO#683330)
Yun Cheng (BBO# 707028)
Lions Law, P.C.
154 Wells Ave
Newton, Massachusetts 02459
(617) 682-7111 Telephone
connie@lionslawgroup.com
yun@lionslawgroup.com

/s/ Timothy K. Cutler
Timothy K. Cutler (BBO#636124)
CUTLER & WILENSKY LLP
20 Walnut Street, Suite 1
Wellesley, Massachusetts 02481
(617) 232-7500 Telephone
tim@cutlerlegal.com

4579364_1

| | |
|---|---|
| DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC<br>By their attorneys:<br>/s/ Michele E. Connolly<br>Peter E. Ball (BBO No. 546031)<br>Michele E. Connolly (BBO No. 680946)<br>Malgorzata Mrozek (BBO No. 699035)<br>FITCH LAW PARTNERS LLP<br>84 State St.<br>Boston, MA 02109<br>(617) 542-5542<br>peb@fitchlp.com<br>mec@fitchlp.com<br>mam@fitchlp.com | LINDA SUN<br>By her attorneys:<br>/s/ Theodore J. Folkman<br>Theodore J. Folkman (BBO No. 647642)<br>Taylor M. Makson (BBO No. 697476)<br>RUBIN & RUDMAN, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 330-7000<br>tfolkman@rubinrudman.com<br>tmakson@rubinrudman.com |

4579364_1