UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LINDA SUN, individually, DAVID SUN, individually<br>SHILLOCK YUAN-SUN, individually, and INFINITY<br>WOOD PRODUCTS, LLC.,<br><br>Defendants,<br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC,<br>EASTMAN ST. WOODWORKS, INC.,<br>INFINITY REALTY COMPANY LLC, and<br>NEW SUN LIMITED PARTNERSHIP<br><br>Reach and Apply Defendants, and<br>Fraudulent Conveyance Defendants | C.A. No. 1:22-cv-10833-MJJ<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS** |
| Linda Sun<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Sunco Timber (Kunshan) Co., Ltd.<br><br>Counterclaim Defendant. | |
| Sunco, Inc.<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Sunco Timber (Kunshan) Co., Ltd.<br><br>Counterclaim Defendant. | |

4776377_1

## I.    PLAINTIFF'S SHIFTING DESCRIPTION OF MR. WU'S KNOWLEDGE IS GAMESMANSHIP

Only now that discovery is closed, and after repeatedly telling the defendants and the Court otherwise (*see* Doc. No. 201 at 20-21), does the plaintiff say that Mr. Wu is not only a key witness, but its "***one*** key witness."  Doc. No. 204 at 16-17 (emphasis added), "more familiar with certain topics such as the 2014 shares transaction," "Plaintiff's … defense to Defendants' counterclaim," and the defendants' defense that the cabinets were payment for "Jiangsu Qiyi's money for [sic] 52% equity purchase."  *Id*. at 16.  Each of those subject matters was a topic or topics in Defendants' Rule 30(b)(6) notices.  *See* Doc. No. 199-5 at 5, Topic Nos. 2, 3, 4, 6, 7, 12, 16, 18, and 19.

Mr. Zhao – the individual designated by Plaintiff to testify concerning each of these topics – did not speak to Mr. Wu about Mr. Wu's factual knowledge in preparation for his deposition.  Doc. No. 199-6 at 44:22-24.  He spoke to his attorneys, reviewed a small set of documents relating to the one topic Plaintiff wants to put into evidence – Plaintiff's accounts receivables – and otherwise said he could testify about what he, personally, knew, which was virtually nothing.  *See, e.g.*, Doc. No. 199-6 at 59:8-63:24, 118:17-120:14; Doc. No. 199-7 at 186:11-187:3, 189:16-191:17, 195:1-22, 213:5-23, 226:1-18, 298:21-301:12, 301:20-23.

Even Plaintiff does not claim that its witnesses were prepared on all topics.  It says that Mr. Zhao – the designee for 22 of the 23 topics – "answered ***most*** topics sufficiently."  Doc. No. 204 at 3 (emphasis added).  But even that is not so. We reviewed Mr. Zhao's testimony in the opening memorandum and will not repeat it here.[1]  Mr. Zhao himself explained that he was not the appropriate person to testify concerning such topics.  For example, Plaintiff claimed Mr. Zhao was

---

[1] Plaintiff claims that Defendants are attempting to provide information to the Court out of context. Doc. No. 204 at 4, 6.  To the contrary, Defendants provided the entirety of each witness's testimony rather than excerpts.  Defendants are confident that if the Court were to review the entirety of each transcript, it will conclude that Plaintiff's conduct was sanctionable.

4776377_1

prepared to testify concerning Topic 17 (Plaintiff's accounting practices) (Doc. No. 204 at 4), notwithstanding that Mr. Zhao himself explained that he was unqualified and unprepared to testify about anything accounting related other than accounts receivable. (Doc. No. 199-7 at 189-191). Similarly, Plaintiff claimed Mr. Zhao was prepared to testify regarding "document storage" (Doc. No. 204 at 4), notwithstanding that Mr. Zhao testified that he knows nothing about who maintains Plaintiff's emails, how they are maintained, whether they are deleted, whether any preservation memorandum was sent to employees, or any other facts relating to document storage.  Doc. No. 199-7 at 303-312.  Plaintiff claims Mr. Zhao was prepared to testify concerning "Plaintiff's communication with government [sic]" (Doc. No. 204 at 4), yet when counsel for Defendants asked Mr. Zhao whether he was familiar with any of the relevant government communications, Mr. Zhao testified explicitly, each time, that "I am not familiar with it."  Doc. No. 199-7 at 302:19-303:10.

Plaintiff claims that Defendants "did not point out a single statement that [Mr. Zhao] engaged in delayed [sic] tactics or refused to answer."  Doc. No. 204 at 6.  That is false.  Mr. Zhao refused to answer and engaged in delay tactics throughout his entire of his deposition.  *See, e.g.*, Doc. No. 199-6 at 118, 132-146, 153-158; Doc. No. 199-7 at 177-80, 186-87, 189-90, 210, 217, 219-27, 226, 269-277.

Mr. Xiao was an inappropriate Rule 30(b)(6) designee.  It is clear that no amount of preparation would have made Mr. Xiao capable of fulfilling Plaintiff's obligations under the Rules.  That is not an indictment of Mr. Xiao, but of Plaintiff for designating him.[2]

---

[2] Plaintiff tries to place the blame for this on Linda Sun, claiming that Mrs. Sun made the choice to make Mr. Xiao the Chairman and legal representative for the company.  Doc. No. 204 at 6-7.  That is not only false, but it is also absurd.  By Plaintiff's own allegations (Doc. No. 61 ¶¶ 58-72), Mrs. Sun has not had a role at Plaintiff since 2019.  If Plaintiff thought it was unfair to put Mr. Xiao in those roles, it could have replaced him at any time.  In any event, Mrs. Sun obviously had no role in selecting Mr. Xiao as a corporate designee for purposes of Rule 30(b)(6).

## II. PLAINTIFF'S INVOCATION OF THE ATTORNEY-CLIENT PRIVILEGE TO PREVENT DISCOVERY OF FACTS WAS INAPPROPRIATE AND OBSTRUCTIVE

Discovery is over, and Defendants have been given no information about, *inter alia*, Plaintiff's veil-piercing, fraudulent transfer, and reach-and-apply claims because Plaintiff is asserting the attorney-client privilege over the facts that underlie those claims. But facts are not privileged.

Plaintiff admits that it raised objections "to Defendants' seeking facts to support allegations on Defendant Linda, David and Ms. Yuan's control of defendant entities, pierce corporate veil, fraudulent transfer, reach and apply" (Doc. No. 104 at 9),[3] claiming that because the witnesses learned those facts through their counsel, the facts themselves were privileged.[4] If the only way Plaintiff's witnesses were prepared to testify as Rule 30(b)(6) witnesses was through being given information that the witnesses could not disclose at their depositions, then the witnesses were not prepared at all. "Indeed, one of the purposes of the Federal Rules in general and Rule 30(b)(6) specifically is to prevent this type of 'sandbagging' of a party." *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 38 (D. Mass. 2001) (Collings, M.J.) (sanctioning party for failing to answer questions on what its position was as to certain claims).

---

[3] Plaintiff claims that it asserted attorney-client privilege "only when questions sought legal strategy and attorney-client communications." Doc. No. 204 at 10. Not so. Plaintiff repeatedly invoked the privilege inappropriately in response to questions explicitly seeking *only* the factual basis for Plaintiff's claims. *See, e.g.*, Doc. No. 199-7 at 274:3-277:17; Doc. No. 199-8 at 29:13-34:8; 45:13-48:5; Doc. No. 199-12 at 263:11-268:23; 271:3-17; 272:9-274:22; 274:23-280:4.

[4] Plaintiff argued that it would provide the factual basis for its claims via expert testimony. Doc. No. 204 at 9-10. Defendants were entitled to such information in *fact* discovery, not after fact discovery closed. In any event, Plaintiff's expert report was due on November 21. When, as of November 25, Defendants had not received any report from Plaintiff, counsel for Defendants inquired about the status of the report. Counsel for Plaintiff requested an extension until December 10. As of the time of this filing on December 12, however, Plaintiff still has not served an expert report and Defendants remain in the dark regarding the purported factual bases of Plaintiff's claims.

3

### III. SANCTIONS ARE APPROPRIATE UNDER RULE 37(b) AND RULE 37(d)

Plaintiff argues that Defendants' Motion must fail because Rule 37(b) requires there to be a court order, and Plaintiff claims no Court order existed that Plaintiff violated. Plaintiff is wrong on two counts. First, Plaintiff violated multiple Court orders. Second, even if there were no orders, Rule 37(d) explicitly allows for the imposition of sanctions *without* a pre-existing Court order.

Plaintiff was ordered to produce corporate designees under Rule 30(b)(6) as well as to produce Mr. Wu. On May 7, 2025, the Court ruled that "Plaintiff will make the witness [Mr. Wu and the Rule 30(b)(6) designee] available for an in-person deposition…." Doc. No. 136. At a hearing on June 25, 2025, the Court explained that Plaintiff "get[s] notice in advance of exactly what topics they're going to be examined on. There are procedures, and if they're not prepared and everybody is wasting their time, then I will entertain motions for sanctions." Doc. No. 199-2 at 12:21-25. That same day, the Court issued a written order requiring Plaintiff to make Messrs. Xiao and Zhao available. Doc. No. 151. And on September 10, the Court issue an order requiring that "the remaining depositions of Mr. Wu, Mr. Xiao, and Mr. Zhao must be completed by 10/3/25." Doc. No. 167. In short, the Court expressly ordered the Plaintiff to produce its 30(b)(6) witnesses and to produce Mr. Wu.

Even if the Court had not repeatedly ordered Plaintiff to produce its witnesses, the Court possesses inherent sanctions power to address bad-faith conduct. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Such sanctions would be particularly appropriate where Plaintiff's misrepresentations deprived Defendants of the opportunity even to seek a Court order, such as was the case for Qiong Xiao (daughter of Mr. Xiao, wife of Mr. Wu and sister-in-law of Mr. Zhao). As set forth in the Memorandum, Plaintiff falsely informed Defendants that Ms. Xiao was no longer with Plaintiff and therefore could not be compelled to testify. Doc. No. 201 at 12. Defendants relied on that false representation in not seeking to compel Ms. Xiao's deposition. Plaintiff can

4

hardly claim that Defendants are without recourse because Defendants "never filed a motion to compel" (Doc. No. 204 at 19).[5]

Finally, the Court is permitted to award sanctions pursuant to Rule 37(d) for Plaintiff's failure to produce documents, as set forth in Defendants' Memorandum. Doc. No. 201 at 13-14, 21-22.[6] Plaintiff attempts to confuse the issue by claiming that Linda Sun destroyed documents (Doc. No. 204 at 17), but that ignores the fact that Plaintiff filed documents in a court proceeding in China *after* Mrs. Sun left the company, which documents are responsive to Defendants' documents requests, and then falsely represented to this Court that it searched for such documents and could not find any. The Court relied on that misrepresentation when denying Defendants' motion to compel production of those documents. Doc. No. 136. Plaintiff further ignores that its own Rule 30(b)(6) witness testified that Plaintiff was in possession of many of the documents Plaintiff told the Court did not exist, conceding that each year's financial statements would be responsive to Defendants' requests. Doc. No. 201 at 13.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Memorandum, Defendants respectfully request that the Court award sanctions as requested in the Memorandum.

---

[5] Plaintiff also argues that Defendants did not show that Plaintiff controls Ms. Xiao's availability. Doc. No. 204 at 19. That argument lacks merit. All three deponents, who as noted above are closely related to Ms. Xiao, testified that she remains to this day a director of Plaintiff (Doc. No. 201 at 12) and therefore she is plainly within the category of individuals who can be deposed under to Fed. R. Civ. P. 30(b)(1). *GTE Prods. Corp. v. Gee*, 115 F.R.D. 67, 68 (D. Mass. 1987) ("A party seeking to take the deposition of a corporation has two choices. The first choice is to notice the deposition of the corporation by a particular officer, director, or managing agent pursuant to Rule 30(b)(1).") (Collings, M.J.).

[6] Plaintiff falsely claims that it "has responded to every written discovery request within the allotted time." Doc. No. 204 at 13. As explained in the Memorandum, Plaintiff has to this day failed to serve *any* responses to the interrogatories propounded by Eastman St. Distributors, LLC, Eastman St. Woodworks, LLC, and Infinity Realty Company, LLC, despite those interrogatories having been served over a year ago.

Respectfully submitted,

| | |
|---|---|
| DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS, LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC | DEFENDANTS LINDA SUN and NEW SUN LIMITED PARTNERSHIP |
| By their attorneys: | By their attorneys: |
| */s/ Michele E. Connolly* <br> Peter E. Ball (BBO No. 546031) <br> Michele E. Connolly (BBO No. 680946) <br> Malgorzata Mrózek (BBO No. 699035) <br> FITCH LAW PARTNERS LLP <br> 84 State St. <br> Boston, MA 02109 <br> (617) 542-5542 <br> peb@fitchlp.com <br> mec@fitchlp.com <br> mam@fitchlp.com | */s/ Theodore J. Folkman* <br> Theodore J. Folkman (BBO No. 647642) <br> Taylor M. Makson (BBO No. 697476) <br> RUBIN & RUDMAN, LLP <br> 53 State Street <br> Boston, MA 02109 <br> (617) 330-7000 <br> tfolkman@rubinrudman.com <br> tmakson@rubinrudman.com |

Dated: December 12, 2025

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 12, 2025.

                                  */s/ Michele E. Connolly* 
                                    Michele E. Connolly