UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


_____

SUNCO TIMBER (KUNSHAN) COMPANY, LTD.

                    Plaintiffs,        Civil Action
                                       No. 22-CV-10833-MJJ
V.
                                       October 8, 2025
SUN, ET AL,

                    Defendants.
_____




BEFORE THE HONORABLE MYONG J. JOUN

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

1 COURTHOUSE WAY

BOSTON, MA  02210






JAMIE K. HALPIN, CRR, RMR, RPR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 7-204
Boston, MA  02210
jkhhalpin@gmail.com

APPEARANCES:


FOR THE PLAINTIFFS:

Timothy K. Cutler
Cutler PC
20 Walnut Street
Suite 1
Wellesley, MA 02481
617-232-7500
Fax: 617-232-7560
Email: Tim@cutlerlegal.com

Yun Cheng
Lion's Law P.C.
2 Tremont Pl
Brighton, MA 02135
857-400-6081
Email: Yun@lionslawgroup.com

FOR THE DEFENDANTS:

Theodore J. Folkman
        &
Taylor Makson
Rubin & Rudman LLP
53 State Street, 15th Flr.
Boston, MA 02109
617-330-7135
Email: Tfolkman@rubinrudman.com

Michele E. Connolly
        &
Peter E. Ball
        &
Malgorzata A. Mrozek
Fitch Law Partners LLP
84 State Street
11th Floor
Boston, MA 02109
617-747-7809
Email: Mec@fitchlp.com

**Z-O-O-M    P-R-O-C-E-E-D-I-N-G-S**

THE CLERK:  The United States District Court for the District of Massachusetts is now in session.  The Honorable Myong J. Joun presiding.  Today is October 8, 2025.  We are on the record in the matter of *Sunoco Timber, Limited v. Sun, et al.*  Case Number itself is 22-CV-10833.  Will counsel identify themselves for the record.

MR. CHENG:  Yun Cheng on behalf of Plaintiff Sunoco China.

THE COURT:  Good afternoon.

MR. CUTLER:  Timothy Cutler on behalf of Sunoco China.

THE COURT:  Good afternoon.

MS. CONNOLLY:  Good afternoon, your Honor.  Michele Connolly of Fitch Law Partners on behalf of all of the defendants except Linda Sun and New Sun Limited Partnership.  With me are my partner Peter Ball and my colleague Malgorzata Mrozek.

THE COURT:  Good afternoon.

MR. FOLKMAN:  Good afternoon, your Honor.  It's Ted Folkman for Linda Sun and New Sun Limited Partnership, and Taylor Makson is with me, and I think, just so you know, David Sun is listening in as well.

MS. CONNOLLY:  Yes, your Honor.

THE COURT:  Great.  So good afternoon, and my

apologies, my afternoon hearing went late so sorry to keep you all waiting but I did review the most recent filing.  It looks like the three depositions have been completed, although, the parties differ as to whether it was successful or not.

MS. CONNOLLY:  Your Honor, I think that's a fair assessment.  I don't know that we would agree that they were completed.  We certainly conducted six days of depositions, but you know, that will be a matter for a sanctions motion which I am assuming the Court doesn't want a readout of now but I would happy to speak to it if the Court wanted to.

THE COURT:  So I don't think I need to hear it now.  I will just simply say think about whether -- in some ways, if I can sort of read between the lines, it's, you know, maybe it's a good thing for you in some ways, maybe it provides you the grounds for moving for summary judgment, I don't know.  If that's the case, file the summary judgment motion, but if you think a motion for sanctions is appropriate, I will leave it to your good discretion and I'll read it if it's filed.

MS. CONNOLLY:  Thank you, your Honor.

THE COURT:  But I just want to see whether we can move this case.  At least if we can't move it along, attempt to set some deadlines so that we can at least move in that direction. Have you talked about expert discovery and whether that's going to be necessary?

MS. CONNOLLY:  We have, your Honor.  Sorry, go ahead,

Attorney Cutler.

MR. CUTLER:  I think we were going to speak to the same thing, and thank you, Michele.  Counsel got together earlier today and talked about expert discovery and a discovery schedule and I will let Michele finish what we did.

MS. CONNOLLY:  Sure, your Honor.  So plaintiff has disclosed to us that they do intend to have an expert in this case and so our proposal would follow largely the same intervals as the prior discovery schedules that your Honor has approved.  The schedule that we would propose would actually be just a few days shorter than the previous interval.

What we had, you know, come to agreement on ourselves, if it works for the court, would be for plaintiff to disclose its expert report on November 21, which is a little bit later than under the prior schedule, but we'd make it up on the back end and that is to accommodate plaintiff's counsel's trial schedule, which I understand is jam-packed, and then defendant's expert reports would be due, we propose, December 19.  The completion of expert depositions we would propose would be done by January 23.  We propose summary judgment motions being filed on March 13 with oppositions due three weeks later on April 3 and then replies on April 17.  And then with respect to our motion for sanctions, we propose filing on October 24 with oppositions due on November 14 and a reply due on November 21.

THE COURT:  All right, that's fine with me.  I will adopt those dates.

MS. CONNOLLY:  Thank you, your Honor.

THE COURT:  But my trial schedule is also filling up pretty quickly and so given the age of this case, I am going to give you a firm trial date, but before I do that, what is your best estimate in terms of how many days you're going to need to try the case assuming a half-day schedule?

MR. CUTLER:  Okay, thank you, your Honor.  Plaintiff would -- half-day, because we might have to have interpreters, given the challenges plaintiff encountered in depos, we assume people will be better at trial, at least eight days if we're to have half-days.  That's four full days and it's a jury trial.

THE COURT:  Okay.  Ms. Connolly?

MS. CONNOLLY:  Well, your Honor, from our perspective, and I certainly don't mean to get into the merits of our motion for sanctions, but this is an extremely difficult question to answer because we attempted to ask the factual basis for a number of claims from plaintiffs and counsel for plaintiffs instructed -- objected on grounds of attorney-client privilege and instructed the witnesses not to answer the factual basis for their claims so it is very challenging to try to figure out how many days we're going to need when we don't yet know what the factual basis for some of these claims are.

You know, a conservative estimate, I would guess

somewhere in the vicinity of eight to ten days, but again, without really knowing what the factual basis for the claims are, it makes it very difficult for us to make that assessment.

THE COURT:  All right.  So it's not eight days per side, right?  This is in total eight to ten days?

MR. CUTLER:  That's the plaintiff's understanding.

MS. CONNOLLY:  Yes.

THE COURT:  Okay, all right.  I can see whether I can quickly turn around decisions on the summary judgment motions and maybe we can be ready by the end of August, but if you think that is too optimistic, my month of September and October is pretty much shot.  I can give you November 2.  So August 31 or November 2.

MR. CUTLER:  Plaintiff is fine with either, your Honor.

THE COURT:  Ms. Connolly?

MS. CONNOLLY:  We can certainly make either work.  I think our preference might be November 2 just given the difficulty of getting witnesses available in August, but if the court preferred to proceed in August, we can certainly make that happen.

THE COURT:  Well, given the difficulties we have had with the deposition and everything, I will give you a little bit more time to line everything up.  Why don't we pick that November 2 date but that will be a firm date, okay.

MS. CONNOLLY:  Understood, your Honor.

MR. CUTLER:  Thank you, sir.

THE COURT:  Anything else that we can do today?

MR. FOLKMAN:  Your Honor, if I may, I did have one.  I wasn't able to attend the conference among counsel earlier today so I'm sorry that we didn't have a chance to discuss this with opposing counsel, but I'd like some clarity, if possible, about one expert issue and that issue is I intend to have a Chinese lawyer, maybe two Chinese lawyers, submit declarations in support of my motion for summary judgment and these are going to be talking about issues of Chinese law essentially and my experience and my usual understanding of this is that those kind of declarations don't require Rule 26 expert reports but I want to make sure that my understanding matches up most importantly with your Honor's understanding but also maybe with Mr. Cutler and Mr. Cheng's understanding because I am assuming that they are going to have Chinese lawyers too in order to rebut whatever it is my Chinese lawyer says.

THE COURT:  Yeah, I mean, look, if you think you need -- I am willing to just give you some time so you can talk and come to an agreement on this, but if it's simply an interpretation of some foreign law they're going to put in some affidavit form, I am not sure that anything else is required other than, you know, agreement on what is an acceptable interpretation and translation, those sorts of issues, but I am

not sure that you need an expert report, but I am also not sure exactly what that affidavit is going to say.  So I am going to give you some time.

MR. FOLKMAN:  Yeah.  Perhaps counsel can discuss that and be in our next -- I am not sure if we need a next status report but maybe we ought to have one just to at least address that issue.

THE COURT:  I am happy to have interval status conferences.  Just e-mail Mr. York if you think there is something we need to iron out, but to the extent that the parties can all agree on things, I would welcome that.

MR. FOLKMAN:  Great.  Okay, we will have that discussion.  Thank you.

THE COURT:  Great, all right.  If there is nothing else, we will stand in recess.

**(A-D-J-O-U-R-N-E-D)**

- - - - - - - - - - - -

CERTIFICATION

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter to the best of my skill and ability.


/s/Jamie K. Halpin_____        December 21, 2025_____
Jamie K. Halpin, CRR, RMR, RPR        Date
Official Court Reporter