# EXHIBIT 34

# 公　证　书

中华人民共和国江苏省苏州市苏州公证处

# 中华人民共和国
# 江苏省苏州市中级人民法院
# 民 事 判 决 书

（2021）苏05民初90号

原告：森科木业（昆山）有限公司，住所地中华人民共和国江苏省昆山市锦溪镇锦商路327号。

法定代表人：肖瑞华，该公司董事长。

委托诉讼代理人：吴景贵，上海合鸿律师事务所律师。

被告：孙琳达（Linda Sun），女，美利坚合众国国籍，1946年7月16日出生，护照号码577710121

委托诉讼代理人：龚炯，江苏海联海律师事务所律师。

委托诉讼代理人：张霄南，江苏海联海律师事务所律师。

原告森科木业（昆山）有限公司（以下简称森科木业公司）因与被告孙琳达（Linda Sun）损害公司利益责任纠纷一案，向本院起诉，本院于2021年1月11日立案后，依法适用普通程序于2021年10月28日公开开庭进行了审理，原告森科木业公司委托诉讼代理人吴景贵、被告孙琳达委托诉讼代理人龚炯到庭参加诉讼。本案现已审理终结。

森科木业公司向本院提出诉讼请求：1.判令孙琳达赔偿森科木业公司货款损失6712182.11美元（折合人民币46730580.43元）及利息

损失 200000 元(以 46730580.43 元为基数，自 2019 年 4 月 30 日计算暂算至 2020 年 12 月 31 日，计算至实际支付之日止，按照全国银行间同业拆借中心公布的贷款市场报价利率的两倍计算); 2. 判令本案诉讼费由孙琳达承担。事实和理由：孙琳达原为森科木业公司独资股东，2014 年将 52%的股权转让给江苏奇意投资有限公司（以下简称奇意公司），孙琳达继续为董事长，实际控制公司，负责对外销售的一切事宜且森科木业公司的所有业务均是外销，且仅有一家客户，截至 2019 年 4 月 29 日，美国盈枫利责任有限公司（INFINNITY WOOD PRODUCTS, LLC（以下简称盈枫利公司）结欠森科木业公司货款 6712182.11 美元，2019 年 6 月 14 日孙琳达突然销声匿迹，森科木业公司向盈枫利公司追要货款，该公司置之不理。森科木业公司经查询得知，盈枫利公司为孙琳达儿子孙福君（David Sun）的公司，孙琳达作为森科木业公司的股东之一、任董事长职务，利用上述地位进行关联交易导致公司无法索要上述款项，其已经违反公司法的相关规定，依法应当承担赔偿责任。

被告孙琳达辩称：一、森科木业公司恶意歪曲基本事实。孙琳达并非森科木业公司股东，森科木业公司设立时的股东是森科公司（Sunco, Inc），后森科公司将 52%股权转让给奇意公司，森科木业公司的股东为森科公司及奇意公司。二、孙琳达仅是森科公司委派到森科木业公司处的董事，2015 年森科公司与奇意公司完成股权转让后，森科木业公司的法定代表人、董事长及总经理均变更为吴国庆，另一董事为奇意公司委派的肖琼。吴国庆和肖琼是奇意公司股东，共同持有百分之百股权。股权转让完成后，森科木业公司一直由吴国庆控制并负责经营管理。三、森科木业公司与盈枫利公司的交易长达十余年

少，反而增加很明显，其利用了这种特殊的关系，将森科木业公司的利益输送到其儿子实际控制的关联公司，盈枫利公司恶意行为相当明显。从2019年的6月份，孙琳达突然离开公司，导致自此以后森科木业公司款项没有收回来，可以看出孙琳达的主观恶意明显严重损害了森科木业公司的利益，依法应当承担法律责任；

证据3.使领馆认证的股权售让协议书，证明孙琳达属于森科木业公司的股东之一，使领馆的认证书签发当时，即股权交易完成日期是2013年4月份，孙琳达就取得了在森科木业公司的股东地位；

证据4.委派书、昆劳人仲案字（2019）1208号裁决书，证明孙琳达是公司的董事之一，实际履行董事长职务，负责公司所有经营事宜；

证据5.盈枫利公司的工商登记资料及相关的认证资料，证明盈枫利公司实际所有人是孙琳达的儿子孙福君、儿媳袁希乐；

证据6.孙福君与袁希乐的结婚证、财产约定书，证明孙福君、袁希乐是夫妻关系；

证据7.售房委托书，证明孙福君和孙琳达是母子关系，孙琳达利用董事长身份将森科木业公司的货物全部销售给盈枫利公司；

证据8.催款邮件、催款函以及对应的快递单，证明2019年6月14日孙琳达突然消失导致森科木业公司的4670多万元货款无法收回，其应当承担法律责任；

证据9.共18册，系出口订单、报关单、发票和装箱单，是对审计报告中确认盈枫利公司结欠款项的补强，进一步证明盈枫利公司欠森科木业公司金额的补强证据；

证据10.2019年8月份的会议记录，证明森科木业公司实际上一直是由孙琳达实际控制的，系对孙琳达认为吴国庆控制公司进行驳斥；

股权转让前均是正常支付货款。吴国庆接管森科木业公司后是由其责与盈枫利公司的外销交易事宜，森科木业公司的客户也并非只有枫利公司一家。四、森科木业公司与盈枫利公司的交易都是正当交价格公允。双方之间的交易未造成森科木业公司任何损失，反而给科木业公司创造了巨大的利益，孙琳达也从未恶意控制森科木业公与盈枫利公司发生不正当交易。五、虽然目前森科木业公司的审计告体现盈枫利公司尚有货款未予结清，但这是属于正常的交易风险森科木业公司应当通过正常途径主张货款或依法起诉主张货款。奇公司作为实际控制森科木业公司的股东，吴国庆作为森科木业公司实际控制人，恶意以森科木业公司名义起诉孙琳达，而不通过正常径主张货款，维护森科木业公司权益，因此可能造成森科木业公司另一股东森科公司的损失。综上，森科木业公司起诉无事实与法律据，请求驳回其诉讼请求

为支持其诉讼请求，原告森科木业公司向本院提交以下证据:

证据 1. 苏华专审（2019）第 5116 号审计报告、企业询证函，明截止 2018 年底盈枫利公司结欠森科木业公司的货款为 5886466.美元，在证据的第 18 页可以看出森科木业公司仅有一个客户，也就盈枫利公司，并且销售额巨大，到 2018 年结欠的款项也很大。证据第 20 页询证函，是盈枫利公司的负责人孙福君，即孙琳达的儿子签确认截止到 2018 年结欠森科木业公司的货款五百多万美元;

证据 2. 苏华专审（2020）第 5098 号审计报告，证明截止到 20年底盈枫利公司结欠货款的情况，也就是本案的诉讼主张金额。特提醒法庭注意，2018 年底到 2019 年以后外部环境特别差，但在这情况下孙琳达作为公司的实际控制人负责销售，赊账金额不但没有

证据 11. 相关的政府文件，进一步证明在 2019 年 6 月 14 日孙琳达离开公司前，其是完全掌控公司的；

证据 12. 2019 年 7 月 24 日孙琳达寄回来的一个文件，当时其授权由肖瑞华和肖琼来处理公司的一切事宜，证明在孙琳达离开昆山之前所有的事务都是由其经手，公司由其掌控，也进一步证明实际上公司是能够高效运转的；

证据 13. 2018 年 7 月至 2019 年 6 月公司日常支付的单据，这些报销单据基本上都是由孙琳达签字，进一步证明公司所有的事宜均是由其控制的；

证据 14. 2019 年 4、5、6 月份的邮件，系员工花名册以及食堂费用的邮件，证明公司日常经营活动实际上都是抄送给董事长即孙琳达的，其邮箱地址也证明公司是孙琳达控制的，这说明对方在庭审中陈述公司是由吴国庆控制与事实是不相符的；

证据 15. 2018 年 6 月至 2019 年 7 月份的生产装箱、出口付款等往来的邮件，证明孙琳达在实际控制公司期间将所有的产品发给其儿子的公司，这个邮件也没有抄送给吴国庆，都是其一人在掌控。同时这些邮件中的单据和证据 13 也是相互印证的；

证据 16. 邮件一组，证明孙琳达和其儿子孙福君共同损害公司利益的行为，吴国庆对经营或者外贸的应收账款不知情；

证据 17. 股权转让协议，在 3.1 条中已经明确表明孙琳达必须保证累计的应收账款不超过 2000 万，同时确保在 2019 年底全部收回；

证据 18. 函件，证明自 2020 年 1 月份起森科木业公司就不断发函催款，但孙琳达均不予以回复；

证据 19. 森科木业公司多次催款，在催款过程中孙琳达以及盈枫

利公司不但不回复，还把森科木业公司的邮件全部拉黑，导致无法
常地催款，证明孙琳达损害公司利益的行为相当明显；

证据20.公司解散纠纷案件的起诉状，证明盈枫利公司以及孙
达、孙福君不配合支付货款，还发起一个解散公司的诉讼，这也证
孙琳达侵害公司的行为是相当明显的。

孙琳达经质证认为：

关于证据1，真实性认可，但是孙琳达及森科公司均未参与审
过程，对于审计报告的内容不予认可，盈枫利公司是否还有货款未
支付以及尚有多少货款未予支付，孙琳达并不清楚，且从审计报告
可以看出，森科木业公司尚有对孙琳达的其他应付款20957013.74
未予以支付，孙琳达也将保留依法主张的权利。对于证据一中企业
询函的真实性孙琳达无法确认；

关于证据2，真实性认可，但是孙琳达及森科公司均未参与审
过程，对于审计报告的内容不予认可，盈枫利公司是否还有货款未
支付以及尚有多少货款未予支付，孙琳达并不清楚，因为股权转让
实际负责森科木业公司经营的是吴国庆并非是孙琳达，森科木业公
的业务均是出口业务，出口业务中均需要使用公章等材料，这些材
均是在吴国庆控制中，孙琳达不可能在该时间段与盈枫利公司进行
何交易；

关于证据3，真实性无法确认，孙琳达从未签过该份资料。从
科木业公司提供的该份证据的原件也可以看出孙琳达签名处实际是
签字的。即使该份证据是真实的，该份协议事实上未发生法律效力
也不能起到变更森科木业公司股权的法律后果。森科木业公司股东
目前是森科公司及奇意公司；

关于证据4，对委派书真实性认可，该证据也证明孙琳达仅是森科公司委派到森科木业公司的董事。对于裁决书的真实性认可，但证明目的不认可。孙琳达仅是森科木业公司的董事，孙琳达是否履行董事长职务应当是由森科木业公司的股东及董事确认，而不应当由森科木业公司的某一个员工来认为孙琳达是否是董事长。而在该份裁决书中作为被申请人的森科木业公司在质证时已经明确表示孙琳达并不是其董事长，这是森科木业公司所陈述的事实，而从客观来说，自2015年股权转让后，孙琳达也从未担任森科木业公司董事长；

关于证据5，对于该组证据的真实性认可，但与本案没有关联性；

关于证据6，对于该组证据的真实性认可，但与本案没有关联性；

关于证据7，对于该组证据真实性认可，但对于证明目的不认可。森科木业公司与盈枫利公司交易均是正当合法，股权转让后系吴国庆负责与盈枫利公司之间的交易；

关于证据8，对于该组证据中森科木业公司寄给盈枫利公司的催款函，孙琳达无法确认真实性。对于寄给孙琳达的催款函，孙琳达并未收到，且对于催款函的内容不予认可。孙琳达并非森科木业公司股东，也未转移森科木业公司利益，孙琳达也没有义务清偿货款；

关于证据9，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的资料，都是森科木业公司员工在正常处理经营事宜，并不能以此证明孙琳达损害公司利益。森科木业公司的实际控制人依然是吴国庆，在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能一个人控制公司完成出口业务；

关于证据10，真实性、合法性、关联性均不认可，证明目的也不

认可。孙琳达并未参与该次会议，是否真实存在均不知情，会议内容也不认可。2015 年 4 月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人;

关于证据 11，真实性、合法性认可，关联性不认可，该证据与本案没有关联性，证明目的也不认可，2015 年 4 月森科木业公司股权变更后，吴国庆担任公司法定代表人、持有公司公章并负责森科木业公司的经营管理，至今吴国庆都是森科木业公司的实际控制人;

关于证据 12，真实性、合法性、关联性均不认可，孙琳达有在空白处签字的白纸留存在森科木业公司处，该文件可能是后被森科木业公司打印上去的;

关于证据 13，真实性无法确认且与本案没有关联性，即使都是真实的，2018 年 2 月 2 日起，孙琳达作为森科木业公司的总经理，在财务制度中要求其在财务支出流程中签字也是正当的，但是并不能以此证明孙琳达是森科木业公司的实际控制人，森科木业公司的实际控制人依然是吴国庆;

关于证据 14，真实性无法确认且与本案没有关联性，即使都是真实的，2018 年 2 月起，肖瑞华才是森科木业公司的董事长及法定代表人，该邮件中的董事长只是发件人的备注且只是抄送给所谓的“董事长”，并不能以此证明森科木业公司的日常所有经营活动必须由孙琳达审批及孙琳达是森科木业公司的实际控制人，收件人高经理是吴国庆聘用的财务经理，其负责具体事务，森科木业公司的实际控制人依然是吴国庆;

关于证据 15，真实性无法确认，即使都是真实的，也都是森科

业公司正常经营过程中的邮件往来，是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务；

关于证据16，真实性无法确认，即使都是真实的，也都是森科木业公司正常经营过程中的邮件往来，都是森科木业公司的员工在正常处理经营事宜，也都只是抄送给孙琳达，并不能以此证明孙琳达完全控制森科木业公司，损害公司利益，森科木业公司的实际控制人依然是吴国庆。在森科木业公司的对外出口业务中均需用到公司公章，而在此期间公章一直由吴国庆掌控，孙琳达不可能控制公司一个人完成出口业务。相关邮件中森科木业公司的处理人员都是高经理，其是吴国庆聘用的财务经理，其负责具体事务；

关于证据17，真实性不认可，孙琳达从未签署过该份《股权转让协议书》，该《股权转让协议书》明显是伪造的。该份《股权转让协议书》与2014年9月8日的《股权转让协议书》第1、2，4，5，6页内容完全一致，但却仅有第4页有孙琳达签字。内容仅有第3页进行了变动，主要条款变动为第3.11条及第五条。3.11条增加的内容就是针对结欠的应收款，第五条无故减少了相关内容，最终目的就是保证《股权转让协议》第三页的整页内容不变，使得第四页孙琳达签字页内容与2014年9月8日的《股权转让协议书》内容完全一致。孙琳达认为这份《股权转让协议》是森科木业公司及其控制人吴国庆处心积虑伪造的证据，可能伪造签名或者在孙琳达签订的空白页上打印内容后添加第1、2、3、5、6，企图恶意制造孙琳达及森科公司的义务；

另在森科公司与奇意公司的仲裁案件中作为股权转让主体的双方均提出过签订有该份《股权转让协议书》，明显有违常理。该份《股权让协议书》第6.8条也作了排他性的约定，如果双方真实的签订的份《股权转让协议书》，那在仲裁案件中就不可能均不予提供；

关于证据18，孙琳达从未收到过函件，对于函件所述内容不予可。孙琳达从未损害公司利益，与盈枫利公司的交易都是森科木业司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠款项当依法诉讼；

关于证据19，真实性无法确认，与盈枫利公司的交易都是森科业公司的正常销售经营行为，如森科木业公司认为盈枫利公司结欠项应当依法诉讼；

关于证据20，真实性认可，但不能证明孙琳达损害公司利益。

经本院要求，孙琳达向本院提交了上海国际经济贸易仲裁委员（上海国际仲裁中心）于2021年4月29日作出的（2021）沪贸仲字第0349号裁决书，各方明确对于裁决书的真实性没有异议。

本院认证意见：对当事人无异议的证据，本院予以确认并在卷证；对有争议的证据，本院将结合其他证据及案件事实综合予以认定

根据当事人陈述和经审查确认的证据，本院认定事实如下：

森科木业公司是2003年4月8日成立的外商独资企业，森科公原持有森科木业公司100%的股权。2015年4月28日，森科木业公办理工商变更登记，公司类型由有限责任公司(外国法人独资)变更有限责任公司(中外合资)，法定代表人由孙琳达变更为吴国庆，股由森科公司100%持股变更为森科公司持股48%、奇意公司持股52% 2018年2月11日，森科木业公司法定代表人由吴国庆变更为当瑞

目前森科木业公司的董事分别为肖瑞华、肖琼、孙琳达，其中肖瑞华任董事长。

森科木业公司的经营范围是生产木质建筑装潢用制品，木质家具及配件，销售自产产品，自有厂房出租。森科木业公司自成立伊始，长期为盈枫利公司供货，双方存在多年合作关系。森科木业公司 2018 年度财务审计报告显示森科木业公司盈枫利公司的应收账款是 40399998.74 元，对孙琳达的应付款是 20957013.74 元。森科木业公司 2019 年度财务审计报告显示森科木业公司对盈枫利公司的应收账款是 46730580.43 元，对孙琳达的应付款是 20957013.74 元。

盈枫利公司是一家依据特拉华州法律成立的公司，该公司在马萨诸塞州开展与家居装饰有关的产品和服务的销售和分销业务，公司管理人员为袁希乐（Shillock YUAN-SUN）和孙福君（David SUN），孙福君系本案被告孙琳达的儿子。

森科木业公司举证的 2013 年 4 月 29 日的《股份售让协议书》，系由森科公司作为卖方、孙琳达作为买方签订，约定森科公司将其持有的森科木业公司 100%的股权转让给孙琳达，转让价格为 250 万美元，在交割时以一次性现金支付方式结算，森科公司应将代表标的股份的股份证书交付给孙琳达。

本院另查明，2019 年 7 月，森科公司作为申请人，以奇意公司为被申请人，向上海国际经济贸易仲裁委员会（上海国际仲裁中心）提交 2014 年 9 月 8 日的《股权转让协议书》，要求奇意公司支付股权转让款 1500 万元以及利息、违约金 300 万元，上海国际经济贸易仲裁委员会（上海国际仲裁中心）于 2021 年 4 月 29 日作出（2021）沪贸仲裁字第 0349 号裁决书，就该案所涉争议相关事实作出如下认定：“1.

关于系争《转让协议》签订时的森科木业公司股东 ……上述事实可以认定孙琳达并未根据《股份售让协议书》获得股东资质，系争《转让协议》签订时森科木业公司的股东为申请人森科公司。……因此仲裁庭认定，折抵协议产生了债务抵销的效果，奇意公司于2016年7月30日完成债务抵销，自此不再向孙琳达负有支付义务，亦不再负有向森科公司支付1500万元股权转让款的义务。……仲裁庭根据双方的事先约定，支持第三项仲裁请求，认定奇意公司应当向森科公司就其延迟支付股权转让款项的违约行为支付违约金300万元。……”，据此仲裁庭裁决奇意公司向森科公司支付违约金300万元，对于森科公司的其余仲裁请求不予支持。

本案主要争议焦点在于：一、孙琳达是否为森科木业公司的股东进而其作为本案被告是否适格？二、森科木业公司主张孙琳达存在利用关联关系损害公司利益的行为进而要求赔偿能否成立？

本院认为：

一、关于本案的法律适用。本案被告孙琳达系美利坚合众国自然人，故本案纠纷属于涉外民商事案件。本案系损害公司利益责任纠纷属于因侵权行为提起的诉讼，《中华人民共和国涉外民事关系法律适用法》第四十四条规定：“侵权责任，适用侵权行为地法律，但当事人有共同经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事人协议选择适用法律的，按照其协议。”本案中，森科木业公司主张的侵权行为地系江苏省昆山市，且在庭审中双方当事人均选择适用中华人民共和国法律，故本院确定中华人民共和国法律为解决本案纠纷的准据法。

二、关于本案的实体处理

（一）孙琳达是否为森科木业公司的股东进而其作为被告是否适格

森科木业公司成立时持股100%的股东是森科公司，而森科木业公司当前的工商登记信息和章程均显示，经股权转让后森科公司持有森科木业公司48%的股权，奇意公司持有森科木业公司52%的股权。所以，从森科木业公司设立至本案纠纷发生，孙琳达从未成为森科木业公司工商登记的股东。现森科木业公司以2013年4月29日《股份售让协议书》主张孙琳达系其股东，但《股份售让协议书》的签署并不代表受让方已获得股东资格，森科木业公司在本案中并未进一步提供证据证明孙琳达和森科公司对《股份售让协议书》存在实际履约行为，亦未有证据证明森科木业公司的章程、股东名册、工商部门登记、出资证明书等文件将森科公司的股东身份变更为孙琳达；且《股份售让协议书》签订时外资企业注册资本的增加、转让，须经审批机关批准，并向工商行政管理机关办理变更登记手续。案涉《股份售让协议书》约定的外商独资企业森科木业的股份转让并未经过审批机关的批准；而在2014年奇意公司成为森科木业公司股东时，亦是基于森科公司作为转让方签订的《股权转让协议书》办理的工商变更登记。综合上述事实，本院认为，森科木业公司提出2013年孙琳达依据《股份售让协议书》取得森科木业公司全部股份的主张，不能成立。

虽然孙琳达并非森科木业公司的股东，但其系森科木业公司的董事，《中华人民共和国公司法》第二十一条规定的利用关联关系损害公司利益应当承担赔偿责任的主体为“公司的控股股东、实际控制人、董事、监事、高级管理人员”，所以孙琳达作为森科木业公司的董事，如存在利用关联关系损害公司利益的行为，仍应该承担赔偿责任，据

此孙琳达作为本案被告主体适格。

（三）孙琳达是否存在利用关联关系损害公司利益的行为

森科木业公司 2018 年度和 2019 年度财务审计报告显示盈枫利公司是其唯一客户，而盈枫利公司的代表人孙福君（David SUN）系本案孙琳达的儿子。因此，可以认定森科木业公司和盈枫利公司之间存在关联关系，两者之间的家具出口外销交易系关联交易。对于关联交易行为是否损害公司利益，应当审查关联交易对价是否公允、关联交易的程序是否合规。本案中，森科木业公司并无证据证明其与盈枫利公司之间的交易存在不合理，审理中森科木业公司也明确其无法确认交易价格是否公允。而从交易过程来看，森科木业公司未能提供证据证明董事孙琳达对公司董事会隐瞒了森科木业公司和盈枫利公司之间的交易，也未能提供证据证明森科木业公司和盈枫利公司之间的交易不符合法律法规或公司章程规定的决策程序。

现森科木业公司主张的损害行为主要为其对盈枫利公司应收账款经其催收尚未收回，但这不能被直接定性为损害公司利益的行为。关联交易的相对方盈枫利公司在 2019 年 4 月 29 日回复森科木业公司的企业询证函中对欠款的事实和金额予以了确认，结合森科木业公司和盈枫利公司之间存在长期交易和赊账的实际情况，在森科木业公司未采取除发送催款函之外的其他救济手段的情况下，尚无法确认拖欠的货款无法收回而给森科木业公司造成损失，亦无法认定孙琳达作为公司董事存在损害公司利益的行为。

综上所述，森科木业公司的诉讼请求，因缺乏依据，本院不予支持。依据《中华人民共和国涉外民事关系法律适用法》第四十四条、《中华人民共和国民事诉讼法》第六十四条、第一百四十二条的规定

判决如下:

驳回原告森科木业（昆山）有限公司的诉讼请求。

案件受理费276453元，由原告森科木业（昆山）有限公司负担。

如不服本判决，森科木业（昆山）有限公司可在判决书送达之日起十五日内，孙琳达（Linda Sun）可在判决书送达之日起三十日内，向本院递交上诉状，并按照对方当事人的人数提交副本，上诉于江苏省高级人民法院。同时根据《诉讼费用交纳办法》的有关规定，向该院预交上诉案件受理费。

审 判 长 俞水娟

审 判 员 蔡燕芳

审 判 员 李 诚

江苏省苏州市中级人民法院

本件与原本核对无异

二〇二一年十[illegible]月二十九日

书 记 员 田思思

# 附录法律条文

**《中华人民共和国涉外民事关系法律适用法》**

**第四十四条** 侵权责任，适用侵权行为地法律，但当事人有共经常居所地的，适用共同经常居所地法律。侵权行为发生后，当事协议选择适用法律的，按照其协议。

**《中华人民共和国民事诉讼法》**

**第六十四条** 当事人对自己提出的主张，有责任提供证据。

当事人及其诉讼代理人因客观原因不能自行收集的证据，或者民法院认为审理案件需要的证据，人民法院应当调查收集。

人民法院应当按照法定程序，全面地、客观地审查核实证据。

**第一百四十二条** 法庭辩论终结，应当依法作出判决。判决前够调解的，还可以进行调解，调解不成的，应当及时判决。

# 公 证 书

(2024)苏苏苏州证字第 3741 号

申请人：LINDA SUN，女，1946 年 7 月 16 日出生，国籍：美国，护照号码：577710121。

公证事项：判决书

兹证明苏州市中级人民法院于 2021 年 11 月 29 日出具的编号为（2021）苏 05 民初 90 号的《中华人民共和国江苏省苏州市中级人民法院民事判决书》的原件与前面的复印件相符，原件属实。

中华人民共和国江苏省苏州市苏州公证处

公证员

江苏省苏州市苏州公证处 3205000522631

2024 年 3 月 4 日

LI30867468

**The People's Republic of China**

**Suzhou Intermediate People's Court of Jiangsu Province**

**Civil Judgment Paper**

(2021) S. 05 M. C. No. 90

Plaintiff: Cinke Wood Industry (Kunshan) Co., Ltd., domicile: 327 Jinshang Road, Jinxi own, Kunshan City, Jiangsu Province, The People's Republic of China.

Legal Representative: Xiao Ruihua, Chairman of the Board of Directors of the company.

Agent ad Litem: Wu Jinggui, lawyer of Shanghai Hehong Law Firm.

Defendant: Sun Linda (Linda Sun), female, a US national, born on July 16, 1946, Passport . 577710121.

Agent ad Litem: Gong Jiong, lawyer of Jiangsu Hailianhai Law Firm.

Agent ad Litem: Zhang Xiaonan, lawyer of Jiangsu Hailianhai Law Firm.

The Plaintiff Cinke Wood Industry (Kunshan) Co., Ltd. (hereinafter referred to as Cinke /ood Company) filed this lawsuit with this court, aiming to resolve this case of dispute over abilities on the part of the Defendant Sun Linda (Linda Sun) for infringing on interests of the ompany. Upon accepting this case on January 11, 2021, this court adopted general procedure in cordance with the law and tried this case in an open session on October 28, 2021. Wu Jinggui, gent ad litem of the Plaintiff Cinke Wood Company, and Gong Jiong, Agent ad litem of the efendant Sun Linda, attended the trial. This case is now closed.

Cinke Wood Company has made the following claims to this court: 1. An order should be ade to request Sun Linda to compensate Cinke Wood Company USD6712182.11 (equivalent of MB46730580.43) for losses in goods payment and RMB200000 (take the amount of MB46730580.43 as base number, calculated from April 30, 2019 to temporarily set date of ecember 31, 2020, but the actual end of calculation should be the day when actual payment is ade, at twice the loan market quotation interest rate published by National Interbank Funding enter); 2. An order should be made to request Sun Linda to bear costs for this case. Facts and asons: Sun Linda used to be sole shareholder of Cinke Wood Company before she transferred 2% equity to Jiangsu Qiyi Investment Co., Ltd. (hereinafter referred to as Qiyi Company) in )14, with Sun Linda continuing her service as Chairman of the Board of Directors, exerting de cto control over the company and being responsible for everything relating to external sales. he only business Cinke Wood Company engages in is selling products to one client. As of April 9, 2019, INFINNITY WOOD PRODUCTS, LLC (hereinafter referred to as INFINNITY ompany) in USA had owed Cinke Wood Company goods payment in the amount of SD6712182.11. On June 14, 2019, Sun Linda suddenly disappeared, and when Cinke Wood ompany urged goods payment from INFINNITY Company, the latter did not heed the call. inke Wood Company learned from investigation that INFINNITY Company belongs to Sun ujun (David Sun), son of Sun Linda. As one of the shareholders and the Chairman of the Board f Directors of Cinke Wood Company, Sun Linda took advantage of her positions for elated-party transactions, because of which the company is unable to recover the above money. he conducts of Sun Linda are in violation of relevant provisions in the Company Law, for which he should assume compensation liabilities in accordance with the law.

The Defendant Sun Linda has made the following arguments: I. Cinke Wood Company is istorting basic facts with malignant intent. Sun Linda is not a shareholder of Cinke Wood ompany. At the time of establishment of Cinke Wood Company, the shareholder was Sunco, Inc,

ho later transferred 52% equity to Qiyi Company. Therefore, the shareholders of Cinke Wood mpany are Sunco, Inc and Qiyi Company. II. Sun Linda was merely a director dispatched from nco, Inc to Cinke Wood Company. In 2015 when Sunco, Inc had completed the transfer of uity to Qiyi Company, the Legal Representative, Chairman of the Board of Directors and eneral Manager of Cinke Wood Company were altered into Wu Guoqing, with another director ing Xiao Qiong, dispatched from Qiyi Company. Wu Guoqing and Xiao Qiong are areholders jointly holding 100% equity of Qiyi Company. Since completion of the equity ansfer, Wu Guoqing has been controlling and overseeing business management of Cinke Wood ompany. III. Cinke Wood Company and INFINNITY Company have been trading with each her for more than ten years, and goods payments had always been made as scheduled prior to e equity transfer. Wu Guoqing has been overseeing foreign trade to INFINNITY Company nce taking over control of Cinke Wood Company, and clients of Cinke Wood Company are not nited to INFINNITY Company. IV. Cinke Wood Company and INFINNITY Company have en trading with each other in legally allowed manner and at fair prices. None of the ansactions made between the two parties has brought about any losses to Cinke Wood Company, ut rather they have created huge interests for Cinke Wood Company. Neither has Sun Linda anipulated Cinke Wood Company and INFINNITY Company with malignant intent into ngaging in inappropriate transactions. V. Although there are outstanding goods payments to be ettled by INFINNITY Company according to Audit Report of Cinke Wood Company, the ayables should be deemed normal transaction risks, and Cinke Wood Company should seek oods payments through conventional routes or lawsuits. Qiyi Company, being shareholder erting de facto control over Cinke Wood Company, and Wu Guoqing, being de facto controller f Cinke Wood Company, are suing Sun Linda in the name of Cinke Wood Company with alignant intent instead of seeking goods payment and protecting rights and interests of Cinke ood Company through conventional routes, because of which losses could be sustained by inke Wood Company and Sunco, Inc which is another shareholder. Based on the foregoing, the gument is made that the claims of Cinke Wood Company should be dismissed on the grounds of lack of factual and legal basis.

To support its claims, the Plaintiff Cinke Wood Company has provided this court with the llowing evidence:

Evidence 1. Audit Report S. H. Z. S. (2019) No. 5116 and Enterprise Confirmation Letter, hich aim to prove that as of the end of 2018, the balance due owed by INFINNITY Company to inke Wood Company in the form of goods payment was USD5886466.77; from the 18th page f the evidence, it is evident that Cinke Wood Company had only one client, viz. INFINNITY ompany and the trade volume with it was huge. The balance due as of 2018 was also a huge nount. The 20th page of the evidence, being the Confirmation Letter, shows signature of Sun ujun, who is principal of INFINNITY Company and son of Sun Linda, confirming the balance ue of more than USD5,000,000 in the form of goods payment owed to Cinke Wood Company as f 2018;

Evidence 2. Audit Report S. H. Z. S. (2020) No. 5098, which aims to prove balance due in e form of goods payment owed by INFINNITY Company as of the end of 2019, the amount eing claimed in this case. It is especially pointed out for the court's attention that external nvironment deteriorated precipitously from the end of 2018 through periods after 2019. Against is background, Sun Linda, as de facto controller of the company overseeing sales, not only did ot decrease the amount of payments on credit, but instead significantly increased it. The alignant intent of INFINNITY Company is obvious in that Sun Linda took advantage of her pecial relationship in channeling interests of Cinke Wood Company into the related-party mpany under de facto control of her son. In June 2019, Sun Linda suddenly left the company, hich has led to failure in efforts of Cinke Wood Company for recovering goods payment, and

from which it can be seen that the malignant intent on the part of Sun Linda has obviously and seriously infringed on interests of Cinke Wood Company. Sun Linda should be assuming legal liabilities for it;

Evidence 3. Equity Sales and Transfer Agreement authenticated by the embassy or the consulate, which aims to prove that Sun Linda is one of the shareholders of Cinke Wood Company, and that Sun Linda had become a shareholder of Cinke Wood Company by April 2013 when the equity transaction was completed and the authentication letter was issued from the embassy or the consulate;

Evidence 4. Dispatch Letter and Arbitral Award K. L. R. Z. A. Zi. (2019) No. 1208, which aim to prove that Sun Linda was one of the directors of the company, fulfilling actual duties of Chairman of the Board of Directors and overseeing all business-related matters of the company;

Evidence 5. Business Registration Materials and Relevant Authentication Materials of INFINNITY Company, which aim to prove that the de facto owners of INFINNITY Company are Sun Linda's son Sun Fujun and daughter-in-law Yuan Xile;

Evidence 6. Certificate of Marriage and Property Covenant of Sun Fujun and Yuan Xile, which aim to prove that Sun Fujun and Yuan Xile are husband and wife;

Evidence 7. Letter of Entrustment for House Sales, which aims to prove that Sun Fujun and Sun Linda are son and mother, and that Sun Linda sold all goods of Cinke Wood Company to INFINNITY Company by taking advantage of her position as Chairman of the Board of Directors;

Evidence 8. Payment Reminder Emails, Payment Reminder Letters and corresponding Courier Receipts, which aim to prove that Sun Linda suddenly disappeared on June 14, 2019, because of which Cinke Wood Company has been unable to recover goods payment of more than RMB46,700,000 and for which Sun Linda should assume legal liabilities;

Evidence 9. Eighteen volumes in all consisting of Export Orders, Customs Declaration Forms, Invoices and Packing Lists, being corroboration for balance due owed by INFINNITY Company as confirmed in the Audit Report, and serving as corroborative evidence for the amount owed by INFINNITY Company to Cinke Wood Company;

Evidence 10. Meeting Minutes in August 2019, which aims to prove that Sun Linda had been exerting de facto control over Cinke Wood Company, and the evidence is a rebuttal to Sun Linda's claim that Wu Guoqing has been controlling the company;

Evidence 11. Relevant government documents, which further proves that Sun Linda had been taking charge of the company prior to June 14, 2019 when she left the company;

Evidence 12. A document sent back from Sun Linda on July 24, 2019 authorizing Xiao Ruihua and Xiao Qiong to deal with all company affairs, which aims to prove that Sun Linda had been overseeing everything and taking charge of the company prior to her leaving Kunshan, and that the company was highly efficient in operation;

Evidence 13. Documents on routine payments of the company from July 2018 to June 2019. Most of these reimbursement documents were signed by Sun Linda, further proving that Sun Linda was controlling everything of the company;

Evidence 14. Emails in April, May and June of 2019, being emails on list of employees and canteen expenses, which proves that copies of documents on routine business activities of the company would be served to Sun Linda who was the Chairman of the Board of Directors; Sun Linda's email address also proves that the company was under her control, which is inconsistent with Sun Linda's representation during court trial that Wu Guoqing was controlling the company;

Evidence 15. Emails from June 2018 to July 2019 on production, packing, export and ıyment, which aim to prove that Sun Linda sent all products of the company to her son's ›mpany during the period when she was in de facto control over the company, and that being the ıe in control, she did not send copies of those emails to Wu Guoqing. In addition, documents in ese emails corroborate with Evidence 13;

Evidence 16. A series of emails, which aim to prove that Sun Linda and her son Sun Fujun ıve jointly infringed on interests of the company, and that Wu Guoqing had no idea about :counts receivable incurred in business operation or foreign trade;

Evidence 17. Equity Transfer Agreement, Article 3.1 of which is explicit that Sun Linda ıall make sure that accumulated accounts receivable do not exceed RMB20,000,000 and that ıey should be recovered in full by the end of 2019;

Evidence 18. Letters, which aim to prove that Cinke Wood Company has been repeatedly :nding payment reminders since January 2020, but Sun Linda has not made a reply;

Evidence 19. Despite Cinke Wood Company having sent a number of payment reminders, un Linda and INFINNITY Company not only have not made a reply, but have also consigned mails from Cinke Wood Company into blacklist, hindering the calls for payment, which proves ıat Sun Linda's conducts are obviously conducts infringing on interests of the company;

Evidence 20. Complaint for the case of dispute over dissolution of the company, which aims › prove that INFINNITY Company, Sun Linda and Sun Fujun have not only refused to cooperate ı goods payment, but have also instituted a lawsuit for dissolving the company, proof that Sun .inda's conducts are obviously conducts infringing on interests of the company.

Sun Linda's reply after cross-examination:

Sun Linda acknowledges authenticity of Evidence 1, but argues that neither Sun Linda nor ›unco, Inc took part in the audit process, which is the why they would not recognize contents in he Audit Report; Sun Linda has no idea whether there is goods payment to be made by NFINNITY Company or the amount of outstanding goods payment; it can be seen from the \udit Report that Cinke Wood Company owes Sun Linda RMB20957013.74 in the form of other ›ayables which Sun Linda reserves her rights to claim. Sun Linda is unable to confirm ıuthenticity of Enterprise Confirmation Letter in Evidence 1;

Sun Linda acknowledges authenticity of Evidence 2, but argues that neither Sun Linda nor ›unco, Inc took part in the audit process, which is the why they would not recognize contents in he Audit Report; Sun Linda has no idea whether there is goods payment to be made by NFINNITY Company or the amount of outstanding goods payment, because it has been Wu Guoqing, not Sun Linda, who has been overseeing business of Cinke Wood Company since the :quity transfer; Wu Guoqing has been the person managing official seal and other materials ıeeded for export, which is the sole type of business of Cinke Wood Company, and that is why it was impossible for Sun Linda to make any transactions with INFINNITY Company during that period of time;

Sun Linda is unable to acknowledge authenticity of Evidence 3 as she has never signed the naterials. From the original of the evidence provided by Cinke Wood Company it can be seen :hat there is no signature of Sun Linda subscribed to the space reserved for her signature. Even if :hat piece of evidence were authentic, the agreement has not taken legal effect, and could not oring about the legal consequence of altering equity of Cinke Wood Company. The shareholders of Cinke Wood Company are currently Sunco, Inc and Qiyi Company;

Sun Linda acknowledges authenticity of Dispatch Letter in Evidence 4 which should prove that Sun Linda was merely a director dispatched from Sunco, Inc to Cinke Wood Company. Sun

Linda acknowledges authenticity of the Arbitral Award but not purpose of proof. Sun Linda was merely a director of Cinke Wood Company, and it should be up to shareholders and directors of Cinke Wood Company to decide whether Sun Linda was serving as Chairman of the Board of Directors, instead of letting a given staffer of Cinke Wood Company decide whether it was the case. In the Arbitral Award, Cinke Wood Company, being the Respondent, has been explicit during cross-examination that Sun Linda was not Chairman of the Board of Directors. The very fact has been represented by Cinke Wood Company. As a matter of fact, Sun Linda has never been Chairman of the Board of Directors of Cinke Wood Company since 2015 when the equity transfer took place;

Sun Linda acknowledges authenticity of Evidence 5, but denies relevance with this case;

Sun Linda acknowledges authenticity of Evidence 6, but denies relevance with this case;

Sun Linda acknowledges authenticity of Evidence 7 but not the purpose of proof. Cinke Wood Company and INFINNITY Company have been trading with each other in legally allowed manner, and it has been Wu Guoqing overseeing transactions with INFINNITY Company since the equity transfer;

Sun Linda is unable to acknowledge authenticity of the Payment Reminder Letter sent from Cinke Wood Company to INFINNITY Company in Evidence 8. Sun Linda claims that she has not received the Payment Reminder Letter sent to her, and that she does not recognize contents therein. Sun Linda should not have the obligation to settle the goods payment as she is not a shareholder of Cinke Wood Company, nor has she transferred interests of Cinke Wood Company;

Sun Linda is unable to acknowledge authenticity of Evidence 9 because even if that piece of evidence is entirely authentic, it merely comprises materials formed in normal business operation of Cinke Wood Company and only reflects the fact that employees of Cinke Wood Company were dealing with business as usual since there is nothing indicating the alleged infringement of company interests on the part of Sun Linda. Wu Guoqing has been de facto controller of Cinke Wood Company, managing official seal for export business during the period. It is impossible for Sun Linda to attend to all export business of the company by herself.

Sun Linda does not acknowledge authenticity, legality, relevance or purpose of proof of Evidence 10. Sun Linda has not taken part in the meeting which is why she has no idea whether the meeting really took place, and she does not recognize contents of the meeting. Since April 2015 when Cinke Wood Company completed equity alteration, Wu Guoqing has been Legal Representative and de facto controller of Cinke Wood Company, keeping official seal and overseeing business management of the company;

Sun Linda acknowledges authenticity and legality but not relevance or purpose of proof of Evidence 11, arguing that the evidence is not relevant to this case. Since April 2015 when Cinke Wood Company completed equity alteration, Wu Guoqing has been Legal Representative and de facto controller of Cinke Wood Company, keeping official seal and overseeing business management of the company;

Sun Linda does not acknowledge authenticity, legality or relevance of Evidence 12, arguing that Sun Linda had left a blank paper containing only her signature in Cinke Wood Company, and that the document text might have been printed onto the paper by the company;

Sun Linda is unable to acknowledge authenticity and does not acknowledge relevance to this case of Evidence 13, arguing that even if what the evidence contains were all authentic, it is normal for Sun Linda, who had been General Manager of Cinke Wood Company since February 2, 2018, to have subscribed her signatures in the process of expenditures according to accounting system, but the act of signing should not be seen as proof that Sun Linda was de facto controller

of Cinke Wood Company as Wu Guoqing has been de facto controller of the company;

Sun Linda is unable to acknowledge authenticity and does not acknowledge relevance to this case of Evidence 14, arguing that even if what the evidence contains were all authentic, Xiao Ruihua has been Chairman of the Board of Directors and Legal Representative of Cinke Wood Company since February 2018; the wording "Chairman of the Board of Directors" in the email is merely remarks made by the sender, and the email was sent to the so-called "Chairman of the Board of Directors" in the form of a copy, which is unable to prove that all routine business activities were subject to Sun Linda's approval, or that Sun Linda was de facto controller of Cinke Wood Company. The receiver Manager Gao is financial manager employed by Wu Guoqing to oversee business details, and Wu Guoqing has been de facto controller of the company;

Sun Linda is unable to acknowledge authenticity of Evidence 15, arguing that even if that piece of evidence were entirely authentic, it merely comprises correspondences formed in normal business operation of Cinke Wood Company and only reflects the fact that employees of Cinke Wood Company were dealing with business as usual; the emails therein were sent to Sun Linda in the form of copies, which is unable to prove that Sun Linda was in total control over Cinke Wood Company as Wu Guoqing has been de facto controller of the company. Wu Guoqing has been managing official seal necessary for export business of Cinke Wood Company during the period. It is impossible for Sun Linda to attend to all export business of the company by herself.

Sun Linda is unable to acknowledge authenticity of Evidence 16, arguing that even if that piece of evidence were entirely authentic, it merely comprises correspondences formed in normal business operation of Cinke Wood Company and only reflects the fact that employees of Cinke Wood Company were dealing with business as usual; the emails therein were sent to Sun Linda in the form of copies, which is unable to prove that Sun Linda was in total control over Cinke Wood Company or has infringed on interests of the company as Wu Guoqing has been de facto controller of the company. Wu Guoqing has been managing official seal necessary for export business of Cinke Wood Company during the period. It is impossible for Sun Linda to attend to all export business of the company by herself. According to relevant emails, Manager Gao, financial manager employed by Wu Guoqing to oversee business details, has been the one dealing with business for Cinke Wood Company;

Sun Linda does not acknowledge authenticity of Evidence 17, arguing that she has never executed the *Equity Transfer Agreement*, and that the agreement must have been forged. The said *Equity Transfer Agreement* is identical to the *Equity Transfer Agreement* dated September 8, 2014 in terms of page 1, 2, 4, 5 and 6, but Sun Linda's signature is contained only on page 4. There are modifications to contents only on page 3, and the modifications to major terms are made to Article 3.11 and Article V. The added contents to Article 3.11 address the balance due receivables; relevant contents in Article V have been removed for the ultimate purpose of ensuring that contents across page 3 of the *Equity Transfer Agreement* remain unchanged, and that contents on page 4 of Sun Linda's signature are identical to corresponding contents in the *Equity Transfer Agreement* dated September 8, 2014. Sun Linda argues that the said *Equity Transfer Agreement* is a piece of evidence intentionally forged by Cinke Wood Company and its controller Wu Guoqing by means of fabricating signature or adding printed contents onto a blank paper containing Sun Linda's signature before adding 1, 2, 4, 5 and 6 for the malignant intent of creating obligations of Sun Linda and Sunco, Inc out of thin air; besides, Sunco, Inc and Qiyi Company, as subjects of equity transfer, have never mentioned the execution of the *Equity Transfer Agreement* in arbitration case, which is obviously against common sense. The *Equity Transfer Agreement* contains covenants of exclusivity in Article 6.8, which is why it is impossible for the two parties not to provide it in arbitration case if they have really executed the agreement;

With regard to Evidence 18, Sun Linda claims that she has not received the Letter sent to her,

and that she does not recognize contents therein. Sun Linda has never infringed on interests of the company, and transactions with INFINNITY Company are all normal sales and business activities of Cinke Wood Company. The so-called balance due owed by INFINNITY Company, if any, should be recovered by Cinke Wood Company by filing a lawsuit;

Sun Linda is unable to acknowledge authenticity of Evidence 19, arguing that transactions with INFINNITY Company are all normal sales and business activities of Cinke Wood Company. The so-called balance due owed by INFINNITY Company, if any, should be recovered by Cinke Wood Company by filing a lawsuit;

Sun Linda acknowledges authenticity of Evidence 20, but argues that it is unable to prove that Sun Linda has infringed on interests of the company.

At the request of this court, Sun Linda has submitted to this court the Arbitral Award (2021) H. M. Z. C. Zi. No. 0349 issued on April 29, 2021 by Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center), and the parties are explicit that they have no objections to authenticity of the Arbitral Award.

This court expresses the following opinion on authentication: As for evidence to which the parties concerned have no objections, this court will confirm and file it as authenticated evidence; as for evidence over which the parties concerned dispute, this court will make determinations comprehensively by combining it with other evidence and facts surrounding this case.

This court has ascertained the following facts in accordance with representations of the parties concerned and evidence established in investigation:

Cinke Wood Company is an enterprise established on April 8, 2003 and solely owned by a foreign investor, and Sunco, Inc used to hold 100% equity of Cinke Wood Company. On April 28, 2015, Cinke Wood Company handled alteration registration with the administration for industry and commerce, transforming the company from limited liability company (solely owned by a foreign investor) into limited liability company (Sino-foreign joint venture), altering Legal Representative from Sun Linda into Wu Guoqing, and altering shareholding structure from Sunco, Inc holding 100% shares into Sunco, Inc holding 48% shares and Qiyi Company holding 52% shares. On February 11, 2018, Cinke Wood Company altered its Legal Representative from Wu Guoqing to Xiao Ruihua. At present, the directors of Cinke Wood Company are Xiao Ruihua, Xiao Qiong and Sun Linda; Xiao Ruihua is also Chairman of the Board of Directors.

The business scope of Cinke Wood Company comprises the production of wooden building decoration products, wooden furniture and components, sales of products made by the company, and leasing of plants owned by the company. Since its establishment, Cinke Wood Company has become a long-term supplier of INFINNITY Company, having cooperated with it for many years. The Audit Report of Year 2018 for Cinke Wood Company shows that there was the amount of RMB40399998.74 in the form of accounts receivable to be collected by Cinke Wood Company from INFINNITY Company, and there was the amount of RMB20957013.74 in the form of payables to be paid to Sun Linda. The Audit Report of Year 2019 for Cinke Wood Company shows that there was the amount of RMB46730580.43 in the form of accounts receivable to be collected by Cinke Wood Company from INFINNITY Company, and there was the amount of RMB20957013.74 in the form of payables to be paid to Sun Linda.

INFINNITY Company is a company incorporated in accordance with laws of the State of Delaware selling products and services relating to furniture and decoration in the State of Massachusetts. The executives of the company are Yuan Xile (Shillock YUAN-SUN) and Sun Fujun (David Sun), the latter being the son of the Defendant Sun Linda.

The *Agreement on Selling and Transferring Shares* adduced on April 29, 2013 by Cinke

Wood Company is entered into by and between the seller Sunco, Inc and the buyer Sun Linda whereby Sunco, Inc is to transfer 100% equity held by it in Cinke Wood Company to Sun Linda at the price of USD2,500,000 to be settled in monetary form upon transfer; Sunco, Inc is to hand Sun Linda the Shares Certificate representing object shares.

The investigation by this court also finds that in July 2019, Petitioner Sunco, Inc and Respondent Qiyi Company submitted the *Equity Transfer Agreement* dated September 8, 2014 to Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center). The agreement requires Qiyi Company to pay equity transfer fund of RMB15,000,000, interest thereon and liquidated damages of RMB3,000,000. Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center) made the Arbitral Award (2021) H. M. Z. C. Zi. No. 0349 on April 29, 2021, making the following ascertainments regarding facts relating to disputes involved in that case: "1. With regard to shareholders of Cinke Wood Company at the time of execution of the *Transfer Agreement* involved in dispute...the above facts can be relied on to made the ascertainment that Sun Linda has not obtained qualifications for being a shareholder in accordance with the *Agreement on Selling and Transferring Shares*, and the shareholder of Cinke Wood Company was Petitioner Sunco, Inc at the time of execution of the *Transfer Agreement*... Therefore, the arbitration tribunal decides that the offset agreement has took effect in that the debt has been offset. Qiyi Company has offset its debt on July 30, 2016, and is no longer under the obligation to pay Sun Linda or to pay RMB15,000,000 in the form of equity transfer fund to Sunco, Inc... The arbitration tribunal supports the third arbitration claim in accordance with prior covenants of the two parties, deciding that Qiyi Company shall pay Sunco, Inc RMB3,000,000 as liquidated damages for the delay in paying equity transfer fund..." Based on the foregoing, the arbitration tribunal rules that Qiyi Company shall pay Sunco, Inc RMB3,000,000 as liquidated damages, and that the rest arbitration claims of Sunco, Inc will not be supported.

Central issues of dispute in this case: I. Whether or not Sun Linda is a shareholder of Cinke Wood Company, the answer to that will determine whether she is qualified to be defendant of this case. II. Whether or not the allegation of Cinke Wood Company can be established that Sun Linda has taken advantage of relationship in infringing on interests of the company, for which compensation is being pursued.

This court holds that:

I. Law Application in this Case. The Defendant Sun Linda is a natural person of the US, and therefore, this case is a foreign-related civil-commercial case. This case involves a lawsuit filed to address the conduct of infringement of rights and interests of a company, and to resolve disputes over liabilities therefor. Article 44 of the *Law on Application of Law to Foreign-related Civil Relationship of the People's Republic of China* stipulates: "The laws of the place where the conduct of infringement has taken place shall be applicable for determining infringement liabilities; however, where the parties concerned have a common perpetual domicile, the laws of the place where the common perpetual domicile is located shall be applicable. Where the parties concerned choose applicable law by agreement after the conduct of infringement has taken place, the agreement shall be observed." In this case, the infringement conduct alleged by Cinke Wood Company took place in Kunshan City, Jiangsu Province, and the parties concerned both chose the law of the People's Republic of China as applicable law during court trial, and therefore, this court determines that the law of the People's Republic of China shall be proper law for resolving dispute in this case.

II. Entities of this Case

(I) Whether or not Sun Linda is a shareholder of Cinke Wood Company, and whether she is

alified to be Defendant of this case

At the time of establishment of Cinke Wood Company, the shareholder holding 100% equity is Sunco, Inc. In accordance with current information registered with the administration for dustry and commerce and Articles of Association of Cinke Wood Company, after the equity nsfer, Sunco, Inc holds 48% equity in Cinke Wood Company, and Qiyi Company holds 52% uity in Cinke Wood Company. Therefore, Sun Linda has never been a shareholder of Cinke ood Company registered with the administration for industry and commerce from the tablishment of the company to the occurrence of dispute in this case. Cinke Wood Company w claims that Sun Linda is a shareholder of the company based on the *Agreement on Selling d Transferring Shares* dated April 29, 2013. But the execution of the *Agreement on Selling and ansferring Shares* does not mean that the transferee has obtained qualifications of shareholder. nke Wood Company has not provided further evidence in this case to prove that Sun Linda and nco, Inc have actually performed obligations in the *Agreement on Selling and Transferring ares*. And there is no evidence to prove that Cinke Wood Company has altered its shareholder om Sunco, Inc to Sun Linda by modifying its Articles of Association, Register of Shareholders, egistration with the Administration for Industry and Commerce or Certificate of Investment; oreover, any increase to or transfer of registered capital of foreign-invested enterprise at the me of execution of the *Agreement on Selling and Transferring Shares* requires approval of the pproving organ and alteration registration at the administrative organ of the administration for dustry and commerce. The equity transfer set out in the *Agreement on Selling and Transferring ares* of Cinke Wood Company, an exclusively foreign-owned enterprise, has not been approved y the approving organ; and in 2014 when Qiyi Company became a shareholder of Cinke Wood ompany, the relevant alteration registration with the Administration for Industry and Commerce as also handled based on the *Agreement on Selling and Transferring Shares* signed by Sunco, nc as transferor. Based on the foregoing, this court decides to dismiss the claim made by Cinke Vood Company that Sun Linda obtained all shares of Cinke Wood Company in 2013 based on e *Agreement on Selling and Transferring Shares*.

Although Sun Linda is not a shareholder of Cinke Wood Company, she is a director of the ompany. In accordance with Article 21 of the *Company Law of the People's Republic of China*, he subjects who can assume liabilities for taking advantage of relationship in infringing on nterests of a company are "controlling shareholders, de facto controllers, directors, supervisors nd senior executives of the company", and therefore, Sun Linda, being director of Cinke Wood Company should assume compensation liabilities for any conduct of taking advantage of elationship in infringing on interests of the company. Based on the foregoing, Sun Linda is a roper defendant in this case.

(III) Whether or not Sun Linda has taken advantage of relationship in infringing on interests of the company

The Audit Reports of Year 2018 and Year 2019 for Cinke Wood Company show that NFINNITY Company is the sole client of the company, and Sun Fujun (David Sun), the epresentative of INFINNITY Company, is the son of Sun Linda. Therefore, it can be ascertained hat there is relationship between Cinke Wood Company and INFINNITY Company, and that the oreign trade of furniture between them is related-party transaction. Whether a related-party ransaction infringes on interests of the company depends on whether consideration is fair and whether procedures are in compliance with regulations in the related-party transaction. In this case, Cinke Wood Company has no evidence to prove that there is anything unreasonable in the ransactions between the company and INFINNITY Company; during the trial, Cinke Wood Company has also been explicit that it is unable to tell whether the transaction prices are fair prices. From the perspective of transaction process, Cinke Wood Company has not been able to

adduce evidence to prove any concealment by director Sun Linda of transactions between Cinke Wood Company and INFINNITY Company, nor is there any evidence to prove that the transactions are in violation of decision-making procedures set out in laws and regulations or Articles of Association of the company.

The infringement conduct alleged by Cinke Wood Company centers around its failed efforts to recover accounts receivable from INFINNITY Company, but that fact should not be directly defined as conduct infringing on interests of the company. INFINNITY Company, the reciprocal party to the related-party transactions, confirmed the fact and the amount of debt in the Enterprise Confirmation Letter sent as reply to Cinke Wood Company on April 29, 2019. Considering the long-term business relationship and debt owing practice between Cinke Wood Company and INFINNITY Company, it is impossible to decide that Cinke Wood Company has sustained losses due to its failure in recovering the overdue goods payment as it has not taken remedial measures other than sending Payment Reminder Letter; also, it is impossible to decide that Sun Linda has infringed on interests of the company in her capacity as director.

Based on the foregoing, this court will not support the claims of Cinke Wood Company on the grounds of a lack of evidence. In accordance with Article 44 of the *Law on Application of Law to Foreign-related Civil Relationship of the People's Republic of China,* Article 64 and Article 142 of the *Civil Procedure Law of the People's Republic of China*, the judgments are made as follows:

The claims of the Plaintiff Cinke Wood Industry (Kunshan) Co., Ltd. shall be dismissed.

The case acceptance fee of RMB276453 shall be borne by the Plaintiff Cinke Wood Industry (Kunshan) Co., Ltd.

Where Cinke Wood Industry (Kunshan) Co., Ltd. is dissatisfied with the judgments herein, it may submit a petition for appeal to this court within fifteen days from the day of service of this judgment paper; where Sun Linda is dissatisfied with the judgments herein, she may submit a petition for appeal to this court within thirty days from the day of service of this judgment paper; and whichever the case may be, the appealing party shall prepare duplicates equal in number to the persons of the other party for appealing to the Higher People's Court of Jiangsu Province. At the same time, the appealing party shall make an advance payment of acceptance fee for case of appeal to that court in accordance with the relevant provisions on the *Measures for Payment of Lawsuit Costs*.

Presiding Judge: Yu Shuijuan

Judge: Cai Yanfang

Judge: Li Cheng

(With the seal of Suzhou Intermediate People's Court of Jiangsu Province)

November 29, 2021

Clerk: Tian Sisi

[This document is in conformity with the original upon verification]

## Attachment: Legal Provisions

***Law on Application of Law to Foreign-related Civil Relationship of the People's Republic f China***

Article 44 The laws of the place where the conduct of infringement has taken place shall be pplicable for determining infringement liabilities; however, where the parties concerned have a ommon perpetual domicile, the laws of the place where the common perpetual domicile is ocated shall be applicable. Where the parties concerned choose applicable law by agreement fter the conduct of infringement has taken place, the agreement shall be observed.

***Civil Procedure Law of the People's Republic of China***

Article 64 The parties concerned shall be responsible for providing evidence for their espective allegations.

Where a party concerned and the agent ad litem of the party are unable to collect evidence hemselves due to objective causes or where the people's court believes that the evidence is ecessary for the trial of the case concerned, the people's court shall investigate and collect the vidence.

A people's court shall examine and verify evidence comprehensively and objectively in ccordance with statutory procedures.

Article 142 When the court debate is closed, a ruling shall be made in accordance with the w. When mediation is possible before the ruling is made, mediation may be conducted, and a uling shall be made immediately if the mediation fails.

# NOTARIAL CERTIFICATE

(2024) S. S. S. Z. Z. Zi, No. 3741

Applicant: LINDA SUN, female, born on July 16, 1946, Nationality: USA, Passport No. 577710121.

Issue under notarization: Judgement Paper

This is to certify that the foregoing copy of *The People's Republic of China Suzhou Intermediate People's Court of Jiangsu Province Civil Judgment Paper* with No. (2021) S. 05 M. C. No. 90 issued by Suzhou Intermediate People's Court on November 29, 2021, conforms to the original document, and the original document is authentic.

Suzhou Suzhou Notary Public Office, Jiangsu Province

The People's Republic of China

Notary: Li Changhong

March 4, 2024

# 公 证 书

(2024)苏苏苏州证字第 3742 号

申请人：LINDA SUN，女，1946 年 7 月 16 日出生，国籍：美国，护照号码：577710121。

公证事项：译本内容与原本内容相符

兹证明前面的(2024)苏苏苏州证字第 3741 号《公证书》的英文译本内容与该公证书中文原本内容相符。

中华人民共和国江苏省苏州市苏州公证处

公证员 黎长鸿

江苏省苏州市苏州公证处 3205000522631

2024 年 3 月 4 日

LI 30867471

# NOTARIAL CERTIFICATE

(2024) S. S. S. Z. Z. Zi, No. 3742

Applicant: LINDA SUN, female, born on July 16, 1946, Nationality: USA, Passport No. 577710121.

Issue under notarization: true and exact translation

This is to certify that the foregoing English translation of (2024) S. S. S. Z. Z. Zi, No. 3741 *Notarial Certificate* conforms to the original Chinese version of the Notarial Certificate.

Suzhou Suzhou Notary Public Office, Jiangsu Province

The People's Republic of China

Notary: Li Changhong

March 4, 2024

本附加证明书仅证明公文书上的签名、签署人签名时的身份，需要时证明公文书上的印鉴属实。附加证明书不对公文书内容予以证明。
This Apostille only certifies the authenticity of the signature, the capacity of the person who has signed the public document and, where appropriate, the identity of the seal or stamp which the public document bears. This Apostille does not certify the content of the document for which it was issued.
Visit https://consular.mfa.gov.cn/VERIFY and scan the QR code to verify the issuance of this Apostille.

10365503

# 附加证明书
# APOSTILLE

(1961年10月5日海牙公约)
(Convention de La Haye du 5 octobre 1961)

1. 文书出具国: Country: 中华人民共和国 People's Republic of China

本公文书 This public document

2. 签署人 has been signed by: 黎长鸿 Li Changhong

3. 签署人身份 acting in the capacity of: 公证员 Notary Public

4. 印鉴名称 bears the seal/stamp of: 江苏省苏州市苏州公证处 Suzhou Suzhou Notary Public Office,Jiangsu Province

证明 Certified

5. 签发地 at: 南京 Nanjing

6. 签发日期 the: 2024年03月15日 March 15,2024

7. 签发人 by: 张君/Zhang Jun 江苏省外事办公室 Foreign Affairs Office of Jiangsu Province

8. 附加证明书编号 No: 认字第243200019192号

9. 签发机关印鉴: Seal/Stamp:

10. 签名: Signature: 张君