# EXHIBIT 44

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>LINDA SUN, individually, DAVID SUN, individually )<br>SHILLOCK YUAN-SUN, individually, and INFINITY )<br>WOOD PRODUCTS, LLC., )<br><br>Defendants, )<br><br>SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, )<br>EASTMAN ST. WOODWORKS, INC., )<br>INFINITY REALTY COMPANY LLC, and )<br>NEW SUN LIMITED PARTNERSHIP )<br><br>Reach and Apply Defendants, and )<br>Fraudulent Conveyance Defendants ) | C.A. No. 1:22-cv-10833-MJJ<br><br>**AFFIDAVIT OF SHILLOCK YUAN-SUN (1) IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) IN SUPPORT OF DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., AND INFINITY REALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |

Linda Sun )
)
  Counterclaim Plaintiff, )
)
v. )
)
Sunco Timber (Kunshan) Co., Ltd. )
)
  Counterclaim Defendant. )

Sunco, Inc. )
)
  Counterclaim Plaintiff, )
)
v. )
)
Sunco Timber (Kunshan) Co., Ltd. )
)
  Counterclaim Defendant. )

Shillock Yuan-Sun, being over the age of eighteen (18) and having personal knowledge of the facts set forth in this affidavit, deposes and states as follows:

1.      I am a certified public accountant.  I graduated from the University of Chicago in March of 1996 with a Bachelor's degree in Economics.  I graduated from San Diego State University in December of 1999 with a Master's degree in Accountancy.

2.      After graduating from San Diego State University in 1999, I began working for PricewaterhouseCoopers LLP as an Associate in their San Diego office.  I received my certified public accountant license in January 2003 from the State of California.  I resigned from PwC as manager in 2009 and began working at Sunco, Inc. ("Sunco US") in April 2010 on a part-time basis. I became Sunco's accounting manager in July 2021 after its accounting manager resigned.

3.      Plaintiff has pointed to 26 checks Sunco US issued to Linda or on Linda's behalf and argues that this is proof that we were "actively draining" our assets.  That is not true.  We treated each entity as a separate and distinct entity and made sure that were accurately accounting for every transaction.  Sunco US did not own the property where its warehouse was located.  Sunco US paid rent to the entity that did own it.[1]

4.      I have reviewed the checks Plaintiff Sunco China identified as being allegedly improper and explain below how and why each of those checks was issued, including how such checks were proper from an accounting perspective.

**Sunco US's Rental Payments**

5.      Sunco US leased the warehouse (the "Property") where it operated its business.  That property was owned by the Sun Family Trust.  Initially, the primary beneficiary of the Sun Family

---

[1] The property in question was owned by the Sun Family Trust.  Infinity Realty Company, LLC ("IRC") was the sole beneficiary of the Sun Family Trust during the relevant time period.  Sunco US's rental payments were made to IRC.

Trust was New Sun Limited Partnership, which I refer to as "NST."  Initially, Sunco US leased the warehouse from NST.   Sunco US owed monthly rent, calculated based on the per square footage price NST charged an unrelated third party that occupied a portion of the property.

6.    IRC obtained the interest in the Property from NST in 2013, and in return, IRC granted NST a promissory note.  *See* Ex. 50 (Citrin_0002111).  IRC's purchase of its interest in the property occurred years before any of the cabinets at issue in this litigation were manufactured and shipped by Plaintiff.

7.    Sunco US's lease of the property began in 1992.  *See* Ex. 77 at 1.

8.    In 2009, Sunco US also subleased a portion of the property to a company called Triton Technologies ("Triton").  Triton was unaffiliated with any of the Defendants in this case.  The per square foot price charged to Triton Technologies was approximately $5.41 at that time.  *See* Ex. 67 (Citrin_0014122) at p. 1-2.  The rent Sunco US paid at the time was a comparable price per square foot.

9.    In 2011, the warehouse collapsed and was rebuilt using proceeds from insurance. Sunco US has continued to pay rent at a rate of approximately $28,162 since the warehouse was rebuilt.  The rent, if anything, may be lower than market rate.  It certainly is not higher than market rate.  Sunco US was therefore not "actively draining" its assets, as Plaintiff claims, but paying at or even below market rate to lease the property on which it operated and maintained a warehouse.

**Checks for Rental Payments**

10.    The first check Plaintiff identified is a November 30, 2018, check from Sunco US to the Sun Family Trust.  The check was for a legitimate business purpose, as follows.

11.    When dealing with a transaction involving multiple entities, it is often more efficient, faster, and easier, to have the cash move to its ultimate destination rather than move through each

entity, but the accounting records were always accurately maintained.  If, for example, Company A owed Company B money and Company B owed Company C money, sometimes it was easiest for Company A to pay Company C the cash directly, and Company A would receive credit from Company B for the amount paid to Company C.  There is nothing improper, from an accounting or any other perspective, in operating this way.

12.  On November 30, 2018, Sunco US issued check #61025 for $20,000 to NST.  *See* Ex. 27 at 1.[2]  Plaintiff claims that this was wrongful.  It was not.

13.  On that date, Sunco US made a rental payment of $20,000 to IRC.

14.  That was recorded in Sunco US's ledger as a credit[3] to cash.  *See* Ex. 78 (Citrin_0032572) at 33081.



| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | BLUE01 | | | | | | |
| 11/30/18 | AP | 059848 | Company: Northwestern Mutual Invoice: 0354817 Ref: 61024 Trandte: 11/30/18 Vendno: NOR6 | 615367 | $ | 0.00 | $ | 11,000.00 | $ 288,898.53 |
| 11/30/18 | AP | 059848 | Company: Sun Family Trust Invoice: 113018 Ref: 61025 Trandte: 11/30/18 Vendno: SUN1 | 615367 | $ | 0.00 | $ | 20,000.00 | $ 268,898.53 |
| 11/30/18 | AP | 059849 | Invoice: _RECONCL Ref: CHECK 6102 Trandte: 11/30/18 | 615368 | $ | 31,000.00 | $ | 0.00 | $ 299,898.53 |
| 11/30/18 | AP | 059867 | Company: SourceForce LLC Invoice: 113018S Ref: 61057 Trandte: 11/30/18 Vendno: | 615413 | $ | 0.00 | $ | 4,000.00 | $ 295,898.53 |

15.  It was further recorded on Sunco US's ledger as a debit to the balance due to IRC for rent.  *See* Ex. 78 (Citrin_0032572) at 45195.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Description: Taxes Invoice: 112518 Ref: RENT/RE TA Trandte: 11/20/18 Vendno: IRC001 | | | | | | |
| 11/30/18 | AP | 059847 | Company: Sun Family Trust Description: David Invoice: 113018 Ref: ACCDRENT Trandte: 11/30/18 Vendno: SUN1 | 615366 | $ | 20,000.00 | $ | 0.00 | ($ 63,808.18) |

---

[2] The check was made out to the Sun Family Trust, because that was the name on NST's bank account, a holdover from when NST was the Sun Family Trust's sole beneficiary.  NST did not change the name on the bank account.

[3] In accounting, a "credit" increases liabilities and decreases assets, so a credit to a cash account means the cash balance decreases.  A "debit" decreases liabilities and increases assets, so a debit to a cash account means the cash balance increases.

16.      Similarly, it was recorded in IRC's books as a $20,000 rental payment and debited to the company's cash account.  *See* Ex. 79 (Citrin_0032124) at 2126 (showing "Record 20k rental payt [sic] from Sunco" in the "Debit" column).

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/30/18 | GL | RECROD DEC ESCROW PAYMENT | 000130 | 000438 | $ | 0.00 | $ | 12,704.50 | $ | 51,561.16 |
| 11/30/18 | GL | RECORD MONTHLY MINIMUMN BAL FEE | 000130 | 000439 | $ | 0.00 | $ | 30.00 | $ | 51,531.16 |
| 11/30/18 | GL | RECORD 20K RENT PAYT FROM SUNCO | 000131 | 000441 | $ | 20,000.00 | $ | 0.00 | $ | 71,531.16 |
| 11/30/18 | GL | RECORD 20K PAYMENT TO | 000131 | 000442 | $ | 0.00 | $ | 20,000.00 | $ | 51,531.16 |

17.      IRC booked a corresponding credit to the intercompany account between Sunco US and IRC in the same amount, reflecting that the amount owed by Sunco US to IRC was now lower. *See* Ex. 79 (Citrin_0032124) at 2128.

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/31/18 | GL | REVERSE NOV RENTAL INCOME BOOK IN O | 000133 | 000446 | $ | 0.00 | $ | 15,141.00 | $ | 1,192,767.39 |
| 11/30/18 | GL | TO BOOK RENTAL INCOME | 000130 | 000435 | $ | 15,140.79 | $ | 0.00 | $ | 1,207,908.18 |
| 11/30/18 | GL | RECORD 20K RENT PAYT FROM SUNCO | 000131 | 000441 | $ | 0.00 | $ | 20,000.00 | $ | 1,187,908.18 |
| 12/31/18 | GL | RECORD MORTGAGE PAYMENT TO BANK | 000137 | 000456 | $ | 15,140.29 | $ | 0.00 | $ | 1,203,048.47 |

18.      IRC then took that payment and used it make its promissory note payment to NST, showing a "Record 20k payment to NST" entry of $20,000 in the "Credit" column of IRC's cash account.  *See* Ex. 79 (Citrin_0032124) at 2126.

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/30/18 | GL | RECORD 20K RENT PAYT FROM SUNCO | 000131 | 000441 | $ | 20,000.00 | $ | 0.00 | $ | 71,531.16 |
| 11/30/18 | GL | RECORD 20K PAYMENT TO NST | 000131 | 000442 | $ | 0.00 | $ | 20,000.00 | $ | 51,531.16 |
| 12/31/18 | GL | RECORD MONTHLY MORTGAGE PAYMENT | 000137 | 000453 | $ | 0.00 | $ | 25,726.21 | $ | 25,804.95 |
| 12/31/18 | GL | RECORD MONTHLY BANK | 000137 | 000459 | $ | 0.00 | $ | 30.00 | $ | 25,774.95 |

19.      At the same time, it recorded a debit of $20,000 to the "Due to NST" account, which reflected a decrease in the balance on the promissory note IRC gave NST.  *See* Ex. 79 (Citrin_0032124) at 2129.

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 03/31/18 | GL | TO RECORD INT EXP ACCRUAL FOR Q1 | 000110 | 000354 | $ | 0.00 | $ | 24,473.09 | ($ | 245,260.27) |
| 11/30/18 | GL | RECORD 20K PAYMENT TO NST | 000131 | 000442 | $ | 20,000.00 | $ | 0.00 | ($ | 225,260.27) |
| **Account Total:** | | | | | | | | | | |

20.    That $20,000 payment on the promissory from IRC to NST was likewise recorded accurately on NST's books, showing the $20,000 deposit as a debit to NST's cash account, and then reflecting $20,000 as a credit to the "Due from IRC" account, decreasing the amount IRC owed to NST. *See* Ex. 80 (Citrin_0031253) at 2154.

| Date | | Description | | | Debit | Credit | Balance |
|---|---|---|---|---|---|---|---|
| 11/30/18 | GL | TO BOOKED DEPOSIT FROM LINDA'S ACC | 000099 | 000260 | $ 5,000.00 | $ 0.00 | $ 6,507.10 |
| 11/30/18 | GL | RECORD DEPOSIT FROM SUNCO | 000100 | 000261 | $ 20,000.00 | $ 0.00 | $ 26,507.10 |
| 12/31/18 | GL | RECORD MONTHLY MGMT FEE | 000101 | 000262 | $ 0.17 | $ 0.00 | $ 26,507.27 |
| 12/31/18 | GL | TO RECORD JOYCE SUN WITHDRAWAL | 000101 | 000264 | $ 0.00 | $ 5,000.00 | $ 21,507.27 |
| **Account Total:** | | | | | | | |
| Begin. Bal. : | $ 15,654.48 | Net Change: | $ 5,852.79 | | $ 55,852.79 | $ 50,000.00 | $ 21,507.27 |
| 11033-000 | | DUE FROM IRC | | | | | |
| Beginning Balance | | | | | | | $ 282,033.00 |
| 01/01/18 | GL | TO REDUCE INTEREST PAYABLE TO NST | 000091 | 000232 | $ 0.00 | $ 61,246.00 | $ 220,787.00 |
| 03/31/18 | GL | TO BOOK Q1 INTEREST ACCRUAL | 000088 | 000226 | $ 24,473.00 | $ 0.00 | $ 245,260.00 |
| 11/30/18 | GL | RECORD DEPOSIT FROM SUNCO | 000100 | 000261 | $ 0.00 | $ 20,000.00 | $ 225,260.00 |
| **Account Total:** | | | | | | | |

21.    While it would have been possible for Sunco US to send a check for $20,000 to IRC, for IRC to deposit that check and then send a $20,000 check to NST, it was more efficient to have Sunco US send the check directly to NST as that allowed for fewer cash transactions and a more efficient system. And, again, there is nothing improper about this from an accounting or any other perspective.

22.    Similarly, check 61800 was for $20,000 and reflected cash moving from Sunco US to its ultimate endpoint, NST. As with check 61025, the cash moved directly to its endpoint, but the accounting entries for each relevant entity were accurately recorded.

23.    In Sunco US's books, when the check was cashed, it was credited to the company's cash account, i.e., the company's cash account decreased by $20,000. *See* Ex. 81 (Citrin_0002204) at 2297.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Brown Custno: CSBR01 Doctype: RD Receiptno: 124969 Trandte: 06/03/19 | | | | | | | |
| 06/04/19 | AP | 061820 | Invoice: _RECONCL Ref: 6/3 CHECK Trandte: 06/04/19 | 648202 | $ | 0.00 | $ | 20,000.00 | $ | 891,731.21 |
| 06/04/19 | AP | 061821 | Invoice: _RECONCL Ref: 6/4 AMEX Trandte: 06/04/19 | 648203 | $ | 0.00 | $ | 869.59 | $ | 890,861.62 |
| 06/04/19 | AP | 061843 | Invoice: _RECONCL Ref: 6/7 PAYROL Trandte: 06/04/19 | 648220 | $ | 0.00 | $ | 38,093.64 | $ | 852,767.98 |
| 06/05/19 | AP | 061819 | Company: Selective Insurance | 648201 | $ | 0.00 | $ | 181.00 | $ | 852,586.98 |

24. The payment was debited to the intercompany account, sometimes called a due to/due from account, between Sunco US and IRC, reflecting a decrease in the amounts owed by Sunco US to IRC. *See* Ex. 81 (Citrin_0002204) at 11168.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 05/14/19 | AP | 061629 | Trandte: 04/25/19 Vendno: UNIT03 Company: Infinity Realty Co., LLC Description: Taxes Invoice: 052519 Ref: MORTGAGE Trandte: 05/14/19 Vendno: IRC001 | 642098 | $ | 0.00 | $ | 15,140.29 | ($ 69,253.45) |
| 05/31/19 | AP | 061792 | Company: Sun Family Trust Description: David Invoice: 060119DS Ref: ACCDRENT Trandte: 05/31/19 Vendno: SUN1 | 647121 | $ | 20,000.00 | $ | 0.00 | ($ 49,253.45) |

HIGHLY CONFIDENTIAL                                                      Citrin_0011168

25. Similarly, on IRC's books, the amount was debited to the company's cash account and credited to the intercompany account between IRC and Sunco US. *See* Ex. 82 (Citrin_0031847) at 847, 849.[4]

| | | MORTGAGE PAYMENT | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/30/19 | GL | RECORD RENTAL INCOME | 000148 | 000509 | $ | 25,726.21 | $ | 0.00 | $ | 56,873.62 |
| 06/30/19 | GL | RECORD 20k RENT PAYMENT FROM SUNCO | 000148 | 000514 | $ | 20,000.00 | $ | 0.00 | $ | 76,873.62 |

\*\*\*

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 06/30/19 | GL | RECORD RENTAL INCOME | 000148 | 000509 | $ | 15,140.29 | $ | 0.00 | $ | 1,293,370.21 |
| 06/30/19 | GL | RECORD 20k RENT | 000148 | 000514 | $ | 0.00 | $ | 20,000.00 | $ | 1,273,370.21 |

HIGHLY CONFIDENTIAL                                                      Citrin_0031849

---

[4] It appears there was an error in the entry date. It should read 5/31/19, not 6/30/19.

26.   Likewise, on NST's books, the amount is recorded as a debit to checking from a payment from IRC, and the "due from IRC" account was credited (i.e., decreased by) $20,000. *See* Ex. 83 (Citrin_0032506) at 2506, 2507.

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 06/30/19 | GL | RECORD JOYCE SUN WITHDRAWAL | 000111 | 000286 | $ | 0.00 | $ | 5,000.00 | $ | 1,507.95 |
| 06/30/19 | GL | RECORD 20k PAYMENT FROM IRC | 000111 | 000287 | $ | 20,000.00 | $ | 0.00 | $ | 21,507.95 |
| 07/31/19 | GL | RECORD BANK FEE | 000112 | 000290 | $ | 0.16 | $ | 0.00 | $ | 21,508.11 |
| 07/31/19 | GL | RECORD JOYCE SUN WITHDRAWAL | 000112 | 000291 | $ | 0.00 | $ | 5,000.00 | $ | 16,508.11 |
| 08/31/19 | GL | RECORD BANK INTEREST | 000113 | 000293 | $ | 0.11 | $ | 0.00 | $ | 16,508.22 |
| 08/31/19 | GL | RECORD JOYCE SUN | 000113 | 000294 | $ | 0.00 | $ | 5,000.00 | $ | 11,508.22 |

***

| Date | | Description | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | WITHDRAWAL | | | | | | | | |
| 06/30/19 | GL | RECORD 20k PAYMENT FROM IRC | 000111 | 000287 | $ | 20,000.00 | $ | 0.00 | $ | 21,507.95 |
| 07/31/19 | GL | RECORD BANK FEE | 000112 | 000290 | $ | 0.16 | $ | 0.00 | $ | 21,508.11 |
| 07/31/19 | GL | RECORD JOYCE SUN | 000112 | 000291 | $ | 0.00 | $ | 5,000.00 | $ | 16,508.11 |

27.   The same can be said of check numbers 62137, 62863, 63321, 63473, 63846, 63991, 64163, 64302, 64392, 64409, 64491, and 64577. Each of those checks were treated as described above, with IRC recording a debit to cash as a result of the rental payment and recording a credit to the intercompany account from Sunco US to IRC, then IRC recording a credit to its cash account for a payment to NST on the promissory note and a corresponding debit to the balance owed on the promissory note.

28.   Two of the checks Plaintiff points to in October of 2019 – 692321 and 62320 – are for taxes, one for state and one for federal, both paid on behalf of Linda Sun, my husband's mother. Together, they total $16,900. These two checks are treated the same as the above, however there is one additional step. Because the funds were not going to NST, but rather to the state and federal taxing authorities, they functioned as distributions to Linda from NST, as Linda was a limited partner in NST. That treatment is accurately reflected in each company's records.

29.    IRC's books and records show a rental payment from Sunco US of $16,900 and a payment on the promissory note IRC gave to NST in that same amount.  *See* Ex. 82 (Citrin_0031847) at 850, 851.

30.    NST's books and records show a payment from IRC in the amount of $16,900, and then show a distribution to Linda in the amount of $16,900.  *See* Ex. 83 (Citrin_0032506) at 2506, 2507, 2508.

31.    Instead of the cash moving from Sunco US's account to IRC's as a rental payment, IRC's account to NST's as a payment on the promissory note, NST's account to Linda's as a distribution, and then Linda's account to the taxing authorities, the money moved directly from Sunco US to the taxing authorities, but the accounting treatment was accurately reflected on each company's books and records.

32.    The general ledger reflecting the 2018, 2019, and 2020 entries for Sunco US each exceed 10,000 pages and so have not been included as an exhibit, but I can provide them should the Court request them.

33.    The general ledger reflecting the 2019 entries for IRC can be found at Ex. 82 (Citrin_0031847).  The general ledger reflecting the 2020 entries for IRC can be found at Ex. 84 (Citrin_0032496).

34.    The general ledger reflecting the 2019 entries for NST can be found at Ex. 83 (Citrin_0032506).  The general ledger reflecting the 2020 entries for NST can be found at Ex. 85 (Citrin_0031633).

**The "Advance to Linda Sun" Account**

35.     Plaintiff points to 7 other checks – 60485, 60486, 61064, 61065, 61174, 61175, and 63678 – paid on Linda's behalf to the US Treasury and the Massachusetts Department of Revenue. They total $14,016 dollars.

36.     At the time, Linda was living in China and operating the Sunco China factory.  This conferred a benefit on Sunco US and Infinity Wood Products, LLC ("IWP"), as Sunco China was for a long period IWP's sole source of cabinets, and IWP was a major source of Sunco US's cabinets.

37.     In addition, Linda was a limited partner of NST, a partnership for which Sunco US was the general partner.

38.     Because Linda was in China operating the factory from which most of Sunco US's cabinets originated, it was difficult for Linda to ensure that certain logistical matters, such as paying her federal and state income taxes, were timely handled.

39.     As a result, Sunco US would, from time to time, make certain payments on Linda Sun's behalf.  Those payments were advances, however, and not grants of funds from Sunco US. Linda was obligated to pay the funds back, and she did.

40.     Each of the 7 checks referenced above, totaling $14,016 dollars, was accounted for in the "Advance to Linda" account on Sunco US's books and records.

41.     For example, Plaintiff points to a check for $4,000 to the US Treasury and a check for $800 to the Massachusetts Department of Revenue on Linda's behalf on September 12, 2018. Sunco US recorded entries in its books and records for those two amounts in the "Advance to Linda Sun" account, ensuring that the amounts Linda owed Sunco US were adequately captured and tracked.  *See* Ex. 78 (Citrin_0032572) at 34104.

9

Page: 1533

Date: 05/22/19 at 2:38 PM

Sunco, Inc.
General Ledger Detail Report
From January 2018 to December 2018
For ALL Accounts
Exclude Zero Activity Accounts, Exclude Statistical Accounts, Exclude Year End Closing Entry

| Account Number Tran Date | Source | Session | Account Description Transaction Description | Tran No | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|
| **Account Total :** | **Begin. Balance :** $ | 136,999.63 | **Net Change :** | $ 36,000.00 | $ 40,000.00 | $ 4,000.00 | $ 172,999.63 |
| 11040-000 | | | ADVANCE TO LINDA SUN | | | | |
| Beginning Balance | | | | | | | $ 61,246.00 |
| 01/01/18 | GL | | TO REDUCE ADV TO NST, BY AMOUT OWED | 574335 | $ 0.00 | $ 61,246.00 | $ 75,753.63 |
| 01/15/18 | AP | 055818 | Company: Linda Sun Description: Other Invoice: Q417STTAX Ref: Q4 ST TAX Trandte: 01/15/18 Vendno: LIN1 | 534505 | $ 900.00 | $ 0.00 | $ 76,653.63 |
| 01/15/18 | AP | 055818 | Company: Linda Sun Description: | 534505 | $ 4,500.00 | $ 0.00 | $ 81,153.63 |

**\*\*\***

| | | | STTAXQ210 Trandte: 06/05/16 Vendno: LIN1 | | | | |
|---|---|---|---|---|---|---|---|
| 09/12/18 | AP | 058954 | Company: Linda Sun Description: Other Invoice: 0918FEDEST Ref: Q3 EST TAX Trandte: 09/12/18 Vendno: LIN1 | 599364 | $ 4,000.00 | $ 0.00 | $ 85,126.63 |
| 09/12/18 | AP | 058954 | Company: Linda Sun Description: Other Invoice: 0918STTAX Ref: Q3 EST TAX Trandte: 09/12/18 Vendno: LIN1 | 599364 | $ 800.00 | $ 0.00 | $ 85,926.63 |

42.     Similarly, Sunco US advanced Linda tax payments in early 2019, with a check for $329 to the Massachusetts Department of Revenue and $131 to the US Treasury. Both of those amounts were recorded in the "Advance to Linda" account. *See* Ex. 81 (Citrin_0002204 excerpts) at 3290.

| 11040-000 | | | ADVANCE TO LINDA SUN | | | | |
|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | | $ 10,173.00 |
| 01/09/19 | AP | 060196 | Company: Linda Sun Description: Other Invoice: Q418FEDES Ref: Q418ESTDEF Trandte: 01/09/19 Vendno: LIN1 | 620719 | $ 131.00 | $ 0.00 | $ 173,130.63 |
| 01/09/19 | AP | 060196 | Company: Linda Sun Description: Other Invoice: DE18MAEST Ref: Q418MAEST Trandte: 01/09/19 Vendno: LIN1 | 620719 | $ 329.00 | $ 0.00 | $ 173,459.63 |
| **Account Total :** | **Begin. Balance :** $ | 10,173.00 | **Net Change :** | $ 460.00 | $ 460.00 | $ 0.00 | $ 10,633.00 |

10

43. Sunco US has always kept the "Advance to Linda" account balance relatively low. At times, Linda has made payments to Sunco US to pay down the balance.

44. At other times, the balance has been decreased by NST making a distribution to Linda and crediting IRC's promissory note receivable account for the amount, with IRC similarly writing down its promissory note payable balance and crediting Sunco US for rental receivables.

45. For example, one year, when the Advance to Linda Sun account balance grew to $61,246, NST made a distribution to Linda in that amount. *See* Ex. 80 (Citrin_0031253) at 256.

Page: 4

Date: 05/23/19 at 8:47 AM

New Sun Trust
General Ledger Detail Report
From January 2018 to December 2018
For ALL Accounts
Exclude Zero Activity Accounts, Exclude Statistical Accounts, Exclude Year End Closing Entry

| Account Number | | | Account Description | | | | Debit Amt. | | Credit Amt. | | Ending Bal. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tran Date | Source | Session | Transaction Description | Batch | Tran No | | | | | | | |
| 32000-000 | | | Trust Equity - Linda Sun | | | | | | | | | |
| Beginning Balance | | | | | | | | | | | ($ | 3,057,088.14) |
| 01/01/18 | GL | | TO REDUCE INTEREST PAYABLE TO NST | 000091 | 000232 | $ | 61,246.00 | $ | 0.00 | ($ | 2,995,842.14) |

46. NST booked a corresponding decrease in the promissory note balance from IRC. *See* Ex. 80 (Citrin_0031253) at 254.

| Account Total: | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Begin. Bal. : | $ | 15,654.48 | Net Change: | $ | 5,852.79 | $ | 55,852.79 | $ | 50,000.00 | $ | 21,507.27 |
| 11033-000 | | DUE FROM IRC | | | | | | | |
| Beginning Balance | | | | | | | | $ | 282,033.00 |
| 01/01/18 | GL | TO REDUCE INTEREST PAYABLE TO NST | 000091 | 000232 | $ | 0.00 | $ | 61,246.00 | $ | 220,787.00 |

47. The transaction was properly recorded on IRC's books as well. IRC booked a credit to the "Due to NST" account for the promissory note. *See* Ex. 79 (Citrin_0032124) at 129.

| 29017-000 | | DUE TO NST | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | | | ($ | 282,033.18) |
| 01/01/18 | GL | TO REDUCE INT PAYABLE TO NST | 000113 | 000361 | $ | 61,246.00 | $ | 0.00 | ($ | 220,787.18) |

48.      IRC likewise booked a decrease in rent amounts due from Sunco US.  *See* Ex. 79 (Citrin_0032124) at 127.

| 14003-000 | | ICT - Sunco/IRC | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | | | $ | 1,082,043.00 |
| 01/01/18 | GL | TO REDUCE INT PAYABLE   000113  000361 TO NST, BY AMOUNT OWED BY LINDA SUN | | $ | 0.00 | $ | 61,246.00 | $ | 1,020,797.00 |

49.      Sunco US properly recorded the transaction on its books as well.  It booked a debit to the intercompany balance between Sunco US and IRC for $61,246.  *See* Ex. 78 (Citrin_0032572 excerpts) at 45194.  As a reminder, a debit to a liability is a decrease in the liability.

| Account Total : | Begin. Balance : | $ | 5,033.00 | Net Change : | $ | 895.00 | $ | 895.00 | $ | 0.00 | $ | 5,928.00 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14003-000 | | | ICT - SUNCO/IRC | | | | | | | | | |
| Beginning Balance | | | | | | | | | | ($ | 1,082,043.00) | |
| 01/01/18 | GL | | TO REDUCE ADV TO NST, BY AMOUT OWED | 574335 | | | $ | 61,246.00 | $ | 0.00 | $ | 66,279.00 |

50.      Sunco US booked a corresponding credit to the Advance to Linda account.  *See* Ex. 78 (Citrin_0032572 excerpts) at 4104.  As a further reminder, a credit to an asset is a decrease in the asset.

| Account Number Tran Date | | Source | Session | Account Description Transaction Description | Tran No | Debit Amount | Credit Amount | Ending Balance |
|---|---|---|---|---|---|---|---|---|
| Account Total : | Begin. Balance : | $ | 136,999.63 | Net Change : | $ 36,000.00 | $ 40,000.00 | $ 4,000.00 | $ 172,999.63 |
| 11040-000 | | | | ADVANCE TO LINDA SUN | | | | |
| Beginning Balance | | | | | | | | $ 61,246.00 |
| 01/01/18 | GL | | | TO REDUCE ADV TO NST, BY AMOUT OWED | 574335 | $ 0.00 | $ 61,246.00 | $ 75,753.63 |

51.      As the above shows, every time a payment was made on Linda's behalf, it was properly recorded in each company's books and records and Linda was responsible for paying the amounts back, either directly through a payment to Sunco US, or by causing NST to count the payment as a distribution, a decrease in the amount IRC owed it on the promissory note, then IRC decreasing the amount Sunco US owed for rental income.  Put another way, Linda repaid any advances either in cash or in the form of a pay down of Sunco US's debt to IRC.

12

**August 25, 2020 $10,000 Check**

52.    Included in Plaintiff's list of 26 checks is a check from Sunco US to Linda dated August 25, 2020 for $10,000.  That check was to reimburse Linda for an error made in distributing funds to NST's other limited partner, Joyce Sun – Linda's daughter and David's sister.  When David was executing the transaction, he made a mistake and paid the $10,000 distribution to Joyce from Linda's account.  It should have come from Sunco US's account, following the structure set forth above – i.e., recorded as a rental payment to IRC, IRC recording a promissory note payment to NST, and NST making a distribution to Joyce – but instead erroneously came from Linda's account.  Sunco US wrote a check to Linda to remedy the error.  It was correctly recorded in NST's books as a distribution to Joyce.  *See* Ex. 85 (Citrin_0031633) at 635.

| 32001-000 | | Trust Equity - Joyce Sun | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | | | | | | | | | ($ | 788,994.61) |
| 01/31/20 | GL | RECORD JOYCE SUN WITHDRAWAL | 000119 | 000316 | $ | 10,000.00 | $ | 0.00 | ($ | 778,994.61) |
| 02/29/20 | GL | JOYCE WITHDRAWAL | 000120 | 000319 | $ | 10,000.00 | $ | 0.00 | ($ | 768,994.61) |
| 03/31/20 | GL | JOYCE WITHDRAWAL | 000121 | 000322 | $ | 10,000.00 | $ | 0.00 | ($ | 758,994.61) |
| 06/30/20 | GL | TO BOOK JOYCE SUN WITHDRAWAL | 000124 | 000330 | $ | 10,000.00 | $ | 0.00 | ($ | 748,994.61) |
| 07/31/20 | GL | TO BOOK JOYCE SUN WITHDRAWAL | 000125 | 000333 | $ | 10,000.00 | $ | 0.00 | ($ | 738,994.61) |
| 08/31/20 | GL | TO BOOK JOYCE SUN WITHDRAWAL | 000126 | 000339 | $ | 10,000.00 | $ | 0.00 | ($ | 728,994.61) |

**Life Insurance Check**

53.    Of the 26 checks identified by Plaintiff, there is one check that I was not able to fully track down.  It is the September 22, 2020 check to the Linda Sun Irrevocable Trust for $24,000.  I believe this was for a life insurance payment on Linda's behalf.  I have not been able to determine how those funds were accounted through the books and records we currently have.

54.    I will note that the general ledgers for Sunco US are many thousands of pages, recording tens of thousands of entries in any given year.  I have always tried my best to ensure that transactions are properly accounted for and that each of the entities' books and records are as

13

accurate as possible. When dealing with tens of thousands of entries, it is inevitable that there will be the occasional mistake.

**Consolidated Financials**

55.    For the years 2011-2012 Sunco US prepared consolidated financial statements that included Sunco US, NST, IWP, and Eastman St. Distributors, LLC ("ESD"). This was because Sunco US was audited and consolidated financial statements were requested.

56.    For the years 2018-2020, Sunco US prepared consolidated financial statements that included Sunco US, NST, IWP, ESD, and IRC. This was the result of a requirement from [bank] in connection with financing.

57.    Sunco US did not prepare consolidated financial statements for any other years from 2020 to the present as it was no longer a requirement connected with financing.

**Conclusion**

58.    All of the defendant entities involved in this litigation were treated as separate entities, including from an accounting perspective. We took great pains to ensure that every transaction was accurately recorded in each relevant entity.

59.    None of the checks that Plaintiff points to constituted "actively draining" any entity's assets. Rather, as explained above, each check was issued in exchange for something of roughly equal value.

60.    Most of the checks were issued and then credited to the rental payments that Sunco US owed to IRC, rental payments that had been made long before any of the cabinets at issue in this case were manufactured. Those rental payments were accurately recorded in both Sunco US's and IRC's books and records.

14

61. IRC obtained its beneficial interest from NST in 2013, granting NST a promissory note on which it made payments. Those payments were accurately recorded in both IRC's and NST's books and records.

62. As the largest limited partner in NST, Linda Sun received distributions that she was entitled to from payments on the promissory note IRC granted to NST. That promissory note was granted to NST in 2013 as a result of IRC's purchase of NST's beneficial interest in the property, a beneficial interest NST had held since the 1990s.

63. For some of the smaller amounts in the checks identified by Plaintiff, an entry was booked to the "Advance to Linda" account maintained at Sunco US. That account was always paid down, either through direct cash payments from Linda or through decreases in the rental payments Sunco US owed IRC (and corresponding decreases in the promissory note payments IRC owed NST).

64. Each transaction had a legitimate business purpose and to the best of our ability, each transaction was accurately and properly recorded in each entity's books and records.

The foregoing statement is made under the pains and penalties of perjury this 27__th day of May, 2026.

Shillock Yuan-Sun

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 27, 2026.

/s/Malgorzata A. Mrozek
Malgorzata A. Mrozek

15