# Exhibit 4



Shanghai International Economic and Trade Arbitration Commission
(Shanghai International Arbitration Center)

# ARBITRATION RULES

**2015**

**Effective as from January 1, 2015**

### Shanghai International Economic and Trade Arbitration Commission
（Shanghai International Arbitration Center）

**Model Arbitration Clause Ⅰ**
"Any dispute arising from or in connection with this Contract shall be submitted to Shanghai International Economic and Trade Arbitration Commission for arbitration."

**Model Arbitration Clause Ⅱ**
"Any dispute arising from or in connection with this Contract shall be submitted to Shanghai International Arbitration Center for arbitration."

**Model Arbitration Clause for FTZ**
"Any dispute arising from or in connection with this Contract shall be submitted to Shanghai International Economic and Trade Arbitration Commission / Shanghai International Arbitration Center for arbitration. The arbitration shall be held in The China (Shanghai) Pilot Free Trade Zone Court of Arbitration."

**Shanghai International Economic and Trade Arbitration Commission**
**(Shanghai International Arbitration Center)**
Address: 7-8/F, Jinling Mansion, 28 Jin Ling Road(w),
Shanghai 200021, P.R. China
Tel:     86 21 63875588
Fax:    86 21 63877070
E-mail:  info@shiac.org
Website: www.shiac.org

**The China (Shanghai) Pilot Free Trade Zone Court of Arbitration**
**Shanghai International Aviation Court of Arbitration**
Address: Suite 1102-1105, Wai Gao Qiao Mansion, 6 Ji Long Road,
Shanghai 200131, P.R.China
Tel:     86 21 68961702
Fax:    86 21 68961703
E-mail:  infoftz@shiac.org

**Shanghai International Economic and Trade
Arbitration Commission**
（**Shanghai International Arbitration Center**）

# Arbitration Rules

Effective as from January 1, 2015

# CONTENTS

**Arbitration Rules of Shanghai International
Economic and Trade Arbitration Commission
(Shanghai International Arbitration Center)**

**Chapter I General Provisions**

| | | |
|---|---|---|
| Article 1 | These Rules | 4 |
| Article 2 | Institution and Functions | 4 |
| Article 3 | Scope of Application | 6 |
| Article 4 | Jurisdiction | 8 |
| Article 5 | Arbitration Agreement | 8 |
| Article 6 | Objection to Arbitration Agreement and/or Jurisdiction | 9 |
| Article 7 | Place of Arbitration | 10 |
| Article 8 | *Bona Fides* | 11 |
| Article 9 | Waiver of Right to Object | 11 |

**Chapter II Arbitral Proceedings**

**Section 1 Request for Arbitration and Counterclaim**

| | | |
|---|---|---|
| Article 10 | Commencement of Arbitration | 11 |
| Article 11 | Application for Arbitration | 11 |
| Article 12 | Acceptance | 12 |
| Article 13 | Defense | 13 |
| Article 14 | Counterclaim and Defense | 14 |
| Article 15 | Amendment to Claim or Counterclaim | 16 |
| Article 16 | Copies of Submissions | 16 |
| Article 17 | Representation | 16 |
| Article 18 | Preservation Measures | 17 |

**Section 2 Tribunal**

| Article 19 | Duties of Arbitrator(s) | 17 |
| Article 20 | Number of Arbitrator(s) | 17 |
| Article 21 | Appointment of Arbitrator(s) | 17 |
| Article 22 | Three-arbitrator Tribunal | 18 |
| Article 23 | Sole-arbitrator Tribunal | 20 |
| Article 24 | Tribunal in Multiple Parties' Arbitration | 20 |
| Article 25 | Disclosure | 20 |
| Article 26 | Challenge to Arbitrator(s) | 21 |
| Article 27 | Replacement of Arbitrator(s) | 22 |
| Article 28 | Remaining Arbitrators to Continue Arbitration | 23 |

**Section 3 Hearings**

| Article 29 | Conduct of Hearing | 23 |
| Article 30 | Consolidation of Arbitrations | 24 |
| Article 31 | Joinder of Third Parties | 24 |
| Article 32 | Notice of Hearing | 25 |
| Article 33 | Place of Hearing | 25 |
| Article 34 | Confidentiality | 26 |
| Article 35 | Default | 26 |
| Article 36 | Record of Hearing | 27 |
| Article 37 | Evidence | 27 |
| Article 38 | Investigation by Tribunal | 28 |
| Article 39 | Expert Opinion and Appraiser Report | 28 |
| Article 40 | Examination of Evidence | 29 |
| Article 41 | Combination of Arbitration with Mediation | 30 |
| Article 42 | Suspension of Proceedings | 31 |
| Article 43 | Withdrawal and Dismissal | 31 |

**Chapter III The Award**

| | | |
|---|---|---|
| Article 44 | Time Limit for Rendering Award | 32 |
| Article 45 | Rendering Award | 33 |
| Article 46 | Partial Award | 34 |
| Article 47 | Allocation of Costs | 34 |
| Article 48 | Scrutiny of Draft Award | 35 |
| Article 49 | Rectification of Award | 35 |
| Article 50 | Supplementary Award | 36 |
| Article 51 | Execution of Award | 36 |

**Chapter IV Summary Procedures**

| | | |
|---|---|---|
| Article 52 | Application of Summary Procedures | 36 |
| Article 53 | Constitution of Tribunal | 37 |
| Article 54 | Defense and Counterclaim | 37 |
| Article 55 | Conduct of Hearing | 37 |
| Article 56 | Notice of Hearing | 38 |
| Article 57 | Time Limit for Rendering Award | 38 |
| Article 58 | Change of Procedures | 39 |
| Article 59 | Application of Other Articles in These Rules | 39 |

**Chapter V Supplementary Provisions**

| | | |
|---|---|---|
| Article 60 | Language | 39 |
| Article 61 | Service | 40 |
| Article 62 | Calculation of Time Limit | 40 |
| Article 63 | Arbitration Fees and Actual Expenses | 41 |
| Article 64 | Interpretation of These Rules | 41 |
| Article 65 | Official Versions of These Rules | 42 |
| Article 66 | Coming into Force | 42 |

**Schedules of Arbitration Fees** 43

# Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center) Arbitration Rules

[Adopted at the Fifth Meeting of the Second Session of the Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center), effective as from January 1, 2015]

## Chapter I General Provisions

### Article 1 These Rules

These Rules are formulated in accordance with the Arbitration Law of the People's Republic of China and relevant provisions of other applicable laws.

### Article 2 Institution and Functions

1. Shanghai International Economic and Trade Arbitration Commission (also "Shanghai International Arbitration Center," formerly the "China International Economic and Trade Arbitration Commission Shanghai Commission/Sub-Commission," hereinafter referred to as "SHIAC") is an arbitration institution which resolves contractual disputes and other disputes over rights and interests in property between natural persons, legal persons and other economic organizations with equal status.

2. SHIAC has established the China (Shanghai) Pilot Free Trade Zone Court of Arbitration in China (Shanghai) Pilot Free Trade Zone, to provide arbitration services including consulting, case filing and hearings.

3. SHIAC has established the Shanghai International Aviation Court of Arbitration, to provide arbitration services including consulting, case filing and hearings.

4. Where an arbitration agreement provides for arbitration by the Shanghai International Economic and Trade Arbitration Commission, Shanghai International Arbitration Center, or by the China International Economic and Trade Arbitration Commission Shanghai Commission/Shanghai Sub-Commission, the parties shall be deemed to have agreed that arbitration shall be administered by SHIAC. Where an arbitration agreement provides for arbitration by the Arbitration Commission or the Court of Arbitration of the China Council for the Promotion of International Trade Shanghai Sub-Council/Chamber of International Commerce Shanghai, or by the Shanghai Foreign Economic and Trade Arbitration Commission, or by the China (Shanghai) Pilot Free Trade Zone Court of Arbitration, or by the Shanghai International Aviation Court of Arbitration, or designates an institution that can reasonably be inferred to be SHIAC, the parties shall be deemed to have agreed that arbitration shall be administered by SHIAC.

5. SHIAC formulated The China (Shanghai) Pilot Free Trade Zone Arbitration Rules for the purpose of resolving disputes in connection with the China (Shanghai) Pilot Free Trade Zone.

6. SHIAC shall perform the functions that should be performed by an arbitration institution referred to in other arbitration rules which are applicable upon parties' agreement.

7. Where the parties agree to arbitrate under the Arbitration Rules of the United Nations Commission on

International Trade Law (hereinafter the "UNCITRAL Arbitration Rules") or other arbitration rules, SHIAC shall be the appointing authority and shall perform other relevant administrative functions in accordance with the provisions of the UNCITRAL Arbitration Rules or the agreement of the parities.

8. The Chairman of SHIAC shall perform the functions and duties vested in him/her by these Rules while a Vice-Chairman may perform the Chairman's functions and duties with the Chairman's authorization.

9. SHIAC has a Secretariat, which handles its day-to-day work under the direction of the Secretary General, and performs the functions and duties vested by these Rules.

10. SHIAC is domiciled in Shanghai, China.

11. SHIAC shall establish a Panel of Arbitrators.

12. SHIAC shall establish a Panel of Mediators in respect of "Mediation by Mediator" under The China (Shanghai) Pilot Free Trade Zone Arbitration Rules.

### Article 3 Scope of Application

1. These Rules shall apply where parties have agreed to refer their disputes to SHIAC.

2. Where the parties have agreed to refer their disputes to SHIAC for arbitration under other arbitration rules, or agreed on any modification of these Rules, the parties' agreement shall prevail except where such an agreement is inoperative or in conflict with a mandatory provision of the law of the place of arbitration.

3. Where parties agree to refer their disputes to arbitration under these Rules without designating an

arbitration institution, they shall be deemed to have agreed to refer their disputes to SHIAC for arbitration under these Rules.

4. The China (Shanghai) Pilot Free Trade Zone Arbitration Rules shall apply where parties have agreed to refer their disputes to SHIAC and the parties or the subject matter to a dispute or the legal facts that lead to the establishment, change or termination of civil and commercial relationship are connected with the China (Shanghai) Pilot Free Trade Zone, unless otherwise agreed to by the parties with respect to arbitration rules.

5. The China (Shanghai) Pilot Free Trade Zone Arbitration Rules shall apply where parties have agreed to refer their disputes to SHIAC for arbitration and have agreed to apply The China (Shanghai) Pilot Free Trade Zone Arbitration Rules for arbitration.

6. The China (Shanghai) Pilot Free Trade Zone Arbitration Rules shall apply where parties have agreed to refer their disputes to SHIAC and arbitration is to be conducted at the China (Shanghai) Pilot Free Trade Zone Court of Arbitration, or have agreed to refer their disputes to the China (Shanghai) Pilot Free Trade Zone Court of Arbitration or have designated an institution that can reasonably be inferred to be the China (Shanghai) Pilot Free Trade Zone Court of Arbitration; the China (Shanghai) Pilot Free Trade Zone Arbitration Rules shall also apply where parties have agreed to refer their disputes to SHIAC and arbitration is to be conducted at the Shanghai International Aviation Court of Arbitration, or have agreed to refer their disputes to the Shanghai International Aviation Court of Arbitration or have

designated an institution that can reasonably be inferred to be the Shanghai International Aviation Court of Arbitration, unless otherwise agreed to by the parties with respect to arbitration rules.

7. Where parties agree to refer their disputes to arbitration under The China (Shanghai) Pilot Free Trade Zone Arbitration Rules without designating an arbitration institution, they shall be deemed to have agreed to refer their disputes to SHIAC for arbitration under The China (Shanghai) Pilot Free Trade Zone Arbitration Rules.

8. SHIAC has the discretion to decide on an objection to the application of these Rules by a party.

### Article 4 Jurisdiction

SHIAC accepts cases involving:

1. international or foreign-related disputes;

2. disputes relating to the Hong Kong Special Administrative Region, the Macao Special Administrative Region or the Taiwan region; and

3. domestic disputes.

### Article 5 Arbitration Agreement

1. SHIAC shall, upon the written application of a party, accept a case in accordance with the arbitration agreement concluded between the parties, either before or after the occurrence of the dispute, in which it is provided that a dispute is to be referred to SHIAC for arbitration.

2. An arbitration agreement means an arbitration clause in a contract concluded between the parties or

any other form of written agreement providing for the settlement of disputes by arbitration.

3. An arbitration agreement shall be in writing. An arbitration agreement is in writing if it is contained in a tangible form of a document such as, but not limited to, a contract, letter, telegram, telex, facsimile, EDI, or email. An arbitration agreement shall be deemed to exist where its existence is asserted by one party and not denied by the other during the exchange of the Request for Arbitration and the Statement of Defense.

4. Where there are different provisions on the form and validity of an arbitration agreement in the laws applicable to an arbitration agreement, such provisions shall prevail.

5. An arbitration clause contained in a contract shall be treated as a clause independent of and separate from all other clauses of the contract, and an arbitration agreement attached to a contract shall also be treated as independent of and separate from all other clauses of the contract. The validity of an arbitration clause or an arbitration agreement shall not be affected by any modification, rescission, termination, transfer, expiration, invalidity, ineffectiveness, revocation or non-existence of the contract.

### Article 6 Objection to Arbitration Agreement and/ or Jurisdiction

1. SHIAC has the discretion to decide on the existence and validity of an arbitration agreement and its jurisdiction over an arbitration case. SHIAC may, if necessary, delegate such power to the tribunal, and the tribunal, according to such delegation, may either render a separate decision on jurisdiction during the

arbitration proceedings, or incorporate the decision in the award.

2. Where SHIAC is satisfied with *prima facie* evidence that an arbitration agreement providing for arbitration by SHIAC and binding on the parties exists, it may decide based on such evidence that it has jurisdiction over the arbitration case, and arbitration shall proceed. Where, after SHIAC renders such a decision, the tribunal finds the facts and/or evidence inconsistent with the *prima facie* evidence during the arbitration proceedings, SHIAC may delegate the tribunal to render a new decision on jurisdiction.

3. An objection to an arbitration agreement and/or jurisdiction over an arbitration case shall be made in writing before the first hearing is held by the tribunal. Where a case is to be decided solely on documentary evidence, such an objection shall be made before the time when the substantive defense is first submitted.

4. Arbitration shall proceed notwithstanding an objection to the arbitration agreement and/or jurisdiction over the arbitration case.

5. The aforesaid objections to and/or decisions on jurisdiction by SHIAC shall include objections to and/or decisions on a party's standing to participate in arbitration.

### Article 7 Place of Arbitration

1. Where the parties have agreed on the place of arbitration in writing, the parties' agreement shall prevail.

2. Where the parties have not agreed on the place of arbitration, the place of arbitration shall be the

domicile of SHIAC.

3. An award shall be deemed as being rendered at the place of arbitration.

### Article 8 *Bona Fides*

The parties shall proceed with the arbitration in a *bona fides* manner.

### Article 9 Waiver of Right to Object

A party shall be deemed to have waived its right to object where it knows or should have known that any provision of, or requirement under, these Rules or arbitration agreements has not been complied with and yet participates in or proceeds with the arbitration proceedings without promptly and explicitly submitting its objection in writing to such non-compliance.

## Chapter II Arbitral Proceedings

## Section 1 Request for Arbitration and Counterclaim

### Article 10 Commencement of Arbitration

The arbitration proceedings shall commence on the date on which SHIAC receives the Request for Arbitration by SHIAC.

### Article 11 Application for Arbitration

A party applying for arbitration under these Rules shall:

1. Submit a Request for Arbitration in writing signed by and/or sealed by the Claimant and/or its authorized

representative(s), which shall, *inter alia*, include:

   (a) the names and domiciles of the Claimant
       and the Respondent, including the post code,
       telephone, telex, fax and telegraph numbers,
       email addresses or any other means of electronic
       telecommunications;

   (b) a reference to the arbitration agreement that is
       invoked;

   (c) the claims of the Claimant; and

   (d) the facts and grounds on which the claims are
       based.

2. Attach to the Request for Arbitration the evidence which supports the Claimant's claims, documents certifying the party's identity and other relevant documentary evidence.

3. Pay the arbitration fees in advance to SHIAC according to the Schedules of Arbitration Fees attached with these Rules.

### Article 12 Acceptance

1. Upon receipt of the Request for Arbitration and its attachments, SHIAC may request the Claimant to complete if it finds, after examination, the formalities required for the application for arbitration to be incomplete. Where the party fails to complete the formalities as required, the party is deemed to have not submitted the Request for Arbitration.

2. Where the formalities of Application for Arbitration are found to be complete, the Secretariat shall send a Notice of Acceptance to the Claimant together with the Arbitration Rules, the Panel of Arbitrators and the

Schedules of Arbitration Fees within five (5) days. The Secretariat shall send to the Respondent, within five (5) days after the Notice of Acceptance is sent, the Notice of Arbitration together with the Request for Arbitration and its attachments, the Arbitration Rules, the Panel of Arbitrators and the Schedules of Arbitration Fees.

3. SHIAC shall, after accepting a case, designate one or two staff members of the Secretariat to assist the tribunal in the procedural administration of the case.

**Article 13 Defense**

1. Within forty five (45) days from the date of receipt of the Notice of Arbitration, the Respondent shall submit a Statement of Defense in writing to the Secretariat. For such cases involving disputes referred to in Article 4.3 of these Rules, the corresponding period shall be twenty (20) days.

2. If the Respondent does have justifiable reasons to request an extension of the time limit for submitting the Statement of Defense, the tribunal shall, at its discretion, decide whether or not to grant such request. If the tribunal has not been constituted, the Secretariat shall render a decision.

3. The Statement of Defense shall be signed by and/ or sealed by the Respondent and/or its authorized representative(s), and shall, *inter alia*, include:

(a) the name and domicile of the Respondent, including the post code, telephone, telex, fax and telegraph numbers, Email addresses or any other means of electronic telecommunications; and

    (b) the defense to the Request for Arbitration setting forth the facts and grounds on which the defense is based.

4. When submitting the Statement of Defense, the Respondent shall attach thereto the evidence on which the Defense is based, documents certifying the party's identity and other relevant evidence.

5. The tribunal has the discretion to decide whether to accept a Statement of Defense submitted after the expiration of the aforesaid time limit.

6. Failure of the Respondent to submit a Statement of Defense shall not affect the conduct of the arbitration proceedings.

### Article 14 Counterclaim and Defense

1. Within forty-five (45) days from the date of receipt of the Notice of Arbitration, the Respondent shall file with the Secretariat its counterclaim in writing, if any. For cases involving disputes referred to in Article 4.3 of these Rules, the corresponding period shall be twenty (20) days.

2. If the Respondent does have justifiable reasons to request an extension of the time limit for submitting the counterclaim, the tribunal shall, at its discretion, decide whether to grant such request. If the tribunal has not been constituted, the Secretariat shall make the decision.

3. The tribunal has the discretion to decide whether to accept a counterclaim submitted after the expiration of the aforesaid time limit.

4. When submitting a counterclaim, the Respondent shall specify in writing in its Statement of Counterclaim and state the facts and grounds upon which its counterclaim is based, together with relevant evidence attached thereto.

5. When submitting a counterclaim, the Respondent shall pay the arbitration fees in advance according to the Schedules of Arbitration Fees attached with these Rules within a specified period of time, failing which the Respondent shall be deemed not to have submitted any counterclaim.

6. Where the formalities required for filing a counterclaim are found to be complete, SHIAC shall send the Statement of Counterclaim and its attachments to the Claimant. The Claimant shall, within thirty (30) days from the date of receipt of the Statement of Counterclaim and the attachment, submit in writing its Statement of Defense to the Respondent's counterclaim. For such cases involving disputes as referred to in Article 4.3 of these Rules, the corresponding period shall be twenty (20) days. If the Claimant does have justifiable reasons to request an extension of the time limit for filing the Statement of Defense, the tribunal shall, at its discretion, decide whether to extend it or not. If the tribunal has not been constituted, the Secretariat shall make the decision.

7. The tribunal has the discretion to decide whether to accept a Statement of Defense to the Respondent's counterclaim submitted after expiration of the aforesaid time limit.

8. Failure of the Claimant to submit a Statement of Defense to the Respondent's counterclaim shall not affect the conduct of arbitration proceedings.

**Article 15 Amendment to Claim or Counterclaim**

The Claimant may amend its claim and the Respondent may amend its counterclaim. However, the tribunal has the power to refuse any such amendment if it considers that the amendment is so late that it may affect the arbitration proceedings.

**Article 16 Copies of Submissions**

When submitting the Request for Arbitration, the Statement of Defense, the Statement of Counterclaim, evidence and other documents, the parties shall make the submissions in quintuplicate. Where there are more than two parties, additional copies shall be provided accordingly. Where the tribunal is composed of a sole arbitrator, the number of copies submitted may be reduced by two. Where a party applies for preservation measures, that party shall submit additional copies accordingly.

**Article 17 Representation**

1. A party may be represented by one (1) to five (5) authorized Chinese and/or foreign representative(s) to handle matters relating to arbitration. In such a case, a Power of Attorney shall be submitted.

2. If a party intends to be represented by more than five (5) authorized representatives, a written application stating the reasons is required. The tribunal has the discretion to decide whether or not to grant such application in accordance with circumstances of the arbitration. Where the request is made before the tribunal is constituted, the Secretariat shall make the decision.

### Article 18 Preservation Measures

1. When any party applies for the preservation of property, SHIAC shall forward the party's application for a ruling to the competent court at the place where the domicile of the party against whom the preservation of property is sought is located or where the property of the said party is located.

2. When any party applies for the preservation of evidence, SHIAC shall forward the party's application for a ruling to the competent court at the place where the evidence of the said party is located.

## Section 2 Tribunal

### Article 19 Duties of Arbitrator(s)

An arbitrator shall not represent either party, and shall remain independent of the parties and treat them equally.

### Article 20 Number of Arbitrator(s)

1. The tribunal shall be composed of one or three arbitrators.

2. Unless otherwise agreed to by the parties or provided by these Rules, the tribunal shall be composed of three arbitrators.

### Article 21 Appointment of Arbitrator(s)

1. Parties may appoint arbitrators from the Panel of Arbitrators.

2. Where the parties have agreed to appoint arbitrators from outside of the Panel of Arbitrators, the arbitrator(s) so appointed by the parties or nominated according to

the agreement of the parties may act as co-arbitrator, presiding arbitrator or sole arbitrator after the appointment has been confirmed by the Chairman of SHIAC in accordance with the law.

### Article 22 Three-arbitrator Tribunal

1. Within fifteen (15) days upon the receipt of the Notice of Acceptance/Notice of Arbitration, both parties shall respectively appoint or entrust the Chairman of SHIAC to appoint one arbitrator. Where a party fails to appoint or entrust the Chairman of SHIAC to appoint an arbitrator within the specified period of time, the Chairman of SHIAC shall appoint the arbitrator. If a party requests to extend the time limit of appointing an arbitrator, it shall submit a written application to SHIAC within the time limit in this Article. The Secretariat shall decide whether to accept such a request.

2. Within fifteen (15) days from the date of the Respondent's receipt of the Notice of Arbitration, the third arbitrator shall be jointly appointed from the Panel of Arbitrators by the parties or by the Chairman of SHIAC upon the parties' joint authorization. The third arbitrator shall act as the presiding arbitrator of the tribunal.

3. Both parties may respectively recommend one (1) to three (3) arbitrators as candidates for the presiding arbitrator and shall submit the list of recommended candidates to the Secretariat within the period of time specified in Article 22.2. Where there is only one common candidate in the lists, such a candidate shall act as the presiding arbitrator jointly appointed by the parties. Where there are more than one (1) common candidate on the lists, the Chairman of SHIAC shall choose a

presiding arbitrator from among the common candidates based on the specific nature and circumstances of the case, who shall act as the presiding arbitrator jointly appointed by the parties. Where there is no common candidate in the lists, the Chairman of SHIAC shall appoint the presiding arbitrator from out of the lists of recommended candidates.

4. Where the parties have failed to jointly appoint the presiding arbitrator according to the above provisions, the presiding arbitrator shall be appointed by the Chairman of SHIAC.

5. The parties shall bear the expenses for travel and accommodation, arbitrators' special remuneration and other necessary costs incurred by the arbitrators for hearing a case. If either party fails to make the payment for such expenses in advance as a deposit within the specified period of time, such an arbitrator appointed by the party shall be deemed to have not been appointed by that party, and such agreement as in connection with the appointment of arbitrators by the parties will be deemed inoperative. Under such circumstances, the Chairman of SHIAC shall appoint/re-appoint an arbitrator pursuant to the provisions in these Rules.

6. Where an appointed arbitrator refuses to accept the appointment, or is incapable of participating in the hearing of the case due to his/her health or other reasons which may affect the normal performance of his/her duties as arbitrator, the party shall appoint another arbitrator within ten (10) days upon the date of receipt of the notice to appoint another arbitrator by that party. Where the party fails to appoint another arbitrator according this Article, the Chairman of SHIAC shall appoint the arbitrator.

**Article 23 Sole-arbitrator Tribunal**

Where the tribunal is composed of one arbitrator, the sole arbitrator shall be appointed pursuant to the procedures stipulated in Article 22.2, Article 22.3, Article 22.4 and Article 22.5.

**Article 24 Tribunal in Multiple Parties' Arbitration**

1. Where there are two (2) or more Claimants and/or Respondents in an arbitration case, the Claimants and/or the Respondents each shall, through consultation, jointly appoint or jointly entrust the Chairman of this Commission to appoint one arbitrator from the Panel of Arbitrators.

2. Where the Claimants and/or the Respondents fail to jointly appoint or jointly entrust the Chairman of SHIAC to appoint one arbitrator within fifteen (15) days from the date of receipt of the Notice of Acceptance/Notice of Arbitration, the arbitrator shall be appointed by the Chairman of SHIAC.

3. The presiding arbitrator or sole arbitrator shall be appointed in accordance with the procedure stipulated in Article 22.2, Article 22.3, Article 22.4 and Article 22.5 of these Rules. When appointing the presiding arbitrator or the sole arbitrator pursuant to Article 22.3, the Claimants and/or the Respondents shall, through consultation, submit a list of their jointly agreed candidates to the Secretariat of SHIAC.

**Article 25 Disclosure**

1. The arbitrator(s) shall sign a Declaration and disclose to SHIAC in writing any facts or circumstances which may give a rise to justifiable doubts as to his/her impartiality or

independence.

2. If circumstances that need to be disclosed arise during the arbitration proceedings, the relevant arbitrator shall promptly disclose such circumstances in writing to SHIAC.

3. The arbitrator shall submit the Declaration and/or the disclosure to the Secretariat. The Secretariat shall forward the arbitrator's submissions to the parties.

**Article 26 Challenge to Arbitrator(s)**

1. Upon receipt of the Declaration and/or written disclosure of an arbitrator communicated by the Secretariat, a party who intends to challenge the arbitrator on the grounds of the facts or circumstances disclosed by the arbitrator shall forward the challenge in writing to SHIAC within ten (10) days upon the date of such receipt. If a party fails to raise a challenge within the aforesaid time limit, it shall not challenge an arbitrator later on the basis of facts disclosed by the arbitrator.

2. A party who has justifiable doubts as to the impartiality or independence of arbitrator(s) may make a request in writing to SHIAC for that arbitrator's withdrawal. In the request, the facts and reasons on which the request is based shall be stated with supporting evidence. The aforesaid challenge of arbitrator shall be made in writing within fifteen (15) days upon the date of receipt of the Notice of the Constitution of the Tribunal. Where a party becomes aware of the facts and reasons for a challenge after that time, the party may challenge the arbitrator in writing within fifteen (15) days after such facts and reasons become known to the party, but no later than the conclusion of the last hearing.

3. The Secretariat shall communicate the challenge promptly to the other party, the arbitrator being challenged and the other members of the tribunal, who subsequently may all provide their comments on such challenge.

4. Where an arbitrator is challenged by one party and the other party agrees to the challenge, or the arbitrator being challenged withdraws from his/her office, such arbitrator shall no longer act as an arbitrator. Neither circumstance shall imply that the challenge made by the party is sustainable.

5. In circumstances other than those specified in Article 26.4, the Chairman of SHIAC shall render a decision on the challenge with or without stating the reasons thereof.

6. An arbitrator who has been challenged shall continue to perform his/her functions as arbitrator until a decision on the challenge has been made by the Chairman of SHIAC.

### Article 27 Replacement of Arbitrator(s)

1. In the event that an arbitrator is prevented *de jure* or *de facto* from performing his/her functions, or he/she fails to perform his/her functions in accordance with the requirements in these Rules or within the period of time specified in these Rules, the Chairman of SHIAC has the discretion to decide whether to replace such arbitrator. Such arbitrator may also withdraw from his/her office.

2. In the event that an arbitrator is unable to perform his/her functions owing to his/her health reasons, removal from the Panel of Arbitrators, withdrawal,

resignation or any other reasons, a substitute arbitrator shall be appointed according to Article 22.6.

3. After the replacement of the arbitrator(s), the tribunal shall decide whether to resume the proceedings that have been wholly or partially conducted.

4. The Chairman of SHIAC shall make the decision on whether or not an arbitrator should be replaced with or without stating the reasons therefor.

### Article 28 Remaining Arbitrators to Continue Arbitration

In the event that, after the conclusion of the last hearing, an arbitrator in a three-arbitrator tribunal is unable to participate in the deliberation and/or render the award owing to his/her health reasons, or removal from the Panel of Arbitrators, the remaining arbitrators may request the Chairman of SHIAC to replace the arbitrator pursuant to Article 27. After consulting with the parties and upon the approval of the Chairman of SHIAC, the remaining arbitrators may continue the arbitration proceedings and make decisions or render the award. The Secretariat shall notify the parties of the matters above.

## Section 3 Hearings

### Article 29 Conduct of Hearing

1. The tribunal shall examine the case in any manner that it deems appropriate unless otherwise agreed to by the parties. Under any circumstance, the tribunal shall act impartially and fairly and shall provide reasonable opportunities to all parties for them to present and argue their cases.

2. The tribunal shall hold hearings when examining the case. However, hearings may be omitted and the case shall be examined on the basis of documents only if the parties so request or agree to and the tribunal also deems that hearings are unnecessary.

3. The tribunal may hold the deliberations at any place or in any manner that it deems appropriate.

4. Unless otherwise agreed to by the parties, the tribunal may, if it considers necessary, issue procedural directions and lists of questions, hold pre-hearing meetings and preliminary hearings, and produce terms of reference, and may also make an arrangement for the exchange and/or examination of evidence.

### Article 30 Consolidation of Arbitrations

1. The tribunal may, on the application of any party and with the consent of all other parties concerned, order the consolidation of related arbitrations or arbitrations involving same or same sort of subject matter.

2. Unless otherwise agreed to by the parties, cases shall be consolidated into the case that has commenced first. Unless the parties otherwise jointly request for a single award, the tribunal shall render separate awards on the consolidated cases.

3. This Article shall not apply to cases where the arbitrators of the tribunals are different.

### Article 31 Joinder of Third Parties

The Claimant and the Respondent may request a third party to be joined in arbitration with its consent by a joint written application. A third party may also apply in writing to become a party in arbitration

with the written consent of both parties. The tribunal shall decide on the joinder of a third party, or, if the tribunal has not been constituted, the Secretariat shall make such decision.

### Article 32 Notice of Hearing

1. The date of the first hearing shall be fixed by the tribunal and notified to the parties by the Secretariat at least twenty (20) days in advance of the date of hearing. For cases involving disputes referred to in Article 4.3 of these Rules, parties shall be notified by the Secretariat at least fifteen (15) days in advance of the date of hearing.

2. A party with justifiable reasons may request a postponement of the hearing. However, such request must be communicated to the tribunal in writing at least seven (7) days in advance of the date of hearing. The tribunal shall decide whether to postpone the hearing or not.

3. If a party having justifiable reasons fails to request a postponement of the hearing within the time limit in Article 32.2, the tribunal shall decide whether to accept such request or not.

4. A notice of hearing subsequent to the first hearing and a notice of a postponed hearing shall not be subject to the time limit in Article 32.1.

### Article 33 Place of Hearing

1. Where the parties have agreed on the place of hearing, the case shall be heard at that agreed place except for circumstances stipulated in Article 63.2 of these Rules.

2. Unless otherwise agreed to by the parties, a case accepted by SHIAC shall be heard in Shanghai, or if the tribunal considers it necessary, at other places with the approval of the Secretary General of SHIAC.

### Article 34 Confidentiality

1. Hearings shall be held in camera. Where both parties request an open hearing, the tribunal shall make such decision.

2. For cases heard in camera, the parties, their representatives, witnesses, interpreters, arbitrators, experts, appraisers and the relevant staff-members of the Secretariat shall not disclose to any outsiders any substantive or procedural matters of the case.

### Article 35 Default

1. If the Claimant fails to appear at a hearing without showing justifiable reasons for such failure, or withdraws from an on-going hearing without the permission of the tribunal, the Claimant may be deemed to have withdrawn its Request for Arbitration. In such a case, if the Respondent has filed a counterclaim, the tribunal shall proceed with the hearing of the counterclaim and render a default award.

2. If the Respondent fails to appear at a hearing without showing justifiable reasons for such failure, or withdraws from an on-going hearing without the permission of the tribunal, the tribunal may proceed with arbitration and render a default award. In such a case, if the Respondent has filed a counterclaim, the Respondent may be deemed to have withdrawn its counterclaim.

**Article 36 Record of Hearing**

1. During the hearing, excluding that for mediation, the tribunal shall make written record of the hearing, and may arrange a stenographic and/or audio-visual record of the hearing.

2. The written record and the stenographic and/or audio-visual record of the hearing shall be available for the use and reference by the tribunal.

3. Any party or participant in arbitration may apply for a rectification of any omission or error in the minutes of its own statement. If the request for rectification is refused by the tribunal, the application shall nevertheless be recorded into the file.

4. The written record shall be signed or sealed by the arbitrator(s), the recorder, the parties, and other participants in arbitration, if any.

**Article 37 Evidence**

1. Each party is under the burden of proving the facts on which its claim, defense or counterclaim is based.

2. The tribunal may specify a period of time for the parties to submit evidence and the parties shall produce evidence within the specified period of time. The tribunal may refuse to admit any evidence produced beyond the period. If a party has difficulties in submitting evidence within the specified period of time, it may apply for an extension before the expiration of the period. The tribunal shall decide whether or not to extend the period of time.

3. Parties that bear the burden of proof shall bear the consequences for their failure to produce evidence

within the specified period of time, or for the produced evidence is insufficient to support its claim or counterclaim.

4. Where the parties have agreed on matters or rules relating to evidence, the parties' agreement shall prevail except where such agreement is inoperative.

### Article 38 Investigation by Tribunal

1. The tribunal may, on its own initiative, undertake investigations and collect evidence as it considers necessary.

2. When investigating and collecting evidence by itself, the tribunal shall promptly notify the parties to be present at such investigation if it considers it necessary. In the event that one or both parties fail to be present, the investigation and collection shall proceed without being affected.

3. The tribunal shall, through the Secretariat, transmit the evidence collected by itself to the parties and provide them with an opportunity to comment.

### Article 39 Expert Opinion and Appraiser Report

1. The parties may request for consultation or appraisal on specific issues of a case. The tribunal has the discretion to decide whether to grant the aforesaid request. The tribunal may consult or appoint expert(s) and/or appraiser(s) for clarification on specific issues of a case as it considers necessary. Such expert(s) or appraiser(s) may either be a Chinese or foreign organization or natural person.

2. Such an expert or appraiser may be appointed jointly by the parties, who may make the joint

appointment with reference to Article 22.2 and Article 22.3. If the parties fail to reach an agreement on the appointment, the tribunal shall make the appointment.

3. The parties shall pay in advance the consultation/ appraisal fees according to the percentage agreed to or specified by the tribunal. Where the parties fail to pay such fees in advance within the specified period of time, the tribunal has the discretion to decide not to conduct the relevant consultation or appraisal.

4. The tribunal has the discretion to request the parties to deliver or produce to the expert or appraiser relevant materials, documents, or properties and goods for examination, inspection and/or appraisal. The parties are obliged to comply with such request.

5. The expert opinion and/or the appraiser report shall be transmitted to the parties by the Secretariat. The parties shall be given an opportunity to respond. At the request of either party and with the approval of the tribunal, the expert or the appraiser may be heard at a hearing where, if considered necessary and appropriate by the tribunal, he/she may give explanations on their reports.

### Article 40 Examination of Evidence

1. Unless otherwise agreed to by the parties, all evidence submitted by a party shall be filed with the Secretariat for transmission to the other party and the tribunal.

2. Unless otherwise agreed to by the parties, where a case is examined by way of hearing, the evidence shall be exhibited at the hearing and examined by the parties.

3. In the event that evidence is submitted after the

hearing and the tribunal decides to admit the evidence without holding further hearings, the tribunal may request the parties to submit their opinions thereon in writing within a specified period of time.

### Article 41 Combination of Arbitration with Mediation

1. Where the parties have reached a settlement agreement by themselves through negotiation or mediation without involving SHIAC, the parties may, based on an arbitration agreement concluded between them that provides for arbitration by SHIAC and the settlement agreement, request SHIAC to constitute a tribunal to render the award on the basis of the terms of the settlement agreement. Unless otherwise agreed to by the parties, the Chairman of SHIAC shall appoint a sole arbitrator to constitute such tribunal, which shall examine the case using the procedures it considers appropriate and render the award. The specific procedures and the time limit for rendering the award shall not be subject to other Articles in these Rules.

2. Where both parties have the desire for mediation or one party so desires and the other party agrees when approached by the tribunal, the tribunal may mediate the case during the course of the arbitration proceedings.

3. The tribunal may mediate the case in the manner it considers appropriate.

4. The tribunal shall terminate mediation and continue the arbitration proceedings, until rendering the award, if either party requests such termination or if the tribunal believes that further efforts to mediate will be futile.

5. A settlement agreement reached between the parties

in mediation by the tribunal but without the involvement of the tribunal shall be deemed as one reached through the mediation by the tribunal.

6. Where settlement is reached through mediation by the tribunal, the parties shall sign a written settlement agreement. The parties may withdraw their requests for arbitration or counterclaims, or request the tribunal to render the award on the basis of the terms of the settlement agreement.

7. Where mediation fails, the tribunal shall proceed with arbitration and render an arbitral award.

8. Where mediation fails, any opinion, view or statement, and any proposal or proposition expressing acceptance or opposition, by either party or by the mediator or by the tribunal in the process of mediation shall not be invoked as grounds for any claim, defense or counterclaim in the subsequent arbitration proceedings, judicial proceedings or any other proceedings.

### Article 42 Suspension of Proceedings

1. The arbitration proceedings may be suspended when the parties so request, or if other circumstances occur during the proceedings which make such suspension necessary.

2. The decision to suspend the arbitration proceedings shall be made by the tribunal, or it shall be made by the Secretary General of SHIAC in the event that the tribunal is not constituted.

### Article 43 Withdrawal and Dismissal

1. A party may submit a request to withdraw its claim or counterclaim in its entirety. In the event that the

Claimant withdraws its claim in its entirety, the tribunal shall proceed with its examination of the counterclaim and render the award thereon. In the event that the Respondent withdraws its counterclaim in its entirety, the tribunal shall proceed with the examination of the claim and render the award thereon.

2. Where a case is to be dismissed before the constitution of the tribunal, the decision shall be made by the Secretary General of SHIAC. Where the case is to be dismissed after the constitution of the tribunal, the decision shall be made by the tribunal.

## Chapter III The Award

### Article 44 Time Limit for Rendering Award

1. For cases involving disputes referred to in Article 4.1 and Article 4.2 of these Rules, the tribunal shall render the award within six (6) months upon the date the tribunal is constituted.

2. For cases involving disputes referred to in Article 4.3 of these Rules, the tribunal shall render the award within four (4) months upon the date the tribunal is constituted.

3. Upon the request of the tribunal, the Secretary General of SHIAC may extend aforesaid time limit if he/she considers it necessary with justifiable reasons.

4. The following periods of time shall not be counted within the aforesaid time limit:

   (a) the period of time during which a consultation or appraisal is conducted, as provided in Article 39 of these Rules; and

(b) the period of time during which any arbitration proceedings is suspended in accordance with laws and/or these Rules.

**Article 45 Rendering Award**

1. The tribunal shall fairly and reasonably render the award on the basis of facts and in accordance with laws.

2. The tribunal shall state in the award the claims, the facts of the dispute, the reasons on which the award is based, the result of the award, the allocation of the arbitration costs and the date on which and the place at which the award is rendered. The facts of the dispute and the reasons on which the award is based may not be stated in the award if the parties have agreed so, or if the award is rendered in accordance with the terms of a settlement agreement between the parties. The tribunal has the discretion to determine in the award the specific period of time for the parties to execute the award and the liabilities to be borne by a party failing to execute the award within the specified time limit.

3. SHIAC shall affix its seal to an award rendered in an arbitration which is agreed to be submitted to SHIAC or to the China (Shanghai) Pilot Free Trade Zone Court of Arbitration, or to SHIAC and arbitration is conducted in the China (Shanghai) Pilot Free Trade Zone Court of Arbitration, or to the Shanghai International Aviation Court of Arbitration, or to SHIAC and arbitration is conducted in the Shanghai International Aviation Court of Arbitration.

4. Where a case is examined by a three-arbitrator tribunal, the award shall be rendered by all three arbitrators or a majority of the arbitrators. A written

dissenting opinion shall be docketed into the file and may be attached to the award, but it shall not constitute a part of the award.

5. Where the tribunal cannot reach a majority opinion, the award shall be rendered in accordance with the presiding arbitrator's opinion. The written opinion of other arbitrators shall be docketed into the file and may be attached to the award, but it shall not constitute a part of the award.

6. Unless the award is rendered with the opinion of the presiding arbitrator or the sole arbitrator, the award shall be signed by a majority of arbitrators. An arbitrator who has a dissenting opinion may or may not sign his/her name on the award.

7. The date on which the award is rendered shall be the date on which the award becomes legally effective.

8. The award is final and binding upon both parties. Neither party may bring a suit before a court or make a request to any other organization for revising the award.

### Article 46 Partial Award

A partial award may be rendered by the tribunal during arbitration but before the final award is rendered if it considers it necessary, or if the parties so request and the tribunal accepts. Failure to perform the partial award by any one of the parties will neither affect the continuation of the arbitration proceedings nor prevent the tribunal from rendering the final award.

### Article 47 Allocation of Costs

1. The tribunal has the discretion to determine in the

award the arbitration fees and other expenses to be paid by the parties to SHIAC.

2. The tribunal has the discretion to decide in the award, according to the specific circumstances of the case, that the losing party shall compensate the winning party for the expenses reasonably incurred by it in pursuing its case. The tribunal shall consider the factors such as the outcome and complexity of the case, the workload of the winning party and/or its representative(s), and the amount in dispute, etc.

### Article 48 Scrutiny of Draft Award

The tribunal shall submit its award draft to SHIAC for scrutiny before signing the award. SHIAC may remind the tribunal of issues in the award on condition that the tribunal's independence in rendering the award is not affected.

### Article 49 Rectification of Award

Within thirty (30) days upon its receipt of the award, either party may request in writing for rectification of any clerical, typographical, or calculation error or errors of a similar nature contained in the award; if such errors do exist in the award, the tribunal shall make a rectification in writing within thirty (30) days upon the receipt of the written request for the rectification. The tribunal may rectify such errors in writing on its own initiative within a reasonable time after the award is rendered. Such rectification in writing shall constitute a part of the award.

### Article 50 Supplementary Award

Within thirty (30) days upon the receipt of the award, either party may request the tribunal in writing for a supplementary award which was advanced in the arbitration proceedings but was omitted from the award. If such omission does exist, the tribunal shall render a supplementary award within thirty (30) days upon the date of receipt of the written request. The tribunal may also render a supplementary award on its own initiative within a reasonable period of time after the award is rendered. Such supplementary award shall constitute a part of the award previously rendered.

### Article 51 Execution of Award

1. The parties must execute the award within the period of time specified in the award. If no time limit is specified in the award, the parties shall execute the award immediately.

2. Where one party fails to execute the award, the other party may apply to a competent court for enforcement of the award pursuant to laws.

## Chapter IV Summary Procedures

### Article 52 Application of Summary Procedures

1. Unless otherwise agreed to by the parties, the Summary Procedures shall apply to any case where the amount in dispute does not exceed RMB1,000,000, or to any case where the amount in dispute exceeds RMB1,000,000 where one party applies for arbitration under these Summary Procedures and the other party agrees in writing.

2. Where no monetary claim is specified or the amount in dispute is not clear, SHIAC shall determine whether or not to apply the Summary Procedures after a full consideration of such factors as the complexity of the case and the interests involved, etc.

**Article 53 Constitution of Tribunal**

A sole-arbitrator tribunal shall be constituted in accordance with Article 23 under the Summary Procedures.

**Article 54 Defense and Counterclaim**

1. Within twenty (20) days upon the receipt of the Notice of Arbitration, the Respondent shall submit its Defense and relevant evidence, documents certifying the party's identity and other supporting documents to the Secretariat; counterclaims, if any, from the Respondent shall also be filed with supporting evidence within the aforesaid period of time.

2. Within twenty (20) days upon the receipt of the counterclaim and its attachments, the Claimant shall submit its Statement of Defense to the Respondent's counterclaim.

3. If the party does have justifiable reasons to request for an extension of the aforesaid time period , the tribunal shall decide whether to extend the time limit or not; and such decision shall be made by the Secretariat in the event that the tribunal has not been constituted.

**Article 55 Conduct of Hearing**

The tribunal may hear the case in the manner it

considers appropriate. The tribunal may in its full discretion decide to hold hearings or examine the case only on the basis of the written materials and evidence submitted by the parties.

**Article 56 Notice of Hearing**

1. For a case examined by way of a hearing, the Secretariat shall, after the tribunal has fixed a date for the hearing, notify the parties of the date at least ten (10) days in advance of the date of hearing. A party having justifiable reasons may request the tribunal for a postponement of the hearing. However, such request must be submitted to the tribunal at least five (5) days in advance of the date of hearing. The tribunal shall decide whether to postpone the hearing or not.

2. If the party does have justifiable reasons for failure to request for a postponement of the hearing within the time limit provided in Article 56.1, the tribunal will decide whether to accept its request for postponement or not.

3. A notice of the subsequent hearing and a notice of a postponed hearing shall not be subject to the time limit provided in Article 56.1.

**Article 57 Time Limit for Rendering Award**

1. The tribunal shall render the award within three (3) months upon the date the tribunal is constituted.

2. Upon the request of the tribunal, the Secretary General of SHIAC may extend the time limit if he/she considers it necessary with justifiable reasons.

### Article 58 Change of Procedures

1. The application of the Summary Procedures shall not be affected by any amendment to the claim, or by the filing of or any amendment to a counterclaim.

2. Where the amount in dispute of the amended claim or filing of or amendment of counterclaim exceeds RMB1,000,000, the procedures of the case shall be changed from the Summary Procedures to the procedures provided for in Chapter II and Chapter III of these Rules unless the parties have agreed to the continuous application of the Summary Procedures.

### Article 59 Application of Other Articles in These Rules

As to matters not covered in this Chapter, the relevant Articles in the other Chapters of these Rules shall apply.

## Chapter V Supplementary Provisions

### Article 60 Language

1. Where the parties have agreed on the language for arbitration, their agreement shall prevail. Absent such an agreement, the Chinese language shall be the working language of arbitration. The tribunal may, based on the mutual agreement of parties, decide to use other languages as the working language for arbitration, taking the working language of arbitration agreement, the language of the contract and other factors in arbitration into account.

2. At a hearing, a party or its representative(s) or witness(es) may employ interpreter(s) if it/they requires, or may ask the Secretariat to employ the interpreter(s) on their behalf.

3. The tribunal and/or the Secretariat may, if it considers necessary, request the parties to submit a corresponding version of the documents and evidence by the parties in Chinese or in other languages.

### Article 61 Service

1. Unless otherwise agreed to by the parties, documents, notices and written materials in relation to arbitration may be sent to the parties and/or their representatives in person, or by registered mail or express mail, facsimile, telex, cable, or by any other means considered appropriate by the Secretariat.

2. Documents, notices and written materials in relation to arbitration to a party and/or its representative(s) shall be deemed to have been properly served on the party if delivered to the parties in person or delivered at its place of business, registration, domicile, habitual residence or mailing address, or where, after reasonable inquiries by the other party, none of the aforesaid addresses can be found, the written correspondence is sent by the Secretariat to its last known place of business, domicile, habitual residence or mailing address by registered mail or by any other means that provides a record of the attempt of delivery.

### Article 62 Calculation of Time Limit

1. A time limit specified in or fixed in accordance with these Rules shall commence to run on the day after the date on which such period commences. The day from which a time limit commences shall not be counted as within such time limit.

2. If the day after the date on which the time limit falls on a public holiday or non-business day at

the place of the addressee, then the time limit shall commence from the first subsequent business day. The public holiday and the non-business day occurring within such period shall be included in calculating the period of time. If the expiration date of a time limit falls on a public holiday or a non-business day, then the period of time shall expire on the first subsequent business day.

**Article 63 Arbitration Fees and Actual Expenses**

1. Apart from charging arbitration fees to the parties according to the Schedules of Arbitration Fees, SHIAC may collect from the parties other additional, reasonable and actual expenses including arbitrators' special remuneration and their travel and accommodation expenses incurred when hearing a case, as well as the costs and expenses for experts, appraisers and interpreters appointed by the tribunal, etc.

2. Where the parties have agreed to hold a hearing at a place other than SHIAC's domicile, extra expenses including travel and accommodation expenses incurred thereby shall be paid in advance as a deposit by the parties. In the event that the parties fail to do so, the hearing shall be held at the domicile of SHIAC.

**Article 64 Interpretation of These Rules**

1. SHIAC reserves the right to interpret these Rules.

2. The headings of Articles in these Rules shall not serve as interpretations of the contents of the Articles contained herein.

3. Unless stated otherwise, other documents issued by SHIAC shall not constitute a part of these Rules.

**Article 65 Official Versions of These Rules**

All the versions of these Rules as published by SHIAC in Chinese, English and other languages are the official versions. In the event of any discrepancies among different versions, the Chinese version shall prevail.

**Article 66 Coming into Force**

These Rules shall be effective as from January 1, 2015. For cases accepted by SHIAC before these Rules become effective, the Arbitration Rules effective at the time of acceptance shall apply.

**Shanghai International Economic and Trade Arbitration Commission**
（**Shanghai International Arbitration Center**）

### SCHEDULE OF ARBITRATION FEE

(This Schedule of Arbitration Fee applies to the arbitration cases accepted under Article 4.1, Article 4.2 of these Rules, and is effective as from January 1, 2015.)

| Amount of Claim (RMB Yuan) | Amount of Fee (RMB Yuan) |
|---|---|
| 1,000,000 or less | 3.5% of the Claimed Amount, minimum 10,000 |
| 1,000,001 to 5,000,000 | 35,000 plus 2.5% of the amount above 1,000,000 |
| 5,000,001 to 10,000,000 | 135,000 plus 1.5% of the amount above 5,000,000 |
| 10,000,001 to 50,000,000 | 210,000 plus 1% of the amount above 10,000,000 |
| 50,000,001 or more | 610,000 plus 0.5% of the amount above50,000,000 |

Each case, when being accepted, shall be charged an additional amount of RMB 10,000 as a Registration Fee which includes the expenses for examining the application for arbitration, initiating the arbitral proceedings, computerizing management and filing the documents.

Where the amount of the claim is not ascertained at the time when application for arbitration is handed in, or there exists special circumstances, the amount of arbitration fee shall be determined by the Secretariat.

If the arbitration fee is charged in foreign currency, an amount of foreign currency equivalent to the corresponding RMB value specified in this Schedule shall be paid.

Apart from charging arbitration fee according to this Schedule, SHIAC may collect other extra, reasonable and actual expenses pursuant to the relevant provisions of these Rules.

**Shanghai International Economic and Trade Arbitration Commission**
（**Shanghai International Arbitration Center**）

### SCHEDULE OF ARBITRATION FEE

(This Schedule of Arbitration Fee applies to the arbitration cases accepted under Article 4.3 of these Rules, and is effective as from January 1, 2015.)

In accordance with the Notice of the Measures for the Charging of Arbitration Fee by the Arbitration Commissions with the reference number of Guo Ban Fa No. 44/1995 issued by the General Office of the State Council, the arbitration fee for cases accepted by SHIAC under Article 4.3 of these Rules are charged in the following way:

## I. Registration Fee

| Amount of Claim (RMB Yuan) | Amount of Fee (RMB Yuan) |
| --- | --- |
| 1,000 or less | minimum 100 |
| 1,001 to 50,000 | 100 plus 5% of the amount above 1,000 |
| 50,001 to 100,000 | 2,550 plus 4% of the amount above 50,000 |
| 100,001 to 200,000 | 4,550 plus 3% of the amount above 100,000 |
| 200,001 to 500,000 | 7,550 plus 2% of the amount above 200,000 |
| 500,001 to 1,000,000 | 13,550 plus 1% of the amount above 500,000 |
| 1,000,001 or more | 18,550 plus 0.5% of the amount above1,000,000 |

## II. Handling Fee

| Amount of Claim (RMB Yuan) | Amount of Fee (RMB Yuan) |
| --- | --- |
| 200,000 or less | 5,000 |
| 200,001 to 500,000 | 5,000 plus 2% of the amount above 200,000 |
| 500,001 to 1,000,000 | 11,000 plus 1.5% of the amount above 500,000 |
| 1,000,001 to 3,000,000 | 18,500 plus 0.5% of the amount above 1,000,000 |
| 3,000,001 to 6,000,000 | 28,500 plus 0.45% of the amount above 3,000,000 |
| 6,000,001 to 10,000,000 | 42,000 plus 0.4% of the amount above 6,000,000 |
| 10,000,001 to 20,000,000 | 58,000 plus 0.3% of the amount above 10,000,000 |
| 20,000,001 to 40,000,000 | 88,000 plus 0.2% of the amount above 20,000,000 |
| 40,000,001 or more | 128,000 plus 0.15% of the amount above 40,000,000 |

The Amount of Claim referred to in this Schedule shall be based on the sum of money claimed by the Claimant. If the amount claimed is different from the actual amount in dispute, the actual amount in dispute shall be the basis for calculation.

Where the amount of claim is not ascertained at the time when application for arbitration is handed in, or there exists special circumstances, the amount of arbitration fee deposit shall be determined by the Secretariat in consideration of the specific rights and interests involved in the disputes.

Apart from charging arbitration fee according to this Schedule, SHIAC may collect other extra, reasonable and actual expenses pursuant to the relevant provisions of these Rules.