**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SUNCO TIMBER (KUNSHAN) CO., LTD.,

      Plaintiff,

v.

LINDA SUN, individually, DAVID SUN, individually
SHILLOCK YUAN-SUN, individually, and INFINITY
WOOD PRODUCTS, LLC.,

      Defendants,
SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC,
EASTMAN ST. WOODWORKS, INC.,
INFINITY REALTY COMPANY LLC, and
NEW SUN LIMITED PARTNERSHIP

   Reach and Apply Defendants, and
   Fraudulent Conveyance Defendants

Linda Sun

      Counterclaim Plaintiff,

v.

Sunco Timber (Kunshan) Co., Ltd.

      Counterclaim Defendant.

Sunco, Inc.

      Counterclaim Plaintiff,

v.

Sunco Timber (Kunshan) Co., Ltd.

      Counterclaim Defendant.

C.A. No. 1:22-cv-10833-MJJ

**REPLY IN SUPPORT OF THE MOTION OF DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN STREET DISTRIBUTORS LLC, EASTMAN STREET WOODWORKS, INC., AND INFINITY REALTY COMPANY LLC TO STRIKE DOC. NO. 223-17 (PLAINTIFF'S EXHIBIT 15) AND DOC NO. 223-18 (PLAINTIFF'S EXHIBIT 16) FROM THE RECORD**

Plaintiff's Opposition fails to provide any compelling reason why the 2021 Arbitral Award is admissible and fails to rebut the arguments Moving Defendants made in their opening Memorandum in support of their Motion to Strike.[1]

**First**, Plaintiff's Opposition does not even attempt to address one of Moving Defendants' key arguments for striking the 2021 Arbitral Award – namely, that the Award is inadmissible hearsay.  As Moving Defendants explain at length in the Motion to Strike, the 2021 Arbitral Award is classic hearsay and does not meet any of the exceptions to the hearsay rule.  Doc. No. 242 p. 9-11.  Plaintiff has failed to oppose the argument in their Opposition, and therefore has waived the argument.  *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").[2]

Moreover, in its own motion to strike, Plaintiff effectively admits that the hearsay rule requires that the 2021 Arbitral Award be stricken inasmuch as Plaintiff argues that the 2026 Arbitral Award against Plaintiff is inadmissible hearsay.[3]  *See* Doc. No. 252 at 14.

---

[1] Plaintiff claims Defendants are precluded under the Fed.R.Civ.P. from making a motion to strike – an odd position to take, given that Plaintiff has filed its own motion to strike (*see* Doc.  No.  252) – but that is a misreading of the Rules.  Fed.R.Civ.P.  56 does not *bar* any party from filing a motion to strike, but rather *permits* a party to object to inadmissible evidence in connection with summary judgment.  Here, given the nature and length of the objections to the 2021 Arbitral Award, Defendants opted to file a motion to strike, as they are permitted to do, rather than simply objecting.

[2] *See also United States v.Guzman-De Los Santos*, 944 F. Supp. 2d 126, 128 (D.P.R.  2013) ("The defendant also fails to respond to [the] argument by the government [that notes are inadmissible hearsay], waiving the argument"); *Wojtas v.Cap.  Guardian Tr. Co.*, 477 F.3d 924, 926 (7th Cir.  2007) (plaintiff's lack of response to defendant's statute of limitations argument meant they had "implicitly acquiesced in defendant's position that ...  [the] claims against defendant Capital are barred by the Wisconsin statute of limitations.").

[3] Unlike Plaintiff with the 2021 Arbitral Award, Defendants are not offering the 2026 Arbitral Award as evidence in support of Summary Judgment.

**Second**, while Plaintiff produced the 2021 Arbitral Award prior to September 28, 2025, [4] Plaintiff's 30(b)(6) designee, Mr. Zhao, was completely unprepared[5] to discuss the Arbitration between the parties, which had been a duly designated Rule 30(b)(6) topic. *See* Doc. No. 199-5 at p. 10 (Topic 18). Moreover, when asked about the Share Transfer Agreement ("STA") at issue in the Arbitration proceedings and 2021 Arbitral Award, Mr. Zhao was unable to answer basic questions regarding the STA, such as whether Linda Sun signed it (Doc. No. 199-7 (B. Zhao Dep. (Vol II)) at 217:3-15); whether the signatories were in the same room when it was signed (*id.* at 218:19-22); and whether Plaintiff claims the STA is even valid (*id.* at 220:13-221:21). Whether Linda Sun signed the STA was a central disputed issue in the 2021 Arbitration (Doc. No. 243-2 at p. 10), and Mr. Zhao either refused or was incapable of testifying as to that issue (Doc. No. 199-7 (B. Zhao Dep. (Vol II)) at 217:3-15; 218:19-22). Further, Mr. Zhao made clear that he was prepared to speak about only one clause of the STA, and nothing further. *Id*. at 222:20-224:1. Defendants were, therefore, deprived of the opportunity to seek discovery into the 2021 Arbitral Award and the STA. Mr. Zhao's unjustifiable deferrals that Defendants should ask Mr. Wu have now been foreclosed by the Court's Sanctions Order (Doc. No. 218).[6]

---

[4] Mere production of a document in discovery does not make it admissible. *See* Fed.R.Civ.P. 26(b)(1)("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

[5] "Q Do you know what an arbitration is? **A Regarding arbitration, I don't have a clear understanding of it.** Q Do you know that you were designated by Plaintiff to testify about Plaintiff's knowledge about certain arbitrations in this case? **A I don't know.** Q But you don't know what an arbitration is? **A I think arbitration is a professional term, and I don't think I can express it well with professional terms.**" Doc. No. 199-7 (B. Zhao Dep. (Vol II)) at 301:17-302:3.

[6] This prejudice is not merely theoretical. Plaintiff's document production with respect to the arbitration resulting in the 2021 Arbitral Award was woefully insufficient and, indeed, just minutes before Plaintiff's Rule 30(b)(6) depositions were set to begin, Plaintiff attempted to produce two self-serving documents from the arbitration that it had not previously produced. Defendants have been deprived of the opportunity to seek discovery into whether its concerns about the fairness and impartiality of the arbitration are supported by evidence.

**Third**, David and Linda were merely asked whether they were aware of the existence of the 2021 Arbitral Award, not whether they agreed with its outcome or whether they had any concerns about the arbitral proceedings. *See* Doc. No. 223-3 (L. Sun Dep. (Vol I)) at 99:10-100:14; Doc. No. 223-5 (D. Sun Dep. (Vol I)) at 93:20-95:6. David and Linda's mere acknowledgment of the Arbitration and the 2021 Arbitral Award at their depositions does not make the 2021 Arbitral Award admissible.

**Fourth**, the 2021 Arbitral Award, an unenforced international arbitration award that Defendants have not had an opportunity to contest until now, should not be given preclusive effect in the instant litigation. The Arbitration between QiYi (Mr. Wu's company) and Sunco US that resulted in the 2021 Arbitral Award was conducted in China under Chinese law. It thus was seated in China, making China the primary jurisdiction for confirmation, and the United States is a secondary jurisdiction under the New York Convention. *See Molecular Dynamics, Ltd. v. Spectrum Dynamics Med. Ltd.*, 143 F.4th 70, 83 (2d Cir. 2025)("The country with primary jurisdiction is also sometimes referred to as the legal seat of the arbitration. . . . By contrast, all other signatory States to the Convention are secondary jurisdictions.")(internal citations omitted). "In a secondary jurisdiction, parties can only contest whether that jurisdiction should enforce the arbitral award, meaning that the party that prevailed in arbitration must first initiate a recognition-and-enforcement action before the losing party may contest the award. Under Article V, only after an award has been 'invoked' against a party may that party urge the court to refuse recognition and enforcement….The New York Convention therefore envisions a mostly limited, reactive role for the losing party in an arbitration." *Id.* at 85 (internal citations omitted). Thus, under the New York Convention, Moving Defendants had no opportunity to contest the 2021 Arbitral Award until Plaintiff invoked it, which Plaintiff does for the first time now, at summary judgment.

This is no mere theoretical impediment, because the Arbitration was rife with procedural irregularities, the nature of which raise serious concerns that Sunco US appears to have been denied due process in the arbitral proceedings.  As Professor Donald Lewis explained in his First Declaration (Doc. No. 243), and as he reiterates in his second declaration (the "Second Declaration"), filed herewith, there were numerous irregularities in the arbitral proceedings, each of which cut against Sunco US and worked in QiYi's favor.  Second Lewis Declaration ¶ 5.  These include the fact that the Tribunal was composed of all Mainland-Chinese arbitrators, none of whom was selected by Sunco US (*id*. ¶¶ 6-7, 9); ambiguity as to whether Sunco US was advised of its right to participate in the selection of arbitrators and the availability of foreign arbitrators (*id.* ¶ 7-8); the selection of co-arbitrator Jiang Suping without Sunco US's participation (*id.*); as well as the selection of the presiding arbitrator without Sunco US's input (*id.* ¶ 6), which resulted in an entirely Mainland Chinese arbitral tribunal adjudicating claims by a U.S.-based party against a Mainland Chinese party (*id.* ¶ 10), a result that many arbitral institutions do not permit under their arbitration rules due to concerns about national bias (*id.* ¶¶ 11-13).  A further due process concern is that the Tribunal failed to invoke its investigatory powers to examine the serious allegations by Sunco US that Linda Sun's signatures were doctored onto the 2015 and 2016 offset agreements which QiYi claimed relieved it of its obligations to complete payment for the 52% shares in Sunco China.  *Id.* ¶¶ 14-15.  Additionally, the Tribunal failed to utilize the ubiquitous Arb-Med procedure, which encourages a compromise of claims between the parties, potentially signifying that the tribunal already had a determined outcome.  *Id.* ¶¶ 16-19.  Finally, the arbitral tribunal rendered the 2021 Arbitral Award one year later than the allowed time under the SHIAC Rules, without explanation (*id.* ¶¶ 22-23); awarded costs against Sunco US which were not even requested by QiYi (*id.* ¶¶ 24-

4

25); and there is no indication that the 2021 Arbitral Award underwent institutional scrutiny before the award was issued (*id.* ¶¶ 20-21).

Plaintiff offers the declaration of Patrick Zheng to address these myriad issues, which Mr. Zheng explains as all being individually allowed by or justified under the SHIAC Rules, and none of which would justify a Chinese court vacating the award in China. *See generally*, Doc. No. 251-1. Even if Mr. Zheng were correct that each irregularity, taken individually, may not be dispositive or raise due process concerns, taken as a whole, the numerous abnormalities in the arbitral proceedings, *all of which cut against Sunco US*, raise serious due process concerns – concerns that preclude the admission of the arbitral award in the instant litigation. *See Jackson v. Bunge Corp.*, 40 F3d 239, 246 (7th Cir. 1994) (affirming district court's exclusion of arbitration decision from evidence given that "aspects of procedural fairness were absent" from arbitral award). Likewise, here, the serious concerns regarding the due process afforded Sunco US in the Arbitration preclude the 2021 Arbitral Award from being relied upon in this litigation.[7]

Notably absent from Plaintiff's Opposition is any attempt by Plaintiff to grapple with the fact that it is actively opposing Linda's attempts to enforce a Chinese judgment in her favor on grounds that the Chinese legal system is incapable of providing "impartial tribunals or procedures compatible with the requirements of due process of law." *See* Doc. No. 242 at 3. On one hand, Plaintiff is arguing that the Chinese legal system is so deficient that *no* judgment can ever be enforced in U.S. courts while on the other hand arguing that Plaintiff should be able to rely upon a Chinese court's enforcement of the 2021 Arbitral Award.

---

[7] Had Plaintiff previously disclosed that it intended to counter Defendants' affirmative defense with the 2021 Arbitral Award, Defendants could have pursued additional discovery into the conduct of the Arbitration. If the Court were to allow Plaintiff to introduce the Award into evidence at this late stage, Defendants must be given the opportunity to seek additional discovery into how the Arbitration was conducted, including the opportunity to question Plaintiff's witnesses about the Arbitration.

Dated: July 15, 2026

Respectfully submitted,

DEFENDANTS DAVID SUN,
SHILLOCK YUAN-SUN, INFINITY
WOOD PRODUCTS, LLC, SUNCO,
INC., EASTMAN ST. DISTRIBUTORS,
LLC, EASTMAN ST. WOODWORKS,
INC., and INFINITY REALTY CO. LLC

By their attorneys:

*/s/ Michele E. Connolly*
Peter E. Ball (BBO No. 546031)
Michele E. Connolly (BBO No. 680946)
Malgorzata Mrózek (BBO No. 699035)
FITCH LAW PARTNERS LLP
84 State St.
Boston, MA 02109
(617) 542-5542
peb@fitchlp.com
mec@fitchlp.com
mam@fitchlp.com

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 15, 2026.

*/s/Michele E. Connolly*
Michele E. Connolly