UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA SUN, et al.,<br><br>Defendants. | Civ. A. No. 1:22-cv-10833-MJJ |

**LINDA SUN'S AND NEW SUN LIMITED PARTNERSHIP'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE**

Linda Sun and New Sun Limited Partnership join in the other defendants' opposition to

Sunco China's motion to strike and make the following additional points about Linda's

declaration.

Linda served her answers to Sunco China's interrogatories about fifteen months before

the first day of her deposition. (*Compare* Doc No. 231-6 *with* Doc No. 223-3). In her answer to

interrogatory no. 8, which asked about her understanding of why Infinity Wood Products had not

paid Sunco China for the cabinets, Linda answered, "I did once discuss with my son David

whether Infinity should pay the invoice, but I do not control Infinity and do not know why, in the

end, Infinity did not pay." (Doc. No. 231-6 at Ans. Int. No. 8). Paragraph 11 of her declaration

provides the context for that conversation. (*See* Doc No. 231 at ¶ 11). Her written statements are

consistent with one another. Sunco China did not even ask Linda about her answer to the

interrogatory. (*See* Doc No. 223-3 at 4:12-20; Doc No. 223-4 at 3:4-11).

There is a possible inconsistency between what Linda wrote in her interrogatory answers

and her declaration on the one hand and her deposition testimony on the other; it is clear from the

1

transcript as a whole that neither the testimony nor the questioning were everything they could be. But this is all fodder for cross-examination, not for a motion to strike. There is "no blanket prohibition on affidavits that merely elaborate on previously sworn statements." (*See Locator Servs. Group, Ltd. v. Treasurer & Receiver Gen.*, 443 Mass. 837, 865 (2005)). The statements in paragraph 11 are appropriate and should not be stricken.

Linda's statements in paragraph 10 are also appropriate; they do not contradict her prior testimony. In paragraph 10, Linda refers to a discussion in 2011 with David regarding a loan from Sunco, Inc. to Sunco China to cover expenses. (See Doc No. 231 at ¶ 10). At her deposition, she testified that she was aware certain money that was wired from Sunco, Inc. to Sunco China because Sunco China was operating at a loss, but she said that she did not view documents about the transaction. (*Id*. at 140:16- 141:15). The testimony does not show that Linda had no personal knowledge regarding her conversation with David in 2011 or regarding the loan. Nor is it inconsistent with the statements in paragraph 10 of her declaration.

LINDA SUN and NEW SUN LIMITED PARTNERSHIP

By their attorneys

*/s/ Theodore J. Folkman*

Theodore J. Folkman (BBO No. 647642)
Elizabeth L. Gardon (BBO No. 711867)
RUBIN AND RUDMAN LLP
53 State St.
Boston, Mass. 02109
(617) 330-7000
tfolkman@rubinrudman.com
egardon@rubinrudman.com

Dated: July 15, 2026