**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SUNCO TIMBER (KUNSHAN) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> LINDA SUN, individually, DAVID SUN, individually SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC., <br><br> Defendants, <br><br> SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, and NEW SUN LIMITED PARTNERSHIP <br><br> Reach and Apply Defendants, and Fraudulent Conveyance Defendants | C.A. No. 1:22-cv-10833-MJJ <br><br> **REPLY IN SUPPORT OF DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., AND INFINITY REALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| Linda Sun <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Sunco Timber (Kunshan) Co., Ltd. <br><br> Counterclaim Defendant. | |
| Sunco, Inc. <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> Sunco Timber (Kunshan) Co., Ltd. <br><br> Counterclaim Defendant. | |

## INTRODUCTION

Plaintiff's Opposition fails to address the key problem:  Plaintiff does not have admissible evidence sufficient to allow a reasonable jury to find in its favor.  Even if Plaintiff were not subject to a sanctions order for its discovery misconduct – and it is – all of Plaintiff's claims save its breach-of-contract claim are unsupported by admissible evidence.  When the Court's sanctions order is applied, Plaintiff's inability to rebut Defendants' defense to the breach-of-contract claim dooms that claim to failure.

Plaintiff brazenly suggests that the Court's "sanctions order does not preclude Plaintiff's evidence or legal theories."  Doc. No. 248 at 2.  The Court, however, ruled explicitly that "Plaintiff is precluded from introducing any evidence that Plaintiff failed to disclose in its Rule 30(b)(6) testimony."  Doc. No. 218.  Plaintiff also claims that Mr. Wu should be permitted to provide testimony rebutting Defendants' defense to Plaintiff's breach-of-contract claim (*see* Doc. No. 251 at 5), notwithstanding that the Court also ruled that "Plaintiff is precluded from introducing any evidence that contradicts or supplements Plaintiff's Rule 30(b)(6) testimony."  (Doc. No. 218).

Even if Plaintiff were not subject to sanctions, however, Plaintiff's breach-of-contract claim would not be subject to resolution in Plaintiff's favor on summary judgment because there is a factual dispute over Defendants' defense.  Plaintiff's remaining claims are simply unsupported by admissible evidence that would allow a reasonable jury to decide in its favor.

## ARGUMENT

### I.    Plaintiff's Veil-Piercing Claim Fails.

Four years into this litigation, and more than two years after the filing of its Amended Complaint, Plaintiff is trying to assert new claims against the Affiliated Entities.  In the Amended

Complaint, Plaintiff asserted a veil-piercing claim against IWP, David, Shillock, and Linda *only*.[1]

Now, however, Plaintiff claims that it should be able to assert a veil-piercing claim – under an "alter ego" theory – against five new entities, i.e. Sunco US, ESD, ESW, IRC, and NST, claiming that it did not need to plead "alter ego" as a separate count. Even were that true,[2] the issue is not that Plaintiff is asserting alter-ego liability as a separate count, but that Plaintiff is asserting the claim against *new* defendants for the first time in summary judgment. The entirety of the veil-piercing count alleges wrongdoing by David, Linda, Shillock, and IWP. In seeking leave to amend its complaint, Plaintiff told the Court that it was seeking "to add claims of fraudulent conveyance and reach and apply." Doc. No. 59 at 2; *see also* Doc. No. 52 at 3-5. That is consistent with what it told Defendants initially, asking assent "to file an amended complaint to add claims of reach and apply and fraudulent conveyance naming: [Affiliated Entities]." Doc. No. 56-1. The Affiliated Entity Defendants have been denied the opportunity to develop a record in opposition to these claims. It is too late to add new claims against new parties at this point.

In addition, with respect to the fact that David and Shillock do not own IWP, Plaintiff tries in vain to claim that a corporate veil can be pierced to individuals other than the corporation's equity holders. Plaintiff cites to *Kraft Power Corp. v. Merrill* for the argument that courts distinguish between "principals" and "shareholders" or "owners." Doc. No. 248 at 6. But the SJC in *Kraft Power* was explicit that its analysis of whether to pierce the veil to "principals," concerned

---

[1] The count is asserted against "All Defendants," which had previously been defined as "D. Sun, S. Sun, L. Sun, and [IWP]." Doc. No. 61 ¶ 7. Contrast the veil-piercing count with the fraudulent transfer and reach-and-apply counts, which are asserted "Against All Defendants and All Affiliated Entities." *Id*. at 19-20.

[2] The First Circuit has held that "[a]llowing a plaintiff to proceed on new, unpled theories after the close of discovery would prejudice defendants, who would have focused their discovery efforts on the theories actually pled." *Miranda-Rivera v. Toledo-Davila*, 813 F.3d 64, 76 (1st Cir. 2016).

claims by a plaintiff seeking "to impose a corporation's liability on an individual **shareholder**." 464

Mass. 145, 149 (2013) (emphasis added).  Defendants are unaware of any case where courts have

pierced the corporate veil to a non-equity holder.[3]  Plaintiff certainly has cited none.[4]

Plaintiff erroneously claims that while "a third party's confusion is relevant to certain [veil-

piercing] theories, it is not a universal prerequisite."  Doc. No. 248 at 7.  The cases Plaintiff cites,

however, simply do not support that argument.  In *Birbara*, for example, the First Circuit did not

say that confusion is not a prerequisite, but instead made clear that Massachusetts courts require "an

element of dubious manipulation and contrivance, finagling, such that corporate identities are

confused and third parties cannot be quite certain with what they are dealing." *Birbara v. Locke*, 99

F.3d 1233, 1240 (1st Cir. 1996).  Plaintiff cites to *Att'y Gen. v. M.C.K., Inc.* for the proposition that

"no deception is required" notwithstanding that the SJC in that case explicitly found that the

Plaintiff was, in fact, confused about which corporate entity it was dealing with, and it was that very

confusion that was the cause of its injury.  432 Mass. 546, 557 (2000) (piercing the veil where the

plaintiff had a "reasonable assumption that, for practical purposes, [the entities] were one and the

same entity.").  Plaintiff fails to grapple with *Platten*, in which the First Circuit made clear there

could be no veil-piercing claim where "plaintiffs have never alleged that *they* were confused about

the identity of the legal entity with which they were contracting" and "Plaintiffs were never misled

about which corporate entity ... was obligated to them or was dealing with them."  437 F.3d at 129.

---

[3] Indeed, the very first *Pepsi-Cola* factor is "common *ownership*."  *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 128 (1st Cir. 2006) (emphasis added).

[4] Strangely, Plaintiff does cite the Uniform Trust Code, arguing that it allows a creditor of a settlor to reach a settlor's trust property.  That is of no moment, however.  Plaintiff is not a creditor of David and Shillock seeking to reach property David and Shillock placed in trust, but rather the reverse.  Plaintiff cites no support for that reverse request.

Plaintiff argues that veil-piercing is its only meaningful remedy, but it is not the purpose of veil-piercing to provide a remedy; rather, the purpose is to right a *wrong created by* a third party's reasonable confusion about the identity of the entity with whom it dealt.  As the Massachusetts Appeals Court has explained, "[t]he risk that a defendant, without fraud and in the normal course of business operations, may become unable to answer to a judgment is inherent in any civil litigation," and that is not a reason to pierce the corporate veil.  *Evans v. Multicon Const. Corp.*, 30 Mass. App. Ct. 728, 737–38 (1991).  Plaintiff has never been confused here. *See* Doc. No. 236 at 5-6.

As set forth in Defendants' Memorandum, Plaintiff cannot assert a new alter-ego claim against new defendants; cannot pierce the veil to the settlors of the trust-members of IWP; and cannot satisfy the factors necessary for the extraordinary relief of veil piercing.[5]  In addition, the Court's sanctions order precludes Plaintiff from relying on any evidence about which its Rule 30(b)(6) witness failed or refused to testify.  Plaintiff's veil-piercing claim must be dismissed.

## II.      **Plaintiff's Fraudulent-Transfer and Reach-and-Apply Claims Fail.**

As set forth in Defendants' Memorandum, Plaintiff points to a series of intercompany transfers as though the fact that affiliated entities engaged in commerce with each other is somehow *per se* fraudulent.[6]  Plaintiff is wrong on the law.  As Plaintiff itself argues, it cannot recover against a transferee for a transfer "other than [to] a good-faith transferee or obligee who took for value." Doc  No. 248 at 12.  Plaintiff has not even attempted to argue that any of the transfers were without

---

[5] In its opening summary judgment brief, Plaintiff claimed that Defendants' accountant engaged in "offsetting amounts 'back and forth,'" purportedly citing to Defendants' Rule 30(b)(6) designee, Shillock.  *See* Doc. No. 223 at 4; *see also* Doc. No. 224 ¶ 79.  Defendants pointed out that Plaintiff was *misquoting* Shillock, who testified that she engaged in a particular form of accounting practice "*instead of*…going back and forth."  Doc. No. 249 at 46.  Plaintiff has reiterated this *false* attribution in its recent filing, claiming Defendants used accounting to "offset amounts 'back and forth,'" using quotation marks to imply false attribution.  Doc. No. 248 at 9.

[6] Plaintiff ignores that the statute expressly exempts transfers to insiders "made in the ordinary course of business or financial affairs of the debtor and the insider."  G.L. c. 109A § 9(f)(2).

value.  Because Plaintiff has failed to do so, its claims fail and Defendants are not required to adduce any evidence.  Nevertheless, Defendants have adduced ample evidence showing that all the transfers were for value and in good faith.  *See* Doc. No. 236 at 19-21, Doc. No. 249 at 46-53, Doc. No. 238-4.  The Affidavit of Shillock Yuan-Sun, a CPA who was heavily involved in Defendants' accounting, as well as the expert report of Ross Yogel both demonstrate that the complained-of transactions had a good-faith business purpose and were for reasonably equivalent value.[7]  *See* Doc. No. 238-4, Doc No. 40.

Moreover, as set forth in the Memorandum, Plaintiff is precluded by this Court's sanctions order from relying upon any factual basis or evidence not disclosed by its 30(b)(6) witness.  Because the only transfers and assets about which Plaintiff's designee testified were the transfers of the cabinets, Plaintiff's claims based on any other alleged transfer or asset must be rejected.  *See* Doc. No. 236 at 19.  For the reasons set forth in the Memorandum, the transfer of the cabinets cannot form the basis of a fraudulent transfer claim and, accordingly, Plaintiff's fraudulent transfer and reach-and-apply claims must be dismissed in their entirety.  *Id*. at 19-21.

## III.    The Remaining Claims Fail.

Plaintiff's quasi-contract claims fail for the reasons set forth in Defendants' Memorandum.  *Id*. at 25.  Plaintiff's breach-of-contract claim fails because it is precluded from rebutting Defendants' defense to that claim as a result of its discovery failures and this Court's sanctions order.  *Id*. at 22-23; *see also* Doc. No. 242 at 4-5.  Even if Plaintiff were not precluded from rebutting Defendants' defense, however, the defense creates a triable issue of fact and Plaintiff is not entitled to summary judgment.  Doc. No. 236 at 23-25.

---

[7] Plaintiff previously informed Defendants that it intended to move to strike the expert report of Defendants' accounting expert, Ross Yogel, as purportedly untimely.  *See* Doc. No. 242 at 15 n.10.  Plaintiff has now informed Defendants that it will not seek to do so, and so Defendants rely on it.

Respectfully submitted,


DAVID SUN, SHILLOCK YUAN-SUN,
INFINITY WOOD PRODUCTS, LLC,
SUNCO, INC., EASTMAN ST.
DISTRIBUTORS, LLC, EASTMAN ST.
WOODWORKS, INC., and INFINITY
REALTY CO. LLC,

By their attorneys:

 */s/ Michele Connolly*
Peter E. Ball (BBO No. 546031)
Michele E. Connolly (BBO No. 680946)
Malgorzata Mrózek (BBO No. 699035)
FITCH LAW PARTNERS LLP
84 State St.
Boston, MA 02109
(617) 542-5542
peb@fitchlp.com
mec@fitchlp.com
mam@fitchlp.com

Dated:  July 15, 2026


### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 15, 2026.


*/s/Michele E. Connolly*
Michele E. Connolly