**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

SUNCO TIMBER (KUNSHAN) CO., LTD.,

Plaintiff,

v.

LINDA SUN, individually, DAVID SUN, individually SHILLOCK YUAN-SUN, individually, and INFINITY WOOD PRODUCTS, LLC.,

Defendants,

SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., INFINITY REALTY COMPANY LLC, and NEW SUN LIMITED PARTNERSHIP

Reach and Apply Defendants, and Fraudulent Conveyance Defendants

Linda Sun

Counterclaim Plaintiff,

v.

Sunco Timber (Kunshan) Co., Ltd.

Counterclaim Defendant.

Sunco, Inc.

Counterclaim Plaintiff,

v.

Sunco Timber (Kunshan) Co., Ltd.

Counterclaim Defendant.

C.A. No. 1:22-cv-10833-MJJ

**RESPONSE TO PLAINTIFF'S LATE-FILED *NOTICE OF SUPPLEMENTAL AUTHORITY* BY DEFENDANTS DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS, LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., AND INFINITY REALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

After briefing on the parties' motions for summary judgment and to strike was complete and argument on those motions was had, Plaintiff filed a Notice of Supplemental Authority ("Notice")(Doc. #264) attaching a 1998 Eighth Circuit case without explanation as to why this case could not have been included in Plaintiff's voluminous earlier pleadings. In any event, Defendants[1] provide this brief response.

Plaintiff offers its newly supplied case, *Val-U Constr. Co. v. Rosebud Sioux Tribe*, 146 F.3d 573 (8th Cir. 1998), with the argument that "a final but unconfirmed arbitration constituted a final judgment for purposes of *res judicata* and collateral estoppel." Doc. No. 264. That case, however, is inapposite for each of the following reasons:

- First, unlike in *Val-U*, Plaintiff has never asked this Court to enforce the 2021 Arbitration Award and has never asked this Court to apply *res judicata* or *collateral estoppel* principles, including in its summary judgment papers.[2] Plaintiff appears to be asking for new relief in its Notice.

- Second, the *Val-U* case involved a domestic arbitration, not a foreign one like here, and the standards for confirming domestic arbitrations are different than for international ones.

- Third, unlike in *Val-U*, the parties to the 2021 Arbitration are not the same parties to the instant litigation. The 2021 Arbitration involved Mr. Wu's company, QiYi, and Sunco US, not Plaintiff and Infinity Wood Products, the entity against which the breach of contract claim is brought. *See, e.g.*, *Kobrin v. Bd. of Registration in Med.*, 444 Mass. 837, 843 (2005) (holding that Massachusetts law requires identical parties for *res judicata* to apply).

- Fourth, while the arbitration in value concerned the exact same dispute as in the case before the court, the issue of whether Mr. Wu/QiYi, Sunco US, and Plaintiff Sunco China agreed to modify the agreement concerning Mr. Wu/QiYi's purchase of 52 percent of the shares of Sunco China from Sunco US to allow forgiveness of

[1] "Defendants" here refers to David Sun, Shillock Yuan-Sun, Infinity Wood Products LLC, Sunco, Inc., Eastman St. Distributors LLC, Eastman St. Woodworks, Inc., and Infinity Realty Co. LLC.

[2] While Plaintiff does argue the issue has been adjudicated, it does not ask the Court to apply *res judicata* nor does it explain what the elements are or even attempt to explain how it believes it satisfies them. It is Plaintiff's burden to do so. *See, e.g.*, *Akinci-Unal v. Unal*, 64 Mass. App. Ct. 212, 220, (2005) ("the party asserting [*res judicata*] has the burden of establishing the facts necessary to support it.")

invoices for cabinets was not central to the 2021 Arbitration. *See, e.g.*, *Jarosz v. Palmer*, 436 Mass. 526 (2002) (finding no issue preclusion where issue was not essential to merits of original proceeding).

- Fifth, as explained by the Second Circuit Court of Appeals in *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003), an intervening Supreme Court decision – *Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.,* 529 U.S. 193 (2000) – made clear that the *Val-U* court's interpretation of the Federal Arbitration Act (pursuant to which *Val-U* was decided) concerning the time period to bring a confirmation action was erroneous.

- Finally, as the First Circuit has stated, "[i]t is settled beyond hope of peradventure, though, that 'section 1738's full faith and credit provision does not apply to unconfirmed arbitral awards.'" *Patton v. Johnson*, 915 F.3d 827, 836 (1st Cir. 2019)(emphasis in original).

Respectfully submitted,

DAVID SUN, SHILLOCK YUAN-SUN, INFINITY WOOD PRODUCTS LLC, SUNCO, INC., EASTMAN ST. DISTRIBUTORS LLC, EASTMAN ST. WOODWORKS, INC., and INFINITY REALTY CO. LLC,

By their attorneys:

_*/s/ Michele Connolly*___________________

Peter E. Ball (BBO No. 546031)
Michele E. Connolly (BBO No. 680946)
Malgorzata Mrózek (BBO No. 699035)
FITCH LAW PARTNERS LLP
84 State St.
Boston, MA 02109
(617) 542-5542
peb@fitchlp.com
mec@fitchlp.com
mam@fitchlp.com

Dated: August 13, 2026

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 13, 2026.

*/s/Michele E. Connolly*
Michele E. Connolly